**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- X

NICOLE STEWART, SHANNON
FITZGERALD, and SUMMER APICELLA,
on behalf of themselves and all others similarly
situated,
      Plaintiffs,

                  CASE NO.

   -against-           1:21-cv-01217-MKV

NURTURE, INC.,
      Defendant.
------------------------------------------------------------------- X

STEPHANIE SOTO, individually and on
behalf of all others similarly situated,
      Plaintiff,
   -against-           1:21-cv-01271-MKV

NURTURE, INC.,

      Defendant.
------------------------------------------------------------------- X

NITA JAIN, individually and on behalf
of all others similarly situated,
      Plaintiff,
   -against-           1:21-cv-01473-MKV

NURTURE, INC. d/b/a Happy Family Brands
      Defendant.
------------------------------------------------------------------- X

JODI SMITH, individually and on behalf
of all others similarly situated,
      Plaintiff,
   -against-           1:21-cv-01534-MKV

 NURTURE, INC.,
      Defendant.

```
───────────────────────────────────────────────────── X
LILLIAN HAMPTON, KELLY MCKEON,
AND JEN MACLEOD, individually and on
behalf of all others similarly situated,
                        Plaintiffs,
        -against-                                          1:21-cv-01882-MKV

NURTURE, INC., d/b/a Happy Family Organics
and Happy Baby Organics,
                        Defendant.
───────────────────────────────────────────────────── X
AMY WESTIN, individually and on behalf of all
others similarly situated,
                        Plaintiffs,
        -against-                                          1:21-cv-02101-VSB

NURTURE, INC., d/b/a Happy Family Organics
and Happy Baby Organics,
                        Defendant.
───────────────────────────────────────────────────── X
```

**JOINT MEMORANDUM OF LAW BY *WESTIN* AND *JAIN* PLAINTIFFS
IN PARTIAL OPPOSITION TO THE *STEWART PLAINTIFFS'*
MOTION FOR CONSOLIDATION AND TO SET DEADLINES**

This response is respectfully submitted in opposition to portions of the *Stewart Plaintiffs' Motion for Consolidation And To Set Deadlines*, filed March 19, 2021 (ECF No. 18) (the "Motion"). The Motion was made without consultation with counsel for the Plaintiffs in the *Jain* and *Westin* Actions filed in this District against Defendant Nurture, Inc. ("Nurture"). They would arguably be consolidated with the other Nurture cases pending in the District, inasmuch as they involve common questions of fact and/or law.[1]

---

[1] *Westin* was filed on March 11, 2021. *See* Docket for Case No. 1:21-cv-02101-VB. However, *Stewart's* counsel failed to include the *Westin* action in the omnibus caption of its Motion and never sought consent from *Westin's* counsel with regard to this Motion.

2

The *Westin* and *Jain* Plaintiffs do not contest the portion of the Motion which seeks consolidation. However, the Motion also seeks to prematurely and improperly "set[s] deadlines" for appointment of interim lead counsel (*See* Proposed Order of the *Stewart* Plaintiffs at ¶ 5 (ECF No. 19). At this juncture, The *Westin* and *Jain* Plaintiffs oppose this request to prematurely set deadlines.

As the Court undoubtedly knows (though the *Stewart* Plaintiffs' Motion curiously omits this information), a motion before the United States Judicial Panel on Multidistrict Litigation ("JPML"), was filed on March 8, 2021, which seeks to consolidate and transfer all of the cases filed around the country arising from the House Subcommittee Report concerning tainted baby food being manufactured and sold by certain manufacturers including Nurture.[2] The JPML Motion seeks to transfer all of the "Related Actions" in the various jurisdictions to the Eastern District of New York. While the *Westin* and *Jain* Plaintiffs may not ultimately support that effort (responses to the JPML Motion are due April 13th), the fact remains that until the JPML determines if it will consider the motion and, if so, where the various actions are going be transferred, it is premature to have counsel go through the motions of submitting leadership applications or ask the Court to expend judicial resources on a motion that may become unnecessary.

In similar baby food cases against Beech-Nut Nutrition Company, which have largely been filed in the United States District Court for the Northern District of New York, one of the plaintiff's counsel made a similar request for consolidation.[3] However, the *Thomas* Plaintiffs' counsel took a markedly different approach than the *Stewart* Plaintiffs here. *Thomas* Plaintiffs' counsel

---

[2] *See* JPML Docket at *In re Baby Food Mktg., Sales Pracs. & Prod. Liab. Litig.*, MDL No. 2997.

[3] The request was made by the counsel for Plaintiffs in *Thomas v. Beech-Nut Nutrition Co.*, No. 21-cv-00133 (N.D.N.Y.) ("*Thomas* Plaintiffs").

circulated a stipulation which initially included a similar request for a quick filing of motions for appointment of lead counsel. However, when that was objected to by certain of the plaintiffs in the Beech-Nut cases pending in the N.D.N.Y. (including the undersigned counsel), counsel for the *Thomas* Plaintiffs revised the stipulation and ultimately, a stipulation agreed upon *by all counsel* was filed which excised the paragraph which would have scheduled briefing for appointment of lead counsel. Counsel for *Stewart* in this District also have a case pending in the Northern District of New York against Beech-Nut and signed off on the revised stipulation in the Northern District litigation.

Here, the *Stewart* Plaintiffs have endeavored to take a decidedly different approach and have filed a motion requesting that the Court set a briefing schedule for filing of motions for appointment of interim lead counsel. Given the fact that cases against the various manufacturers, including Nurture, are pending in separate and diverse jurisdictions throughout the United States, and a motion is pending to transfer all cases concerning all of the implicated manufacturers to one jurisdiction, the *Stewart* Plaintiffs' request for a briefing schedule is clearly premature.

Accordingly, the *Westin* and *Jain* Plaintiffs respectfully request that the Court grant the Motion insofar as it requests consolidation, but deny the *Stewart* Plaintiffs' Motion to the extent it seeks to require motions for appointment interim lead counsel to be filed within ten (10) business days following the entry of an order granting consolidation.

Dated: March 24, 2021                                  Respectfully submitted,

*/s/ Gary E. Mason*
Gary E. Mason
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Phone: (202) 429-2290
Fax: (202) 429-2294

gmason@masonllp.com

*Counsel for Plaintiff Nita Jain*
Case No. 1:21-cv-01473-MKV


*/s/ Gary S. Graifman*
Gary S. Graifman
Melissa R. Emert
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Phone: (845) 356-2570
Fax: (845) 356-4335
ggraifman@kgglaw.com
memert@kgglaw.com

*Counsel for Plaintiff Amy Westin*
Case No. 1:21-cv-02101-VSB

5