**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JODI SMITH, on behalf of herself and all others similarly situated, | Case No. 7:21-cv-01534 |
| Plaintiff, | |
| v. | |
| NURTURE, INC., | |
| Defendant. | |
| LILLIAN HAMPTON, KELLY MCKEON, AND JEN MACLEOD, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-01882 |
| Plaintiffs, | |
| v. | |
| NURTURE, INC., | |
| Defendant. | |
| NICOLE STEWART, SHANNON FITZGERALD, and SUMMER APICELLA, on behalf of themselves and all others similarly situated, | Case No. 1:21-cv-01217-MKV |
| Plaintiffs, | |
| v. | |
| NURTURE, INC., | |
| Defendant. | |

| | |
|---|---|
| STEPHANIE SOTO, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-01271-MKV |
| Plaintiff, | |
| v. | |
| NURTURE, INC., | |
| Defendant. | |
| NITA JAIN, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-01473-MKV |
| Plaintiff, | |
| v. | |
| NURTURE, INC., | |
| Defendant. | |
| AMY WESTIN, on behalf of herself and all others similarly situated, | Case No. 1:21-cv-02101 |
| Plaintiff, | |
| v. | |
| NURTURE, INC., d/b/a Happy Family Brands, | |
| Defendant. | |

JESSICA STROBEL, on behalf of herself
and all others similarly situated,

                      Plaintiff,

v.

NURTURE, INC., d/b/a Happy Family
Brands,

                      Defendant.

Case No. 1:21-cv-02129

## PLAINTIFF SMITH'S RESPONSE IN SUPPORT OF THE *STEWART* PLAINTIFFS' MOTION FOR CONSOLIDATION AND TO SET DEADLINES

Plaintiff Jodi Smith, Case No. 7:21-cv-01534, by and through her undersigned counsel, respectfully submits this response in support of Plaintiffs' Nicole Stewart, Shannon Fitzgerald, and Summer Apicella ("the *Stewart* Plaintiffs") Motion for Consolidation against Nurture, Inc. ("Defendant" or "Nurture"). *See* Case No. 1:21-cv-01217-MKV, Doc. 16. As the *Stewart* Plaintiffs argue, these cases are ripe for consolidation into a single action under *Stewart* Action, the first-filed case in this District.

There are seven similar actions (the "Related Actions")[1], including the *Smith* Action, making nearly identical factual allegations and legal claims currently pending before this Court. The Related Actions each allege that certain of Nurture's baby food products (the "Tainted Baby Foods") contain levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury (the "Heavy Metals"), and that Nurture misrepresented or omitted disclosure of this fact from

---

[1] *Smith v. Nurture, Inc.*, Case No. 7:21-cv-01534 (S.D.N.Y.); *Hampton et al. v. Nurture, Inc.*, Case No. 1:21-cv-01882 (S.D.N.Y.); *Stewart et al. v. Nurture, Inc.*, Case No. 1:21-cv-01217 (S.D.N.Y.); *Soto v. Nurture, Inc.*, Case No. 1:21-cv-01271 (S.D.N.Y.); *Jain v. Nurture, Inc.*, Case No. 1:21-cv-01473 (S.D.N.Y.); *Westin v. Nurture, Inc.*, Case No. 1:21-cv-02101 (S.D.N.Y.); and *Strobel v. Nurture, Inc.*, Case No. 1:21-cv-02129 (S.D.N.Y.).

consumers. Each Related Action seeks, *inter alia*, injunctive relief barring Nurture from continuing to misrepresent the truth about its products as well as monetary damages compensating Plaintiffs and other purchasers for the purchase of the Tainted Baby Foods. The Related Actions present similar factual and legal issues and will involve the same or similar discovery. Accordingly, consolidation of the actions into a single action is called for under Fed. R. Civ. P. 42(a). Through their respective class actions, plaintiffs in the Related Actions allege a combination of various state consumer protection statutes and other common law causes of action against Defendant Nurture.[2]

Pursuant to Fed. R. Civ. P. 42, where "actions before the court involve a common question of law or fact, the court may… consolidate the actions." Where consolidation will accomplish judicial economy, "a district court will generally consolidate actions." *Micholle v. Ophthotech Corp.*, No. 17-CV-1758 (VSB), 2018 WL 1307285, at *3 (S.D.N.Y. Mar. 13, 2018) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)). The court has "broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Here, consolidation of the Related Actions is warranted, as the actions present essentially the same factual and legal issues, involve the same defendant, and will involve substantially the same discovery, consolidation is appropriate under Rule 42(a). *See Doroz v. Delorio's Foods, Inc.*, 437 F. Supp. 3d 140, 150 (N.D.N.Y. 2020) (consolidation appropriate where two separate actions were "substantially similar.") (citing *Tucker v. Kenney*, 994 F. Supp. 412, 415 (E.D.N.Y. 1998)); *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14 CIV. 10020 RMB, 2015 WL 1345931,

---

[2] The causes of action alleged include violations of, among others, New York, Florida, Georgia, Minnesota, and California state consumer protection act statutes, unjust enrichment, breach of express warranty, breach of implied warranty of merchantability, breach of the Magnuson Moss Warranty Act, negligent misrepresentation, fraud, fraudulent misrepresentation, fraud by omission, and fraudulent concealment.

at *1 (S.D.N.Y. Mar. 19, 2015) (granting motion for consolidation where the "complaints are related and all of the complaints describe the same allegedly fraudulent conduct."). The Related Cases are all putative class actions on behalf of the same class (all purchasers of Nurture Baby Foods) and raise nearly identical legal claims, including state consumer protection claims, warranty claims, and negligent misrepresentation. *See Delre v. Perry*, 288 F.R.D. 241, 246 (E.D.N.Y. 2012) (consolidating cases where, "Plaintiffs both bring class action lawsuits on behalf of the same class and raise almost identical claims against the same Defendants" and where "both cases involve the same set of facts.").

Consolidation is in the best interests of judicial resources as well as the resources of the parties. Defendant will suffer no prejudice by litigating one consolidated action rather than nine —or more—separate suits.  Consolidation of the Related Actions would therefore inure to the benefit of all parties involved as well as the Court.

Because the instant issues share common issues of law and fact, the Plaintiff Smith supports the *Stewart* Plaintiffs' Motion for Consolidation pursuant to Fed. R. Civ. P. 42 (a).

Dated: March 26, 2021                    Respectfully submitted,

**CUNEO GILBERT & LADUCA, LLP**

By: s/ Charles LaDuca
Charles LaDuca
Katherine Van Dyck
C. William Frick
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone:(202) 789-3960
Facsimile: (202) 789-1813
E-mail: charles@cuneolaw.com
        kvandyck@cuneolaw.com
        bill@cuneolaw.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Robert K. Shelquist
Rebecca A. Peterson
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rkshelquist@locklaw.com
         rapeterson@locklaw.com

**LITE DEPALMA GREENBERG & AFANADOR, LLC**
Joseph DePalma
Susana Cruz Hodge
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
E-mail: jdepalma@litedepalma.com
         scruzhodge@litedepalma.com

*Attorneys for Plaintiff Jodi Smith*