**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- X
NICOLE STEWART, SHANNON
FITZGERALD, and SUMMER APICELLA,
on behalf of themselves and all others similarly
situated,

                    Plaintiffs,

      -against-

NURTURE, INC.,

                    Defendant.
------------------------------------------------------- X
STEPHANIE SOTO, individually and on
behalf of all others similarly situated,

                    Plaintiff,

      -against-

NURTURE, INC.,

                  Defendant.
------------------------------------------------------- X
NITA JAIN, individually and on behalf
of all others similarly situated,

                    Plaintiff,

      -against-

NURTURE, INC. d/b/a Happy Family Brands,

                  Defendant.
------------------------------------------------------- X

CASE NO.
1:21-cv-01217-MKV

1:21-cv-01271-MKV

1:21-cv-01473-MKV

JODI SMITH, individually and on behalf
of all others similarly situated,

                    Plaintiff,

      -against-                                        7:21-cv-01534

NURTURE, INC.

                    Defendant.
-------------------------------------------------------- X
LILLIAN HAMPTON, KELLY MCKEON,
AND JEN MACLEOD, individually and on
behalf of all others similarly situated,

                    Plaintiffs,

      -against-                                        1:21-cv-01882

NURTURE, INC., d/b/a Happy Family
Organics and Happy Baby Organics,

                    Defendant.
-------------------------------------------------------- X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE *STEWART*
PLAINTIFFS' MOTION FOR CONSOLIDATION AND TO SET DEADLINES**

      When the *Stewart* Plaintiffs filed their Consolidation Motion on March 7, 2021, there were five (5) class actions against Defendant Nurture filed in this District arising from the same facts and circumstances. Since then, three (3) additional related actions were filed in this District (the *Westin*, *Strobel*, and *Skibicki* actions) (collectively, the "Related Actions"). Defendant Nurture filed a response to the *Stewart* Plaintiffs' Motion, as did Plaintiffs in four of the now (8) cases, who collectively filed three responses. The *Stewart* Plaintiffs submit this omnibus reply to respond to all four responses. While no party objects to consolidation, these responses are discussed in further detail below.

      Defendant Nurture does not object to consolidation but opposes the Motion "to the extent it seeks to consolidate cases against multiple defendants and/or cases alleging product liability and

negligence, if any such actions are subsequently filed in this District." Nurture Response at 2, ECF No. 16. The *Stewart* Plaintiffs agree and have revised the Proposed Consolidation Order (submitted herewith) to provide for the coordination, rather than the consolidation, of personal injury and/or product liability claims alleging non-economic damages ("PI Claims") brought against Nurture arising out of the same facts and circumstances as the consumer protection claims alleging economic damages ("Economic Damage Claims"). Any and all future PI Claims in this Court should proceed in pleadings separate from the Economic Damage Claims on a separate track but should be coordinated for discovery and case management purposes for efficiency. The *Stewart* Plaintiffs have also revised the Proposed Consolidation Order to address Nurture's concern that only claims against Nurture be included in the consolidated action ("the Consolidated Action").

No plaintiff objects to consolidation. Plaintiffs in the *Smith* and *Hampton* Actions expressly consent to consolidation. Plaintiffs *Jain* and *Westin* "do not contest the portion of the Motion which seeks consolidation." ECF No. 20 filed in the *Jain* docket, 1:21-cv-01473-MKV. Notably, **all** of the above-captioned consumer protection actions allege that certain of Nurture's baby food products are and were tainted with toxic heavy metals, including arsenic, lead, cadmium, and mercury (the "Heavy Metals"), and that Nurture misrepresented or did not disclose this fact to consumers. All seek, *inter alia*, injunctive relief barring Nurture from continuing to misrepresent the truth about its products as well as monetary economic damages. All will involve the same or similar discovery against Nurture.

The *Stewart* Plaintiffs were the first to file a class action against Nurture in any federal District on February 10, 2021 in the Southern District of New York. *See* ECF No. 1. They filed their Motion to consolidate the Nurture cases on March 7, 2021. The **next** day, a plaintiff in an action pending in the E.D.N.Y. alleging almost identical claims against Nurture and other baby food manufacturers as the *Stewart* Plaintiffs filed a petition for centralization (an "MDL Petition") with the Judicial Panel

3

on Multidistrict Litigation (the "Panel").[1] The *Jain/Westin* Plaintiffs are the only parties suggesting a stay of all proceedings here (other than consolidation) due to the pending MDL motion. However, as set forth below, a stay is unwarranted and should be denied.

