**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
NICOLE STEWART, SHANNON
FITZGERALD, and SUMMER APICELLA,
on behalf of themselves and all others similarly
situated,

                          Plaintiffs,                                                 <u>CASE NO.</u>

      -against-                                      1:21-cv-01217-MKV

NURTURE, INC.,

                          Defendant.
------------------------------------------------------------ X
STEPHANIE SOTO, individually and on behalf of
all others similarly situated,

                          Plaintiff,

      -against-                                      1:21-cv-01271-MKV

NURTURE, INC.,

                          Defendant.
------------------------------------------------------------ X
NITA JAIN, individually and on behalf
of all others similarly situated,

                          Plaintiff,

      -against-                                      1:21-cv-01473-MKV

NURTURE, INC. d/b/a Happy Family Brands

                          Defendant.
------------------------------------------------------------ X




------------------------------------------------------------ X

1

JODI SMITH, individually and on behalf
of all others similarly situated,

                Plaintiff,

    -against-                                  1:21-cv-01534-MKV

NURTURE, INC.,

                Defendant.
--------------------------------------------------------- X
LILLIAN HAMPTON, KELLY MCKEON,
AND JEN MACLEOD, individually and on
behalf of all others similarly situated,

                Plaintiffs,

    -against-                                  1:21-cv-01882-MKV

NURTURE, INC., d/b/a Happy Family
Organics and Happy Baby Organics,

                Defendant.
--------------------------------------------------------- X

## [PROPOSED] ORDER ON CONSOLIDATION AND SETTING DEADLINES

WHEREAS, there are currently twelve (12) putative class actions for violations of various state statutes and common law based on the same or similar facts and issues of law filed against Nurture, Inc. ("Nurture" or "Defendant"), including the above-captioned actions and seven (7) subsequently filed actions, namely: *Westin v. Nurture, Inc., d/b/a Happy Family Brands*, No. 1:21-cv-02101-VSB (S.D.N.Y.); *Strobel v. Nurture, Inc., d/b/a Happy Family Brands*, No. 1:21-cv-02129-MKV (S.D.N.Y.); *Skibicki v. Nurture, Inc. d/b/a Happy Family Organics, et al.*, No. 1:21-cv-02553-JPC (S.D.N.Y.); *Wood et al. v. Nurture, Inc.*, No. 1:21-cv-03159 (S.D.N.Y.); *Gutierrez v. Nurture, Inc.*, No. 1:21-cv-03499-MKV (S.D.N.Y.); *Gothot v Nurture, Inc. d/b/a Happy Family Brands*, No. 1:21-cv-04997-MKV (S.D.N.Y.); and *Robbins v. Nurture, Inc.*, 1:21-cv-05344-MKV (S.D.N.Y.).

WHEREAS, entry of this Order will promote judicial economy, avoid duplicative law and motion and discovery proceedings, and streamline adjudication of related matters.

IT IS HEREBY ORDERED THAT:

1. Other than as described in paragraph 2 below, the twelve (12) above-referenced actions, only to the extent they name Nurture as the sole baby food manufacturer defendant, are hereby consolidated before the Honorable Mary Kay Vyskocil and shall hereafter be identified as: *In re Nurture Heavy Metals Baby Food Litigation*, Master File No. 1:21-cv-01217 (the "Consolidated Actions").

2. Any and all personal injury and product liability claims for non-economic damages (collectively, the "PI Claims") asserted against Nurture in the above-captioned and listed actions, shall not be asserted in the Consolidated Actions; instead, any and all such PI Claims against Nurture which arise out of the same or similar facts as alleged in the Consolidated Actions shall proceed in separate pleadings on separate tracks from the Consolidated Actions, but shall be coordinated with the Consolidated Actions for discovery and other pre-trial proceedings.

3. Any actions asserting consumer protection type claims hereafter filed in, or transferred or removed to, this District which arise out of the same or similar facts, shall be consolidated for all purposes with the Consolidated Actions, to the extent such cases allege consumer protection type consumer protection type claims against Nurture, when the Court is apprised of them.  Any actions asserting PI Claims hereafter filed in, or transferred or removed to, this District which arise out of the same or similar facts shall be consolidated or coordinated with each other (and not the Consolidated Actions), as appropriate, with any other action alleging PI Claims against Nurture only to the extent they contain PI Claims, and discovery and other pretrial proceedings in those cases shall be coordinated with the Consolidated Actions; however, any consumer protection type claims contained in such actions shall be consolidated with the Consolidated Actions.

4. The parties shall notify the Court of any other action which is pending or filed outside of this District which may be related to the subject matter of the Consolidated Actions and/or the PI Claims if and when they become aware of such actions.

5. Every pleading in *In re Nurture Heavy Metals Baby Food Litigation*, Master File No. 1:21-cv-01217, shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re NURTURE HEAVY METALS BABY FOOD LITIGATION** ) ) ) ) **This Document Relates To:** ) | Master File No.: 1:21-cv-01217-MKV |

6. When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words "This Document Relates to:" in the caption set out above. When a pleading is intended to be applicable only to some, but not all, of such actions, this Court's docket number for each individual action to which the paper is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates to:" in the caption described above.

7. The deadline for the filing of any motions in the Consolidated Actions seeking interim lead counsel appointment pursuant to Fed. R. Civ. P. 23(g) is ten (10) business days following the entry of this Order. The deadline for the filing of a consolidated amended complaint in the Consolidated Actions is forty-five (45) days following the entry of an order under Rule 23(g).

**IT IS SO ORDERED.**

Dated: _____, 2021

_____
HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE