**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X
NICOLE STEWART, SHANNON
FITZGERALD, and SUMMER APICELLA,
on behalf of themselves and all others similarly
situated,

               Plaintiffs,

          -against-

NURTURE, INC.,

               Defendant.
-------------------------------------------------------- X
STEPHANIE SOTO, individually and on
behalf of all others similarly situated,

               Plaintiff,

          -against-

NURTURE, INC.,

               Defendant.
-------------------------------------------------------- X
NITA JAIN, individually and on behalf
of all others similarly situated,

               Plaintiff,

          -against-

NURTURE, INC. d/b/a Happy Family Brands,

               Defendant.
-------------------------------------------------------- X

CASE NO.
1:21-cv-01217-MKV

1:21-cv-01271-MKV

1:21-cv-01473-MKV

JODI SMITH, individually and on behalf
of all others similarly situated,

     Plaintiff,

    -against-         7:21-cv-01534-MKV

NURTURE, INC.

      Defendant.
-------------------------------------------------------- X
LILLIAN HAMPTON, KELLY MCKEON,
AND JEN MACLEOD, individually and on
behalf of all others similarly situated,

     Plaintiffs,

    -against-         1:21-cv-01882-MKV

NURTURE, INC., d/b/a Happy Family
Organics and Happy Baby Organics,

      Defendant.
-------------------------------------------------------- X

## SUPPLEMENTAL SUBMISSION IN FURTHER SUPPORT OF THE *STEWART* PLAINTIFFS' MOTION FOR CONSOLIDATION AND TO SET DEADLINES

When the *Stewart* Plaintiffs filed their Motion for Consolidation and to Set Deadlines ("Consolidation Motion") on March 7, 2021, there were five (5) class actions filed against Defendant Nurture, Inc. ("Nurture") in this District arising from the same facts and circumstances. The Stewart Plaintiffs subsequently filed their Reply in Support of their Consolidation Motion on March 29, 2021, which noted that there were an additional three (3) related actions filed in this District after the submission of the Consolidation Motion (the *Westin*, *Strobel*, and *Skibicki* actions). Thereafter, four (4) more related actions were either filed in this District and/or transferred into this District by Court Order (the *Wood*, *Gutierrez*, *Gothot*, and *Robbins* actions).[1]

---

[1] The *Wood* and *Gutierrez* actions were filed in this District on April 12, 2021 and April 20, 2021, respectively. The *Gothot* action was filed in the Northern District of Ohio on April 6, 2021 and then transferred *sua sponte* to this District on June 7, 2021. The *Robbins* action was initially filed in the

In total, there are now twelve (12) related actions against Defendant Nurture pending in this District arising from the same facts and circumstances (collectively, the "Related Actions"), as shown below.

| Case Name | Case No. | Judge Assigned |
|---|---|---|
| 1. *Stewart et al v. Nurture, Inc.* | 1:21-cv-01217-MKV | Judge Mary Kay Vyskocil |
| 2. *Soto v. Nurture, Inc.* | 1:21-cv-01271-MKV | Judge Mary Kay Vyskocil |
| 3. *Jain v. Nurture, Inc.* | 1:21-cv-01473-MKV | Judge Mary Kay Vyskocil |
| 4. *Smith v. Nurture, Inc.* | 1:21-cv-01534-MKV | Judge Mary Kay Vyskocil |
| 5. *Hampton et al v. Nurture, Inc., d/b/a Happy Family Organics and Happy Baby Organics* | 1:21-cv-01882-MKV | Judge Mary Kay Vyskocil |
| 6. *Westin v. Nurture, Inc., d/b/a Happy Family Brands* | 1:21-cv-02101-VSB | Judge Vernon S. Broderick |
| 7. *Strobel v. Nurture, Inc.* | 1:21-cv-02129- MKV | Judge Mary Kay Vyskocil |
| 8. *Skibicki v. Nurture, Inc., d/b/a Happy Family Organics, et al.* | 1:21-cv-02553-JPC | Judge John P. Cronan |
| 9. *Wood et al. v. Nurture, Inc.* | 1:21-cv-03159-MKV | Judge Mary Kay Vyskocil |
| 10. *Gutierrez v. Nurture, Inc.* | 1:21-cv-03499-MKV | Judge Mary Kay Vyskocil |
| 11. *Gothot v. Nurture, Inc., d/b/a Happy Family Brands* | 1:21-cv-04997-MKV | Judge Mary Kay Vyskocil |
| 12. *Robbins v. Nurture, Inc.* | 1:21-cv-05344-MKV | Judge Mary Kay Vyskocil |

Notably, all of the above-captioned consumer protection actions allege that certain of Nurture's baby food products are and were tainted with toxic heavy metals, including arsenic, lead, cadmium, and mercury (the "Heavy Metals"), and that Nurture misrepresented or did not disclose this fact to consumers. All seek, *inter alia*, injunctive relief barring Nurture from continuing to misrepresent the truth about its products as well as monetary damages. All will involve the same or similar discovery against Nurture. Accordingly, the Stewart Plaintiffs respectfully submit this supplemental filing in further support of their Consolidation Motion, requesting that the Related Actions be consolidated in accordance with their previously submitted Consolidation Motion.

