## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: NURTURE BABY FOOD LITIGATION<br><br><br><br>This Document Relates to:<br><br>All Actions | Master File No.: 1:21-cv-01217-MKV<br><br>**JOINT DECLARATION OF LORI G. FELDMAN AND REBECCA A. PETERSON IN SUPPORT OF THE STEWART MOVANTS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL AND EXECUTIVE COMMITTEE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)** |

Lori G. Feldman and Rebecca A. Peterson, hereby declare and state as follows:

1.      We represent Plaintiffs Nicole Stewart, Shannon Fitzgerald, Summer Apicella, and Jodi Smith in the above-captioned litigation (the "Consolidated Action"). This Declaration is submitted in support of the Stewart Movants' Motion for Appointment of Lori G. Feldman and Rebecca A. Peterson for Interim Co-Lead Counsel.[1] Except as otherwise stated, we make this declaration based on personal knowledge and, if called to do so, we could testify competently to the information set forth below.

### Procedural Background and Posture of the Litigation

2.      On February 11, 2021, Plaintiffs Nicole Stewart, Shannon Fitzgerald, and Summer Apicella (the "Stewart Plaintiffs") filed the first proposed consumer protection class action

_____

[1] The "Stewart Movants" refer to Plaintiffs Nicole Stewart, Shannon Fitzgerald, Summer Apicella, Jodi Smith, Lillian Hampton, Kelly McKeon, Jen Macleod, Tiffanie Skibicki, and Angela Gutierrez, Plaintiffs Edelin Altuve, Brandy Daniels, Diego Galeana, April Gillens, Jandrea Glenn, Elizabeth Hall, Savanna Jarrell, Laszlo Kovacs, Cori Lau, Michelle Lyles, Christina Martinson, Melissa Mejia, Chey'na Micciche, Julia Milton, Michael Morrow, Stacy Musto, Gladys Okolo, and Lidia Tilahun.

anywhere in the country against Nurture, Inc. ("Nurture") in the Southern District of New York alleging misleading and deceptive business practices based on the undisclosed inclusion of heavy metals in Nurture's baby food (the "Stewart Action").

3.      After the Stewart Action was filed, seventeen (17) other cases were filed against Nurture in the Southern District of New York (collectively the "Related Actions"):

- *Soto v. Nurture, Inc.*, Case No. 1:21-cv-1271-MKV (S.D.N.Y.) (February 11, 2021);

- *Jain v. Nurture, Inc., d/b/a Happy Family Brands*, Case No. 1:21-cv-1473-MKV (S.D.N.Y.) ( February 18, 2021);

- *Smith v. Nurture, Inc.*, Case No. 1:21-cv-1534-MKV (S.D.N.Y.) (February 19, 2021);

- *Hampton et al. v. Nurture, Inc., d/b/a Happy Family Organics and Happy Baby Organics*, Case No. 1:20-cv-1882-MKV (S.D.N.Y.) (March 4, 2021);

- *Westin v. Nurture, Inc., d/b/a Happy Family Brands*, Case No. 1:21-cv-2101-MKV (S.D.N.Y.) (March 10, 2021);

- *Strobel v. Nurture, Inc., d/b/a Happy Family Brands*, Case No. 1:21-cv-2129-MKV (S.D.N.Y.) (March 11, 2021);

- *Skibicki v. Nurture, Inc., d/b/a Happy Family Organics, and Does 1 through 10*, Case No. 1:21-cv-2553-MKV (S.D.N.Y.) (March 24, 2021);

- *Gutierrez v. Nurture, Inc.*, Case No. 1:21-cv-3499-MKV (S.D.N.Y.) (April 20, 2021);

- *Gothot v. Nurture, Inc., d/b/a Happy Family Brands*, Case No. 1:21-cv-4997-MKV (S.D.N.Y.) (June 7, 2021);[2]

---

[2] The *Gothot* case was initially filed on April 6, 2021 in the Northern District of Ohio and was transferred to the S.D.N.Y. on June 7, 2021.

