**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re NURTURE BABY FOOD LITIGATION

This Document Relates To:

ALL ACTIONS

Master File No.: 1:21-cv-01217-MKV

The Honorable Mary Kay Vyskocil

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE W-R SLATE'S MOTION FOR APPOINTMENT OF**
**INTERIM CO-LEAD COUNSEL AND EXECUTIVE COMMITTEE PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 23(g)(3)**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND ....................................................................................................3

III. APPLICABLE LEGAL STANDARD ..................................................................3

IV. ARGUMENT ..........................................................................................................5

 A. Proposed Interim Counsel Have Performed Substantial Work Investigating and Litigating the Claims ..........................................................................5

 B. Proposed Interim Counsel Have Significant Experience Litigating Consumer Defect Class Actions and Extensive Knowledge of Applicable Law ....................7

  1. Interim Co-Lead Counsel ...........................................................8

   (a) Melissa S. Weiner – Pearson, Simon & Warshaw, LLP .................8

   (b) Michael R. Reese – Reese LLP .....................................................10

  2. Interim Executive Committee ...................................................12

   (a) Melissa Emert – Kantrowitz, Goldhamer & Graifman, P.C. .........12

   (b) Annick M. Persinger – Tycko & Zavareei LLP ............................14

   (c) Jason P. Sultzer – The Sultzer Law Group P.C. ...........................17

   (d) Charles E. Schaffer – Levin Sedran & Berman LLP ....................19

   (e) Rachel Soffin – Milberg Coleman Bryson Phillips Grossman, PLLC ...................................................................21

 C. The Firms Have Substantial Experience in This Court ...........................................23

 D. Proposed Interim Counsel Have Committed, and Will Continue to Commit, the Resources Necessary to Represent the Class ...................................24

 E. Other Factors Support Designating Proposed Interim Counsel ............................24

V. CONCLUSION.....................................................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ackerman v. The Coca-Cola Co.*,
  No. 09-cv-0395, 2010 WL 2925955 (E.D.N.Y. 2010) ...........................................................11

*All-Clad Metalcrafters, LLC, Cookware Mktg. and Sales Practices Litig.*,
  No. 2:21-mc-00491-NR (W.D. Pa.)......................................................................................22

*In re: Allergan Biocell Textured Breast Implant Prod. Liability Litig.*,
  No. 2:19-md-02921-BRM-ESK (D.N.J.)..............................................................................22

*In Re: Allura Fiber Cement Siding Prods. Liability Litig.*,
  No. 2:19-mn-02886-DCN (D.S.C.).......................................................................................21

*In re Apple Inc. Device Performance Litig.*,
  MDL No. 2827 (N.D. Cal.)....................................................................................................19

*In Re Aqueous Film-Foaming Foams (AFFF) Prods. Liability Litig.*,
  MDL No. 2873 (D.S.C.) ...................................................................................................19, 21

*In re: Azek Decking Sales Practice Litig.*,
  No. 12-6627 (D.N.J.) .............................................................................................................19

*Baker v. Saint-Gobain Performance Plastics Corp.*,
  No. 116-cv-0220, 2016 WL 4028974 (N.D.N.Y. July 27, 2016) .............................................4

*Barron v. Snyder's-Lance, Inc.*,
  No. 0:13-cv-62496-JAL (S.D. Fla.) ........................................................................................9

*Barton v. Pret A Manger (USA) Ltd.*,
  No. 1:20-cv-04815-GHW-GWG (S.D.N.Y.)....................................................................18, 23

*Berman et al. v. General Motors LLC*,
  No. 2:18-cv-14371 (S.D. Fla.) ..............................................................................................21

*Chin v. RCN Corp.*,
  No. 08-CV-7349, 2010 WL 3958794 (S.D.N.Y. Sept. 8, 2010)............................................23

*Coe v. General Mills, Inc.*,
  No. 15-cv-05112, 2016 WL 4208287 (N.D. Cal. Aug. 10, 2016) .........................................11

*In Re Credit Default Swaps Antitrust Litig.*,
  No. 13-MD-2476 (S.D.N.Y.) .................................................................................................23

*Culbertson v. Deloitte Consulting LLP.*,
No. 1:20-cv-3962-LJL (S.D.N.Y.) ...................................................................23

*De Leon v. Bank of America, N.A. (USA)*,
No. 6:09-cv-01251 (M.D. Fla.) .......................................................................22

*Dean v. Colgate-Palmolive Co.*,
No. EDCV 15-0107 JGB (DTBx), 2015 WL 3999313 (C.D. Cal. June 17, 2015) ...............15

*Debernardis v. IQ Formulations, LLC*,
942 F.3d 1076 (11th Cir. 2019) .....................................................................22

*Donnelly v. Teachers Federal Credit Union*,
No. 2:19-cv-05564-LDH-SIL (E.D.N.Y.) .......................................................17

*In re: Evenflo Co., Inc. Mktg., Sales Practices and Prods. Liability Litig.*,
No. 1:20-md-02938 (D. Mass. 2020) ...............................................................13

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
288 F.R.D. 26 (S.D.N.Y. 2012) .......................................................................7

*In re Fairlife Milk Prods. Mktg. and Sales Practices Litig.*,
MDL No. 2909, No. 19-cv-3924 (N.D. Ill.) .............................................9, 11

*Farrell v. Bank of America, N.A.*,
327 F.R.D. 422 (S.D. Cal. 2018) ....................................................................17

*Forcellati v. Hyalnd's, Inc.*,
No. CV-12-1983-GHK, 2017 WL 6514678 (C.D. Cal. Aug. 14, 2017)..................15

*Forcellati v. Hyland's, Inc.*,
No. CV-12-1983-GHK, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) ...................15

*Forcellati v. Hyland's, Inc.*,
No. CV-12-1983-GHK, 2015 WL 13664061 (C.D. Cal. Oct. 23, 2015)..................15

*In re Frito-Lay N.A. Sales Practices and Mktg. Litig.*,
No. 1:12-md-02413-RRM-RLM (E.D.N.Y.) ........................................................11

*Frohberg v. Cumberland Packing Corp.*,
No. 1:14-cv-00748-KAM-RLM (E.D.N.Y.) ..........................................................9

*In Re Glaceau Vitaminwater Mktg. and Sales Practices Litig.*,
No. 1:11-md-02215-DLI-RML (E.D.N.Y.) ...........................................................11

*Gorzo v. Rodan & Fields, LLC*,
No. CGC-18-565628 (Cal. Super. Ct.) ..............................................................16

*Griffin, Anthony, et al., v. Aldi, Inc., Doe Defendants 1-10,*
  No. 16-cv-00354 (N.D.N.Y.) ................................................................................18

*Grossman, et al. v. Simply Nourish Pet Food Co., LLC,*
  No. 2:20-cv-01603-KAM-ST (E.D.N.Y.) ...........................................................18

*Gulkis v. Zicam,*
  No. 7:15-cv-09843-CS (S.D.N.Y.) .....................................................................16

*Hamm v. Sharp Electronics Corp.,*
  No. 5:19-cv-00488 (M.D. Fla.) ............................................................................21

*In re: HardiePlank Fiber Cement Siding Litig.,*
  MDL No. 2359 (D. Minn.) ....................................................................................19

*Hasemann v. Gerber Prods., Inc.,*
  No. 15-cv-2995, 2019 WL 1434263 (E.D.N.Y. Mar. 31, 2019) ..........................11

*Hendricks v. Starkist Co.,*
  30 F. Supp. 3d 917 (N.D. Cal. 2014) ...................................................................15

*Hill v. Canidae Corp.,*
  No. 1:20-cv-01374 (C.D. Cal.) ............................................................................20

*In re Hill's Pet Nutrition, Inc. Dog Food Prods. Liability Litig.,*
  MDL. No. 2887 (D. Kansas) .................................................................................11

*In Re: Hill's Pet Nutrition, Inc., Dog Food Prods. Liability Litig.,*
  No. 2:19-md-02887-JAR-TJJ (D. Kan.) .........................................................13, 20

