# **EXHIBIT B**

## **PROPOSED TIME AND EXPENSE PROTOCOL**

Plaintiffs' counsel is mindful of the need to monitor billing, control costs, and avoid the duplication of efforts in this litigation. They are likewise dedicated to compliance with maintenance and contemporaneous record keeping as provided by the Manual for Complex Litigation, Fourth § 14.213. Accordingly, we provide the enclosed protocol, which would accomplish the management of time and expense reporting in an efficient and proven manner. This document combines the most effective strategies Plaintiffs' counsel have utilized in managing litigation of this magnitude and ensures the proper organization of records pertaining to matters such as collecting, hosting, and producing documents and electronically stored information ("ESI"), as well as documents pertaining to expert retention. If appointed, this protocol would be converted to a proposed order for the Court's review and approval.

**I.   Submission of Time**

We propose that each Plaintiffs' firm submit their time and expense reports to Interim Lead Counsel each month, using a common Excel spreadsheet that identifies each timekeeper. Absent justifiable cause for deviations, firms that do not comply with the timekeeping protocols will not be eligible to submit their time at the end of the litigation.

After the Court's order appointing interim class counsel, we propose that only work performed at the direction of Interim Lead Counsel be eligible for submission and inclusion in any fee award application should the case be successfully resolved by trial or settlement.

We are mindful, however, that other firms may have performed work prior to appointment that benefits the class as a whole. We suggest that Interim Lead Counsel collect and review these time entries. We are also mindful that individuals from firms not appointed by the Court may make significant contributions to the litigation or may represent individuals who are ultimately selected as proposed class representatives for any consolidated or representative complaint. To the extent any work is performed by individuals who are not among those appointed to the leadership, we will inform the Court in any eventual fee and expense application of the type of work they performed and why it was necessary.

Lead Counsel will also explain to firms that the submission of time does not guarantee that a firm will be paid for that time, and that we will not include in any fee and expense application, any time that is not expended and timely reported.

Should the Court wish to review the time and expense records for counsel in *camera*, Interim Lead Counsel has experience making such in *camera* submissions and would thoroughly review them prior to submission on any schedule the Court designates.

**II.   Expenses**

Only expenses that are contemporaneously recorded, specifically documented, and timely reported will be eligible for inclusion in any fee and expense application.

During the course of the litigation, common benefit expenses that benefit all consumer plaintiffs will be paid from a litigation fund to be managed by one of the Interim Lead Counsel, who also will maintain an accurate accounting of all expenses submitted and paid. Common benefit expenses include:

- filing and service costs,
- ESI hosting and review expenses,
- deposition and court reporter fees,
- expert witness costs, and
- administrative expenses.

Held costs (such as travel, internal copying charges, and compensable expenses associated with individual plaintiffs) should be reported to Interim Lead Counsel at cost with no markup. Individuals will retain all receipts and billing records necessary to justify an expense application.

Expenses should be reported in the month incurred. When an expense is reported later, due to delays caused by slow third-party billing statements or billing cycles, the expense should be reported immediately and included in the next submission, along with an explanation for the delay.

To manage expectations and keep expenses reasonable, we propose that expenses will be eligible for reimbursement only if they comport with the following guidelines, though Interim Lead Counsel should have the authority to authorize exceptions in special cases:

- **Air Travel:** Counsel shall use their best efforts to obtain reasonably priced airfare and upgrades for first-class travel will not be reimbursed.

- **Ground Transportation:** Car rental or taxi/ride share fees should be reasonable for the type of travel required. Limousine service will not be approved.

- **Hotel:** Counsel shall stay in accommodations that do not exceed the cost of standard, business-class hotels in the city where the hotel is located.

- **Meals:** Meal expenses should be reasonable, accounting for the purpose of the meal and the options available.

- **Legal Research Costs:** Expenses for legal research services incurred in connection with work assigned by Lead Counsel may be submitted with no markup over cost and as appropriately allocated to the case.

- **Administrative Expenses:** Administrative expenses such as charges for conference call services, copying, shipping, couriers, faxes, and postage should be reported at cost.

### III.     Form of Reporting

All time and expense reports will be certified by an attorney with authority in each firm attesting to the accuracy of the submissions. If the Court appoints the proposed leadership slate, we will submit to the Court a more detailed draft protocol for the submission of time and expenses (including expense categories and standardized forms for the submission of time and expenses). All Plaintiffs' Counsel will be required to delineate the category of work performed along with identification of the counsel approving said work. Upon appointment, Interim Lead Counsel will submit to the Court a protocol for approval.