IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re NURTURE BABY FOOD LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Master File No.: 1:21-cv-01217-MKV<br><br>The Honorable Mary Kay Vyskocil |

**DECLARATION OF ANNICK M. PERSINGER
IN SUPPORT OF THE W-R SLATE'S MOTION FOR APPOINTMENT OF INTERIM
CO-LEAD COUNSEL AND EXECUTIVE COMMITTEE**

I, Annick M. Persinger, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I make this certification in support of Plaintiffs' Motion for Appointment of Interim Co-Lead Counsel pursuant to Fed. R. Civ. Proc. 23(g).

2. The within motion seeks, *inter alia*, to appoint me as a member of the Executive Committee in this matter.

3. I am a partner at Tycko & Zavareei LLP ("TZ"). I submit this declaration in support of my appointment as a member of the Executive Committee pursuant to Federal Rule of Civil Procedure 23(g). Each of the facts set forth below is true and correct with my personal knowledge and if called and sworn as a witness, I would competently testify thereto.

4. I am Managing partner of the California offices of Tycko & Zavareei LLP, a leading class action and *qui tam* firm with offices in the District of Columbia, Oakland, and Los Angeles. I dedicate my practice to advocating for consumers and to representing whistleblowers who expose their employer's fraudulent practices. During my 11 years of practice, I have led the litigation of a wide array of class actions, including actions alleging violation of various state consumer protection law based on the false and misleading advertising of food products, and the false and

1

misleading advertising of supplement products, as well as other complex consumer class actions such as product defect litigation. I understand the responsibility of a leadership appointment and is committed to approaching this litigation with professionalism and to delivering high quality work product.

5.     I am also a leader in my legal community. I have worked on judicial endorsements in my role as Judiciary Chair of Bay Area Lawyers for Individual Freedom ("BALIF"), the Bay Area's LGBTQI bar association. I then served as Co-Chair of BALIF's Board of Directors from 2018 to 2019. Additionally, I prioritize the mentorship of minority lawyers within Tycko & Zavareei and in the broader legal community through my connections with BALIF and the National Center for Lesbian Rights.

6.     I have extensive experience in food and supplement false advertising actions. From the start of my legal career, I brought false advertising claims against the manufacture of infant formula, and the manufacturers of fake medicine for children. *See e.g.*, *Forcellati v. Hyland's, Inc.*, No. CV-12-1983-GHK (MRWx), 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) (certifying a class of purchasers of Hyland's cold medicine for children); *Forcellati v. Hyland's, Inc.*, No. CV-12-1983-GHK (MRWx), 2015 WL 13664061 (C.D. Cal. Oct. 23, 2015) (denying summary judgment where the company's testing and expert testimony showed the product was no different than a placebo); *see also Forcellati v. Hyalnd's, Inc.*, No. CV-12-1983-GHK (MRWx), 08232017 WL 6514678 (C.D. Cal. Aug. 14, 2017) (granting final approval of class action settlement).

7.     I have also originated and successfully litigated cases against sellers that violated the Food and Drug and Cosmetics Act and state law that incorporated the Act by making misleading labeling claims about antioxidants. *See, e.g.*, *Salazar v. Honest Tea, Inc.*, No. 2:13-cv-02318-KJM-EFB, 2015 WL 7017050 (E.D. Cal. Nov. 12, 2015) (denying summary judgment in

action alleging that Honest Tea, owned by Coca-Cola, made misleading antioxidant claims in violation of the FDCA and parallel state law); *Salazar v. Honest Tea, Inc.*, No. 2:13-cv-02318-KJM-EFB, 2015 WL 75223 (E.D. Cal. Jan. 6, 2015); (denying motion to dismiss first amended complaint); *Salazar v. Honest Tea, Inc.*, 74 F. Supp. 3d 1304 (E.D. Cal. 2014) (denying motion to dismiss in part); *see also Vassigh v. Bai Brands LLC*, No. 14-cv-05127-HSG, 2015 WL 4238886 (N.D. Cal. July 13, 2015) (denying in part motion to dismiss complaint alleging that Bai Brands made deceptive antioxidant representations).

8. Other false labeling cases that I have litigated include cases pertaining to tuna, toothpaste, dietary supplements, and olive oil. *See Hendricks v. Starkist Co.*, 30 F. Supp. 3d 917 (N.D. Cal. 2014) (denying in part motion to dismiss in case alleging violation of the FDCA and state consumer protection law after product testing revealed that cans were underfilled); *Dean v. Colgate-Palmolive Co.*, No. EDCV 15-0107 JGB (DTBx), 2015 WL 3999313 (C.D. Cal. June 17, 2015) (denying motion to dismiss in case alleging that Colgate falsely advertised that its Optic White toothpaste could "deeply clean" teeth where testing and expert testimony showed that the Optic White formula could only clean at surface level); *Pizana v. SanMedica Int'l, LLC*, No. 1:18-cv-00644-DAD-SKO, 2019 WL 4747947 (E.D. Cal. Sept. 30, 2019) (denying motion to dismiss action for violation of California consumer protection laws where studies and expert reports demonstrated that the supposed anti-aging and weight-loss miracle, SeroVital, was nothing more than a placebo); *Koller v. Deoleo USA Inc.*, No. 3:14-cv-02400-RS (N.D. Cal.) (my team achieved a $7 million settlement in case involving olive oil products inappropriately marketed as "imported from Italy" and/or "extra virgin").

