**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re NURTURE BABY FOOD LITIGATION | Master File No.: 1:21-cv-01217-MKV |
| This Document Relates To: | The Honorable Mary Kay Vyskocil |
| ALL ACTIONS | |

## DECLARATION OF CHARLES E. SCHAFFER IN SUPPORT OF THE W-R SLATE'S MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL AND EXECUTIVE COMMITTEE

I, Charles E. Schaffer, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am a member of Levin Sedran & Berman ("Levin Sedran"), and I am one of the attorneys representing Plaintiffs, in the above-captioned consolidated action.  I submit this declaration in support of my appointment as a member of the Executive Committee pursuant to the Court's Order (ECF No. 23, ¶ 8) and Federal Rule of Civil Procedure 23(g).  Each of the facts set forth below is true and correct with my personal knowledge and if called and sworn as a witness, I would competently testify thereto.

## LEVIN SEDRAN AND CHARLES E. SCHAFFER HAVE EXTENSIVE EXPERIENCE IN PROSECUTING CONSUMER CLASS ACTIONS

2.      Levin Sedran is one of the nation's preeminent and most experienced plaintiff class action firms with extensive experience and expertise in consumer protection, products liability, antitrust, securities and other complex class-action litigation. Levin Sedran' s stock-and -trade is the litigation of technically complex litigation such as this one. Levin Sedran has been appointed lead counsel or to other leadership positions in hundreds of cases, including more than forty MDLs, and is presently serving or has served in such positions in several of the largest and technically

complex class actions nationwide. *See e.g., In re Chinese-Manufactured Drywall Product Liab. Litig.*, MDL No. 2047 (E.D. La.) (Lead Counsel); *In re Nat'l Football League Players' Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.) (Plaintiffs Steering Committee and Subclass Counsel for Settlement); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, on April 20, 2010, MDL 2179 (E.D. La.) (Special Counsel to the Plaintiffs' Fee and Cost Committee); *In re Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 (E.D. N.Y.) (Co-Lead counsel); *In re Wells Fargo Insurance Marketing Sales Practices Litigation,* MDL No. 2797 (C.D. Ca.) (Plaintiffs' Executive Committee); and I*n re Apple Inc. Device Performance Litigation*, MDL 2827 (N.D. Ca.) (Plaintiffs' Executive Committee); *see also* Levin Sedran' s firm resume attached as Exhibit "A".  Our firm's philosophy from leading and prosecuting complex class actions for over three decades is to efficiently, vigorously and zealously prosecute the action on behalf of our clients and the class. We become experts in the facts of the case, law, and science and assemble a team committed to doing the same. We are prepared to do the same in this MDL

3.      As a result of its success representing consumers in complex litigation throughout the country, Levin Sedran has been distinguished as a Tier I class-action firm in the Best Law Firms' rankings published in the U.S. News and World Report Best Law Firms.  It also ranked Levin Sedran Tier I for personal injury and mass tort firms.  Levin Sedran was also named to THE NATIONAL LAW JOURNAL's insurance list of *America's Elite Trial Lawyers* in 2014. Members of are l Levin Sedran listed in the LEGAL 500, LAW DRAGON 500, Martindale Hubbell=s *Directory of Preeminent Attorneys*, as was in ABest Lawyers In America.@ *See generally*, firm Levin Sedran resume, attached as Exhibit "A".  Levin Sedran pioneered the use of

class actions and mass actions in the United States and its work has resulted in numerous record-breaking recoveries over the past four decades.  Just for example:

!	*In re: Asbestos School Litigation*, No. 83-0263 (E.D. Pa.) (Levin Sedran as member of Executive Committee and Lead Trial Counsel obtained a certification of a nationwide class and settlement on behalf of school districts);

!	*In re: Diet Drug Product Liability Litigation*, MDL No.: 1203 (E.D. PA) ( Levin Sedran as Co-Lead Counsel obtained a $6.75 billion dollar settlement on behalf of consumers who ingested Fen Phen);

