UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re NUTURE BABY FOOD LITIGATION

This Document Relates To:

All Actions

Master File No. 1:21-CV-01217-MKV

MEMORANDUM OF LAW IN SUPPORT OF PHILIPPE PLAINTIFFS' MOTION
FOR APPOINTMENT OF GIBBS LAW GROUP LLP, POLLOCK COHEN LLP, KOHN
SWIFT & GRAF, P.C. AND LABATON SUCHAROW LLP AS INTERIM CLASS COUNSEL

## <u>TABLE OF CONTENTS</u>

I.  THE PHILIPPE TEAM IS THE INTERIM CLASS COUNSEL APPLICANT BEST ABLE TO REPRESENT THE CLASS ............................................................................................ 5

  A.  Legal Standard ........................................................................................................ 5

  B.  The Philippe Team Has Thoroughly Identified and Investigated the Claims ................. 6

  C.  The Philippe Team Has Extensive Experience in Leading Class Actions and Other Complex Litigation of this Kind and Significant Knowledge of the Applicable Law .... 7

      1.  *Gibbs Law Group – Proposed Interim Co-Lead Class Counsel* ............................. 8

      2.  *Pollock Cohen – Proposed Interim Co-Lead Counsel* ............................................. 13

      3.  *Kohn Swift – Proposed Interim Co-Lead Counsel* .................................................... 17

      4.  *Labaton Sucharow – Proposed Interim Liaison Counsel* ........................................ 22

  D.  The Philippe Team has the Necessary Resources to Devote to the Litigation .............. 23

  E.  The Philippe Team Will Fairly and Adequately Represent the Interests of the Proposed Class Members ............................................................................................................ 24

II.  CONCLUSION ..................................................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*3M Combat Arms Earplug Prods. Liab. Litig.*,
  No. 3:19-md-02885 (N.D. Fla.) ................................................................................ 9

*African American Tobacco Control Leadership Council et al. v. Dep't of Health and Human Services et al.*,
  No. 4:20-cv-4012 (N.D. Cal.) .................................................................................. 3

*Advanced Fluid Sys., Inc. v. Huber*,
  295 F. Supp. 3d 467 (M.D. Pa. 2018) .................................................................... 21

*Beaver v. Tarsadia Hotels*,
  No. 11-cv-1842 (S.D. Cal. Sept. 28, 2017) .............................................................. 9

*Buonasera v. Honest Co., Inc.*,
  318 F.R.D. 17 (S.D.N.Y. 2016) ............................................................................... 6

*Camp v. Qualcomm Inc., et al.*,
  No. 3:18-cv-01208 (S.D. Cal.) ............................................................................... 14

*Cohen v. Newsmax*,
  No. 9:21-cv-80894-WPD (S.D. Fla.) ..................................................................... 13

*Cynthia Kao v. LG Electronics USA Inc.*,
  No. 8:17-cv-01181 (N.D. Cal.) .............................................................................. 14

*Cirulli v. Hyundai Motor Co.*,
  No. SACV08-00854 (C.D. Cal.) ......................................................................... 3, 19

*Deangelis v. Corzine*,
  286 F.R.D. 220 (S.D.N.Y. 2012) ............................................................................. 5

*Doe v. Chiquita Brands Int'l, Inc. (In re Chiquita Brands Int'l Inc. Alien Tort Statute and Shareholders Derivative Litig.)*,
  No. 08-cv-01916 (S.D. Fla.) .................................................................................. 14

*First Impressions Salon, Inc. v. National Milk Federation*,
  No. 3:13-cv-00454 (S.D. Ill.) ................................................................................. 20

*Garcia v. Allergan*, Inc.,
  No. 09-cv-7088 (C.D. Cal.) ................................................................................... 11

*Glenn v. Hyundai Motor Am.*,
   No. 8:15-cv-2052 (C.D. Cal. Feb. 25, 2019) ................................................................ 9

*Grand River Enters. Six Nations v. King*,
   No. 02-cv-5068 (S.D.N.Y.) ......................................................................................... 15

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
   240 F.R.D. 56 (E.D.N.Y. 2006) ................................................................................... 5

*In re Am. Honda Motor Co., Inc., CR-V Vibration Litig.*,
   No. 2:15-md-2661 (S.D. Ohio Dec. 7, 2018) .............................................................. 9

*In re Amino Acid Lysine Antitrust Litig.*,
   MDL No. 1083, 918 F. Supp. 1190 (N.D. Ill. 1996) ................................................. 17

*In re Apple Inc. Device Performance Litig.*,
   No. 5:18-md-02827 (N.D. Cal.) .................................................................................. 10

*In re Assicurazioni Generali S.p.A. Holocaust Insurance Litig.*,
   MDL No. 1374, M 21-89 (S.D.N.Y) ........................................................................... 18

*In re Austrian and German Bank Holocaust Litig.*,
   No. 98 Civ. 3938 (S.D.N.Y) ....................................................................................... 18

*In re Automotive Parts Antitrust Litig.*,
   No. 12-md-02311 and MDL No. 2311 (E.D. Mich.) .............................................. 18, 20

*In re Bolar Pharmaceutical Co., Inc. Generic Drug Consumer Litig.*,
   MDL 849 (E.D. Pa.) ..................................................................................................... 19

*In re Chase Bank U.S.A., N.A. "Check Loan" Contract Litig.*,
   No. 3:09-md-2032 (N.D. Cal.) ...................................................................................... 3

*In re Chicago Board Options Exchange Volatility Index Manipulation Antitrust Litig.*,
   No. 1:18-cv-04171 (N.D. Ill.) ..................................................................................... 14

*In re Citrix Data Breach Litig.*,
   No. 19-61350 (S.D. Fla.) ............................................................................................ 11

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*,
   MDL No. 1361, 2001 WL 64775 (D. Me. Jan. 26, 2001) ......................................... 17

*In re Deva Concepts Prods. Liab. Litig.*,
   No. 1:20-CV-01234, 2020 WL 4368362 (S.D.N.Y. July 30, 2020) ........................... 5

*In re Factor VIII or IX Concentrate Blood Prods. Liab. Litig.*,
   MDL No. 986, 853 F. Supp. 454 (J.P.M.L. Dec. 7, 1993) ...................................................... 19

*In re Facebook Biometric Info. Privacy Litig.*,
   No. 15-cv-3747 (N.D. Cal.) ............................................................................................ 3, 22, 23

*In re Farfetch Limited Securities Litig.*,
   No. 1:19-cv-08657 (S.D.N.Y.) .................................................................................................... 14

*In re Hill's Pet Nutrition, Inc., Dog Food Prods. Liab. Litig.*,
   MDL No. 2887 (D. Kan.) ..................................................................................................... 10, 12

*In re Interior Molded Doors Indirect Purchaser Antitrust Litig.*,
   No. 3:18-cv-00850 (E.D. Va.) ..................................................................................................... 14

*In re Holocaust Victim Assets Litig.*,
   No. CV 96 4849 (E.D.N.Y) ......................................................................................................... 18

*In re LIBOR–Based Fin. Instruments Antitrust Litig.*,
   2011 WL 5980198 (S.D.N.Y. Nov. 29, 2011) .............................................................................. 5

*In re Midwestern Pet Foods Marketing, Sales Practices and Prods. Liab. Litig.*,
   No. 3:21-cv-00007 (S.D. Ind.) .............................................................................................. 12, 13