All parties who responded to the *Stewart* Plaintiffs' Motion either expressly support or do not oppose consolidation of the Nurture cases. Contrary to the arguments raised by the *Jain/Westin* Plaintiffs, the pending MDL Petition does not affect this Court's timing and does not impose a stay of proceedings, nor is a stay warranted here. As such, and as set forth below, consolidation of the consumer actions against Nurture is appropriate at this time.

## I.   ARGUMENT

### A.   All Parties Who Responded to the *Stewart* Plaintiffs' Motion Either Support or Do Not Oppose Consolidation

To date, there are eight (8) class actions pending against defendant Nurture in the Southern District of New York relating to the allegations of dangerous Heavy Metals in its baby foods.[2] There

---

[1] Although the *Stewart* Plaintiffs filed their Motion on March 7, 2021, on the evening of March 18 and morning of March 19, 2021, the Clerk of Court directed that the *Stewart* Plaintiffs refile the Motion in order to correct an ECF filing deficiency so as to provide separate docket numbers for the notice of motion, supporting memorandum, and proposed order. The *Stewart* Plaintiffs immediately responded to these directions and refiled the same Motion papers that had previously been filed on March 7, 2021 but with separate docket numbers. The *Jain/Westin* Plaintiffs state that the Motion was filed by the *Stewart* Plaintiffs on March 19, 2021 but omit that it was merely "refiled" at that time to fix a clerical error. Thus, their implication that the *Stewart* Plaintiffs omitted the *Westin* caption and the MDL Petition from their Motion papers on March 18-19 for "curious" reasons is misleading. First, neither the *Westin* case nor the MDL Petition was on file when the *Stewart* Plaintiffs filed their Motion on March 7, 2021. Next, when the plaintiff in *Westin* filed her case after the *Stewart* Plaintiffs had originally filed their Motion on March 7, she erroneously related it to a later-filed action against Nurture in this District (the *Soto* action, which alleges a limited NY/Wyoming class) rather than properly relating it to the first-filed *Stewart* Plaintiffs' case.

[2] *See* (in order of filing in this District): *Stewart v. Nurture, Inc.*, Case No. 1:21-cv-01217 (S.D.N.Y.); *Soto v. Nurture, Inc.*, Case No. 1:21-cv-01271 (S.D.N.Y.); *Jain v. Nurture, Inc.*, Case No. 1:21-cv-01473 (S.D.N.Y.); *Smith v. Nurture, Inc.*, Case No. 7:21-cv-01534 (S.D.N.Y.); *Hampton et al v. Nurture, Inc.*, Case No. 1:21-cv-01882 (S.D.N.Y.); *Westin v. Nurture, Inc.*, Case No. 1:21-cv-02101 (S.D.N.Y.); *Strobel v. Nurture, Inc.*, Case No. 1:21-cv-02129 (S.D.N.Y.); and *Skibicki v. Nurture, Inc.*, No. 1:21-cv-02553 (S.D.N.Y.). No case filed in this District includes any other defendant.

are six (6) such class actions against Nurture pending outside of this District in various jurisdictions.[3]

As noted above, no party opposes consolidation. There are no cases in this District that allege PI Claims or claims against other Defendants. Defendant Nurture does not oppose consolidation but requests that the consolidation order address future PI Claims and claims against other defendants should such situations occur. The *Stewart* Plaintiffs agree and have revised the Proposed Consolidation Order, submitted herewith, to address Nurture's concerns.[4]

Courts in other jurisdictions involved in baby food litigation have already begun consolidating the Heavy Metal baby food cases against other defendants and proceeding with the consolidated litigations. Judge O'Grady recently consolidated cases pending against defendant Gerber in the Eastern District of Virginia that similarly allege that Gerber baby foods contain dangerous Heavy Metals. *See Keeter v. Gerber Products Co.*, 1:21-cv-00269-LO-TCB, Consolidation Order (E.D. Va. Mar. 15, 2021) (Feldman Declaration, Exhibit 1). As here, the plaintiffs in those pending cases argued that the cases involved common question of law and fact against defendant Gerber and should be consolidated for efficiency and judicial economy. The Court granted consolidation and further ordered that the plaintiffs file a consolidated complaint within 45 days of consolidation. *See id.* [5]