---

Central District of California on February 17, 2021and then transferred to this District on June 16, 2021.

All parties who responded to the *Stewart* Plaintiffs' Consolidation Motion either expressly support or do not oppose consolidation of the Nurture cases. Defendant Nurture does not object to consolidation but opposed the Motion "to the extent it seeks to consolidate cases against multiple defendants and/or cases alleging product liability and negligence, if any such actions are subsequently filed in this District." Nurture Response at 2, ECF No. 16. The *Stewart* Plaintiffs agreed and revised the Proposed Consolidation Order (submitted herewith) to provide for the coordination, rather than the consolidation, of personal injury and/or product liability claims alleging non-economic damages ("PI Claims") brought against Nurture arising out of the same facts and circumstances as the consumer protection claims alleging economic damages ("Economic Damage Claims"). As such, we respectfully submit that any and all currently pending or future PI Claims in this Court should proceed in pleadings separate from the Economic Damage Claims on a separate track but should be coordinated for discovery and case management purposes for efficiency. The *Stewart* Plaintiffs also revised the Proposed Consolidation Order to address Nurture's concern that only claims against Nurture be included in the consolidated action ("the Consolidated Action").

The *Stewart* Plaintiffs were the first to file a class action against Nurture in any federal District on February 10, 2021, in the Southern District of New York. *See* ECF No. 1. No plaintiff objects to consolidation. Plaintiffs in the *Smith* and *Hampton* Actions expressly consented to consolidation. Plaintiffs *Jain* and *Westin* agreed consolidation is proper but argued against the portion of the Consolidation Motion requesting the Court set deadlines for appointment of interim class counsel as premature because there was a pending petition for centralization (an "MDL Petition") with the Judicial Panel on Multidistrict Litigation (the "Panel").[2] At the time, the *Jain/Westin* Plaintiffs

---

[2] The day after the *Stewart* Plaintiffs filed their motion to consolidate the Nurture cases, a plaintiff in an action pending in the E.D.N.Y. alleging almost identical claims against Nurture and other baby food manufacturers filed an MDL Petition with the Panel. The Panel has since denied the MDL Petition and refused to centralize the cases.

suggested a stay of all proceedings here (other than consolidation) due to the pending MDL Petition. However, on June 7, 2021, the Panel denied the MDL Petition.  As such, any request for a stay based on the MDL Petition is now moot.

For all of the reasons set forth above and within the Consolidation Motion, the *Stewart Plaintiffs* respectfully request the Court (1) grant consolidation at this time of all the Related Actions; (2) order that a separate track be created for any filed PI Claims and that there be coordinated discovery between the Consolidated Action and the PI Claims for pre-trial purposes; (3) set the deadline for the filing of motions seeking interim class counsel appointment pursuant to Fed. R. Civ. P. 23(g) of ten (10) business days following entry of the consolidation order; and (4) set a deadline for the filing of a consolidated complaint for the Related Actions of forty-five 45 days following the entry of an order under Rule 23(g).

Dated:  June 23, 2021

Respectfully submitted,

*/s/ Lori G. Feldman*
Lori G. Feldman, Esq. (LF-3478)
**GEORGE GESTEN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Phone: (561) 232-6002
Fax: (888) 421-4173
*LFeldman@4-Justice.com*

**CALCATERRA POLLACK LLP**
Janine L. Pollack, Esq.
1140 Avenue of the Americas, 9th Floor
New York, New York 10036
Phone: (917) 899-1765
Fax: (332) 206-2073
Email:  jpollack@calcaterrapollack.com

**GEORGE GESTEN MCDONALD, PLLC**
David J. George, Esq. (*pro hac vice* forthcoming)
9897 Lake Worth Road, Suite 302
Lake Worth, FL 33463
Phone: (561) 232-6002
Fax: (888) 421-4173

*DGeorge@4-Justice.com*

*Counsel for Plaintiffs Nicole Stewart, Shannon Fitzgerald and Summer Apicella*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 23, 2021, the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

*/s/ Lori G. Feldman*
Lori G. Feldman