- *Robbins v. Nurture, Inc., d/b/a Happy Family Brands, d/b/a Happy Family Organics*, Case No. 1:21-cv-5344-MKV (S.D.N.Y.) (June 17, 2021);[3]

- *Lawrence v. Nurture, Inc.*, Case No. 1:21-cv-5748-MKV (S.D.N.Y.) (July 2, 2021);

- *Philippe v. Nurture, Inc.*, Case No. 1:21-cv-6632-MKV (S.D.N.Y.) (August 6, 2021);

- *Altuve v. Nurture, Inc.*, Case No. 1:21-cv-6678-MKV (S.D.N.Y.) (August 6, 2021);

- *Spencer v. Nurture Inc.*, Case No. 1:21-cv-6861-MKV (S.D.N.Y.) (August 13, 2021);

- *Williams v. Nurture Inc. et al.*, Case No. 1:21-cv-6918-MKV (S.D.N.Y.) (August 17, 2021);[4]

- *Johnson v. Nurture, Inc.*, Case No. 1:21-cv-7283-MKV (S.D.N.Y.) (August 30, 2021); and

- *Albert v. Nurture, Inc.*, Case No. 1:21-cv-08030 (S.D.N.Y.) (September 27, 2021) (to be consolidated into the Consolidated Action).

4.     Interim Co-Lead Counsel and the Proposed Executive Committee members (collectively, "Proposed Interim Class Counsel") satisfy the Rule 23(g)(3) requirements because of the meaningful steps they have taken to date in this litigation to advance the interests of the putative Class.[5] This includes successfully moving for consolidation of the Related Actions; presenting the Court with updated proposed consolidation orders over the course of several months to keep the Court apprised of new related cases and to update the proposed consolidation order;

---

[3] The *Robbins* case was initially filed on February 17, 2021 in the Central District of California and was transferred to the S.D.N.Y. on June 17, 2021.

[4] The *Williams* case was initially filed on April 9, 2021 in the District of Montana and was transferred to the S.D.N.Y. on August 17, 2021.

[5] "Class" refers to all Classes or subclasses that are included in the Consolidated Action.

and seeking and obtaining case management deadlines, including deadlines for leadership motion briefing, the upcoming consolidated complaint, and Nurture's anticipated motion to dismiss. Counsel for the Stewart Movants also coordinated their activities with Nurture's counsel and other plaintiffs' counsel in order to seek consensus, in addition to their work done in investigating and identifying the potential claims in this action, their vast class action experience (including heavy metal related litigation), demonstrated legal skill set, litigation resources, and strong commitment to diversity.

5.      Proposed Interim Class Counsel are a strong and highly experienced litigation team and will represent the best interests of the Class. These attorneys and their respective law firms bring decades of experience in and knowledge of consumer class actions, as well as experience in class actions involving heavy metals in dog food products, a highly relevant topic given the allegations in the Related Actions involving heavy metals in baby foods. Proposed Interim Class Counsel also add diversity in terms of gender, race, age, and geographic location in addition to their significant trial experience and substantial resources. These law firms, and the other undersigned counsel supporting this Motion, have been the driving force in this case.[6] Proposed Interim Class Counsel formed a team with the best candidates that shows both their dedication to and collective work in identifying and investigating the claims here.

6.      Proposed Interim Class Counsel are skillful candidates and have formed a team dedicated to effectively and efficiently litigating this matter. Proposed Interim Co-Lead Counsel

---

[6] Counsel supporting this motion have also advanced the litigation of similar cases in their respective courts. For example, they were first the first to file in the Eastern District of New York against Hain Celestial Group, Inc. (E.D.N.Y.) (where all Hain cases were consolidated); the first to file in the Northern District of New York against Beech-Nut Nutrition Company (N.D.N.Y.) (where all Beech-Nut cases were consolidated); and the first to file anywhere in the country against Plum PBC (N.D. Cal.) where Ms. Peterson was appointed Interim Co-Lead Counsel. All of these consumer class actions concern heavy metals in baby food.

will oversee and supervise all activities to ensure the most appropriate use of resources. They intend to be inclusive of any plaintiffs who want to remain class representatives in the upcoming consolidated complaint following a thorough vetting process. Then, as the litigation proceeds, Proposed Interim Co-Lead Counsel will make specific streamlined pre-trial work assignments, utilizing the skills of the Executive Committee members and their firms, as well as any other counsel needed to advance the interests of the Class. Given the likely complexity of the issues in this case, the structure proposed by the Stewart Movants strikes the proper balance to ensure strong representation while avoiding duplication of effort. Monthly time and expense reporting, a strict timekeeping protocol, and detailed instructions for specific assignments will result in a streamlined and focused litigation. Counsel's existing familiarity with heavy metal litigation will facilitate such assignments.