*In Re: Horizon Organic Milk Plus DHA Omega-3 Mktg. and Sales Practice Litig.,*
  No. 1:12-MD-02324 (S.D. Fla.) ...........................................................................22

*Howerton v. Cargill, Inc.,*
  No. 1:14-cv-00218-LEK-BMK (D. Haw.) ..............................................................9

*In re: IKO Roofing Prods. Liability Litig.,*
  MDL No. 2104 (C.D. Ill.) .....................................................................................19

*In re Intel Corp. CPU Mktg., Sales Practices & Prods. Liability Litig.,*
  MDL No. 2838 (D. Or.) ........................................................................................19

*Jermyn v. Best Buy Stores, L.P.,*
  No. 1:08-cv-00214 (CM) (S.D.N.Y. 2008) ...........................................................24

*In re: JP Morgan Modification Litig.,*
  MDL No. 2290 (D. Mass.) .....................................................................................19

*Kellie Carder, et al., v. Graco Children's Prods., Inc.*,
No. 2:20-cv-00137 (N.D. Ga. 2020) ...................................................13

*Koller v. Deoleo USA Inc.*,
No. 3:14-cv-02400-RS (N.D. Cal.) .......................................................16

*Lashambae v. Capital One Bank, N.A.*,
No. 1:17-cv-06406, Dkt. 66 (E.D.N.Y. Oct. 21, 2020)..........................17

*Lewis v. Delaware Charger Guarantee & Trust Co.*,
No. 124-xc-1779 (KAM) (E.D.N.Y) .....................................................17

*Luib v. Henkel Consumer Goods Inc.*,
No. 17-cv-03021 (E.D.N.Y.) ..........................................................18, 19

*Mantikas v. Kellogg Co.*,
910 F.3d 633 (2d Cir. 2018)...........................................................11, 23

*Mayhew, Tanya, et al., v. KAS Direct, LLC and S.C. Johnson & Son, Inc.*,
No. 16-cv-6981 (S.D.N.Y.)............................................................17, 19

*In re: Midwestern Pet Foods Mktg., Sales Practices and Prod. Liability Litig.*,
No. 3:21-cv-00007 (S.D. Ind.) ......................................................13, 20

*Moss v. First Premier Bank*,
835 F.3d 260 (2d Cir. 2016)................................................................17

*In re Navistar Diesel Engine Prods. Liability Litig.*,
MDL No. 2223 (N.D. Ill.)....................................................................19

*Oceguera, et al. v. Baby Trend, Inc.*,
No. 5:21-cv-00398 (C.D. Cal. 2021) ...................................................13

*Patora v. Tarte, Inc.*,
No. 7:18-cv-11760-KMK (S.D.N.Y.) ..................................................18

*Pizana v. SanMedica Int'l, LLC*,
No. 1:18-cv-00644, 2019 WL 4747947 (E.D. Cal. Sept. 30, 2019) .......16

*In Re Plum Baby Food Litig.*,
No. 1:21-cv-02417 (D. N.J. 2021) ..................................................12, 20

*Price et al. v. L'Oréal USA, Inc. et al.*,
No. 1:17-cv-00614 (S.D.N.Y.)..............................................................22

*Rapoport-Hecht et al. v. Seventh Generation, Inc.*,
No. 14-cv-9087, 2016 WL 11397676 (S.D.N.Y. July 10, 2016)..............23

*Rapoport-Hecht et al. v. Seventh Generation, Inc.*,
No. 14-cv-9087 (S.D.N.Y.) ........................................................................................17, 19

*In re: Rock 'N Play Sleeper Mktg., Sales Practices, & Prods. Liability Litig.*,
No. 1:19-md-2903 (W.D.N.Y. 2019) .........................................................................13

*Salazar v. Honest Tea, Inc.*,
No. 2:13-cv-02318-KJM-EFB, 2015 WL 7017050 (E.D. Cal. Nov. 12, 2015) ....................15

*Shalikar v. Asahi Beer U.S.A., Inc.*,
No. 17-02713, 2017 WL 9362139 (C.D. Cal. Oct. 16, 2017) .................................11

*Sharpe v. A&W Concentrate Co.*,
No. 19-cv-768, 2021 WL 37211392 (E.D.N.Y. July 23, 2021) ..............................11

*Shaw v. Schell & Kampter, Inc., d/b/a Diamond Pet Foods*,
No. 2:20-cv-01620 (W.D. Wash.) .........................................................................20

*Shiv Patel v. St. John's University*,
No. 1:20-cv-02114 (EDNY) ...................................................................................18

*Silva v. Smucker Nat. Foods, Inc.*,
14-cv-6154 (JG) (RML) (E.D.N.Y.) ......................................................................18

*Simmons v. Apple Inc.*,
No. 17-CV-312251 (Cal. Super. Ct.) .....................................................................16

*Swetz v. GSK Consumer Health, Inc.*,
No. 7:20-cv-04371-NSR (S.D.N.Y.) .................................................................18, 19

*Swift v. Bank of America*,
No. 3:14-cv-01539 (M.D. Fla) ..............................................................................22

*In re: Syngenta AG MIR162 Corn Litig.*,
No. 14-md-2591-JWL-JPO, ECF 67 (Jan. 22, 2015) ...............................................7

*Szymczak v. Nissan N. Am., Inc.*,
No. 10-cv-7493, 2012 WL 1877306 (S.D.N.Y. May 15, 2012) ........................................2, 24

*In Re: Tracfone Unlimited Service Plan Litig.*,
No. 13-cv-03440 (N.D. Cal) ..................................................................................22

*Vasquez v. Libre by Nexus, Inc.*,
No. 4:17-cv-00755-CW (N.D. Cal.) .......................................................................16

*Vincent, Wesley, et al. v. People Against Dirty, PBC. and Method Prods., PBC*,
No. 7:16-cv-06936 (S.D.N.Y.) ...............................................................................17

*Wallace v. Wells Fargo & Co.*,
  No. 17-CV-317775 (Cal. Super. Ct.) ...................................................................16

*Wang v. Stubhub, Inc.*,
  No. CGC-18-564120 (Cal. Super. Ct.) ...............................................................16

*Wedra v. Cree, Inc.*,
  No. 7:19-cv-03162-VB (S.D.N.Y.)......................................................................19

*In re Wells Fargo Insurance Mktg. Sales Practices Litig.*,
  MDL No. 2797 (C.D. Cal.).................................................................................19

*Whittington v. KidsEmbrace, LLC*,
  No. 2:21-cv-1830 (C.D. Cal. 2021) ....................................................................13

**Other Authorities**

Federal Rule of Civil Procedure 23 ...........................................................................4

Federal Rule of Civil Procedure 23(g)(1)(A)........................................................4, 23

Federal Rule of Civil Procedure 23(g)(1)(B)...............................................................4

Federal Rule of Civil Procedure 23(g)(1)(C)..............................................................24

Federal Rule of Civil Procedure 23(g)(3) ...............................................................3, 7

MANUAL FOR COMPLEX LITIGATION § 10.23 (4th ed. 2004) .............................24, 25

MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004) ...................................4

MANUAL FOR COMPLEX LITIGATION § 21.22 (4th ed. 2004) ...............................4, 5

MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004) ...................................8

David Rock and Heidi Grant, *Why Diverse Teams are Smarter*, Harv. Bus. Rev.
  (Nov. 4, 2016).......................................................................................................2

*Duke Guidelines* (Best Practice 3C) ..........................................................................2

*"There Are New Faces Leading MDLs, And They Aren't All Men"* Law.com, July
  7, 2020................................................................................................................12

*Woman and Minorities at Law Firms—What Has Changed and What Has Not* in
  *the Past 25 Years*, NALP Bulletin (Feb. 2018) .....................................................10

Plaintiffs respectfully submit this memorandum of law in support of their Motion requesting that the Court designate Melissa S. Weiner (Pearson, Simon & Warshaw, LLP) and Michael R. Reese (Reese LLP) as Interim Co-Lead Counsel on behalf of the putative class; and designating Melissa Emert (Kantrowitz, Goldhamer & Graifman, P.C.), Annick M. Persinger (Tycko & Zavareei LLP), Jason P. Sultzer (The Sultzer Law Group P.C.), Charles E. Schaffer (Levin Sedran & Berman LLP), and Rachel Soffin (Milberg Coleman Bryson Phillips Grossman, PLLC) as Interim Executive Committee members (collectively, "Proposed Interim Counsel").