9. While working on these cases over the years—through every stage of the litigation—I have studied the law related to food litigation and has used product testing to hold

defendants responsible for their wrongdoing. I am thus uniquely qualified to take a leading role in this action.

10. I have also achieved excellent results for classes of consumers in many other types of false advertising cases. *See, e.g.*, *Vasquez v. Libre by Nexus, Inc.*, 4:17-cv-00755-CW (N.D. Cal.) ($3.2 million value settlement in action involving exorbitant fees, invasive monitoring, and other deceptive practices in connection with company's offer of credit to consumers for immigration bonds); *Wallace v. Wells Fargo & Co.*, No. 17-CV-317775 (Cal. Super. Ct.) ($10 million class settlement in overdraft fee litigation); *Simmons v. Apple Inc.*, No. 17-CV-312251 (Cal. Super. Ct.) ($9.75 million value settlement in case alleging false advertising of Apple Powerbeats 2 earphones); *Gorzo v. Rodan & Fields, LLC*, No. CGC-18-565628 (Cal. Super. Ct.) (negotiated class settlement with a $30 million cash common fund, $8 million in credit, and significant injunctive relief in false advertising case alleging that a cosmetic product contained an undisclosed drug with dangerous side effects); *Wang v. Stubhub, Inc.*, No. CGC-18-564120 (Cal. Super. Ct.) (successfully negotiated settlement for consumers with a total value of over $20 million in case alleging that StubHub operated a misleading bait-and-switch scheme by hiding fees until the last stage of the transaction).

11. Additionally, I and my firm have experience litigating cases in this District and in other Districts in New York. *See, e.g.*, *Gulkis v. Zicam*, No. 7:15-cv-09843-CS (S.D.N.Y.); Final Approval Order, *Lashambae v. Capital One Bank, N.A.*, No. 1:17-cv-06406, Dkt. 66 (E.D.N.Y. Oct. 21, 2020) (approving class action settlement that represented 50% of Capital One's total potential liability in case alleging that Capital One inappropriately charged overdraft fees on one-time ridesharing transactions and made false and misleading statements in its account documents); *Moss v. First Premier Bank*, 835 F.3d 260 (2d Cir. 2016); *Donnelly v. Teachers Federal Credit*

*Union*, No. 2:19-cv-05564-LDH-SIL (E.D.N.Y.); *Lewis v. Delaware Charger Guarantee & Trust Company*, No. 124-xc-1779 (KAM) (E.D.N.Y); *Jackson v. Bank of America, N.A.*, Case No. 16-cv-787G (W.D.N.Y); *Horanzy v. Vemma Nutrition Co.*, No. 7:14-cv-1296 (N.D.N.Y.).

12. My firm, Tycko & Zavareei, has held numerous leadership roles in high stakes class litigation, including leadership roles in certified class actions against national and regional banks involving unlawful transactional fees, class actions involving product labeling and defect, class actions for violations of the TPCA, and class actions focused on protecting consumer privacy. Following these appointments, Tycko & Zavareei's resources and significant experience litigating complex multi-state class actions has inured to the benefit of hundreds of thousands of consumers. For instance, as co-lead counsel in *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422 (S.D. Cal. 2018), Tycko & Zavareei secured a class action settlement valued at $66.6 million along with $1.2 billion in injunctive relief, a result the court described as a "remarkable" accomplishment achieved through "tenacity and great skill." *Id.* at 432. *See* Persinger Decl. Ex. A (Firm Resume).

13. For a full list of my accomplishments and the accomplishments of TZ, see our firm resume attached as Exhibit A.

14. I have an excellent working relationship with most of the firms and counsel on this leadership application and have worked or is currently working with most of them in other class actions. I have a long history of working cooperatively with other counsel, including opposing counsel as does my firm TZ. My history of leadership appointments establishes that I can work effectively as part of leadership of this in addition to class-actions.

15. The proposed Executive Committee is comprised of eminently qualified attorneys who are experienced in the matters presented in this litigation, and capable of leading these Related Actions themselves. The proposed leadership structure provides an efficient and effective way to

ensure that Plaintiffs can commit the necessary time and resources to this litigation. The resources that the supporting law firms have and will continue to commit to this litigation simply cannot be matched by any single law firm.

16. It is my understanding that all counsel involved in these consolidated matters support my appointment as a member of the Executive Committee.

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 28, 2021

*/s/ Annick M. Persinger*
Annick M. Persinger (*Pro Hac Vice*)
*apersinger@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland California 94612
Telephone: (510) 254-6808
Facsimile: (202) 973-0950