!	*In re:  The Exxon Valdez,* No. 89-00095 (D. Alaska) (Levin Sedran as a member of the Trial and Discovery Committee represented fishermen, native corporations, native villages, native claims and business claims in this mass tort.  After a jury trial, Plaintiffs obtained a judgment of $5 billion in punitive damages - at the time the largest punitive damage verdict in U.S. history. Later reduced to $507.5 million by the U.S. Supreme Court);

!	*In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No.: 2047 (E.D. La.) (Levin Sedran as Lead Counsel along with Liaison Counsel and the PSC obtained inter-related settlements involving various suppliers, builders, installers, insurers and manufacturers of Chinese drywall valued in excess of $1 billion dollars);

!	*In re: The Vioxx Product Liability Litigation*, MDL No.: 1657 (E.D. La.) (As a member of the PSC and Plaintiffs= Negotiating Committee, Levin Sedran was instrumental in achieving a $4.85 million dollar settlement on behalf of consumers who ingested Vioxx).

!	*In re: National Football League Players= Concussion Injury Litigation*, MDL No.: 2323 (E.D. Pa.) (As Subclass Counsel along with Lead Counsel Levin Sedran obtained an uncapped settlement valued in excess of $1 billion dollars on behalf of NFL football players).

4.     As demonstrated by the cases summarized in firm Levin Sedran resume, attached as Exhibit "A", Levin Sedran' s work product and reputation were stellar and our firm works cooperatively with others.  *See* Exhibit "A".

5.     Levin Sedran is repeatedly recognized by courts across the country for its success in handling complex class-action cases.  *See* generally*,* Levin Sedran firm resume, attached as Exhibit "A".   A few examples for the court's consideration:

A.  In the *Lazy Oil Co. v. Witco Corp., et al.*, C.A. No. 94-110E (W.D. Pa.) (Plaintiffs' Co-Lead Counsel) the district court made the following comments concerning the work of Co-Lead Counsel: "[t]he Court notes that the class was represented by very competent attorneys of national repute as specialists in the area of complex litigation.  As such, Class Counsel brought considerable resources to the Plaintiffs' cause.  The Court has had the opportunity to observe Class Counsel first-hand during the course of this litigation and finds that these attorneys provided excellent representation to the Class.  The Court specifically notes that, at every phase of the litigation, Class Counsel demonstrated professionalism, preparedness and diligence in pursuing their cause."

B.  In *In re: Orthopedic Bone Screw Products Liability Litigation*, MDL No. (1014) (E.D. Pa.) (Plaintiffs' Lead Counsel), the Court stated: "the Court also finds that the standing and expertise of counsel for [plaintiffs] is noteworthy.  First class counsel is of high caliber and most PLC members have extensive national experience and similar class-action litigation."

C.  In *In re: Consumer Bags Antitrust Litigation*, Civil Action No. 77-1516 (E.D. Pa.) (Plaintiffs' Lead Counsel), Judge Louis Bechtel stated that "Each of the firms and the individual lawyers in this case have extensive experience in large, complex antitrust and securities litigation."  Furthermore, the Court notes that the quality of the legal services rendered was of the highest caliber.

D.  In *In re: Diet Drugs Product Liability Litigation*, MDL No. 1203 (E.D. Pa.) (Plaintiffs' Co-Lead Counsel), the court stated: "The Court recognized the 'remarkable contribution' from Levin Sedran & Berman in the creation of the largest nationwide personal injury settlement to date."

4

E.   In *In re: Summers v. Abraham Lincoln Savings and Loan Association*, 66 F.R.D. 581, 589 (E.D. Pa. 1975), the court stated: "There is no question that Plaintiff's counsel is experienced it the conduct of the class action . . .".