*In re Mun. Derivatives Antitrust Litig.*,
   252 F.R.D. 184 (S.D.N.Y. 2008) .................................................................................................. 6

*In re Pacific Fertility Ctr. Litig.*,
   No. 3:18-cv-001586 (N.D. Cal.) ................................................................................................... 9

*In re Packaged Ice Antitrust Litig.*,
   MDL No. 1952, 2009 WL 1518428 (E.D. Mich. June 1, 2009) ................................................. 17

*In re Porsche Cars North America, Inc. Plastic Coolant Tubes Prods. Liab. Litig.*,
   No. 2-11-md-2233 (S.D. Ohio) .............................................................................................. 3, 19

*In re Skin-Cap Products Liability Litig.*,
   MDL No. 1243 (S.D. Fla.) .......................................................................................................... 20

*In re Synthroid Marketing Litig.*,
   MDL No. 1182 (N.D. Ill.) ........................................................................................................... 18

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*,
   MDL 1001 .................................................................................................................................... 19

*In Re USC Student Health Center Litig.*,
   2:18-cv-04258 (C.D. Cal.) ........................................................................................ 21

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*,
   MDL No. 2672 (N.D. Cal.) ............................................................................... 3, 10, 23

*In re Vizio, Inc. Consumer Privacy Litig.*,
   No. 8:16-ml-02963 (C.D. Cal. July 31, 2019) ........................................................... 8

*Jane Doe v. Mindgeek USA Inc., et al.*,
   No. 8:21-cv-00338 (C.D. Cal.) ............................................................................... 13

*Julin et al. v. Chiquita Brands Int'l, Inc.*,
   No. 08-civ-20641, No. 08-md-01916 (S.D. Fla.) ...................................................... 21

*Lilly v. ConAgra Foods, Inc.*,
   743 F.3d 662 (9th Cir. 2014) ................................................................................. 11

*Lima v. Gateway*,
   No. 8:09-cv-01366 (C.D. Cal.) ............................................................................... 11

*Linde v. Arab Bank, PLC*,
   No. 14-cv-2799 (E.D.N.Y.) ..................................................................................... 18

*Miller et al. v Arab Bank*,
   No. 18-cv-2192 (E.D.N.Y) ...................................................................................... 21

*New York v. Grand River Enters. Six Nations, Ltd.*,
   No. 14-cv-910A(F) (W.D.N.Y.) .............................................................................. 15

*Pappas v. Naked Juice*,
   No. 2:11-cv-08276 (C.D. Cal.) ............................................................................... 10

*Petersen v. CJ America, Inc. dba CJ Foods, Inc.*,
   No. 3:14-cv-02570 (S.D. Cal.) ............................................................................... 11

*Plavin v. GHI*,
   No. 3:17-cv-01462 (M.D. Pa.) ............................................................................... 13

*Singh Gill v. National Football League*,
   No. 1:21-cv-1032 (S.D.N.Y.) .................................................................................. 13

*State of New York et al. v. UPS*, No. 1:15-cv-1136 (S.D.N.Y.) .................................... 3, 15

*Taha v. Bucks County*,
   2:12-cv-06867 (E.D. Pa.) ....................................................................................... 21

*The People of the State of New York v. Purdue Pharma L.P., et al.*,
   Index No. 400016/18 (Cty of Suffolk, NY) ............................................................... 14

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ..................................................................................................... 7

*Wigginton v. Advance Auto Parts, Inc., et al.*,
   No. 1:18-cv-00212 (D. Del.) ....................................................................................... 14

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 23(g)(1)(A) ...................................................................................................... 5
Fed. R. Civ. P. 23(g)(1)(B) ...................................................................................................... 6
Fed. R. Civ. P. 23(g)(3) ...................................................................................................... 1, 5
Fed. R. Civ. P. 23(g)(4) ...................................................................................................... 6
Rule 23(c)(1) ...................................................................................................................... 7
Rule 23(g) ...................................................................................................................... 2, 25
Rule 23(g)(2) ...................................................................................................................... 1, 2
Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment ............................................ 7

## OTHER AUTHORITIES

Manual for Complex Litigation (Fourth) § 21.11 (2004) ............................................................ 5

*Children are the world's most valuable resource and its best hope for the future.*

-John F. Kennedy

This important case affects the nation's baby food supply. As described in a detailed congressional report titled, *Baby Foods are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium and Mercury* ("Congressional Report"),[1] Defendant Nurture, Inc., d/b/a Happy Family Brands ("Nurture") knowingly sold baby foods containing dangerous levels of toxic heavy metals. Specifically, Nurture's internal records show that the company sold baby food products containing as high as 180 parts per billion ("ppb") inorganic arsenic, 641 ppb lead, and 10 ppb mercury. *See* Congressional Report at 3–4. Nurture sold all baby food products it tested, no matter how much toxic heavy metals the baby foods contained. *Id.* at 4.

The outcome of this case and others like it will determine whether baby food manufacturers such as Nurture will be allowed to continue selling products with dangerous levels of heavy metals or whether they will change their practices. This case will also determine whether Nurture will be required to provide parents the crucial information they need to feed their children a healthy and nutritious diet. Moreover, this case will determine whether Nurture must pay refunds to consumers who bought the falsely advertised baby foods the company has knowingly sold for years.

Rule 23 of the Federal Rules of Civil Procedure authorizes this Court to designate interim counsel to act on behalf of a proposed class "before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Under Rule 23(g)(2), when there is more than one applicant

---

[1] The Congressional Report was issued by the U.S. House of Representatives Subcommittee on Economic and Consumer Policy, Committee on Oversight and Reform on February 4, 2021 and is available here: https://oversight.house.gov/sites/democrats.oversight.house.gov/files/2021-02-04%20ECP%20Baby%20Food%20Staff%20Report.pdf (last visited Sept. 26, 2021).

seeking appointment, "the court must appoint the applicant best able to represent the interests of the class." *Id.* Plaintiffs Myjorie Philippe, Alyssa Rose, Vanessa Inoa, Cassie Isza, Dawn Johnson, Helen Howard, Erik Lawrence, Rachael M. Frantz, and Marie Mezile (hereafter, "Philippe Plaintiffs" or "Plaintiffs") seek appointment of their counsel as follows: Gibbs Law Group LLP, Pollock Cohen LLP, and Kohn, Swift & Graf, P.C. as Interim Co-Lead Class Counsel; and Labaton Sucharow LLP as Interim Liaison Counsel (collectively, the "Philippe Team").[2]

The Philippe Team's lawyers have successfully represented consumers and the public in matters of great import for decades. The Philippe Team includes attorneys with extensive complex class action and lead counsel experience, numerous former government attorneys, and attorneys with consumer protection, environmental, and public health litigation experience. They have the skills, experience, resources, and dedication to vigorously represent parents and families nationwide who are concerned about the foods they feed their children and who deserve remedies for Nurture's wrongful conduct.

When considering the criteria courts apply in appointing interim counsel pursuant to Rule 23(g), the Philippe Team is the most qualified to represent the interests of consumers and the Class in a case of this scope. First, the Philippe Team has accomplished significant and important work in identifying and investigating the claims. Among other things, the Philippe Team has already taken the important step of commissioning independent laboratory testing and analysis of Nurture's baby foods for heavy metals. Further, members of the Philippe Team have also retained and consulted with experts.