---

[3] *See Wallace et al v. Gerber Products Co. et al*, Case No. 2 :21-cv-02531 (D.N.J.); *Robbins v. Gerber et al*, Case No. 2:21-cv-01457 (C.D. Cal.); *Walls et al v. Beech-Nut Nutrition Corporation et al*, Case No. 1:21-cv-00870 (E.D.N.Y.); *Johnson v. Beech-Nut Nutrition Company et al*, Case No. 2:21-cv-02096 (D. Kan.); *Albano et al v. Hain Celestial Group, Inc. et al*, Case No. 2:21-cv-01118 (E.D.N.Y.); and *Lawrence v. Hain Celestial Group, et al*, Case No. 1:21-cv-01287 (E.D.N.Y.).

[4] The Court can utilize Rule 42(a)(1) (to "join for hearing or trial any or all matters at issue in the actions") and Rule 42(a)(3) (to "issue any other orders to avoid unnecessary cost or delay") to the extent necessary to issue whatever rulings will achieve the most efficient process for the Court and the parties should there be differences in the classes or claims. However, because all are based on the same facts and circumstances, the discovery from Nurture for all claims is essentially the same, rendering consolidation appropriate.

[5] Judge Gonzalez Rogers also recently granted a motion to consolidate the two pending cases in the Northern District of California against defendant Plum based on similar allegations as those here. *See Gulkarov v. Plum PBC*, No. 21-cv-00913-YGR, Order Consolidating Cases (N.D. Cal. Mar. 9, 2021) (ECF No. 14) (Feldman Declaration, Exhibit 3). Moreover, the court ordered that an individual action

Similarly, plaintiffs in all pending cases against defendant Beech-Nut Nutrition Company ("Beech-Nut") in the Northern District of New York recently submitted a stipulation agreeing to consolidation and Beech-Nut advised that it did not oppose such consolidation. The Court approved the stipulation consolidating all of the related actions in that District as well as any future such actions, and ordered that Beech-Nut shall respond to any consolidated complaint no later than 60 days following service of same or by May 15, 2021, whichever is later. *See, e.g.*, *Thomas et al. v. Beech-Nut Nutrition Co.*, 1:21-cv-0133-TJM-CFH (Mar. 19, 2021 N.D.N.Y.) (Feldman Declaration, Exhibit 2).[6] As here, all such cases similarly allege that Beech-Nut baby foods contain dangerous Heavy Metals and the plaintiffs argued that the cases involved common question of law and fact against defendant Beech-Nut and should be consolidated for efficiency and judicial economy.

Consolidation should be granted, as other courts have done in other non-Nurture Heavy Metal baby food cases discussed above. Importantly, these courts have consolidated the cases in their districts despite the pending MDL and have ordered that those litigations proceed with the filing of consolidated amended complaints.

B. **The MDL Petition Does Not Stay This Court's Proceedings and No Stay is Warranted**

While, as noted above, the *Jain/Westin* Plaintiffs agree that consolidation is proper at this time, they argue that the portion of the Motion requesting that the Court set deadlines for the

---

against Plum alleging personal injury type claims be related, as opposed to consolidated, with those same consolidated class actions. *See Gulkarov v. Plum PBC*, No. 21-cv-00913-YGR, Order Relating Cases (N.D. Cal. Mar. 18, 2021) (ECF No. 22) (Feldman Declaration, Exhibit 4). A Consolidated Class Action Complaint is now on file in *Guklarov v. Plum PBC*.

[6] The *Jain/Westin* Plaintiffs complain about the *Stewart* Plaintiffs' "approach" to the filing of this Motion. They argue that in *Beech-Nut*, a Stipulation was filed instead of a motion. However, the *Stewart* Plaintiffs asked Nurture for its position on consolidation and Nurture stated that it needed additional time to consider its position, so Defendant could not stipulate. While proceeding by stipulation is preferable, it cannot be done without the agreement of the defendant.