7.      In addition, the Stewart Movants' counsel has taken other steps to advance this litigation. On March 1, 2021, Ms. Peterson served a Freedom of Information Act request on the U.S. Food and Drug Administration (FDA) regarding the Congressional Report on heavy metals in baby food and related documents and communications. Ms. Peterson has continued to communicate with the FDA on the status of its forthcoming response to the FOIA request. The Stewart Movants also sent notice to Nurture as to Plaintiffs' warranty claims under various state laws, as well as pre-suit notice under the Consumers Legal Remedies Act (CLRA), California Civil Code Sections 1750-1784, among others, in anticipation of a consolidated complaint.

8.      Moving forward, we will expend the resources necessary to litigate through anticipated motions to dismiss and execute e-discovery and deposition strategies, fight through contested class certification and summary judgment proceedings, retain all necessary experts, and take this matter to trial and beyond, if necessary.

9.      We also have both the personnel and financial resources required to litigate this case to a successful conclusion, and frequently work on cases that involve the management and coordination of many law firms and lawyers, and both of our firms are highly experienced in those collaborative tasks. We anticipate that document productions, as with most cases of this size and complexity, will reach into the hundreds of thousands of documents and require a document coding and review protocol to be deployed with assistance from attorneys at the various plaintiffs' law firms. We expect that the litigation in this case is likely to be hard fought and labor intensive, necessitating a few dozen depositions throughout the United States, significant and complex motion practice, class certification proceedings, and potential settlement negotiations and appeals. Our firms are well acquainted with such litigation activities and are prepared to take all necessary steps to advance the case and protect the interests of the Class.

10.     True and correct copies of Ms. Feldman's and Ms. Peterson's submissions reflecting their qualifications are attached as Exhibits A and B.

### PROPOSED INTERIM CO-LEAD COUNSEL

11.     **Lori G. Feldman of George Gesten McDonald:** Ms. Feldman is the Chair of the Class Action Practice Group and Managing Partner of the New York Office of her firm. She was admitted to the Southern District of New York in 1991 and is licensed in New York and Washington State. She has served in a leadership role in numerous class action cases, including consumer protection and data breach cases, and has successfully litigated against some of the most well-funded and largest defendants in class actions, including but not limited to:

- *South Ferry v. Killinger*, C04-1599-JCC (W.D. Wash.) ($41.5 million securities fraud settlement involving Washington Mutual);

- *Cavalieri v. Gen. Elec. Co.*, 06-CV-315 (N.D.N.Y) ($40 million pension fraud class action settlement);

- *In re Amazon.com Sec. Litig.*, C-01-358-L (W.D. Wash.) ($27.5 million securities fraud class action settlement);

- *In re CenturyLink Sales Practices and Sec. Litig.*, MDL No. 17-2795(MJD/KMM) (D. Minn.) ($15.5 million consumer fraud settlement);[7]

- *Podowitz v. Swisher Int'l, Inc.*, 16-CV-27621 (Multnomah Cty, OR) ($2.5million consumer fraud class action settlement);

- *Hochstadt v. Boston Scientific Corp. ERISA Litig.*, C-08-CV-12139-DPW (D. Mass.) ($8.2 million pension fraud class action settlement);

- *Gebhardt v. ConAgra Foods, Inc.*, 4:01-CV-427 (D. Neb.) ($14 million securities fraud class action settlement);

- *In re Macy's Inc. ERISA Litig.*, 1:01-CV-02150-ML-KWR (S.D. Ohio) ($8.5 million pension fraud class action settlement);

- *In re Gilead Sciences Sec. Litig.*, C-03-4999-SI (N.D. Cal.) ($8.75 millionsecurities fraud class action settlement);

- *In re Rhythms Sec. Litig.*, 02-CV-35-JLK-CBS (D. Colo.) ($17.5 millionsecurities fraud class action settlement); and

---

[7] Ms. Feldman was appointed co-lead counsel in this MDL litigation and served in that capacity from 2017 through 2019 while Of Counsel to Geragos & Geragos. She left the Geragos firm in March of 2019 and joined George Gesten McDonald, at which point her colleague Ben Meiselas at Geragos assumed her position as co-lead counsel. Less than two months later, the case settled for $15.5 million. While Ms. Feldman was not at the Geragos firm at the very end of the case, she was instrumental in positioning the class to obtain this substantial settlement.