## I.   <u>INTRODUCTION</u>

While there a number of lawyers who have filed actions against Nurture that are anticipated to seek leadership appointment, the proposed team led by Melissa Weiner and Michael Reese (the "W-R Slate"), however, rises above the rest. The W-R Slate is comprised of a carefully constructed slate of lawyers from six actions who are specially qualified in food law, false advertising, and defective product litigation. The W-R Slate has experience successfully working together and is demographically diverse. Indeed, members of the W-R Slate commit their time to training the next generation of food litigators as adjunct professors teaching food law, and many of the W-R Slate members speak frequently at food law conferences across the country.

Thus, the W-R Slate, as highly respected lawyers in the area of food related class actions, exceed all of the requirements for appointment by the Court. These attorneys have successfully litigated—and resolved—some of the largest complex class action cases involving defective products and false advertising claims on behalf of consumers and the public, with a particular focus on food litigation.

In situations like this one where early appointment of interim class counsel is appropriate under Federal Rule of Civil Procedure 23(g)(3), courts consider (1) who are the best qualified

attorneys to lead <u>this</u> litigation, (2) who will work cooperatively with others, and (3) who can commit the necessary time and resources to effectively and efficiently prosecute the claims on behalf of all class members. *Szymczak v. Nissan N. Am., Inc.*, No. 10-cv-7493, 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (explaining that "Designation of lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements.") (citing MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004)). Each factor supports the W-R Slate. The W-R Slate will best ensure the protection of the putative class, and the W-R Slate is worthy of appointment as interim class counsel.

In addition to their significant skills and experience, the W-R Slate and the members of their firms reflect the diversity of the bar and the putative plaintiff class based on the guidance set forth in the *Duke Guidelines* (Best Practice 3C), which states that the "judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds."[2]

Plaintiffs propose that Interim Co-Lead Counsel, in consultation with the Executive Committee, shall have responsibility for strategic decisions associated with the prosecution of these consolidated cases (and any subsequently filed consolidated cases). This proposed leadership structure will permit Plaintiffs to prosecute this case efficiently and in the best interests of the putative class. The proposed leadership structure is also supported by the following factors:

- Proposed Interim Counsel have performed substantial work investigating and litigating these claims, including obtaining independent testing prior to filing;
- Proposed Interim Counsel have substantial experience litigating consumer class actions, with a focus on food class action litigation, both at the district court and appellate levels;

---

[2] *See also* David Rock and Heidi Grant, *Why Diverse Teams are Smarter*, Harv. Bus. Rev. (Nov. 4, 2016), available at https://hbr.org/2016/11/why-diverse-teams-are-smarter.

- Proposed Interim Counsel are highly respected in the area of food related class actions, with Proposed Co-Lead Counsel teaching as adjunct professors on food law and presenting frequently at food law conferences. As a result, members of Proposed Interim Counsel frequently work with non-profits and members of academia on food related litigation issues and are able to use those relationships to the benefit of consumers they represent in litigation;

- Proposed Interim Counsel have a successful history working with one another on food law cases. This group of attorneys pride themselves on forming productive and collegial relationships with their co-counsel and believe that such cooperative working relationships are necessary for effective representation; and

- Proposed Interim Counsel have significant experience before this Court.

As fully set forth herein, Proposed Interim Counsel's demonstrated case management ability, complex litigation skills, knowledge of the factual and legal issues at issue, excellent legal capabilities, and extensive resources support this Motion.

## II.    **BACKGROUND**

Plaintiffs' claims arise from the sale of baby food products that Plaintiffs allege contain toxic heavy metals, including inorganic arsenic, lead, cadmium and mercury, each of which are proven to be dangerous to human health, particularly to babies and children. Through a uniform, pervasive marketing campaign, Plaintiffs allege Defendant has led unsuspecting consumers to believe that the baby food they purchased is safe for consumption by infants and children, when in fact it is not.

On August 30, 2021, this Court consolidated all actions in the Southern District of New York alleging that Defendant's baby food products contained heavy metals and set a briefing schedule for the parties to make their Motions to Appoint Interim Class Counsel. *See* ECF 47. The W-R Slate submits this leadership structure pursuant to the Court's Order.

## III.   **APPLICABLE LEGAL STANDARD**

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P.

23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004); *see also Baker v. Saint-Gobain Performance Plastics Corp.*, No. 116-cv-0220 (LEK/DJS), 2016 WL 4028974, at *4 (N.D.N.Y. July 27, 2016) (similar). Further, "[e]stablishing interim lead counsel in this action will minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently." Indeed, the Advisory Committee Notes to Rule 23 recognize "that in many cases the need to progress toward the certification determination may require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003).

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A) (*see Baker*, 2016 WL 4028974, at *4), which provides, in relevant part, that in appointing class counsel the Court must consider:

> (i)    the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii)  counsel's knowledge of the applicable law; and
>
> (iv)   the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Other factors often considered by courts include the ability of counsel to work professionally and civilly; to fairly represent diverse interests; and, their ability "to command the respect of their colleagues and work cooperatively with opposing counsel and the court." *Baker* 2016 WL 4028974, at *4 (citing MANUAL FOR COMPLEX LITIGATION § 10.224). The purpose of the Court's review is to ensure that counsel appointed to leading roles are qualified and responsible and that they will fairly and adequately represent all of the parties on their side. *See* MANUAL FOR COMPLEX

LITIGATION § 21.22 (4th ed. 2004). The ultimate goal in designating counsel is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221.

IV.    **ARGUMENT**

Proposed Interim Counsel satisfy all requirements for appointment by the Court. As set forth herein, each of the attorneys and firms that comprise this group have successfully litigated scores of class actions involving defective products and false advertising claims on behalf of millions of consumers, including some of the largest and most complex nationwide cases, with a focus on food litigation.

Ms. Weiner and Mr. Reese, as well as members of the proposed Executive Committee, have the necessary resources to lead this litigation in an effective and efficient manner as they have repeatedly done in the past. Proposed Interim Counsel have proven case management and complex litigation skills, substantial prior knowledge of the factual and legal issues in food contamination cases, excellent legal capabilities, and extensive resources, which make them all well qualified to prosecute this action. These attorneys have a history of working together to prosecute consumer protection claims. These characteristics are critical to the orderly and efficient prosecution of this action. Accordingly, the substantial work, investment of time and funds, and investigation to date described above weigh in favor of appointing Interim Counsel proposed herein pursuant to Rule 23(g)(3).

A.    **Proposed Interim Counsel Have Performed Substantial Work Investigating and Litigating the Claims**

Proposed Interim Counsel began investigating these claims more than six months ago and have invested meaningful time in this litigation. The substantial work performed to date includes:

- Investigating the presence of heavy metals in the baby food including independent testing of the baby food products at issue;

- Interviewing consumers injured by Defendant's baby food products;

- Researching legal claims;
- Drafting pleadings; and
- Identifying, consulting with and retaining experts in the relevant fields including: epidemiology and pediatric toxicology, marketing and labeling (*e.g.*, including consumer surveys experts), and supply chain.

Specifically, counsel in the W-R Slate conducted independent testing of the products at issue in this litigation. The independent testing revealed that the affected products contain high levels of lead, cadmium and arsenic. This independent testing was performed using Inductively Coupled Plasma-Mass Spectrometry and confirmed the Congressional Report's findings of high concentrations of lead in Defendant's Products. For example, Defendant's teether products contained 30 ppb of lead—twice the EPA's action level for drinking water (15 ppb), over twice the average concentration of lead found in teething biscuits in FDA's Dataset on Infant Foods (12 ppb), six times higher than FDA's level of concern for bottled water (5 ppb), and nearly 20 times higher than the average concentration of lead in foods tested in FDA's Total Diet Study (1.6 ppb). Six of Defendant's independently tested Products also indicated the presence of high levels of cadmium. Every Product tested contained at least twice the EPA action level for cadmium in drinking water and the FDA threshold for cadmium in bottled water (both being 5 ppb). Five of the six tested Products also exceeded the average concentration of cadmium in foods analyzed in FDA's Total Diet Study (10 ppb).