6.      I will be leading the Levin Sedran team in this litigation. I am a partner with the firm and have achieved an AV peer-review rating in Martindale Hubbell. With over 25 years of experience, I am a nationally recognized leader in complex litigation, having been appointed as Lead or Co-Lead counsel or as a PSC member on a regular basis by federal courts across the country, including in consumer class actions involving unfair and deceptive practices such as this one.[1] My firm and I regularly prosecute multi-state consumer class actions and has one of the best track records in the country when it comes to successfully litigating consumer classes and complex cases, developing practical damages methodologies, obtaining prompt relief for consumers victimized by unfair or deceptive practices, and working cooperatively with others. *See* cases discussed supra and Levin Sedran's firm resume attached as Exhibit "A". Through smart, efficient, strategy and tailored creative problem-solving Mr. Schaffer and Levin Sedran have recovered

---

1 My appointments in MDL litigation include inter alia:. *In re Apple Inc. Device Performance Litig.*, MDL No. 2827 (N.D. Cal.) (Plaintiffs' Executive Committee); *In re Intel Corp. CPU Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2838 (D. Or.) (Plaintiffs' Executive Committee); In Re Aqueous Film-Foaming Foams (AFFF) Prods. Liab. Litig., MDL No. 2873 (D.S.C.) (Plaintiff's Steering Committee); *In re Wells Fargo Insurance Mktg. Sales Practices Litig.*, MDL No. 2797 (C.D. Cal.) (Plaintiffs' Executive Committee); *In re: JP Morgan Modification Litig.*, MDL No. 2290 (D. Mass.) (Plaintiffs' Co-lead Counsel); *In re: IKO Roofing Prods. Liab. Litig.*, MDL No. 2104 (C.D. Ill.) (Plaintiffs' Co-lead Counsel); In re: HardiePlank Fiber Cement Siding Litig., MDL No. 2359 (D. Minn.) (Plaintiffs' Executive Committee*); In re Navistar Diesel Engine Prods. Liab. Litig.*, MDL No. 2223 (N.D. Ill.) (Plaintiffs' Executive Committee); *In re: Azek Decking Sales Practice Litig.*, No. 12-6627 (D.N.J.) (Plaintiffs' Executive Committee); *In re: Pella Corporation Architect & Designer Series Windows Mktg. Sales Practices & Prod. Liab. Litig.*, MDL No. 2514 (D.S.C.) (Plaintiffs' Executive Committee); *In re: Navistar Diesel Engine Prods. Liab. Litig.*, MDL No. 2223 (N.D. Ill.) (Plaintiffs' Steering Committee*); In re: CitiMortgage, Inc. Home Affordable Modification Program ("HAMP")*, MDL No. 2274 (C.D. Cal.) (Plaintiffs' Executive Committee); In re: Carrier IQ Consumer Privacy Litig., MDL No. 2330 (N.D. Cal.) (Plaintiffs' Executive Committee); *In re: Dial Complete Marketing & Sales Practices Litig.*, MDL No. 2263 (D.N.H.) (Plaintiffs' Executive Committee); *In re: Emerson Electric Co. Wet/Dry Vac Mktg. & Sales Litig.*, MDL No. 2382 (E.D. Miss.) (Plaintiffs' Executive Committee); *In re: Colgate-Palmolive Soft Soap Antibacterial Hand Soap Mktg. & Sales Practice Litig.*, No. 12-md-2320 (D.N.H.) (Plaintiffs' Executive Committee); and *Gold v. Lumber Liquidators, Inc.*, No. 3:14-cv-05373-TEH (N.D. Cal.) (Plaintiffs' Executive Committee). In addition, I have served as member of litigation teams where LEVIN SEDRAN was appointed to leadership positions, in, inter alia., *In re Chinese-Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D. La.); *In re Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La.); *In re Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014 (E.D. Pa.); and *In re Diet Drug Litigation*, MDL No. 1203 (E.D. Pa.).

billions of dollars for victims of defective products and unfair or deceptive practices. *Ibid*.  They have accomplished these outstanding global and class settlements while zealously prosecuting the action while minimizing costs and maximizing value. [2]