---

[2] Should the Court wish to appoint individual lawyers as interim counsel, Plaintiffs respectfully request that the Court appoint Rosemary M. Rivas of Gibbs Law Group LLP, Christopher K. Leung of Pollack Cohen LLP, and Joseph C. Kohn of Kohn, Swift & Graf, P.C. as Interim Co-Lead Class Counsel and Michael Canty of Labaton Sucharow LLP as Interim Liaison Counsel.

Second, as highlighted herein and in their attached résumés, the Philippe Team has extensive experience litigating complex consumer class actions and a variety of other matters—having successfully litigated some of the largest and most complex consumer cases in history as well as many class actions involving claims quite similar to those alleged in this case, such as claims against manufacturers regulated by the FDA. The Philippe Team's lawyers have litigated cases resulting in billions of dollars in recoveries for consumers and the public and in important changes to business practices, including: *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.) (plaintiffs' executive committee; case settled for over $14.7 billion dollars); *In re Chase Bank U.S.A., N.A. "Check Loan" Contract Litig.*, No. 3:09-md-2032 (N.D. Cal.) (co-lead counsel; case settled for $100 million eight weeks before trial); *State of New York et al. v. UPS*, No. 1:15-cv-1136 (S.D.N.Y.) (co-lead counsel; following a two-week trial, obtained a final judgment and combined award of $247 million in damages and penalties); *African American Tobacco Control Leadership Council et al. v. Dep't of Health and Human Services et al.*, No. 4:20-cv-4012 (N.D. Cal.) (lead counsel; obtained order directing FDA to begin the rulemaking process for removing menthol from combustible cigarettes); *In re Facebook Biometric Info. Privacy Litig.*, No. 15-cv-3747 (N.D. Cal.) (class counsel securing a landmark $650 million settlement).  The Philippe Team's lawyers have been repeatedly recognized by their peers and in the legal industry as making valuable contributions to the law and for making a difference in their clients' lives.

Third, having litigated and led numerous consolidated class actions and MDLs involving state consumer protection statutes and the common law, the Philippe Team has extensive knowledge of the applicable law.  The members of the Philippe Team also have the extensive case management experience that is critical to ensuring that this case is litigated effectively and

efficiently on behalf of class members.

Fourth, a case of this magnitude and complexity will require a significant expenditure of resources. With a number of offices on both the east and west coasts, (including in close proximity to the Court), and with more than 100 lawyers with deep litigation, class action, and trial experience, the Philippe Team possesses ample resources to match Nurture's and to prosecute this litigation to a successful conclusion, no matter how long the litigation takes.

Finally, The Philippe Team also reflects the diversity of the Bar and the plaintiff class— from the standpoint of gender, race, age, geography, and background—following guidance from the Duke Law Center for Judicial Studies and the James Humphreys Complex Litigation Center set forth in the *Guidelines and Best Practices for Judges Appointing Lawyers to Leadership Positions in MDL and Class Action Litigation* ("*Guidelines and Best Practices*").[3]  The *Guidelines and Best Practices* encourage the appointment of experienced counsel while keeping in mind that "diversity enhances the quality of the decision making process and results[.]"

For these reasons, and as explained in more detail below, the Philippe Team is well positioned to vindicate the rights of parents who bought the contaminated baby foods at issue and were harmed by fraudulent and deceptive business practices. Accordingly, the Philippe Plaintiffs respectfully request that the Court grant their application, appoint their counsel to serve as Interim Class Counsel in this action, and enter the accompanying proposed order charging the Philippe Team with the responsibility for leading this important litigation.

---

[3]Available at https://www.law.gwu.edu/sites/g/files/zaxdzs2351/f/downloads/3-Page_Summary_Report_and_Signatories_List_3.16.21.pdf (last visited September 28, 2021).

## I.   THE PHILIPPE TEAM IS THE INTERIM CLASS COUNSEL APPLICANT BEST ABLE TO REPRESENT THE CLASS

### A.   Legal Standard

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "The designation of interim class counsel is especially encouraged in cases ... where there are multiple, overlapping class actions that require extensive pretrial coordination." *In re LIBOR–Based Fin. Instruments Antitrust Litig.*, 2011 WL 5980198, at *2 (S.D.N.Y. Nov. 29, 2011) (*citing In re Air Cargo Shipping Servs. Antitrust Litig.,* 240 F.R.D. 56, 57 (E.D.N.Y.2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004))); *see also Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012). The "designation of interim [class] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) § 21.11 (2004).

In determining whether counsel is suited for appointment, the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A); *see also In re Deva Concepts Prods. Liab. Litig.*, No. 1:20-CV-01234, 2020 WL 4368362, at *3 (S.D.N.Y. July 30, 2020); *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016); *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008). The Court may also "consider any other matter pertinent to counsel's ability to fairly and

adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see also* Fed. R. Civ. P. 23(g)(4).

**B.      The Philippe Team Has Thoroughly Identified and Investigated the Claims**

The Philippe Team has thoroughly researched and investigated the class claims since the Congressional Report was published in February 2021.  For example, filing the complaint in this matter required an extensive preliminary evaluation of the case. It also required significant factual research into the February 4, 2021 Congressional Report, its supporting documentation and data, and the third-party sources the report relied on. In addition to reviewing publicly available information, members of the Philippe Team commissioned their own independent laboratory testing to determine whether the baby food products at issue continue to contain unsafe levels of toxic heavy metals.  They have also retained and consulted with experts, including with experts regarding the impact of toxic heavy metals on child development. They also conducted significant legal research in preparation of filing this suit. This included determining which causes of action were viable and amenable to class certification in light of Nurture's product labeling and representations, which damages theories to assert, issues that might arise from bringing a class as opposed to an individual case, and potential defenses, including federal preemption and primary jurisdiction arguments.  Members of the Philippe Team have also communicated with hundreds of consumers nationwide regarding their baby food purchases and experiences.

Moreover, the Philippe Team's investigation has been ongoing. Its members have identified a number of relevant witnesses and have conducted confidential interviews of current and former employees who have worked in a variety of roles in the baby food manufacturing supply chain. These investigative efforts represent a high standard of professionalism, dedication, and thoroughness, and will prove valuable in the preparation of a consolidated class action

complaint. These efforts are precisely the type of work the Advisory Committee Notes to Rule 23 state that this Court should consider in appointing interim class counsel.  Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment.

Additionally, the appointment of interim class counsel will be necessary to conduct discovery prior to a determination regarding class certification pursuant to Rule 23(c)(1), as "some discovery is often necessary for that determination." *See* Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment; *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (finding that class certification cannot be determined merely on the pleadings). Plaintiffs expect a significant amount of discovery-related activity to take place before class certification, and such discovery will likely be complicated, requiring review of a large number of documents, multiple depositions, retention of experts, negotiations with counsel, and motion practice. The Philippe Team's thorough investigation of the claims—in addition to their experience in complex discovery in large consumer and other class actions and MDLs, as described below—will enable them to lead such discovery and related motion practice efficiently.