6

appointment of interim class counsel is premature. *See Jain/Westin* Response at 3. In essence, they seek a stay of all proceedings while the MDL Petition is pending until it is decided, at a minimum three months from now. For the reasons discussed below, a stay is unwarranted and should be denied.[7]

First, the Panel's rules provide that cases included in an MDL motion are not automatically stayed. *See* MDL Rule 2.1(d) ("The pendency of a motion … before the Panel … does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."). Here, no party has formally moved for a stay based on the MDL proceedings, including Nurture and the *Jain/Westin* Plaintiffs. The *Jain/Westin* Plaintiffs offer no reason for their suggestion of a stay other than the fact there is a pending MDL motion and if the Court proceeds with interim class counsel proceedings following consolidation it would require this "Court to expend judicial resources on a motion that may become unnecessary." *Jain/Westin* Response at 3. However, MDL Rule 2.1(d) takes this into account and nonetheless provides there is no stay. In fact, this argument could be made in every situation where an MDL is pending but the Rule makes clear that it is not a valid basis for a stay.

Indeed, the Panel stated on its ECF entry that "[i]n [the responsive] briefs, the parties should address what steps they have taken to pursue alternatives to centralization (including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer

---

[7] The *Jain/Westin* Plaintiffs do not state whether they object to the filing of a consolidated amended complaint if consolidation is granted but they appear to be suggesting a stay of all proceedings is warranted. If, however, the *Jain/Westin* Plaintiffs agree that following consolidation of the Related Actions, the Court should set a date for the filing of a consolidated amended complaint, it follows logically that there should be proceedings to appoint interim class counsel so there can be an orderly and organized document constituting such consolidated amended complaint. In fact, while the *Jain/Westin* Plaintiffs argue that in *Beech-Nut* the plaintiffs removed the date for briefing of interim class counsel to allow the filing of that Stipulation, there is nothing prohibiting any such plaintiffs' counsel in that case from filing such a motion.

of one or more of the subject cases)." *In re: Baby Food Marketing, Sales Practices and Products Liability Litig.*, MDL No. 2997, ECF No. 3 (Mar. 9, 2021 JPML). This instruction from the Panel directly contradicts the *Jain/Westin* Plaintiffs' suggestion that this Court should stay proceedings after consolidating the cases until the Panel issues a ruling. Instead, it fully supports the *Stewart* Plaintiffs' activities here to consolidate and move forward with litigating the cases. It also supports any activities by Nurture in cases outside this District where it is named as a defendant that include other defendants to move to sever those claims and seek §1404 transfer to this Court of such claims against Nurture.[8]

A recent ruling by Judge Rakoff in the Southern District of New York illustrates why the *Jain/Westin* Plaintiffs' suggestion of a stay should be rejected. *See Quinn v. JPMorgan Chase Bank, N.A.*, No. 20-cv-4100 (JSR), 2020 U.S. Dist. LEXIS 111202 (S.D.N.Y. June 24, 2020). In *Quinn*, the defendant bank sought a stay in the four cases before Judge Rakoff pending a ruling by the Panel on centralization. As here, the MDL briefing had begun but there was no date set for the hearing. *See id.* at *4. There were 31 other similar cases pending against at least 120 defendants. *See id.* Judge Rakoff denied the stay for numerous reasons, including that it would not make sense to put the cases on hold for "weeks or months" given that the earliest date for the Panel's hearing was over a month away at that time. *See id.* at *5. Moreover, Judge Rakoff noted that "the JPML may well deny the petition. Over the last five years, the JPML has denied petitions for centralization in 60 percent of the cases. Further still, of the 40 percent of petitions that were granted, many were unopposed, whereas here there is substantial opposition to centralization. Accordingly, as a mere matter of

---

[8] On March 24, 2021, Plaintiff Tiffanie Skibicki filed a class action against Defendant Nurture but did not relate her case to the instant action or any other cases filed against Nurture in this District. *See Skibicki v. Nurture Inc. et al.*, Case No. 1:21-cv-02553 (S.D.N.Y.). Instead, Plaintiff Skibicki related her case to the MDL action on both the Civil Cover Sheet and Notice of Relatedness filed with her Complaint. The *Skibicki* Complaint, which is the most recent complaint to be filed in this District against Nurture, pleads almost exactly the same facts as the *Stewart* Plaintiffs and substantially similar economic consumer protection claims, and as such, it should be consolidated with the Related Actions.