- *In re Wawa, Inc. Data Sec. Litig.*, 19-cv-6019-GEK (E.D. Pa.) ($12 million consumer class action settlement (pending final approval)).

12.  Ms. Feldman was recently appointed to serve as Plaintiffs' Co-Lead Counsel in *In re EyeMed Vision Care, LLC Data Sec., Litig.*, 1:20-cv-00036 (S.D. Ohio); to serve on the Plaintiffs' Executive Committee in *In re Canon U.S.A. Data Breach Litig.*, 1:20-cv-06239 (E.D.N.Y.); and on the Plaintiffs' Executive Committee in *In re Morgan Stanley Data Sec. Litig.*, 1:20-cv-05914 (S.D.N.Y.). She also works in a leadership capacity in the data breach case *In re WaWa, Inc. Data Breach Litig.*, No. 19-cv-6019-GEKP. (E.D. Pa.) ($12 million settlement pending final approval), and worked on the *In re Equifax Consumer Data Sec. Breach Litig.*, 1:17-md-2800 (N.D. Ga.). She is also currently litigating a data breach cases against *In re Warner Music Grp. Data Breach*, No. 1:20-cv-07473 (S.D.N.Y.).

13.  As an additional benefit to the class, given that Ms. Feldman is a New York attorney (born and raised) admitted in the S.D.N.Y., there is no need for separate liaison counsel. Ms. Feldman was recently recognized by The National Law Journal as a 2021 Plaintiffs' Lawyers Trailblazer, as one of several plaintiffs' lawyers in the country who continue to make their mark in various aspects of work on the plaintiffs' side.

14.  **Rebecca A. Peterson of Lockridge Grindal Nauen P.L.L.P.:** Ms. Peterson is a partner at Lockridge Grindal Nauen ("LGN") and licensed to practice in California and Minnesota. *See* Joint Decl. at Ex. B. Ms. Peterson practices in the firm's class action group with a focus on consumer protection. She has been part of successful prosecution of actions on behalf of consumers in both state and federal courts. Ms. Peterson has been part of various trial teams, including recently in *In re Syngenta Litig.* (Minn. Producers), No. 27-cv-15-3785 (Henn. Co. Dist. Ct.,

Minn.) and, alongside the trial team, was recognized as Attorney of the Year by Minnesota Lawyer for her work on behalf of U.S. farmers in that case.

15.     Ms. Peterson was recently appointed interim co-lead counsel in *In re Plum Baby Food Litig.*, Case 4:21-cv-00913-YGR (N.D. Cal.), a consumer protection case that involves similar claims of misleading and deceptive packaging based on the nondisclosure of heavy metals in baby foods.[8] Notably, Ms. Peterson has spent the last three years extensively litigating mislabeling consumer cases involving heavy metals and other toxins in pet food. In these actions, she acted as lead counsel and conducted and defended dozens of depositions, including expert depositions. She has vetted and worked extensively with experts that have the specific expertise required for opining on heavy metals in tainted pet food cases, issues that will be squarely relevant here. Ms. Peterson has also argued class certification motions and dispositive motions such as summary judgment in those heavy metal cases and handled cross-examination in *Daubert* hearings. Joint Decl. at Ex. B. As a result of her experience, Ms. Peterson has significant knowledge of the legal, discovery, expert, and factual issues that are critical in litigating consumer class cases concerning heavy metals and other contaminants. This includes intimate knowledge of the lack of regulatory guidance, quality control, manufacturing practices, and testing that will be at the forefront of this litigation.