The W-R Slate is the result of sustained effort to bring together a coalition of attorneys from six separate actions with extensive consumer class action experience across the country, including in the subject matters at issue in this litigation, and unequalled complex and class litigation experience in this District and other courts within the Second Circuit.

Proposed Interim Counsel understand that many other able attorneys will apply for leadership positions. While the attorneys and firms proffered here believe, as assembled, they are

best suited to efficiently run this litigation, they would welcome the opportunity to work with the other skilled counsel who have cases consolidated before Your Honor.

    **B.**      <u>**Proposed Interim Counsel Have Significant Experience Litigating Consumer Defect Class Actions and Extensive Knowledge of Applicable Law**</u>

Proposed Interim Counsel propose two highly skilled attorneys, Ms. Weiner and Mr. Reese, to act as Interim Co-Lead Counsel and five members of an Interim Executive Committee for plaintiffs and the putative classes. Ms. Weiner and Mr. Reese assessed the unique needs of this litigation and have proposed a narrowly tailored structure to meet the specific needs of this Action. The Executive Committee will perform work consistent with their expertise and talents as directed by Interim Co-Lead Counsel.

Movants recommend that proposed Co-Lead Counsel be designated as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g) to "act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Courts "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 43 (S.D.N.Y. 2012); *In re: Syngenta AG MIR162 Corn Litig.*, No. 14-md-2591-JWL-JPO, ECF 67 (Jan. 22, 2015) (designating an interim class counsel in the initial order concerning appointment of counsel). Appointment of interim class counsel may be helpful in "clarify[ing] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. at 43-44 (citing MANUAL FOR COMPLEX LITIGATION § 21.11).

1.    <u>Interim Co-Lead Counsel</u>

Lead counsel are charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004).[3] Plaintiffs propose that Melissa S. Weiner (Pearson, Simon & Warshaw, LLP) and Michael R. Reese (Reese LLP) be appointed as Interim Co-Lead Counsel. Likely unique from other proposed leadership slates, Ms. Weiner and Mr. Reese have litigated, and (equally important) successfully settled, several food class actions as co-counsel. They share a passion for educating the next generation of leaders in food law as they each teach food law courses at the law school level. The synergy between proposed Interim Co-Lead Counsel is uniquely suited to serve the interests of the putative class in this litigation, as well as ensure the orderly disposition of this case.

(a)     *Melissa S. Weiner – Pearson, Simon & Warshaw, LLP*

Melissa Weiner's extensive experience in class action litigation has a particular focus on food litigation, and includes cases involving consumer protection, product defect, data breach, intellectual property, automotive defects, false advertising, and copyright litigation. She is a partner in the Minneapolis office of Pearson, Simon & Warshaw, LLP, a nationally recognized class action firm that has achieved appointment in some of the largest complex matters in history. *See* Declaration of Melissa Weiner ("Weiner Decl."), Ex. A (firm resume).

Since her admission to the bar in 2007, Ms. Weiner has earned appointment in a variety of MDLs and class actions throughout the country. For example, over the selection of other attorneys,

---

[3] "Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met." *Id.*

Ms. Weiner[4] was appointed recently as co-lead interim class counsel in *In re Fairlife Milk Products Marketing and Sales Practices Litigation*, MDL No. 2909, No. 19-cv-3924 (N.D. Ill.), a nationwide false advertising class action involving food products.

Particularly relevant for this action, Ms. Weiner has been court appointed class counsel and achieved significant results for consumers in a number of food related class actions, including, among others, *Frohberg v. Cumberland Packing Corp.*, No. 1:14-cv-00748-KAM-RLM (E.D.N.Y.); *Howerton v. Cargill, Inc.*, No. 1:14-cv-00218-LEK-BMK (D. Haw.), and *Barron v. Snyder's-Lance, Inc.*, No. 0:13-cv-62496-JAL (S.D. Fla.).[5]

Ms. Weiner also is a frequent lecturer at food law and litigation conferences, serves in the non-profit sector and teaches food law as an adjunct professor at Mitchell Hamline School of Law. Ms. Weiner is a Board Member of Public Justice, a national nonprofit legal advocacy organization advocating for the rights of consumers and presently serves as the Chair of the Development Committee. Ms. Weiner also has served on the Food & Drug Law Counsel for the Minnesota State Bar Association for years and speaks annually at its FDA Forum. Additionally, she serves on the Seminar Committee for the Minnesota Chapter of the Federal Bar Association. Ms. Weiner is especially proud of her work as former Co-Chair for the Mass Tort and Class Action Practice Group for the Minnesota Chapter of the Federal Bar Association where, in collaboration with the bench, she helped institute new recommended procedures for inclusion of newer and diverse attorneys in key litigation roles to combat the steep decline of in-court opportunities that disproportionally impacts women, diverse attorneys, and other underrepresented groups.[6]

---

[4] Ms. Weiner and Mr. Reese were appointed as Interim Co-Lead Counsel in this food class action.

[5] Ms. Weiner and Mr. Reese litigated and settled each of these food class actions as co-counsel.

[6] While men and women have been enrolling in law schools at roughly the same rate for decades and the percentage of women associates at larger firms is comparable to the number of men associates, the percentage of partners who are women remains below 25 percent. The percentage

(b)     *Michael R. Reese – Reese LLP*

Michael R. Reese is a former prosecutor from the Manhattan District Attorney's Office who has been litigating consumer class actions for two decades. *See* Declaration of Michael R. Reese ("Reese Decl."). Mr. Reese is also the founder of Reese LLP, a class action law firm that has litigated class actions on behalf of consumers since 2008, with a focus on food related class actions. With offices in New York, Minnesota and California, Reese LLP is comprised of a diverse team of skilled attorneys that have achieved significant results on behalf of consumers for over a decade. Reese Decl., Ex. 1 (Reese LLP firm resume).

Mr. Reese has extensive experience in food related class consumer class actions, having litigated numerous food related cases throughout the United States. In addition to being a litigator, Mr. Reese is an adjunct professor of law at Brooklyn Law School where he teaches both "Food Law" and "The Law of Class Actions and Other Aggregate Litigation." Mr. Reese is also a frequent guest lecturer on food law at other institutions, such as Columbia Law School and the University of California, Los Angeles ("UCLA") School of Law. Reese Decl., Ex. 2 (curriculum vitae of Michael Reese).

Mr. Reese is a frequent lecturer and author on class actions and food law, with recent publications appearing in the American Bar Association's *General Practitioner* and the Union Internationale des Advocats' *Juriste*. Mr. Reese also hosts a number of food law related conferences, including an annual food law conference co-hosted by Professor Michael Roberts

---

of diverse attorneys who are associates at larger firms has increased to almost 25 percent, yet the percentage of diverse attorneys who are partners remains below ten percent. *See Woman and Minorities at Law Firms—What Has Changed and What Has Not in the Past 25 Years*, NALP Bulletin (Feb. 2018), https://www.nalp.org/0218research (last visited Sept. 24, 2021).

from the UCLA School of Law and an annual conference on food fraud hosted by the Cambridge Forum. Reese Decl., Ex. 2.

Mr. Reese has achieved both significant monetary and injunctive relief on behalf of consumers, including, but not limited to, hundreds of millions of dollars in compensation, as well as significant changes in corporate practices and reformulation of food products to make them safe for consumption. Mr. Reese has led a number of food related MDLs, including *In Re Glaceau Vitaminwater Marketing and Sales Practices Litigation*, No. 1:11-md-02215-DLI-RML (E.D.N.Y.); *In re Fairlife Milk Products Marketing and Sales Practices Litigation*, MDL No. 2909 (N.D. Ill); *In re Hill's Pet Nutrition, Inc. Dog Food Products Liability Litigation*, MDL. No. 2887 (D. Kansas); and *In re Frito-Lay N.A. Sales Practices and Marketing Litigation*, No. 1:12-md-02413-RRM-RLM (E.D.N.Y.). Reese Decl., Ex. 2.