7.     Mr. Schaffer has concentrated his practice in representing consumers who have been victimized by unfair or deceptive practices. Levin Sedran and Mr. Schaffer have served as Lead Counsel and as a member of a PSC or Executive Committee in class actions involving technically and technologically complex issues representing victims of defective products, unfair trade practices, data breaches, privacy security breaches and other complex cases involving computers, phones, devices and source code. *See e.g., In re: Diet Drug Product Liability Litigation*, MDL No.: 1203 (E.D. Pa.); *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No.: 2047 (E.D. La.); *In re: The Vioxx Product Liability Litigation*, MDL No.: 1657 (E.D. La.); *In Re CertainTeed Corporation Roofing Shingles Product Liability Litigation*, MDL No.: 1817 (E.D. Pa.), *In re CertainTeed Fiber Cement Siding Litigation,* MDL No: 2270 (E.D. Pa.), *Pollard v. Remington Arms Company,* Case No. 4:13-CV-00086-ODS (W.D. Mo.), *In re Carrier IQ, Inc., Consumer Privacy Litigation, C.A.,* No. 12-md-1330-EMC (N.D. Ca.); *Bryd v. Arron's Inc., C.A. No. 11-101* (W.D. Pa.); *In re Apple Inc. Device Performance Litigation,* MDL 2827 (N.D. Ca.)  and *Jones v. Samsung Electronics America, Inc.,* Case No. 2:17-cv-00571 (W.D. Pa.). Levin Sedran and Mr. Schaffer have prosecuted these cases from their inception, through

---

2 For example, Mr. Schaffer was instrumental in bringing about settlements in inter alia : *In re Wells Fargo Insurance Marketing Sales practices Litigation*, MDL no. 2797 (C.D. Cal.) which was approved by the Court in 2019 and was claims made settlement valued at $300 million dollars, *In Re CertainTeed Corporation Roofing Shingles Product Liability Litigation*, MDL No.: 1817 (E.D. Pa.) which was approved by the court in 2010 and valued at $815,000,000, In re CertainTeed Fiber Cement Siding Litigation, MDL No: 2270 (E.D. Pa.) which was a common fund settlement of $103.9 million dollars and *Pollard v. Remington Arms Company*, Case No. 4:13-CV-00086-ODS (W.D. Mo.) which was approved by the court in 2016 and valued at $97,000, 000. *See also* Levin Sedran's Firm Resume attached hereto as Exhibit "A".

discovery, to certification of class(es), to settlements and in some instances to trial. As stated *supra* Levin Sedran is one of the class action firms that tries cases which sets it apart from other firms.

8.      Levin Sedran as Lead Counsel in *In Re Chinese-Manufactured Drywall Product Liability Litigation,* MDL No. 2047 (E.D. La.). Against tremendous odds and at great effort and expense, Levin Sedran along with Liaison Counsel and members of the Plaintiffs' Steering Committee, dedicated themselves for over ten years to prosecuting claims on behalf of class(es) of thousands of homeowners who had defective Chinese Drywall installed in their homes. Levin Sedran's leadership in developing innovative pleadings involving "Omni Complaints", strategic discovery, and rapid bellwether trials led to a series of inter-related settlements involving various suppliers, builders, installers, insurers, and manufacturers of Chinese Drywall valued at more than $1 Billion. Mr. Schaffer worked in conjunction with the Plaintiffs' Expert Committee to develop experts to provide the requisite foundation for their defect, causation and damages opinions. This evidence was instrumental in bringing about plaintiff verdicts in the "bellwether" trial (*Hernandez v. Knauf*, 2010 WL 1710434 (E.D. La. April 27, 2010)) which contributed to the foundation for the inter-related settlements described above.  In addition, Mr. Schaffer oversaw the inspection of plaintiffs' homes in Virginia by the defendants' experts and worked with plaintiffs' experts to challenge defendants' experts' opinion that Chinese Drywall could be detected with the use of an XRF handheld measuring device. As a result, plaintiffs filed a Daubert motion and were able to preclude defendant's experts from offering such an opinion. Though the inter-related settlements described above culminated with Knauf, a German company with Chinese manufacturing subsidiaries, the remaining Chinese manufacturing defendants continue to dispute personal jurisdiction and raise other defenses to liability and damages. However, Levin Sedran, continues to spearhead the prosecution of plaintiffs' claims by overseeing the litigation as plaintiffs begin to

prepare to try the individual cases which were remanded back to their home districts. These tireless efforts reflect the dedication Levin Sedran attorneys, like Mr. Schaffer apply to every case.