C.    **The Philippe Team Has Extensive Experience in Leading Class Actions and Other Complex Litigation of this Kind and Significant Knowledge of the Applicable Law**

The Philippe Team's lawyers are well qualified to lead this litigation. They bring complementary strengths to the table that make them best suited to represent the interests of the Class. They have extensive experience in complex litigation, including in litigating large, consolidated class actions involving multistate consumer claims such as this one, often serving as lead or co-lead counsel or on plaintiffs' steering committees. In addition, their attorneys come from a diverse array of backgrounds that make them particularly well situated to represent consumers concerned about food product deception and safety, and include, *inter alia*, consumer protection

attorneys, attorneys that have litigated food labeling cases, former government attorneys and prosecutors, attorneys that have litigated against the United States Food and Drug Administration ("FDA") and entities regulated by the FDA, and former environmental attorneys with experience in investigating toxic heavy metals. The qualifications and experience of counsel are detailed in the accompanying declarations and firm résumés and as set forth herein.

### 1.    *Gibbs Law Group – Proposed Interim Co-Lead Class Counsel*

Gibbs Law Group has handled numerous consumer class actions and has recovered hundreds of millions of dollars for class members.[4] Gibbs Law Group lawyers have earned a national reputation for their innovative strategies and relentless efforts to advance consumer rights through class litigation. Recently, the firm was named a Law360 Class Action Group of the Year and a Daily Journal Top Boutique Law Firm in California; its attorneys have won several California Lawyer Attorney of the Year (CLAY) Awards; and its founding partner, Eric H. Gibbs, was recognized as a Law360 Titan of the Plaintiffs Bar and one of Lawdragon's 500 Leading Plaintiff Consumer Lawyers.

Gibbs Law Group's attorneys have drawn praise from numerous courts for their work:

- "Throughout this litigation, Class Counsel has consistently demonstrated superb candor, diligence, organization, and aptitude." *In re Vizio, Inc. Consumer Privacy Litig.*, No. 8:16-ml-02963 (C.D. Cal. July 31, 2019) (Staton, J.), ECF No. 337 at 14.

- "[T]his is an extraordinarily complex case and an extraordinarily creative solution. … I wanna thank you and compliment you . . . It's been a real pleasure to work with you." *Glenn v. Hyundai Motor Am.*, No. 8:15-cv-2052 (C.D. Cal. Feb. 25, 2019) (Carter, J.), ECF No. 275 at 14-15.

- "You made it very easy to deal with this case and clearly your years of expertise have carried the day here. Nice work. Thank you." *In re Am. Honda Motor Co.,*

---

[4] Gibbs Law Group's qualifications and the biographies of its lawyers who will litigate this case are set forth in the accompanying Declaration of Rosemary M. Rivas ("Rivas Decl.") and the attached firm resume (Exh. A).

*Inc., CR-V Vibration Litig.*, No. 2:15-md-2661 (S.D. Ohio Dec. 7, 2018) (Watson, J.), ECF No. 108 at 27.

- "This [$51.15 million] settlement could not have been achieved without the skill and experience that Class Counsel applied in the face of legal hurdles at every turn." *Beaver v. Tarsadia Hotels*, No. 11-cv-1842 (S.D. Cal. Sept. 28, 2017) (Curiel, J.), ECF No. 314 at 23.

*See* Rivas Decl. ¶ 5.  Gibbs Law Group has also received praise from its clients, as set forth in the accompanying Declaration of Rosemary M. Rivas. *Id.* at ¶ 6.

Moreover, Gibbs Law Group is willing to take their clients' cases to trial and through appeal if necessary. In the first half of 2021 alone, Gibbs Law Group has tried four cases, including one case on behalf of patients whose harvested eggs or embryos were destroyed due to a defective cryopreservation tank implosion in the case titled, *In re Pacific Fertility Ctr. Litig.*, No. 3:18-cv-001586 (N.D. Cal.). Rivas Decl. ¶ 7. In that case, a California federal jury issued a verdict in the plaintiffs' favor awarding nearly $15 million to five patients; additional trials are upcoming. *Id.* Moreover, Gibbs Law Group was also part of the trial team obtaining a $7.1 million federal jury verdict in a bellwether trial on behalf of military members alleging hearing damage from combat earplugs that failed in the case titled, *3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-02885 (N.D. Fla.). *Id.*

Rosemary M. Rivas, a partner with Gibbs Law Group, will take on primary responsibility of the case on behalf of the firm. She has dedicated her 20-year legal career to representing consumers and has a significant amount of experience and knowledge in litigating complex, class action cases involving food mislabeling cases, defective products, and consumer fraud. *See* Rivas Decl. ¶ 9. Based on her experience and leadership skills, Ms. Rivas has received a number of judicial appointments to leadership positions in multidistrict litigation proceedings and other class action cases in state and federal courts around the country that

have settled for hundreds of millions of dollars. *Id.*

In a highly competitive process involving 150 applicants, the Honorable Charles R. Breyer selected Ms. Rivas to serve on the Plaintiffs' Steering Committee in *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.), which settled for over $14.7 billion dollars — the largest in the history of auto class actions. Rivas Decl. ¶ 10. The Recorder, a San Francisco legal newspaper, named the lawyers selected by Judge Breyer as a class action "dream team." *Id*. Ms. Rivas recently helped achieve a proposed class action settlement valued at $38 million ($30 million in cash and $8 million in credits) involving allegations that Rodan + Fields failed to disclose certain ingredients in its lash enhancing product. *See id.* at ¶ 11. Ms. Rivas was also part of the plaintiffs' executive committee in *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827 (N.D. Cal.), which settled for $310 million on behalf of consumers nationwide whose iPhones allegedly were intentionally slowed down by Apple. *Id.* at ¶ 12.

Ms. Rivas also has significant experience litigating food labeling cases. She served as Co-Lead Class Counsel in *Pappas v. Naked Juice*, No. 2:11-cv-08276 (C.D. Cal.), which involved allegations that Naked Juice was falsely advertised as "all natural" and containing "No GMOs." In that case, Ms. Rivas helped achieve a nationwide class action settlement consisting of a $9 million cash fund and changes to the company's testing procedures and product labels. Rivas Decl. ¶ 13. In *In re Hill's Pet Nutrition, Inc., Dog Food Prods. Liab. Litig.*, MDL No. 2887 (D. Kan.), which involved claims that Hill's dog food had excessive Vitamin D that was harmful to pets, Chief Judge Julie A. Robinson appointed Ms. Rivas to the executive committee. Chief Judge Robinson recently granted final approval of the class action settlement there for $12.5 million. *Id.* at ¶ 14. In *Lilly v. ConAgra Foods, Inc*., 743 F.3d 662 (9th Cir. 2014), Ms.

Rivas obtained a reversal of the district court's order below finding that the plaintiff's claims were preempted by FDA regulations. Thereafter, ConAgra Foods agreed to change its food labels as part of a class action settlement. *Id.* at ¶ 15.

Other class cases Ms. Rivas has litigated include: *Petersen v. CJ America, Inc. dba CJ Foods, Inc.*, No. 3:14-cv-02570 (S.D. Cal.) (Co-Lead Class Counsel in nationwide action involving allegations that foods were improperly labeled; settlement of $1.5 million achieved); *Lima v. Gateway,* No. 8:09-cv-01366 (C.D. Cal.) (Co-Lead Class Counsel in nationwide class action involving defective monitors; achieved $195 refund for each monitor purchased); and *Garcia v. Allergan*, Inc., No. 09-cv-7088 (C.D. Cal.) (Co-Lead Class Counsel; achieved $7.75 million settlement and changes to the company's training procedures in class action alleging Allergan engaged in off-label advertising). Rivas Decl. ¶ 16.