probabilities, the petition has a meaningful possibility of being denied, in which case significant time would have been totally wasted if a stay had been granted." *Id.* at *5-6 (footnote omitted). Judge Rakoff further explained that even if the petition were granted, it would still "be helpful for the four cases before this Court to move forward in the meantime" because, in his experience in presiding over MDL cases, the MDL transferee judge ultimately does benefit from the individual cases moving forward while awaiting the Panel's ruling. *Id.* at *6. "This is because the preliminary disputes arising in these earlier proceedings enable the MDL judge to quickly learn what kinds of discovery and other pre-trial issues are likely to arise in the now-centralized cases, and, more generally, to get a feel for what these cases are really about." *Id*. Finally, Judge Rakoff stated that "no party materially suffers from the fact that some initial motion practice or discovery has transpired before the MDL takes effect. On the contrary, it helps to move the cases forward," is "quite helpful to the MDL judge," and "ultimately saves the parties time and expense as well." *Id.* at *6-7.

Judge Rakoff's ruling applies with equal force here. The earliest Panel hearing date is the end of May with a ruling likely in mid-June, at least three months from now. There is likely to be fervent opposition to an industry-wide MDL and it has a substantial chance of being denied, particularly given that consolidations are already happening in other Districts in the other baby food cases, as described above.[9] As such, consolidation of the cases at this time and commencement of pre-trial activities as requested would not waste any judicial resources.[10]

In fact, a recent filing in the MDL proceedings supports the position that there should not be a stay here pending a ruling by the MDL Panel. After the *Stewart* Plaintiffs filed their Motion, the

---

[9] Notably, the *Jain/Westin* Plaintiffs state that they "may not ultimately support" the current pending motion for an industry-wide MDL. *See Jain/Westin* Response at 3.

[10] While Judge Rakoff noted that economic pressures created by the pandemic were one factor that militated in favor of denying a stay, it was by no means the sole decisive reason, as demonstrated by the quotations from *Quinn, supra*.

9

defendants in the MDL filed a motion with the MDL Panel for an extension of time to respond to the MDL Petition in which they explained that steps are being taken, including consolidation, severance and transfer, that may obviate the need for the requested MDL.  The fact that these statements suggest it is unlikely there will be an industry-wide baby food MDL further supports that consolidation here is proper at this time and that the Court should refuse to stay the proceedings.  Accordingly, the *Jain/Westin* Plaintiffs' suggestion of a stay should be denied.

## II.     CONCLUSION

For the reasons stated above, the *Stewart* Plaintiffs respectfully request the Court (1) grant consolidation at this time of all the Related Actions; (2) order that a separate track be created for any subsequently filed PI Claims and that there be coordinated discovery between the Consolidated Action and the PI Claims for pre-trial purposes; (3) set the deadline for the filing of motions seeking interim class counsel appointment pursuant to Fed. R. Civ. P. 23(g) of ten (10) business days following entry of the consolidation order; and (4) set a deadline for the filing of a consolidated amended complaint for the Related Actions of forty-five 45 days following the entry of an order under Rule 23(g).

Dated:  March 29, 2021                                  Respectfully submitted,

/s/ Lori G. Feldman
Lori G. Feldman, Esq. (LF-3478)
**GEORGE GESTEN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Phone: (561) 232-6002
Fax: (888) 421-4173
LFeldman@4-Justice.com

**CALCATERRA POLLACK LLP**
Janine L. Pollack, Esq.
1140 Avenue of the Americas, 9th Floor
New York, New York 10036
Phone: (917) 899-1765
Fax: (332) 206-2073

10

Email: jpollack@calcaterrapollack.com

**GEORGE GESTEN MCDONALD, PLLC**
David J. George, Esq. (*pro hac vice* forthcoming)
9897 Lake Worth Road, Suite 302
Lake Worth, FL 33463
Phone: (561) 232-6002
Fax: (888) 421-4173
*DGeorge@4-Justice.com*

*Counsel for Plaintiffs Nicole Stewart, Shannon Fitzgerald and Summer Apicella*

11

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2021, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Lori G. Feldman*
Lori G. Feldman