16.     Ms. Peterson is supported by a robust, successful firm based in Minneapolis, Minnesota. *Id*. The LGN attorneys are experienced counsel in numerous areas, including consumer, antitrust, product liability, securities, environmental, employment, health care, commercial, intellectual property, and telecommunications law. These attorneys have successfully

---

[8]This is the first case to decide contested motions for appointment of a leadership structure in the various heavy metal baby food cases.

led—and are presently leading—numerous multidistrict and complex class actions nationwide, including those involving consumer fraud claims. *Id*. Currently, in addition to serving as interim co-lead counsel in *In re Plum Baby Foods Litig.*, Case 4:21-cv-00913-YGR (N.D. Cal.), Ms. Peterson is interim co-lead counsel in *In re Big Heart Pet Brands Litig.*, Civil No. 4:18-cv-00861-JSW (N.D. Cal.) and *In re: Crops Inputs Antitrust Litig.*, Case 4:21-md-02993-SEP (E.D. Mo.).[9]

## PROPOSED EXECUTIVE COMMITTEE

17.     Given the complexity and scope of the litigation, we believe the appointment of an Executive Committee comprised of the attorneys below will facilitate the best representation of the Class, and true and correct copies of their submissions reflecting their qualifications are attached as Exhibits C through G, as indicated below:

- Michael Liskow of Calcaterra Pollack LLP (attached hereto as Exhibit C)

- Katherine Van Dyck of Cuneo Gilbert & LaDuca, LLP (attached hereto as Exhibit D)

- Mark R. Rosen of Barrack Rodos & Bacine (attached hereto as Exhibit E)

- Kara A. Elgersma of Wexler Wallace, LLP (attached hereto as Exhibit F)

-  Eddie Jae K. Kim of Carlson Lynch LLP (attached hereto as Exhibit G)

18.     We believe that having the support of the proposed Executive Committee will ensure work is performed efficiently by capable and experienced professionals to achieve the best results for the Class. As indicated by their credentials, the proposed Executive Committee attorneys possess substantial experience in consumer fraud and complex class action litigation and bring a diverse set of professional and personal experiences, including experience with class actions involving heavy metals. It will add tremendous value to the litigation.

---

[9] *See* Joint Decl. at Ex. B for additional representative cases.

19.     The proposed Interim Co-Lead Class Counsel and Executive Committee have substantial resources that they intend to continue to commit to representing the Class. Each member of the Proposed Interim Class Counsel is committed to prosecuting this case efficiently and expeditiously.

20.     In managing the litigation, and to increase efficiency and avoid duplication of effort, we intend to implement a monthly time reporting protocol, which can be provided to the Court, as well as periodic reports, in camera, if requested.

21.     Attached hereto as Exhibit H is a copy of the September 17, 2020, Order Consolidating All Related Cases And Appointing Interim Co-Lead Class Counsel And Executive Committee in *Tillman et al. v. Morgan Stanley Smith Barney LLC*, No. 1:20-cv-05914-AT (S.D.N.Y.).

22.     Attached hereto as Exhibit I is a copy of the August 27, 2021, Order Appointing Interim Lead Counsel and Executive Committee in *In re: Crops Inputs Antitrust Litig.*, No. 4:21-md-02993-SEP (E.D. Mo.).

23.     Attached hereto as Exhibit J is a copy of the November 12, 2015, Order designating Lead Counsel, Liaison Counsel, and members of Plaintiffs' Executive Committee *In Re Ford Fusion and C-Max Fuel Economy Litig.*, No. 13-MD-2450 (KMK), 2015 WL 7018369, at *10 (S.D.N.Y. Nov. 12, 2015).

24.     Attached hereto as Exhibit K is a copy of the March 9, 2021, Order Appointing Interim Co-Lead Class Counsel and Executive Committee in *In Re: Canon U.S.A. Data Breach Litig.*, No. 1:20-cv-06239-AMD-SJB (E.D.N.Y.).

25.     Attached hereto as Exhibit L is a copy of the May 20, 2021, Order in *In re:  Actos End Payor Antitrust Litig.*, Master File No. 1:13-cv-09244-BA, Slip Op. at 5-6 (S.D.N.Y. May, 20, 2014).

26.     Attached hereto as Exhibit M is a copy of the August 27, 2021, Order appointing Rebecca A. Peterson as Co-Lead Counsel in *In re Plum Baby Foods Litig.*, No. 4:21-cv-00913-YGR (N.D. Cal.).

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of September, 2021 at New York, New York.

Executed this 28th day of September, 2021 at Minneapolis, Minnesota.

GEORGE GESTEN McDONALD, PLLC

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By: s/  Lori G. Feldman
        Lori G. Feldman

By: s/  Rebecca A. Peterson
        Rebecca A. Peterson