Achievements by Mr. Reese in food related cases include, but are not limited to, recent certification of a class of consumers who bought deceptively marketed baby food. *See Hasemann v. Gerber Prods., Inc.*, No. 15-cv-2995, 2019 WL 1434263 (E.D.N.Y. Mar. 31, 2019). Other achievements in food related actions include, but are not limited to, class certification in *Sharpe v. A&W Concentrate Co.*, No. 19-cv-768, 2021 WL 37211392 (E.D.N.Y. July 23, 2021); defeat of motions to dismiss in *Shalikar v. Asahi Beer U.S.A., Inc.*, No. 17-02713, 2017 WL 9362139 (C.D. Cal. Oct. 16, 2017); *Coe v. General Mills, Inc.*, No. 15-cv-05112, 2016 WL 4208287 (N.D. Cal. Aug. 10, 2016); and *Ackerman v. The Coca-Cola Co.*, No. 09-cv-0395, 2010 WL 2925955 (E.D.N.Y. 2010). Reese Decl. ¶ 4.

Mr. Reese also is an accomplished appellate lawyer, having argued successfully before the Second, Seventh and Ninth Circuit Courts of Appeal. Appellate victories by Mr. Reese related to food law include the important decision of *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018),

which sets the standard for how motions to dismiss in food related actions are determined in the Northern District of New York and elsewhere within the Second Circuit. Reese Decl. ¶ 8.

        2.    <u>Interim Executive Committee</u>

Plaintiffs propose that Melissa Emert (Kantrowitz, Goldhamer & Graifman, P.C.), Annick M. Persinger (Tycko & Zavareei LLP), Jason P. Sultzer (The Sultzer Law Group P.C.), Charles E. Schaffer (Levin Sedran & Berman LLP), and Rachel Soffin (Milberg Coleman Bryson Phillips Grossman, PLLC) be appointed as Interim Executive Committee members.

        (a)    *Melissa Emert – Kantrowitz, Goldhamer & Graifman, P.C.*

Melissa Emert, a Kantrowitz, Goldhamer & Graifman, P.C. ("KGG") partner and co-chair of KGG's consumer class action practice, has been representing aggrieved consumers and investors for more than 30 years with KGG and with her previous firm Stull, Stull & Brody. *See* Declaration of Melissa Emert ("Emert Decl."), Ex. A (KGG Firm Resume). Ms. Emert's practice specializes in consumer class action litigation with an emphasis on product defect, data breach, and privacy. She has litigated consumer cases throughout the United States and holds prominent positions in many large consumer class actions. As an endorsement of her expertise, substantial experience, and successful results, Ms. Emert was recently named as one of two women attorneys in the country who received the highest number of appointments to leadership structures in nationwide MDLs by the Judges overseeing those MDLs.[7]

Ms. Emert and KGG have and continue to prosecute consumer class actions that involve heavy metals and other toxins in food products. Ms. Emert was recently appointed to the Plaintiffs' Executive Committee in the *In Re Plum Baby Food Litigation*, No. 1:21-cv-02417 (D. N.J. 2021).

---

[7] *See "There Are New Faces Leading MDLs, And They Aren't All Men"* Law.com, July 7, 2020. https://www.law.com/2020/07/06/there-are-new-faces-leading-mdls-and-they-arent-allmen/?

Ms. Emert is on the Executive Committee of the recently settled action *In Re: Hill's Pet Nutrition, Inc., Dog Food Products Liability Litigation*, No. 2:19-md-02887-JAR-TJJ (D. Kan.) that alleged that Hill's manufactured and sold dog food containing toxic levels of Vitamin D. In addition, Ms. Emert is also presently prosecuting a class action against Midwestern Pet Foods on behalf of consumers who purchased dog food on believing the products were safe when they contained a toxin (Aflatoxin) which sickened or killed their dogs. *In re: Midwestern Pet Foods Mktg., Sales Practices and Prod. Liability Litig.*, No. 3:21-cv-00007 (S.D. Ind.). Ms. Emert has experience in the toxic food arena and has the valuable knowledge to lead a litigation of this nature.

Further, Ms. Emert is vigorously prosecuting multiple class action consumer product defect cases against manufacturers and sellers that have released defective products into the marketplace and have made false and misleading representations and omissions regarding the quality and safety of their products. *See, e.g.*, *Kellie Carder, et al., v. Graco Children's Prods., Inc.*, No. 2:20-cv-00137 (N.D. Ga. 2020); *In re: Evenflo Co., Inc. Mktg., Sales Practices and Prods. Liability Litig.*, No. 1:20-md-02938 (D. Mass. 2020); *Whittington v. KidsEmbrace, LLC*, No. 2:21-cv-1830 (C.D. Cal. 2021); *Oceguera, et al. v. Baby Trend, Inc.*, No. 5:21-cv-00398 (C.D. Cal. 2021); *In re: Rock 'N Play Sleeper Mktg., Sales Practices, & Prods. Liability Litig.*, No. 1:19-md-2903 (W.D.N.Y. 2019). These consumer cases directed towards protecting individuals including infants and children from injury or harm parallel the strategy that will be required to successfully prosecute this heavy metal baby food case.

In many of the MDLs and class actions that she is involved in, she has been in charge of plaintiffs' vetting and plaintiffs' discovery. This includes the essential, direct communication with plaintiffs who have filed underlying complaints and other individuals who may be eligible to serve as class representatives. During this process Ms. Emert interviews potential class representatives,

collects plaintiffs' discovery and focuses on other plaintiff related issues. This requires ongoing communications with plaintiffs via telephone conferences and emails. Ms. Emert has vetted hundreds of plaintiffs in over a dozen cases and maintains continuing relationships with the plaintiffs throughout the litigation. Ms. Emert spends many hours speaking to plaintiffs about their experiences, damages and what to expect during the litigation as well as keeping them apprised of the status of the litigation throughout.

(b)    *Annick M. Persinger – Tycko & Zavareei LLP*

Ms. Persinger is Managing partner of the California offices of Tycko & Zavareei LLP, a leading class action and *qui tam* firm with offices in the District of Columbia, Oakland, and Los Angeles. Ms. Persinger dedicates her practice to advocating for consumers and representing whistleblowers who expose their employer's fraudulent practices. During her 11 years of practice, Ms. Persinger has led the litigation of a wide array of class actions, including actions alleging violation of various state consumer protection law based on the false and misleading advertising of food products, and the false and misleading advertising of supplement products, as well as other complex consumer class actions such as product defect litigation. Ms. Persinger understands the responsibility of a leadership appointment and is committed to approaching this litigation with professionalism and to delivering high quality work product. *See generally* Declaration of Annick M. Persinger ("Persinger Decl."); *see also id.*, Ex. A (firm resume).

Ms. Persinger is also a leader in her legal community. Ms. Persinger has worked on judicial endorsements in her role as Judiciary Chair of Bay Area Lawyers for Individual Freedom ("BALIF"), the Bay Area's LGBTQI bar association. Ms. Persinger then served as Co-Chair of BALIF's Board of Directors from 2018 to 2019. Additionally, Ms. Persinger prioritizes the

mentorship of minority lawyers within Tycko & Zavareei and in the broader legal community through her connections with BALIF and the National Center for Lesbian Rights.