9.      Of particular relevance to this litigation, Mr. Schaffer and Levin Sedran have prosecuted and are currently prosecuting extremely technical cases involving unfair or deceptive practices by manufacturers of consumer products including, dog food, building products, soap, appliances, computers, phones, dietary and nutritional supplements, energy drinks, and many other products. All of these cases share the same core issues such as whether the products conform to the manufacture's representations regarding the product's ingredients or attributes and the damages to consumer as a result of purchasing and paying for the products based on these false and misleading representations. In relation to the food (human and pet food) products and nutritional supplements the core issues are whether the products contained only the listed or represented ingredients and not a toxin, contaminant or unintended byproducts.  My particularized experience involving pet food cases involving heavy metals, toxins and other unintended by products will translate directly to the benefit of the putative class members whose children ingested the baby foods with toxic metals. I served in the recently settled *In Re: Hill's Pet Nutrition, Inc., Dog Food Products Liability, Litig.*, 2:19-md-02887-JAR-TJJ (D. *Kan.*). During this litigation, I gained valuable experience prosecuting claims on behalf of pet owners nationwide who purchased recalled dog food that sickened and poisoned thousands of dogs nationwide due to the presence of toxic levels of Vitamin D. I was also involved in a line of cases against *Champion*, another dog food manufacturer, for misleading consumers regarding the quality of its dog food and ingredients which contained heavy metals. In addition to the *Hills* and *Champion* line of cases, I am currently litigating several deceptive labeling cases against some of the largest pet food manufacturers in the country related to certain products marketed as "grain free" when they are not. For example, I

filed suit against the manufacturer of Nature's Recipe and Aims Proactive Health Grain Free dog food products for misrepresenting that its dog food was grain free when it was not. *See Miller v. Big Heart Pet Brands, Inc*., No. 3:19-cv-03613 (N.D. Cal.); *Fishon v. Mars, Petcare US, Inc*., No. 3:19-cv-00816 M.D. Tenn.). These cases were filed after full investigation which included retaining experts to test the dog food product's ingredients and develop a methodology to calculate the damages sustained by the class. In addition, I have also identified and retained outstanding pet food manufacturing and process engineering experts. In addition, several other deceptive pet food labeling cases such as *Shaw v. Schell & Kampter, Inc., d/b/a Diamond Pet Foods,* N0. 2:20-cv-01620 (W.D. Wash.); *Hill v. Canidae Corporation,* No. %;20-cv- 01374 (C.D. Ca.) in which I am actively involved recently settled on a nationwide class basis offering meaningful cash payments to the class. These cases were filed after a full investigation including retaining experts to test the dog food product's ingredients and develop a methodology to calculate the damages sustained by the class. The result of testing and proposed damage methodology was provided to defendant manufacturers which led to settlements in both cases. More recently, I am prosecuting a class action against Midwestern on behalf of consumers who purchased dog food on believing the products were safe when they contained a toxin (Aflatoxin) which sickened or killed their dogs. *In re: Midwestern Pet Foods Marketing, Sales Practices and Product Liability Litigation*, No.: 3:21-cv-00007 (S.D. Ind.). More recently  I was appointed to the Plaintiffs' Executive Committee in the *In Re Plum Baby Food Litigation*, 1:21-cv-02417 (D. N.J. 2021). As a result of my experience in litigating these deceptive labeling claims, I am well versed in what will be needed to satisfy Plaintiffs' burden of proofs in this litigation including the necessary expert opinions as well as damage modeling experts. These experiences and knowledge will certainly benefit the class in the Toxic Baby Food litigation.