Recently, Judge Roy Altman commended Ms. Rivas and her co-counsel at the final approval hearing of another class action matter "on a job done very, very well done" and stated that the settlement was a "successful resolution of a difficult case and . . . a very, very fair result" for the class. *See In re Citrix Data Breach Litig.*, No. 19-61350 (S.D. Fla.) (June 10, 2021 final approval hearing). Rivas Decl. ¶ 17.

For her work on behalf of consumers, Ms. Rivas has received a California Lawyer of the Year ("CLAY") Award, which is given annually to outstanding California practitioners "whose extraordinary work and cases had a major impact on the law." Rivas Decl. ¶ 18. Ms. Rivas has also been repeatedly recognized as a Super Lawyer by Law & Politics Magazine, which recognizes the top lawyers in specific areas, including Class Actions & Mass Torts. *Id.* Additionally, Bay Area Legal Aid presented Ms. Rivas with the Guardian of Justice award for her work achievements in the law and her role in helping to ensure equal access to the civil

justice system. *Id.* Based on her experience, Ms. Rivas routinely speaks on matters relating to consumer protection and class action procedure and is often invited to participate in bench-bar conferences and programs as set forth in her biography. *Id.* at ¶ 19.

Mr. Mark Troutman is another member of the Gibbs Law Group. Mr. Troutman has represented clients in complex litigation since 2003. As a former Assistant Attorney General for the State of Ohio, Mr. Troutman represented state entities sued in class actions regarding public benefits and other issues. Since moving to the plaintiffs' side, Mr. Troutman has represented consumers in cases against the world's largest automakers, pharmaceutical companies, and gym chains. In the State of Ohio's litigation against opioid manufacturers, Mr. Troutman serves a key role in discovery and guiding the case towards trial. Best Lawyers in America has honored Mr. Troutman as a top plaintiff Class Action Litigator, and Ohio Super Lawyers bestowed the Rising Star designation on Mr. Troutman for seven years straight. Mr. Troutman co-authored the leading guide on Ohio Consumer Law for more than a decade and regularly speaks on complex litigation issues across the country.

Ms. Rosanne L. Mah will also be part of the team for Gibbs Law Group. Ms. Mah represents consumers in complex class action litigation involving deceptive or misleading practices and false advertising. She has 15 years of experience in providing the highest level of legal representation to consumers and has worked closely with Ms. Rivas for several years. Significant cases Ms. Mah has worked on or is currently involved in include: *In re Hill's Pet Nutrition, Inc., Dog Food Prods. Liab. Litig.*, MDL No. 2887 (D. Kan.) (final approval of $12.5 million cash settlement) and *In re Midwestern Pet Foods Marketing, Sales Practices and Prods. Liab. Litig.,* No. 3:21-cv-00007 (S.D. Ind.) (pending case involving claims that Midwestern pet food products contained or may have contained excessive and harmful levels of Aflatoxin).

### 2.    *Pollock Cohen – Proposed Co-Lead Counsel*

Pollock Cohen is a boutique litigation firm, focusing its areas of practice on protecting consumers and the public health through class action and impact litigation; protecting the government and public fisc via *qui tam* whistleblower actions under the False Claims Act; and representing injured plaintiffs in complex litigation. All of Pollock Cohen's associates have completed federal clerkships, and its partnership features former New York State Assistant Attorney Generals and a wealth of public sector and plaintiff-side trial experience.[5] Pollock Cohen's heavy public health emphasis, in-house trial expertise, and in-house federal appellate clerking experience makes it particularly well situated to litigate a food contamination case on behalf of consumers and the public all the way through trial, and as necessary, through appeal.

Pollock Cohen's current class action work includes representing 600,000 New York City employees, retirees, and their families against a health insurance company (*Plavin v. GHI*, No. 3:17-cv-01462 (M.D. Pa.)); a suit against Pornhub's owner on behalf of underage victims who appeared on websites owned or operated by defendants (*Jane Doe v. Mindgeek USA Inc., et al.*, No. 8:21-cv-00338 (C.D. Cal.)); protecting seniors from the deceptive marketing practices, *Cohen v. Newsmax*, No. 9:21-cv-80894-WPD (S.D. Fla.); and protecting the rights of consumers to receive benefits they have bargained for (*Singh Gill v. National Football League*, No. 1:21-cv-1032 (S.D.N.Y.)). *See* Leung Decl. ¶ 5. Pollock Cohen's attorneys also bring extensive class-action experience from their past practices, which have included antitrust, securities, human rights, and consumer class actions.[6]

---

[5] The qualifications of Pollock Cohen are set forth in the firm's resume, attached as Exh. A to the accompanying Declaration of Christopher K. Leung ("Leung Decl.").

[6] Class action cases Pollock Cohen attorneys have worked on include: *In re Farfetch Limited Securities Litig.*, No. 1:19-cv-08657 (S.D.N.Y.); *In re Interior Molded Doors Indirect Purchaser Antitrust Litig.*, No. 3:18-cv-00850 (E.D. Va.); *In re Chicago Board Options Exchange Volatility*

Christopher K. Leung is a partner at Pollock Cohen, and former Special Counsel and Tobacco Enforcement Section Chief of the New York State Attorney General's Office. *See* Leung Decl. ¶¶ 1–7. Mr. Leung spent over 10 years at the New York State Attorney General's Office leading a variety of investigations and litigation actions for the State of New York and other states. *Id.* at ¶ 7. His prior experience further includes litigating consumer class actions and mass torts while at the plaintiff-side class action firm, Lieff Cabraser Heimann & Bernstein LLP, and clerking for the Honorable Oliver W. Wanger, U.S. District Court Judge for the Eastern District of California. *Id.*

Mr. Leung has investigated and led public health enforcement actions against some of the nation's largest corporations, including United Parcel Service ("UPS"), FedEx, AmerisourceBergen Drug Corp., Cardinal Health, Inc., and McKesson Corp. *Id.* at ¶ 8. As an Assistant Attorney General and later Special Counsel to the New York State Attorney General's Office, Mr. Leung co-led a 40-state investigation into the opioid distributors' role in contributing to the opioid epidemic. That work led to New York State filing the most extensive lawsuit against the distributors in the nation. *See The People of the State of New York v. Purdue Pharma L.P., et al.*, Index No. 400016/18 (Cty of Suffolk, NY). *Id.* at ¶ 9. Mr. Leung also led New York's case against the common carrier United Parcel Service for turning a blind eye to the company's delivery of contraband cigarettes. *See State of New York et al. v. UPS*, No. 1:15-cv-1136 (S.D.N.Y.). Following a two-week trial conducted with the City of New York, Mr. Leung's team obtained a final judgment and combined award of $247 million in damages and penalties—the largest

---

*Index Manipulation Antitrust Litig.*, No. 1:18-cv-04171 (N.D. Ill.); *Wigginton v. Advance Auto Parts, Inc., et al.*, No. 1:18-cv-00212 (D. Del.); *Camp v. Qualcomm Inc., et al.*, No. 3:18-cv-01208 (S.D. Cal.); *Cynthia Kao v. LG Electronics USA Inc*., No. 8:17-cv-01181 (N.D. Cal.); *Doe v. Chiquita Brands Int'l, Inc. (In re Chiquita Brands Int'l Inc. Alien Tort Statute and Shareholders Derivative Litig.)*, No. 08-cv-01916 (S.D. Fla.). *See* Leung Decl. ¶ 6.

monetary award obtained by the New York Attorney General's Office at trial. *See* Leung Decl. ¶ 10. For his work, Mr. Leung received the Louis Lefkowitz award—the Attorney General's highest commendation for superior service by an attorney. *See id.*

Mr. Leung also led New York's federal litigation against a Canadian cigarette manufacturer, securing damages for the State of more than $3 billion. *Id.* at ¶ 11 (citing *New York v. Grand River Enters. Six Nations, Ltd.*, No. 14-cv-910A(F) (W.D.N.Y.)). And he successfully defended 30 states in federal litigation, involving constitutional and antitrust challenges to the 1998 Tobacco Master Settlement Agreement—a landmark accord reached between 46 states, five U.S. territories, the District of Columbia, and the four largest cigarette manufacturers in America at the time. *See id.* (citing *Grand River Enters. Six Nations v. King*, No. 02-cv-5068 (S.D.N.Y.).