Ms. Persinger has extensive experience in food and supplement false advertising actions. From the start of her legal career, Ms. Persinger brought false advertising claims against the manufacture of infant formula, and the manufacturers of fake medicine for children. *See, e.g.*, *Forcellati v. Hyland's, Inc.*, No. CV-12-1983-GHK (MRWx), 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) (certifying a class of purchasers of Hyland's cold medicine for children); *Forcellati v. Hyland's, Inc.*, No. CV-12-1983-GHK (MRWx), 2015 WL 13664061 (C.D. Cal. Oct. 23, 2015) (denying summary judgment where the company's testing and expert testimony showed the product was no different than a placebo); *see also Forcellati v. Hyalnd's, Inc.*, No. CV-12-1983-GHK (MRWx), 2017 WL 6514678 (C.D. Cal. Aug. 14, 2017) (granting final approval of class action settlement).

Ms. Persinger has originated and successfully litigated cases against sellers that violated the Food and Drug and Cosmetics Act ("FDCA"), and state law that incorporated the FDCA, by making misleading labeling claims about antioxidants. *See, e.g.*, *Salazar v. Honest Tea, Inc.*, No. 2:13-cv-02318-KJM-EFB, 2015 WL 7017050 (E.D. Cal. Nov. 12, 2015) (denying summary judgment in action alleging that Honest Tea, owned by Coca-Cola, made misleading antioxidant claims in violation of the FDCA and parallel state law). Other false labeling cases that Ms. Persinger has litigated include cases pertaining to tuna, toothpaste, dietary supplements, and olive oil. *See Hendricks v. Starkist Co.*, 30 F. Supp. 3d 917 (N.D. Cal. 2014) (denying in part motion to dismiss in case alleging violation of the FDCA and state consumer protection law after product testing revealed that cans were underfilled); *Dean v. Colgate-Palmolive Co.*, No. EDCV 15-0107 JGB (DTBx), 2015 WL 3999313 (C.D. Cal. June 17, 2015) (denying motion to dismiss in case

alleging that Colgate falsely advertised that its Optic White toothpaste could "deeply clean" teeth where testing and expert testimony showed that the Optic White formula could only clean at surface level); *Pizana v. SanMedica Int'l, LLC*, No. 1:18-cv-00644, 2019 WL 4747947 (E.D. Cal. Sept. 30, 2019) (denying motion to dismiss action for violation of California consumer protection laws where studies and expert reports demonstrated that the supposed anti-aging and weight-loss miracle, SeroVital, was nothing more than a placebo); *Koller v. Deoleo USA Inc.*, No. 3:14-cv-02400-RS (N.D. Cal.) (Ms. Persinger's team achieved a $7 million settlement in case involving olive oil products inappropriately marketed as "imported from Italy" and/or "extra virgin").

Ms. Persinger has also achieved excellent results for classes of consumers in many other types of false advertising cases. *See, e.g.*, *Gorzo v. Rodan & Fields, LLC*, No. CGC-18-565628 (Cal. Super. Ct.) (negotiated class settlement with a $30 million cash common fund, $8 million in credit, and significant injunctive relief in false advertising case alleging that a cosmetic product contained an undisclosed drug with dangerous side effects); *Wang v. Stubhub, Inc.*, No. CGC-18-564120 (Cal. Super. Ct.) (successfully negotiated settlement with a total value of over $20 million for consumers in case alleging that StubHub operated a misleading bait-and-switch scheme); *Vasquez v. Libre by Nexus, Inc.*, No. 4:17-cv-00755-CW (N.D. Cal.) ($3.2 million value settlement in action involving exorbitant fees, invasive monitoring, and other deceptive practices in connection with offer of credit to consumers for immigration bonds); *Wallace v. Wells Fargo & Co.*, No. 17-CV-317775 (Cal. Super. Ct.) ($10 million class settlement in overdraft fee litigation); *Simmons v. Apple Inc.*, No. 17-CV-312251 (Cal. Super. Ct.) ($9.75 million value settlement in case alleging false advertising of Apple Powerbeats 2 earphones).

Additionally, Ms. Persinger and her firm have experience litigating cases in this District and in other Districts in New York. *See, e.g.*, *Gulkis v. Zicam*, No. 7:15-cv-09843-CS (S.D.N.Y.);

Final Approval Order, *Lashambae v. Capital One Bank, N.A.*, No. 1:17-cv-06406, Dkt. 66 (E.D.N.Y. Oct. 21, 2020); *Moss v. First Premier Bank*, 835 F.3d 260 (2d Cir. 2016); *Donnelly v. Teachers Federal Credit Union*, No. 2:19-cv-05564-LDH-SIL (E.D.N.Y.); *Lewis v. Delaware Charger Guarantee & Trust Co.*, No. 124-xc-1779 (KAM) (E.D.N.Y).

Ms. Persinger's firm, Tycko & Zavareei, has held numerous leadership roles in high stakes class litigation, including leadership roles in certified class actions against national and regional banks involving unlawful transactional fees, class actions involving product labeling and defect, class actions for violations of the TPCA, and class actions focused on protecting consumer privacy. Following these appointments, Tycko & Zavareei's resources and significant experience litigating complex multi-state class actions has inured to the benefit of hundreds of thousands of consumers. For instance, as co-lead counsel in *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422 (S.D. Cal. 2018), Tycko & Zavareei secured a class action settlement valued at $66.6 million along with $1.2 billion in injunctive relief, a result the court described as a "remarkable" accomplishment achieved through "tenacity and great skill." *Id.* at 432. *See* Persinger Decl., Ex. A (Firm Resume).

(c)     *Jason P. Sultzer – The Sultzer Law Group P.C.*

Jason P. Sultzer is the founding partner at The Sultzer Law Group P.C. with over 24 years of experience litigating class action lawsuits throughout the country. *See* Declaration of Jason P. Sultzer ("Sultzer Decl."), Ex. A (firm resume). The Sultzer Law Group is a leading New York class action firm in the area of consumer fraud class action litigation. It has created extensive case law in this Circuit in consumer class action cases and has obtained significant class-wide settlements in false advertising and mislabeling cases, like the instant matter, involving a wide range of consumer products and food. *See, e.g.*, *Rapoport-Hecht et al. v. Seventh Generation, Inc.*, No. 14-cv-9087 (S.D.N.Y.); *Vincent, Wesley, et al. v. People Against Dirty, PBC. and Method Prods., PBC*, No. 7:16-cv-06936 (S.D.N.Y.); *Mayhew, Tanya, et al., v. KAS Direct, LLC and S.C.*

*Johnson & Son, Inc.*, No. 16-cv-6981 (S.D.N.Y.); *Patora v. Tarte, Inc.*, No. 7:18-cv-11760-KMK (S.D.N.Y.); *Luib v. Henkel Consumer Goods Inc.*, No. 17-cv-03021 (E.D.N.Y.); *Barton v. Pret A Manger (USA) Ltd.*, No. 1:20-cv-04815-GHW-GWG (S.D.N.Y.); *Grossman, et al. v. Simply Nourish Pet Food Co., LLC*, No. 2:20-cv-01603-KAM-ST (E.D.N.Y.); *Silva v. Smucker Nat. Foods, Inc.*, 14-cv-6154 (JG) (RML) (E.D.N.Y.); and *Swetz v. GSK Consumer Health, Inc.*, No. 7:20-cv-04371-NSR (S.D.N.Y.). The Sultzer Law Group has served as both lead and co-lead counsel in these cases and has obtained a number settlements totaling millions of dollars and injunctive relief in the form of label modifications on behalf of national classes of consumers who purchased consumer products. Sultzer Decl. ¶ 6, Ex. A.

Moreover, Judges in this circuit and Court have recognized The Sultzer Law Group for their exceptional work involving class actions. *See Patora v. Tarte, Inc.*, No. 18-cv-11760-KMK (S.D.N.Y.) (Judge Kenneth M. Karas stated that "[t]he plaintiff here was ably represented by class counsel, who is clearly well-versed in complex class action litigation. I can speak from personal experience dealing with The Sultzer Firm, which has many highly-qualified and capable and experienced lawyers representing plaintiffs in consumer class actions. . ."); *see also Shiv Patel v. St. John's University*, No. 1:20-cv-02114 (EDNY) (Judge Steven Gold observed that, "The firms' expertise and competency in the class action context are reflected by the favorable outcomes they have obtained in previous suits. . . particularly in light of their impressive record."); *Griffin, Anthony, et al., v. Aldi, Inc., Doe Defendants 1-10*, No. 16-cv-00354 (N.D.N.Y.) (Judge Lawrence E. Kahn stated that "Plaintiffs' Counsel have worked diligently and are experienced and well-versed in wage and hour cases and class actions."). Sultzer Decl., ¶ 7, Ex. A.