10.     In addition to representing consumers in deceptive labeling cases, my firm and have also represented children who were poisoned by lead paint, individuals who either ingested toxins either by drinking contaminated water or breathing in contaminated air and homeowner's whose property(s) suffered diminished value due to contamination of soil, water and air. We have served as Lead Counsel and as a member of a PSC or Executive Committee in environmental class action and mass tort lawsuits including some of the most prominent ones in American History ranging from nuclear meltdowns, toxic exposure (lead paint, asbestos), oil spills and gasoline discharges. *See e.g.*, *In re: Asbestos School Litigation*, No. 83-0263 (E.D. Pa.) (Levin Sedran as member of Executive Committee and Lead Trial Counsel obtained a certification of a nationwide class and settlement on behalf of school districts); *In re Three Mile Island Litigation*, Civil Action No. 79-0432( M.D. Pa.) (As member of Executive Committee obtained the establishment of a medical monitoring fund), *In re: The Exxon Valdez*, No. 89-00095 (D. Alaska) (As a member of the Trial and Discovery Committee represented fishermen, native corporations, native villages, native claims and business claims in this mass tort. After a jury trial, Plaintiffs obtained a judgment of $5 billion in punitive damages - at the time that the largest punitive damage verdict in U.S. history. Later reduced to $507.5 million by the U.S. Supreme Court); and *In re Oil Spill by the Oil Rig "Deepwater Horizon"* in the Gulf of Mexico, on April 20, 2010, MDL 2179 (E.D. La.) (Special Counsel to the Plaintiffs' Fee and Cost Committee); *Ursula Stiglich Wagner, et al. V. Anzon, Inc*., et. al., No, 4420 , June Term, 1987 (C.C.P. Phila. Cty.) (As Lead Counsel obtained a multi-million-dollar recovery for medical monitoring and property damage in relation to lead contamination.); *Johnson, et al. v. Walsh, et. al.*, No. 2012 April Term, 2008 (C.C.P. Phila. Cty.) (As Lead Counsel obtained a multi-million-dollar recovery for property damage in relation to lead and arsenic contamination.); *Meneghin v. Exxon Mobil Corporation*, et. al., Superior Court of New Jersey,

Civil Action No. OCN-002697-07 (Superior Court, Ocean County, NJ 2012) (As Lead Counsel obtained a multi-million-dollar recovery for property damage in relation to discharge of gasoline leading to groundwater contamination). Levin Sedran and Mr. Schaffer have prosecuted these cases from their inception, through discovery, to certification of class(es), to settlements and in some instances to trial. Currently, I am serving as a member of Plaintiffs' Executive Committee in *IN RE: Aqueous Film-Foaming Foams (AFFF)Products Liability Litigation,* MDL 2873 (D.S.C.) which involves the contamination of the nation's water supply with PFAS chemicals. The MDL involves cases being brought against the manufacturers of the AFFF firefighting products on behalf of water suppliers who are required to remove the contamination from the water they provide, firefighters who are inflicted with cancer and from diseases from direct exposure to the AFFF products, individuals who drank the contaminated water and are inflicted with cancers and other diseases and property owners whose homes suffered diminished value to the contamination of their water and soil.

11.     I have also represented victims of financial and or insurance fraud against financial institutions, insurance companies, lenders, finance companies and others as Lead Counsel and or as a member of the leadership team. *In re: JP Morgan Modification Litigation* MDL No.: 2290 (D.C. Mass.) (Plaintiffs' Co-lead Counsel); *In re: Citimortgage, Inc. Home Affordable Modification Program ("HAMP")* MDL No.: 2274 (C.D. Ca.) (Plaintiffs' Executive Committee); *Vought, et al., v. Bank of America, et al.,* Civil Action No. 10-CV-2052 (C.D. Ill. 2013) (Plaintiffs' Discovery and Settlement Committees*); Kowa, et. el. v. The Auto Club Group AKA AAA Chicago*, Case No. 1:11-cv-07476 (N.D. Ill.) (Co-lead Counsel); *In re Peregrine Financial Group Customer Litigation*, MDL No.12-5546 (N.D. Ill.); *In Re MF Global Holdings LTD. Investment Litigation*, case no 12-MD -2338 (S.D.N.Y.) and other cases. As lead counsel in *In re: JP Morgan*

*Modification Litigation*, MDL No.: 2290 (D.C. Mass.), [3]  Mr. Schaffer was instrumental in every phase of the litigation including settlement which culminated in a nationwide settlement under a consolidated litigation which provided a broad range of benefits to tens of thousands of homeowners.  The overall value of the settlement to class members which was determined to be $506 million dollars by a former treasury department official who worked on the initial management of the Government=s program.