Since joining Pollock Cohen, Mr. Leung has continued his class action and impact litigation work in the public health space.  He recently filed a successful action against the FDA and other defendants for failure to regulate menthol cigarettes. *Id.* ¶ 12. His development of the legal theory and handling of that "landmark litigation" led to a decision from the Biden administration to begin the rulemaking process for banning menthol cigarettes. *Id.* In 2021, Mr. Leung received a New York Law Journal Distinguished Leader award for his work on the case. *Id.*

Max E. Rodriguez is skilled and experienced in complex litigation. *See generally* Max Rodriguez Webpage Biography, annexed to Leung Decl., Exh. B at 9–10. As a sixth-year associate at Pollock Cohen, Mr. Rodriguez represents clients in a variety of practice areas, including complex commercial litigation, appeals, *qui tam* whistleblower (False Claims Act) actions, and class actions. *See* Leung Decl. ¶¶ 14–15. Mr. Rodriguez has investigated the claims of and engaged plaintiffs from over twenty (20) different states to represent in this class action. *Id.* at ¶ 15. Mr.

Rodriguez has extensive experience in briefing complex matters in state and federal court, litigating in New York state and federal courts, and has argued hearings in state and federal courts. *See* Leung Decl. ¶ 15.

Before joining Pollock Cohen, Mr. Rodriguez worked on numerous complex white-collar criminal and regulatory investigations at the litigation boutique firm Morvillo Abramowitz Grand Iason & Anello P.C. *See id.* He previously clerked for the Honorable Denise J. Casper of the U.S. District Court for the District of Massachusetts and the Honorable O. Rogeriee Thompson of the U.S. Court of Appeals for the First Circuit. *See id.*

Alison Borochoff-Porte is experienced in public impact litigation and working with scientific experts. *See generally* Alison Borochoff-Porte Webpage Biography, annexed to Leung Decl., Exh. B at 12–13. As a sixth-year associate at Pollock Cohen, Ms. Borochoff-Porte represents clients in public health and consumer protection actions. *See* Leung Decl. ¶¶ 14, 16. Ms. Borochoff-Porte has a background in nonprofit environmental litigation and previously represented clients in complex litigation against companies such as Chiquita, Exxon, and Newmont Mining. *See* Leung Decl., ¶ 16.

Ms. Borochoff-Porte has worked with scientists and engineers to investigate complex environmental harms, including having worked on behalf of a community in Papua New Guinea and with a team of scientists to understand the impacts of toxic heavy metals involved in mining operations in the area—some of which are at issue in the present action. *See id.* Ms. Borochoff-Porte previously clerked for the Honorable Margo K. Brodie of the U.S. District Court for the Eastern District of New York. *See id.*

//

//

16

### 3.    *Kohn Swift – Proposed Co-Lead Counsel*

Kohn Swift has been selected by courts throughout the country to prosecute complex consumer, antitrust, securities, and other cases as lead counsel or as a member of a steering committee in an efficient and cost-effective manner for over 50 years and has a long history of successfully representing the interests of the classes it has been appointed to represent.[7] The firm is listed as a top antitrust firm by Chambers USA and U.S News, and its lawyers—among them Joseph Kohn, William Hoese, Zahra Dean, and Aarthi Manohar—are recognized in the Best Lawyers in America and "Super Lawyers" publications. Hoese Decl. ¶ 10. The more senior members of the team, Messrs. Kohn, Hoese, and Abrahams, have also achieved "AV" ratings from Martindale-Hubble. *Id.*

Judge Borman in the Eastern District of Michigan appointed Kohn Swift to serve as lead counsel from among multiple well-credentialed applicants in *In re Packaged Ice Antitrust Litig.*, MDL No. 1952, 2009 WL 1518428, at *1 (E.D. Mich. June 1, 2009) ($26.75 million in settlements). *Id.* at ¶ 17.  Judge Hornby in the District of Maine appointed Kohn Swift lead counsel for the private plaintiffs in *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL No. 1361, 2001 WL 64775, at *1 (D. Me. Jan. 26, 2001), in which the firm led the private party cases and coordinated them with a consortium of state attorneys general litigating claims that CD prices were artificially inflated. *Id.* The case settled for $67.375 million in cash and $75 million in CDs distributed to schools and libraries. *Id.*  Kohn Swift was also selected as lead counsel from among a large group of qualified bidders by Judge Shadur in the Northern District of Illinois in *In re Amino Acid Lysine Antitrust Litig.*, MDL No. 1083, 918 F. Supp. 1190 (N.D. Ill. 1996) (international chicken feed additive price fixing conspiracy; settled for over $50 million; criminal

---

[7] The qualifications of Kohn Swift are set forth in the accompanying Declaration of William E. Hoese ("Hoese Decl.") and the firm's resume attached thereto as Exh. A.

case made into movie, "The Informant," starring Matt Damon). Hoese Decl. ¶ 17.  Kohn Swift served as co-lead counsel in *In re Synthroid Marketing Litig.*, MDL No. 1182 (N.D. Ill.), before Judge Bucklo in Chicago.  *Id.* at ¶ 18.  There, Kohn Swift and its co-counsel negotiated a $45.5 million settlement of claims that defendants misrepresented facts regarding Synthroid's effectiveness compared to less expensive alternatives, causing the plaintiffs to overpay for the drug. *Id.*

Kohn Swift has also had important roles in cases in the Southern and Eastern Districts of New York. The firm was part of the team that participated in the groundbreaking Antiterrorism Act trial against Arab Bank on behalf of victims of terrorist attacks in Israel (*Linde v. Arab Bank, PLC*, No. 14-cv-2799 (E.D.N.Y.)). *Id.* at ¶ 19.  The firm also played a prominent role in a number of lawsuits pursuing claims against banks and insurance companies to recover property they wrongfully withheld from holocaust victims. *In re Holocaust Victim Assets Litig.*, No. CV 96 4849 (E.D.N.Y) ($1.25 billion settlement); *In re Assicurazioni Generali S.p.A. Holocaust Insurance Litig.*, MDL No. 1374, M 21-89 (S.D.N.Y) ($50 million settlement); *In re Austrian and German Bank Holocaust Litig.*, No. 98 Civ. 3938 (S.D.N.Y) (German banks settled for $5.2 billion; Austrian banks for $40 million).  *Id.*  Recently the firm filed suit on behalf of scores of former members of the infamous NXIVM organization alleging that NXIVM and its leaders violated the Racketeer Influenced and Corrupt Organizations Act as well as laws prohibiting human trafficking, sex slavery and forced labor.  *Edmondson, et al., v Raniere, et al.*, No. 20-cv-485 (E.D.N.Y.). *Id.*