Additionally, Mr. Sultzer has significant trial experience with cases, such as this one, involving lead, heavy metals and other toxic contaminates posing adverse health risks to children. Further, the Sultzer Law Group has deep experience working with members of the proposed

leadership team as it has litigated several of these cases together demonstrating their ability to work together and obtain favorable outcomes for consumers. For example, in *Rapoport-Hecht v. Seventh Generation, Inc.*, Mr. Sultzer was co-counsel with both Ms. Weiner and Mr. Reese. In *Mayhew et al., v. KAS Direct, LLC and S.C. Johnson & Son, Inc.*, Mr. Sultzer and Ms. Weiner served as co-lead counsel and in *Luib v. Henkel Consumer Goods Inc.*, Mr. Sultzer and Mr. Reese worked together as co-lead counsel. Additionally, Mr. Sultzer is currently working as co-counsel with Ms. Weiner and Mr. Schaffer in both *Swetz v. GSK Consumer Health, Inc.*, No. 7:20-cv-04371-NSR (S.D.N.Y.) and *Wedra v. Cree, Inc.*, No. 7:19-cv-03162-VB (S.D.N.Y.).

(d)    *Charles E. Schaffer – Levin Sedran & Berman LLP*

Charles E. Schaffer is a partner at Levin Sedran & Berman LLP. *See* Declaration of Charles E. Schaffer ("Schaffer Decl.") ¶ 1, Ex. A (firm and personal resume). With over 25 years of experience, Mr. Schaffer is a nationally-recognized leader in complex litigation, having been appointed as Lead, Co-Lead or PSC member on a regular basis by federal courts across the country. *Id.* ¶¶ 2-14. These cases include, but are not limited to: *In re Apple Inc. Device Performance Litig.*, MDL No. 2827 (N.D. Cal.); *In re Intel Corp. CPU Mktg., Sales Practices & Prods. Liability Litig.*, MDL No. 2838 (D. Or.); *In Re Aqueous Film-Foaming Foams (AFFF) Prods. Liability Litig.*, MDL No. 2873 (D.S.C.); *In re Wells Fargo Insurance Mktg. Sales Practices Litig.*, MDL No. 2797 (C.D. Cal.); *In re: JP Morgan Modification Litig.*, MDL No. 2290 (D. Mass.); *In re: IKO Roofing Prods. Liability Litig.*, MDL No. 2104 (C.D. Ill.); *In re: HardiePlank Fiber Cement Siding Litig.*, MDL No. 2359 (D. Minn.); *In re Navistar Diesel Engine Prods. Liability Litig.*, MDL No. 2223 (N.D. Ill.); and *In re: Azek Decking Sales Practice Litig.*, No. 12-6627 (D.N.J.). *See* Schaffer Decl. ¶¶ 6-7.

Of particular relevance to this litigation, Mr. Schaffer and his firm have prosecuted and are currently prosecuting cases involving unfair or deceptive practices by manufacturers of

consumer products including dietary and nutritional supplements, energy drinks, and other food products. *See* Schaffer Decl. ¶ 9, Ex. A. All of these cases share the same core issues such as whether the products conform to the manufacturer's representations regarding the products' ingredients or attributes, and the damages sustained by consumers as a result of purchasing the products based on these false and misleading representations. In relation to food products and nutritional supplements the core issues are whether the products contained only the listed or represented ingredients and not a toxin, contaminant, or unintended byproduct. Mr. Schaffer has particularized experience with cases involving heavy metals, toxins, and other unintended byproducts that will translate directly to the benefit of the putative class members whose children ingested the baby foods with toxic metals. *See, e.g.*, *In Re: Hill's Pet Nutrition, Inc., Dog Food Products Liability Litig.*, No. 2:19-md-02887-JAR-TJJ (D. *Kan.*) (excessive Vitamin D injurious to pets); *In re: Midwestern Pet Foods Mktg., Sales Practices and Prod. Liability Litig.*, No. 3:21-cv-00007 (S.D. Ind.) (aflatoxin contamination); *Shaw v. Schell & Kampter, Inc., d/b/a Diamond Pet Foods*, No. 2:20-cv-01620 (W.D. Wash.) (grain in grain free products); *Hill v. Canidae Corp.*, No. 1:20-cv-01374 (C.D. Cal.) (same). Mr. Schaffer was recently appointed to the Plaintiffs' Executive Committee in the *In Re Plum Baby Food Litigation*, 1:21-cv-02417 (D. N.J. 2021). All of these cases were filed after full investigation which included retaining experts to test the food product's ingredients and develop a methodology to calculate the damages sustained by the class. In addition, Mr. Schaffer, has also identified and retained outstanding pet food manufacturing and process engineering experts. As a result of his experience in litigating these deceptive labeling claims, Mr. Schaffer is well versed in what will be needed to satisfy Plaintiffs' burden of proof in this litigation, including the necessary expert opinions as well as damage modeling experts. Schaffer Decl. ¶ 9.

In addition to representing consumers in deceptive labeling cases, Mr. Schaffer and his firm have also represented children who were poisoned by lead paint, individuals who either ingested toxins either by drinking contaminated water or breathing in contaminated air, and homeowners whose property suffered diminished value due to contamination of soil, water, and air. *See, e.g.*, *In re: Aqueous Film-Foaming Foams (AFFF) Prods. Liability Litig.*, MDL No. 2873 (D.S.C.). Schaffer Decl. ¶ 10.

Mr. Schaffer has a LLM in Trial Advocacy. He has served as Lead Counsel in a broad range of complex matters, and has successfully tried cases to jury verdicts.

(e)   *Rachel Soffin – Milberg Coleman Bryson Phillips Grossman, PLLC*

Ms. Soffin is a partner and practice leader in the Consumer Products Group at Milberg Coleman Bryson Phillips Grossman, PLLC, a firm with offices in New York, London, California, Georgia, Mississippi, Washington, Tennessee, Florida, North Carolina, South Carolina, Kentucky, Louisiana, and Puerto Rico.[8] Ms. Soffin has been litigating complex actions for 16 years, with an exclusive focus on consumer class actions for the last 11 years. Throughout her career, Ms. Soffin has represented consumers and served as class counsel in numerous successful MDLs and class actions, including class actions involving consumer protection, product defects, false advertising, automotive defects and breach of contract, including: *Hamm v. Sharp Electronics Corp.*, No. 5:19-cv-00488 (M.D. Fla.) (over $100M value settlement in action involving allegedly defective microwaves); *In Re: Allura Fiber Cement Siding Prods. Liability Litig.*, No. 2:19-mn-02886-DCN (D.S.C.) ($12.5M settlement involving allegedly defective fiber cement siding); *Berman et al. v.*

---

[8] Ms. Soffin's firm, Milberg, has nearly 100 attorneys operating on three continents, and represents plaintiffs in the areas of consumer protection, false advertising, automobile emissions claims, defective drugs and devices, environmental litigation, financial and insurance litigation, antitrust, securities, financial fraud, and cyber law and security. The firm and its affiliates have recovered over $50 billion in verdicts and settlements.

*General Motors LLC*, No. 2:18-cv-14371 (S.D. Fla.) ($40 million settlement in action involving allegedly defective automobiles); *Price et al. v. L'Oréal USA, Inc. et al.*, No. 1:17-cv-00614 (S.D.N.Y.) (certified class action for alleged deceptive conduct in labeling of hair care products); *De Leon v. Bank of America, N.A. (USA)*, No. 6:09-cv-01251 (M.D. Fla.) ($10 million settlement for consumers subjected to breach of their Cardholder Agreement and deceptive trade practices); *Swift v. Bank of America*, No. 3:14-cv-01539 (M.D. Fla) ($1 million settlement for consumers subjected to TCPA violations); *In Re: Tracfone Unlimited Service Plan Litig.*, No. 13-cv-03440 (N.D. Cal) ($40 million settlement for consumers subjected to deceptive cellular phone data plan practices). *See* Declaration of Rachel Soffin ("Soffin Decl.") ¶ 3.