12.    These cases are just a few examples of the complex class-action cases that my firm and I led to a successful outcome.  Levin Sedran's resume is attached as Exhibit "A", and the firm has been recognized by its peers and courts nationwide for a successful class-action leadership.

13.    Along with his class action and mass tort experience, Mr. Schaffer has a LLM in Trial Advocacy and has extensive experience prosecuting complex individual actions on behalf of injured individuals in products liability, medical negligence and drug and medical device actions. He has served as Lead Counsel in these matters and successfully tried cases to jury verdicts. Undoubtedly, the Lead Counsel will benefit from his insight and experience from prosecuting those actions.

14.    Based on my law firm's experience litigating complex class actions, including consumer class actions involving unfair and deceptive trade practices, I believe that my firm and I are well-qualified to represent the interests of the proposed class members in this case.  If appointed to Executive Committee, my firm and I will continue to vigorously represent the interest of all class members, as we have done to date.

---

3 This MDL involved a class action filed across the United States all of which arose out of JP Morgan Chase's implementation of the Home Affordable Modification Program, one of the main programs designed to assist struggling homeowners in the economic downturn.  In exchange for receiving billions of dollars in funds, JP Morgan Chase and many other big banks agreed to offer homeowners loan modifications pursuant to the Federal Guidelines. Numerous individuals sued JP Morgan Chase and certain other related companies claiming that Chase failed to offer them a timely and proper permanent mortgage modification after they completed trial period plans under HAMP or Chase's home own equivalent programs.

## LEVIN SEDRAN IS WILLING AND ABLE TO COMMIT TO A TIME-CONSUMING PROJECT

15.     As illustrated by its track record, Levin Sedran has repeatedly demonstrated its ability to commit to prosecuting cases through trial, and even post-trial appeals when necessary. *See*, e.g., *Exxon Valdez Oil Spill Litig*., No.: 889 0095 (D. Alaska); *Chinese-Manufactured Drywall Product Liability Litig.*, MDL No.: 2047 (E.D. La.); *Diet Drug Product Liability Litig.*, MDL No.: 1203 (E.D. Pa.); *Vioxx Product Liability Litig.*, MDL No.: 1657 (E.D. La.); and *Asbestos School Litig.*, No.: 83-0268 (E.D. Pa.)

16.     Levin Sedran has committed one partner, Charles E. Schaffer, plus a dedicated team of associates and staff, to assure that Plaintiffs efficiently prosecute this litigation to a successful conclusion.  If additional resources are necessary, Levin Sedran will supply them.

## LEVIN SEDRAN WORKS COOPERATIVELY WITH OTHERS

17.     My firm and I have excellent working relationships with each of the firms nominated here for Co-Lead Counsel and Executive Committee positions. Levin Sedran attorneys pride themselves on forming productive and collegial relationships with their co-counsel and believe that such cooperative working relationships are necessary for effective representation.

## LEVIN SEDRAN IS WILLING TO COMMIT TO THE NECESSARY RESOURCES TO THIS MATTER

18.     Levin Sedran possesses both the financial and human resources necessary to successfully prosecute large-complex cases to trial.  Levin Sedran attorneys are well versed in all stages of litigation against large, heavily funded defense firms. Having practiced exclusively in complex and class-action litigation since it's conception over four decades ago, Levin Sedran recognizes the commitment of financial resources this litigation will entail.  We do not use third

13

party financing and routinely advance substantial sums on behalf of our clients in complex cases, recovery of which is contingent upon the successful prosecution of the case and are prepared to do so here.


Dated:  September 28, 2021                          /s/ *Charles E. Schaffer*
                                                    CHARLES SCHAFFER
                                                    COUNSEL FOR PLAINTIFF