Emblematic of Kohn Swift's ability to successfully manage complex class action litigation is *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311 and MDL No. 2311 (E.D. Mich.) as a co-lead counsel. *Id.* at ¶ 24.  *Automotive Parts* involves over two dozen cases against scores of Japanese, European, and American companies accused of price fixing, bid-rigging, and customer

and market allocation of a myriad of parts used in motor vehicles. Hoese Decl. ¶ 24.  As co-lead counsel for the direct purchasers, Kohn Swift worked closely and cooperatively not only with co-counsel in the direct purchaser cases, but also with multiple firms serving as co-lead counsel for indirect purchasers of parts and so far over $359 million has been recovered for the clients and class members. *Id.*

The firm has also served as lead or co-lead counsel in large consumer class actions such as *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, MDL 1001 (D. Minn.) (jaw implants degraded causing injuries) and *In re Bolar Pharmaceutical Co., Inc. Generic Drug Consumer Litig.*, MDL 849 (E.D. Pa.) (generic drug falsely certified as bioequivalent to the name brand; $3.8 million settlement).  *Id.* at ¶ 25.  Kohn Swift has taken an important role in a case by hemophiliacs against producers of blood factor concentrates contaminated with the human immunodeficiency virus, *In re Factor VIII or IX Concentrate Blood Prods. Liab. Litig.*, MDL No. 986, 853 F. Supp. 454 (J.P.M.L. Dec. 7, 1993) (class settlement of $100,000 for each of over 6200 HIV infected hemophiliacs).  *Id.* Kohn Swift also played an integral role in lawsuits against Porsche and Hyundai for selling defective vehicles in the cases titled *In re Porsche Cars North America, Inc. Plastic Coolant Tubes Prods. Liab. Litig.*, No. 2-11-md-2233 (S.D. Ohio) and *Cirulli v. Hyundai Motor Co.*, No. SACV08-00854 (C.D. Cal.).  *Id.*

Kohn Swift has a strong group of attorneys working on the baby food case. Joseph C. Kohn is a shareholder and director of Kohn Swift.  *Id.* at ¶ 27.  At Villanova Law School he was both Editor-in-Chief of the Villanova Law Review and winner of the prestigious Reimel Moot Court competition, an accomplishment unique in the law school's history. *Id.* He was elected to the Order of the Coif, and later served on the Villanova Law School Board of Consultors. *Id.* Mr. Kohn has spent over 30 years litigating major cases in a variety of fields, including antitrust,

securities, products liability, environmental, lender liability, employment and civil rights. Hoese Decl. ¶ 27. As discussed herein, he has been designated by federal and state courts throughout the country as lead counsel in class action and other multi-party litigation. *Id.* He has personally tried cases in federal and state courts and has won multi-million-dollar jury trials in class actions and other complex business cases, as well as arguing cases in the Third Circuit and other appellate courts. *Id.* He has a "AV" rating from Martindale-Hubbell and has been listed in Who's Who in American Law; the Best Lawyers in America®; Chambers USA America's Leading Business Lawyers; and as a top 100 "Super Lawyer" in Pennsylvania. *Id.* He recently was honored by Best Lawyers® as the Philadelphia lawyer of the year for antitrust litigation. *Id.*

William E. Hoese is a Phi Beta Kappa and honors graduate of the College of Wooster. *Id.* at 28. He graduated magna cum laude from the Syracuse University College of Law and was inducted into the Justinian Honor Society at the College of Law and the Order of the Coif. *Id.* Mr. Hoese obtained an "AV" rating from Martindale-Hubble and for years has been selected by others attorneys for inclusion in Best Lawyers in America® and "Philadelphia's Best Lawyers" in the area of antitrust law, and also as a Pennsylvania "Super Lawyer." *Id.* Mr. Hoese was senior trial counsel in the enforcement division at the Securities and Exchange Commission's Philadelphia Regional office before joining the firm in 1989. *Id.* Mr. Hoese served as co-lead counsel in *In re Skin-Cap Products Liability Litig.*, MDL No. 1243 (S.D. Fla.) (individual plaintiff settlements were reached after multiple mediation sessions), and has played important roles in all phases of antitrust and other complex class and non-class litigation, including recently representing direct purchasers in the *Automotive Parts Antitrust Litig.* and *First Impressions Salon, Inc. v. National Milk Federation*, No. 3:13-cv-00454 (S.D. Ill.) before Judge Rosenstengel (antitrust action against dairy cooperatives; $220 million settlement). *Id.*

20

Zahra R. Dean graduated from Temple University Beasley School of Law with a Master of Law (LL.M.), cum laude, (2016) where she was awarded the 2015 Philadelphia Bar Association International Law Committee Award for Outstanding Achievement in International Law or Human Rights in 2016.  Hoese Decl. ¶ 34.  Ms. Dean was awarded a Bachelor of Laws (LL.B.) from the University of London (2011).  *Id.* From 2012 to 2015, she worked at Jamil & Jamil, a private law firm in Pakistan. *Id.* Since joining Kohn Swift, Ms. Dean has gained significant experience litigating complex class and non-class cases, including antiterrorism financing, intellectual property, trafficking and forced labor, such as *Julin et al. v. Chiquita Brands Int'l, Inc.*, No. 08-civ-20641, No. 08-md-01916 (S.D. Fla.); *Miller et al. v Arab Bank*, No. 18-cv-2192 (E.D.N.Y); *Advanced Fluid Sys., Inc. v. Huber*, 295 F. Supp. 3d 467 (M.D. Pa. 2018); and the NXIVM case, *Edmondson et al., v Raniere et al.*, No. 20-cv-485 (E.D.N.Y.). *Id.* at ¶ 35.

Aarthi Manohar has experience litigating complex consumer protection, sex abuse, and civil rights cases. *Id.* at ¶ 38. Her consumer work includes representing plaintiffs in breach of warranty and misrepresentation cases, such as those involve ing defective and harmful products and bait and switch tactics by energy suppliers, among others. *Id.*  She has worked on a variety of civil rights cases, including *Taha v. Bucks County*, 2:12-cv-06867 (E.D. Pa.), a successful class action under the Pennsylvania Criminal History Record Information Act on behalf of prisoners whose privacy rights were violated. *Id.*  She also represented sexual abuse survivors in *In Re USC Student Health Center Litig.*, 2:18-cv-04258 (C.D. Cal.), which involved allegations by female patients against a doctor employed at the health center.  *Id.* Ms. Manohar also has experience with data breach cases. *Id.*

Before joining Kohn Swift, Ms. Manohar worked at an employment litigation firm, representing plaintiffs in sexual harassment, race, age, disability, and gender discrimination cases.