Ms. Soffin also has significant experience in food and supplement false advertising actions. *See, e.g.*, *In Re: Horizon Organic Milk Plus DHA Omega-3 Mktg. and Sales Practice Litig.*, No. 1:12-MD-02324 (S.D. Fla.) ($1.3 million settlement value for consumers subjected to deceptive trade practices involving milk product misrepresentations); *Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076, 1080 (11th Cir. 2019) (an action involving dietary supplements, finding "plaintiffs plausibly alleged that they suffered an economic loss when they purchased supplements that were worthless because the FDCA prohibited sale of the supplements.").

Currently, Ms. Soffin serves as court-appointed Co-Lead Counsel in the deceptive representations and omissions cookware litigation, *All-Clad Metalcrafters, LLC, Cookware Marketing and Sales Practices Litigation*, No. 2:21-mc-00491-NR (W.D. Pa.). Ms. Soffin also serves as court-appointed counsel on the Plaintiffs' Steering Committee in litigation involving defective breast implants, *In re: Allergan Biocell Textured Breast Implant Product Liability Litigation*, No. 2:19-md-02921-BRM-ESK (D.N.J.). Ms. Soffin has also been a speaker at national continuing legal education conferences on complex class action litigation topics. In addition, Ms.

Soffin was designated by Super Lawyers as a Florida Rising Star from 2011 to 2013 and as a Florida Super Lawyer from 2014 to 2018, in the fields of Class Actions and Mass Torts.

### C.      The Firms Have Substantial Experience in This Court

In addition to the factors set forth in Rule 23(g)(1)(A), the Court, in appointing class counsel, "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Accordingly, the Court may consider that the attorneys and firms have substantial experience in this District and the Second Circuit.

Specifically, Pearson, Simon & Warshaw, LLP was appointed Co-Lead Counsel by the Honorable Denise Cote in the *In Re Credit Default Swaps Antitrust Litigation*, No. 13-MD-2476 (S.D.N.Y.), and after three years of litigation and many months of intensive settlement negotiations, the parties reached a landmark settlement amounting to $1.86 billion, making it one of the largest civil antitrust settlements in history.

Mr. Reese has litigated numerous cases within the Southern District of New York, including, but not limited to, *Barton v. Pret-A-Manger (USA)*, No. 20-cv-04815 (S.D.N.Y.); *Rapoport-Hecht et al. v. Seventh Generation, Inc.*, No. 14-cv-9087, 2016 WL 11397676 (S.D.N.Y. July 10, 2016); and *Chin v. RCN Corp.*, No. 08-CV-7349, 2010 WL 3958794 (S.D.N.Y. Sept. 8, 2010) (approval settlement and stating that "***class counsel is qualified, experienced, and able to conduct the litigation***" (emphasis added)). Additionally, as noted above, Mr. Reese successfully litigated before the Second Circuit the matter of *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018), the appellate decision that set the standard governing how food law cases are to be evaluated on a motion to dismiss.

W-R Slate attorneys have litigated numerous matters in the Southern District of New York. *See, e.g.*, *Culbertson v. Deloitte Consulting LLP.*, No. 1:20-cv-3962-LJL (S.D.N.Y.) (As an Executive Committee member helped to achieve a national class action settlement for a data

breach); *Jermyn v. Best Buy Stores, L.P.*, No. 1:08-cv-00214 (CM) (S.D.N.Y. 2008) (the KGG firm served as co-lead for this matter which settled on a class-wide basis shortly before trial); and *In re Nissan Radiator/Transmission Cooler Litigation*, No. 10-cv-7493 (S.D.N.Y. 2010) (the KGG firm served as co-lead, for which settled on a class-wide basis valued at approximately $17 million).

**D.      Proposed Interim Counsel Have Committed, and Will Continue to Commit, the Resources Necessary to Represent the Class**

A court appointing interim lead counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(C). Here, Proposed Interim Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located in each region of the country, from New York to Minnesota to California and elsewhere. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Interim Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation. They have spent hundreds of hours litigating this action, including working intensively with potential consultants and retained experts. And, as their declarations indicate, they are well-suited to and committed to aggressively prosecuting this matter.

**E.      Other Factors Support Designating Proposed Interim Counsel**

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. *See* MANUAL FOR COMPLEX LITIGATION § 10.23 (4th ed. 2004). Selecting lawyers who have previously worked together, as is the case with the group of highly skilled attorneys and firms proposed here, has a number of benefits. They have developed working relationships, know of complimentary talents, and have "developed certain

systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id*. Here, each member of the Proposed Interim Counsel has worked with others in the group, often on multiple occasions, and thus, this consideration supports the appointment.[9] While Proposed Interim Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. Proposed Interim Counsel have already strategized the most effective use its members' diverse skills and unique experiences for the efficient prosecution and management of this litigation, while avoiding unnecessary and duplicative billing.[10] Proposed Interim Class Counsel have structured the Executive Committee so that each attorney serving the Committee will focus their efforts on one or more of the following areas: (i) law and motion briefing (including class certification); (ii) defendants and third-party discovery; (iii) plaintiff discovery; and (iv) expert discovery. This structure will eliminate duplication of effort and ensure that each of these critical areas receives focused attention.

## V.   **CONCLUSION**

The W-R Slate comprises an exceptional team of world-class attorneys with particular expertise in the subject matter of this case. For the foregoing reasons, Plaintiffs respectfully request that the Court appoint the W-R Slate.

---

[9] Importantly, Proposed Interim Counsel have not made any agreements with each other or with other counsel in this case with respect to funding, cost-sharing, pooling clients, fees or any other matter. Proposed Interim Counsel understand that they will be required to make contributions to fund the litigation and they will not accept any third-party litigation funding.

[10] Proposed Interim Counsel submit with this Motion a Proposed Time & Expense Protocol, which demonstrates their prioritization of efficiency for management of time and expenses of this complex action. *See* Weiner Decl., Ex. B.

Dated:  September 28, 2021

**PEARSON SIMON & WARSHAW, LLP**

/s/ Melissa S. Weiner
Melissa S. Weiner
  mweiner@pswlaw.com
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
Telephone:    (612) 389-0600
Facsimile:    (612) 389-0610

*Proposed Interim Co-Lead Counsel*

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**

/s/ Melissa R. Emert
Melissa R. Emert
  memert@kgglaw.com
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, New York 10977
Telephone:    (845) 356-2570
Facsimile:    (845) 356-4335

**THE SULTZER LAW GROUP P.C.**

/s/ Jason P. Sultzer
Jason P. Sultzer
  sultzerj@thesultzerlawgroup.com
85 Civic Center, Suite 200
Poughkeepsie, New York 12601
Telephone:    (845) 483-7100
Facsimile:    (888) 749-7747

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

/s/ Rachel Soffin
Rachel Soffin (*Pro Hac Vice*)
  rsoffin@milberg.com
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Telephone:    (865) 247-0080

*Proposed Interim Executive Committee*

**REESE LLP**

/s/ Michael R. Reese
Michael R. Reese
  mreese@reesellp.com
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone:    (212) 643-0500
Facsimile:    (212) 253-4272

**TYCKO & ZAVAREEI LLP**

/s/ Annick M. Persinger
Annick M. Persinger (*Pro Hac Vice*)
  apersinger@tzlegal.com
1970 Broadway, Suite 1070
Oakland California 94612
Telephone:    (510) 254-6808
Facsimile:    (202) 973-0950

**LEVIN, SEDRAN & BERMAN, LLP**

/s/ Charles E. Schaffer
Charles E. Schaffer (*Pro Hac Vice*)
  cschaffer@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Telephone:    (215) 592-1500
Facsimile:    (215) 592-4663

27