21

Hoese Decl. ¶ 39.  She received her bachelor's degree, *magna cum laude*, from Bryn Mawr College in 2011, her J.D. from the Villanova University School of Law in 2014, and her M.S. in Journalism from Columbia University in 2015.  *Id.*

### 4.     *Labaton Sucharow – Proposed Interim Liaison Counsel*

Labaton Sucharow has been recognized as a leader in the field of complex litigation and is one of the nation's foremost plaintiffs' class action law firms, having received awards and recognitions from leading industry publications, including *Chambers & Partners USA*, *The Legal 500 U.S.*, and *Benchmark Litigation*. For the past decade, Labaton Sucharow was listed on The National Law Journal's Plaintiffs' Hot List and was inducted to the Hall of Fame for successive honors. Labaton Sucharow has also been featured as one of Law 360's Most Feared Plaintiffs Firms and Class Action and Securities Law Practice Groups of the Year, and has achieved this distinction based on vigorous efforts representing a wide variety of plaintiffs in complex litigation on both a class and single-plaintiff basis, from individual consumers and small business, to large institutional investors.

Michael Canty, who will work on the case on behalf of Labaton Sucharow, has significant experience prosecuting consumer and securities cases, including serving as one of the lead attorneys in *In re Facebook Biometric Information Privacy Litigation*. Mr. Canty has also received several rewards recognizing his litigation skills and successes, including from the National Law Journal as a "Plaintiffs' Trailblazer" and the New York Law Journal as a "New York Trailblazer." Before joining Labaton Sucharow, Mr. Canty was a federal prosecutor in the U.S. Attorney's Office for the Eastern District of New York, where he last served as the Deputy Chief of the Office's General Crimes Section. Mr. Canty also served in the Office's National Security and Cybercrimes Section. During his time as lead prosecutor, Mr. Canty investigated and prosecuted

complex and high-profile white collar, national security, and cybercrime offenses. He also previously served as an Assistant District Attorney for the Nassau County District Attorney's Office, where he served in the Office's Homicide Bureau. Prior to that, Mr. Canty worked as a Congressional Staff Member for the U.S. House of Representatives. During his time with the House of Representatives, Mr. Canty served on the Government Reform and Oversight Committee—coincidentally the same Committee responsible for the Congressional Report.

### D.    The Philippe Team has the Necessary Resources to Devote to the Litigation

The Philippe Team is willing and able to devote the necessary resources to this case and will establish a litigation fund to immediately support the litigation effort. As discussed herein, they have investigated and litigated class actions and complex litigation against some of the nation's largest and most prominent companies, including Volkswagen,[8] Facebook,[9] JP Morgan Chase,[10] Wells Fargo[11] and others. Just as in those cases, the Philippe Team will devote the necessary human and financial resources to this case.

Moreover, the Philippe Team will have the use of Labaton Sucharow's in-house investigative group at its disposal. Labaton Sucharow's in-house investigative team consists of six experienced investigators, including a former investigative Auditor at the New York City Department of Investigation and a former Investigator with the Chicago Office of the Inspector General. The team is led by Amy Greenbaum, Director of Investigations, a Certified Fraud

---

[8] *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.).

[9] *In re Facebook Biometric Information Privacy Litig.*, No. 15-cv-3747 (N.D. Cal.).

[10] *Chase Minimum Payment Class Action*, https://www.classlawgroup.com/chase/ (accessed July 21, 2021).

[11] *Wells Fargo Loan Modification Lawsuit*, https://www.classlawgroup.com/wells-fargo-mortgage-modification-lawsuit/ (accessed Apr. 10, 2020).

Examiner who has been with Labaton for over 15 years. During this time, Ms. Greenbaum has been instrumental in hundreds of the firm's cases and her development of witnesses has been frequently cited by judges throughout the country. To date, Labaton's investigative team has provided invaluable insight regarding the inner workings of supply chains in the food industry and will continue to work on this case to identify and investigate pertinent factual issues relating to the class claims.

       **E.**       **The Philippe Team Will Fairly and Adequately Represent the Interests of the Proposed Class Members**

The Philippe Team's lawyers are recognized leaders in the field and have a unique, complementary skillset that will best allow them to represent the interests of the Class—having litigated some of the most high-profile consumer class actions and other cases in the country, having been recognized for their dedicated work on behalf of their clients and class members, and being comprised of numerous former civil and public servants. Appointment of the Philippe Team will result in cost savings as generally only three firms will litigate the case as compared to the competing structures, which will likely involve numerous firms and attendant inefficiencies.

The Philippe Team will also balance the need to dedicate sufficient resources to this case with the need to control costs and move proceedings forward. The Philippe Team members know from experience how to litigate efficiently and implement billing protocols to protect the class. To that end, they have prepared a protocol to ensure that the litigation is pursued efficiently, without unnecessary effort and duplication, and in a manner that can be best supervised by the Court. *See* Rivas Decl. Exh. B. This protocol will govern timekeeping, monthly submission of time records, and other administrative tasks. The protocol includes:

- A requirement that any work done be assigned or approved by Interim Class Counsel;

- Monthly submittal of time and expenses on an agreed-upon report, certified by Interim Class Counsel;

- Detailed descriptions of work done, kept in increments of 1/10th of an hour; and

- Excluding as common benefit time any time devoted to seeking lead counsel and general review of filings, orders, transcripts, or emails not directly related to assignments.

The Philippe Team does not believe it is necessary to appoint a formal Steering Committee or additional leads in this case. That said, the Philippe Team would incorporate any other firms or lawyers appointed by the Court should it believe the appointment of additional counsel will serve the best interests of the Class.

## II.   CONCLUSION

If appointed by the Court, the Philippe Team will be honored to represent Plaintiffs and the proposed Class.  If selected as interim counsel, the Philippe Team will draw on its members' extensive experience litigating consumer class actions and other complex cases; commit the necessary time and resources to pursue the matter to its conclusion; coordinate and cooperate with counsel in the consolidated cases to provide focused roles to prosecute the case efficiently; and at all times meet their obligations to the named Plaintiffs, all members of the proposed Class, and this Court. For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Gibbs Law Group LLP, Pollock Cohen LLP, and Kohn Swift & Graf, P.C. as Interim Co-Lead Class Counsel and Labaton Sucharow LLP as Interim Liaison Counsel pursuant to Fed. R. Civ. P. 23(g).

Dated:  September 28, 2021                         Respectfully submitted,

**LABATON SUCHAROW LLP**

By: /s/ Michael P. Canty
    Michael P. Canty
    Carol C. Villegas
    140 Broadway New York, NY 10005
    Tel: (212) 907-0700

Fax: (212) 818-0477
Email: mcanty@labaton.com
Email: cvillegas@labaton.com

Rosemary M. Rivas (admitted *pro hac vice*)
Mark Troutman* (admitted *pro hac vice*)
Rosanne L. Mah (admitted *pro hac vice*)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
Email: rmr@classlawgroup.com
Email: mht@classlawgroup.com
Email: rlm@classlawgroup.com
*working from Ohio office

Christopher K. Leung
Max E. Rodriguez
Alison Borochoff-Porte (admission pending)
**POLLOCK COHEN LLP**
60 Broad St., 24th Fl.
New York, NY 10004
Telephone: (917) 985-3995
Email: Chris@PollockCohen.com
Email: Max@PollockCohen.com
Email: Alison@PollockCohen.com

Zahra R. Dean
Joseph C. Kohn
William E. Hoese (admitted *pro hac vice*)
Douglas A. Abrahams
Aarthi Manohar
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700
Email:zdean@kohnswift.com
Email:jkohn@kohnswift.com
Email:whoese@kohnswift.com
Email:dabrahams@kohnswift.com
Email:amanohar@kohnswift.com

*Attorneys for Philippe Plaintiffs and the
Proposed Class Members*

26