L8RPSTEC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

NICOLE STEWART, ET AL.,

                    Plaintiffs,

          v.                          21 CV 1217 (MKV)
                                      (and related cases)
                                      Videoconference
NURTURE, INC.,

                    Defendant.

------------------------------x
                                      New York, N.Y.
                                      August 27, 2021
                                      11:13 a.m.

Before:

                    HON. MARY KAY VYSKOCIL,

                                           District Judge

               APPEARANCES VIA VIDEOCONFERENCE

GEORGE GESTEN McDONALD PLLC
     Attorneys for Plaintiffs Stewart, et al. (21CV1217)
BY:  LORI G. FELDMAN
     DAVID GEORGE
          and
CALCATERRA POLLACK, LLP
BY:  MICHAEL LISKOW
     JANINE POLLACK

CUNEO, GILBERT & LADUCA
     Attorneys for Plaintiff Smith (21CV1534)
BY:  KATHERINE VAN DYCK
          and
LOCKRIDGE, GRINDAL & NAUEN
BY:  REBECCA PETERSON

LEVIN, FISHBEIN, SEDRAN & BERMAN
     Attorneys for Plaintiff Jain (21CV1473)
BY:  CHARLES SHAFFER
          and
SHUB LAW FIRM, LLC
BY:  JONATHAN SHUB

L8RPSTEC

1                              APPEARANCES (CONT'D)

2     WEXLER WALLACE
           Attorneys for Plaintiff Hampton (21CV1882)
3     BY:  KARA ELGERSMA
                   and
4     GUSTAFSON GLUEK
      BY:  MARY NIKOLAI
5
      TYCKO AND ZAVAREEI
6          Attorneys for Plaintiff Strobel (21CV2129)
      BY:  ANNICK PERSINGER
7
      LEVIN PAPANTONIO
8          Attorneys for Plaintiff Gothot (21CV4997)
      BY:  REBECCA TIMMONS
9                  and
      PEARSON, SIMON & WARSHAW
10    BY:  MELISSA WEINER
                   and
11    MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
      BY:  RACHEL SOFFIN
12
      BARRACK, RODOS & BACINE
13         Attorneys for Plaintiff Gutierrez (21CV3499)
      BY:  WILLIAM BAN
14         MARK ROSEN

15    CARLSON LYNCH
           Attorneys for Plaintiff Skibicki (21CV2553)
16    BY:  GARY LYNCH

17    KANTROWITZ, GOLDHAMER & GRAIFMAN
           Attorneys for Plaintiff Westin (21CV2101)
18    BY:  GARY GRAIFMAN

19    REESE, LLP
           Attorneys for Plaintiff Robbins (21CV5344)
20    BY:  MICHAEL REESE
                   and
21    THE SULTZER LAW GROUP
      BY:  MINDY DOLGOF
22
      GIBBS LAW GROUP
23         Attorneys for Plaintiff Phillipe (21CV6632)
      BY:  ROSEMARY RIVAS
24                 and
      POLLOCK COHEN
25    BY:  CHRISTOPHER LEUNG

L8RPSTEC

1                              APPEARANCES (CONT'D)

2   WORDEN THANE, PC
         Attorneys for Plaintiff Williams (21CV6918)
3   BY:  MARTIN ROGERS

4   ZIMMERMAN LAW OFFICES, PC
         Attorneys for Plaintiff Altuve (21CV6678)
5   BY:  THOMAS ZIMMERMAN

6   CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP
         Attorneys for Plaintiff Spencer (21CV6861)
7   BY:  GAYLE BLATT

8   KOHN, SWIFT & GRAF
         Attorneys for Plaintiff Lawrence (21CV5748)
9   BY:  WILLIAM HOESE
         ZAHRA DEAN
10

11  DLA PIPER US LLP
         Attorneys for Defendant
12  BY:  ANGELA AGRUSA
         COLLEEN GULLIVER
13

14

15

16

17

18

19

20

21

22

23

24

25

L8RPSTEC

1          (The Court and all parties appearing via

2     videoconference)

3          THE COURT:  Good morning.  This is Judge Vyskocil.

4          Ms. Dempsey, are you able to hear me clearly?

5          THE DEPUTY CLERK:  Yes, your Honor.

6          THE COURT:  All right.  Good morning.  Would you call

7     the calendar, please?

8          (Case called)

9          THE DEPUTY CLERK:  The most orderly way to do this

10    would be to go down all the case numbers and get the entire

11    list of appearances.  Starting with 21 CV 1217, please state

12    your name for the record?

13          THE COURT:  Everyone, please be mindful mute your

14    lines if you're not speaking, but when you're called to speak,

15    please unmute your line.

16          So who is appearing on behalf of Nicole Stewart?

17          MR. LISKOW:  This is Michael Liskow appearing on

18    behalf of the Stewart plaintiffs.  Also, Ms. Feldman, I think

19    you're muted I'm sorry.

20          THE COURT:  I'm sorry.  Your name, sir?

21          MR. LISKOW:  Michael Liskow.

22          THE COURT:  And what firm are you with?

23          MR. LISKOW:  I'm with Calcaterra Pollack.

24          THE COURT:  Okay.  Thank you.

25          MS. FELDMAN:  Good morning, your Honor.  This is Lori

L8RPSTEC

1    Feldman.  I'm appearing as well for plaintiffs Nicole Stewart,

2    Summer Apicella and Shannon Fitzgerald, and my partner, David

3    George, from the same firm is also here this morning.

4              THE COURT:  All right.  Good morning, Ms. Feldman.

5              MS. FELDMAN:  Good morning.

6              THE COURT:  And good morning to Mr. George.  I'm not

7    seeing you, but good morning.

8              MR. GEORGE:  Thank you.

9              THE COURT:  Anyone else for the plaintiffs in the

10   Stewart action?

11             MS. POLLACK:  Good morning, your Honor.  This is

12   Janine Pollack, also from Calcaterra Pollack.

13             THE COURT:  All right.  Good morning, Ms. Pollack.

14             Who is going to be taking the lead on behalf of

15   Ms. Stewart?

16             MS. FELDMAN:  Your Honor, I am, Ms. Feldman.

17             THE COURT:  Thank you, Ms. Feldman.

18             All right.  As Ms. Dempsey said, I think the most

19   orderly way to do this is to go down the list of cases, but I

20   assume the same set of counsel is appearing on behalf of

21   Nurture in all of the cases.  Is that correct?  And can we get

22   the appearance for Nurture in the Stewart case?

23             MS. AGRUSA:  Hello, your Honor.  Good morning.  This

24   is Angela Agrusa.  I am here today with my colleague and

25   partner, Colleen Gulliver, from DLA Piper.  We are representing

L8RPSTEC

1    Nurture, Incorporated, in each of the actions that are going to

2    be discussed today.

3          THE COURT:  All right.  Good morning, Ms. Agrusa and

4    Ms. Gulliver.

5          So, Ms. Dempsey, would you just call each of the

6    other, I believe we're now up to 16 cases that had been

7    assigned to me.  If you would just call those cases, and if the

8    plaintiff in each of those cases would please state their

9    appearance for the record.

10          Is there a court reporter, Ms. Dempsey, or no?

11          THE DEPUTY CLERK:  Yes, your Honor.  Rose Prater is

12    with us this morning.

13          THE COURT:  Oh, good morning, Ms. Prater.  How are

14    you?

15          THE COURT REPORTER:  Good morning, your Honor.  I'm

16    fine.  Thank you.

17          THE COURT:  Please, when you're not speaking, if you

18    would turn your video off as well, it would be easier.  I'm

19    having trouble seeing the speakers as well.

20          All right.  So, Ms. Dempsey, would you call each of

21    the 15 other cases then, and we only need the appearances for

22    the plaintiffs, since the defendant's counsel is appearing in

23    all of these cases.

24          THE DEPUTY CLERK:  Okay.  I have the cases listed by

25    docket number, not by case name.  So plaintiff in case 21 CV

L8RPSTEC

1    1534, state your name for appearance.

2              THE COURT:  That's the Smith case, I believe.

3              MS. VAN DYCK:  Good morning, your Honor.  This is

4    Katherine Van Dyck of Cuneo, Gilbert and Laduca on behalf of

5    plaintiffs.

6              THE COURT:  All right.  Ms. Van Dyck, it's very hard

7    to hear you so if I call --

8              MS. VAN DYCK:  I apologize, your Honor.  I'll get

9    closer to my mic.  Is that better?

10             THE COURT:  Yes, and if you're going to be addressing

11   the Court on any point, just keep your voice up.  Okay?  Thank

12   you.

13             MS. VAN DYCK:  Thank you.

14             MS. PETERSON:  Good morning, your Honor.  Rebecca

15   Peterson, also on behalf of plaintiff Smith from Lockridge,

16   Grindal and Nauen.

17             THE COURT:  Good morning, Ms. Peterson.

18             THE DEPUTY CLERK:  Case No. 21 CV 1473.

19             THE COURT:  Jain against Nurture.

20             MR. SCHAFFER:  Good morning, your Honor.  Charles

21   Schaffer for Levin, Fishbein, Sedran and Berman, and I will be

22   the only one appearing, along with my co-counsel, Jonathan B.

23   Shub, but he can introduce himself next.

24             MR. SHUB:  Good morning, your Honor.  Jonathan Shub,

25   appearing for plaintiff in case 1473, Shub Law Firm LLC.

L8RPSTEC

1          THE COURT:  All right.  Good morning, counsel.

2          MR. SHUB:  Thank you.  Good morning.

3          THE DEPUTY CLERK:  Case No. 21 CV 1271.

4          THE COURT:  Soto against Nurture.

5          (Pause)

6          Is there an appearance for Soto?  From Spencer

7   Sheehan, anyone appearing?

8          All right.  The record should reflect no appearance.

9          MS. AGRUSA:  Your Honor, I might share with the Court.

10  This is Angela Agrusa, counsel for Nurture, that Nurture has

11  not been served in this case yet.  I believe the time to serve

12  has expired.

13         THE COURT:  Okay.  Thank you.  Thank you very much.

14         THE DEPUTY CLERK:  Case No. 21 CV 1882.

15         THE COURT:  Hampton against Nurture.

16         MS. ELGERSMA:  Good morning, your Honor.  Kara

17  Elgersma, from Wexler Wallace, on behalf of the plaintiffs in

18  1882.

19         THE COURT:  Good morning.

20         MS. NIKOLAI:  Good morning, your Honor.  My name is

21  Mary Nikolai with Gustafson Gluek also appearing in 1882.

22         THE COURT:  Good morning, Ms. Nikolai.

23         THE DEPUTY CLERK:  For 21 CV 2129.

24         THE COURT:  And that's Strobel against Nurture.

25         MS. PERSINGER:  Good morning, your Honor.  Annick

L8RPSTEC

Persinger from Tycko and Zavareei on behalf of plaintiff

Strobel, in 21-CV-2129.

          THE COURT:  Good morning, Ms. Persinger.

          THE DEPUTY CLERK:  21 CV 4997.

          THE COURT:  Gothot.

          MS. TIMMONS:  Good morning, your Honor.  This is

Rebecca Timmons from Levin Papantonio on behalf of the

plaintiffs Gothot.

          THE COURT:  Good morning.

          MS. WEINER:  Good morning, your Honor.  Melissa

Weiner, Pearson, Simon and Warshaw in Minneapolis, Minnesota.

My colleague, Rachel Soffin of Milberg is also on the line.

          THE COURT:  Good morning, Ms. Soffin and Ms. Weiner.

          MS. SOFFIN:  Good morning, your Honor.

          THE DEPUTY CLERK:  21 CV 3499.

          THE COURT:  Gutierrez.

          MR. BAN:  Good morning, your Honor.  My name is Bill

Ban.  I'm with the firm of Barrack, Rodos and Bacine on behalf

of Angela Gutierrez in case 3499.  With me is my partner, Mark

Rosen from the same firm.

          THE COURT:  All right.  Good morning, counsel.

          Mr. Lynch, can you please turn your video off until

you appear?

          THE DEPUTY CLERK:  Mr. Lynch, you're next.

          THE COURT:  Oh, okay.

L8RPSTEC

1              MR. LYNCH:  Can you hear me, okay, your Honor.

2              THE COURT:  Yes, I can hear you, but you're taking up

3     the whole screen.  Let her call your case.

4              THE DEPUTY CLERK:  21 CV 2553.

5              THE COURT:  And that's Skibicki.

6              MR. LYNCH:  Yes, your Honor.  Gary Lynch from Carlson

7     Lynch on behalf of plaintiff Skibicki.  And I will turn my

8     video off, your Honor.  I don't know why it's putting me so

9     prominently.

10              THE DEPUTY CLERK:  21 CV 2101.

11              THE COURT:  Westin.

12              MR. GRAIFMAN:  Yes, good morning, your Honor.  Gary

13     Graifman from Kantrowitz, Goldhamer & Graifman for plaintiff

14     Westin.

15              THE COURT:  Good morning, Mr. Graifman.  How are you?

16              MR. GRAIFMAN:  Very well, your Honor.

17              THE DEPUTY CLERK:  21 CV 5344.

18              THE COURT:  Robbins against Nurture.

19              MR. REESE:  Morning, your Honor.  Michael Reese, Reese

20     LLP, New York, New York.  My co-counsel is also on.

21              THE COURT:  All right.  Good morning, Mr. Reese.

22              MR. REESE:  Good morning, your Honor.

23              THE COURT:  You're muted, ma'am.

24              MS. DOLGOF:  Oh, I'm sorry.  Sorry, your Honor.  Mindy

25     Dolgof, The Sultzer Law Group for plaintiff Robbins.

L8RPSTEC

1          THE COURT:  Good morning, Ms. Dolgof.

2          MS. DOLGOF:  Good morning, your Honor.

3          THE DEPUTY CLERK:  21 CV 6632.

4          THE COURT:  Philippe against Nurture.

5          MS. RIVAS:  Good morning, your Honor.  Rosemary Rivas

6   of Gibbs Law Group on behalf of the plaintiffs Philippe, and my

7   co-counsel Christopher Leung of Pollock Cohen is also

8   appearing.

9          THE COURT:  All right.  Good morning, Ms. Rivas and

10  Mr. Leung.

11         MR. LEUNG:  Good morning.

12         MS. RIVAS:  Good morning.

13         THE DEPUTY CLERK:  21 CV 6918.

14         THE COURT:  Williams.

15         MR. ROGERS:  Good morning, your Honor.  Martin Rogers

16  from Worden Thane PC appearing on behalf of plaintiff Caitlin

17  Williams.

18         THE COURT:  All right.  Good morning, Mr. Rogers.

19         THE DEPUTY CLERK:  21 CV 6678.

20         THE COURT:  Altuve.

21         MR. ZIMMERMAN:  Good morning, your Honor.  Tom

22  Zimmerman for the plaintiffs in the Altuve matter.

23         THE COURT:  Good morning, Mr. Zimmerman.

24         MR. ZIMMERMAN:  Your Honor, I would just note that we

25  did file a motion for admission pro hac vice, which is still

L8RPSTEC

1    pending.  So technically, I have not been admitted yet.  It was

2    filed on August 17th.

3             THE COURT:  All right.  Thank you for calling that to

4    our attention.  The Court grants your motion for purposes of

5    today's conference, and I will check with the clerk's office as

6    soon as we hang up to try to get that taken care of more

7    generally.

8             MR. ZIMMERMAN:  Thank you, your Honor.

9             THE DEPUTY CLERK:  21 CV 6861.

10            THE COURT:  That's Spencer.

11            MS. BLATT:  Good morning, your Honor.  Gayle Blatt,

12   B-l-a-t-t, Casey Gerry, LLP, on behalf of plaintiff Spencer.

13            THE COURT:  Good morning, Ms. Blatt.

14            And we have the last case added this morning,

15   Ms. Dempsey, right?

16            THE DEPUTY CLERK:  Yes.  It will be as soon as case

17   assignments acknowledges it.  It's 21 CV 5748.

18            THE COURT:  And that's Lawrence.

19            MR. HOESE:  Yes, your Honor.  Good morning.  William

20   Hoese, H-o-e-s-e, from the law firm of Kohn, Swift and Graf,

21   and I have with me my colleague, Zahra, Z-a-h-r-a, Dean.

22            THE COURT:  All right.  Good morning, Mr. Hoese and

23   Ms. Dean.

24            MS. DEAN:  Morning.

25            MR. HOESE:  Thank you, your Honor.

L8RPSTEC

1      THE COURT:  So I believe that should be all of the

2  appearances, correct?

3      Ms. Dempsey, are any that you're aware of that I've

4  missed?

5      THE DEPUTY CLERK:  No, your Honor.  That's the whole

6  list, as far as I know.

7      THE COURT:  All right.  Is there anybody on the phone

8  appearing in a matter which we have not called?

9      All right.  Then I'd ask everyone, please, mute your

10  lines while I just make a few preliminary remarks.  We are

11  proceeding with today's initial conference in these matters by

12  Teams, doing so remotely, obviously.  We're doing that because

13  of the large number of people involved and the continuing

14  restrictions in place as a result of Covid-19.

15      Having said that, this is a formal court proceeding as

16  if we were in open court.  As you've heard, we do have a court

17  reporter with us today, and the contact information for today's

18  proceeding was posted on ECF so that anyone who wished to do so

19  could dial in to today's conference.  I remind you that, as

20  with all court proceedings, you're strictly prohibited from

21  recording or rebroadcasting any portion of today's conference.

22      So as I say, this is the initial conference in these

23  matters, all of which have been assigned to me as related to

24  the Stewart case, the first of these cases that was filed.

25  There are now, to the Court's knowledge, 16 cases that have

L8RPSTEC

1    been filed.  They are all being treated by our district as

2    related and assigned to me, after the MDL panel declined

3    motions that were filed in this case and in cases pending in

4    other districts and, frankly, throughout the country, to have

5    them all treated in a consolidated fashion.  They're now being

6    handled individually in various different districts, and as I

7    say, all of the cases against Nurture are assigned to me.

8         I have, in the Stewart case, a motion that was filed

9    seeking consolidation of the cases that were then on file.  At

10   the time the motion was filed, there were many fewer cases.  I

11   think initially, at that point, there were somewhere around

12   eight or nine.  As I say, we're now up to 16 cases.

13        I will hear from counsel to Stewart briefly in support

14   of the motion, bearing in mind that I have read all of the

15   papers that you've filed; I have your supplemental submission I

16   think largely just updating the up-until-then case count, up to

17   12.  As I say, we're now up to 16.

18        It is the Court's understanding, but I will give

19   defendants an opportunity to be heard, that no defendant has

20   opposed -- well, that defendant Nurture does not oppose to

21   consolidation request and that no other party has opposed

22   consolidation.

23        I will hear from counsel for the Stewart plaintiff, as

24   I say, the first filed case and the movant.

25        MS. FELDMAN:  Good morning, your Honor.  Lori Feldman

L8RPSTEC

1    from George, Gesten, McDonald on behalf of the Stewart

2    plaintiffs.

3              THE COURT:  Good morning.

4              MS. FELDMAN:  Good morning.  So we believe that this

5    is really the quintessential case deserving of consolidation

6    under Federal Rule 42(a).  Each of these cases are consumer

7    protection actions alleging that Nurture's baby foods are and

8    were tainted with toxic heavy metals, including arsenic, lead,

9    cadmium and mercury, and that Nurture misrepresented or did not

10   disclose this fact to consumers.

11             All of these cases seek money damages and injunctive

12   relief barring Nurture from continuing to misrepresent the

13   truth about its products.

14             We believe that given the lack of objections by

15   defendants and the consent to consolidation by several

16   plaintiffs and, in fact, really no opposition to consolidation,

17   that consolidation is not only proper but it is appropriate in

18   moving forward for the just and efficient litigation of these

19   matters.  We request that your Honor grant this motion in its

20   entirety.

21             THE COURT:  All right.  I have just one question for

22   you.

23             MS. FELDMAN:  Yes.

24             THE COURT:  First, your motion originally, even the

25   proposed order, the latest proposed order, you said there were

L8RPSTEC

1    16 cases.

2           MS. FELDMAN:  Yes.

3           THE COURT:  And in reality, I think there were only 15

4    at that point.  You were counting one case that I think is not

5    properly part of what we're talking about, but we now, this

6    morning, added another case; so we are at 16.

7           MS. FELDMAN:  Okay, your Honor.  That was an

8    inadvertent counting on our part.  Do we know which case we

9    were inadvertently counting?

10          THE COURT:  I will find my note on that --

11          MS. FELDMAN:  Thank you.

12          THE COURT:  -- and I'll circle back to it.

13          In the meantime, though, the other question that I

14   have for you is I had originally understood you to be saying

15   that -- well, first, I want to confirm that you are asking that

16   all future cases also be consolidated?

17          MS. FELDMAN:  Yes, all future cases alleging economic

18   damages and alleging consumer protection-type claims.

19          THE COURT:  Right.  So that's the other question that

20   I have for you.  The original order that you had submitted, I

21   understood to have said that any personal injury or product

22   liability claims for non-economic damages --

23          MS. FELDMAN:  Yes.

24          THE COURT:  -- would not be consolidated.  Your latest

25   proposed order still says that, but I thought that I had

L8RPSTEC

1    understood that you were asking that they would be coordinated,

2    though, for purposes of discovery; is that correct?

3              MS. FELDMAN:  That's correct, your Honor.

4              THE COURT:  All right.  Let me just see if the latest

5    order that you filed still says the same.  That is your

6    request, though, correct?

7              MS. FELDMAN:  The request is to keep the two types of

8    actions, the economic injury cases and the personal injury, I

9    would say, slash, product liability cases, completely separate.

10   This has been done by Judge Seybert in the Hain Celestial Baby

11   Food cases.  We think that this is the cleanest way to proceed

12   with these matters.  The matters are really are completely

13   separate.

14             We think it's going to be a non-issue because there

15   are no personal injury cases pending anymore.  There was one,

16   the Walls action, which was a multi-defendant case that was

17   pending --

18             THE COURT:  That's what I think was improperly

19   included in this counsel.

20             MS. FELDMAN:  Okay.  That case was initially pending

21   in the Eastern District of New York and -- well, that case was

22   initially a multi-defendant case, your Honor, but that case was

23   dismissed.  So there is -- and that case had alleged personal

24   injury claims, but that case was dismissed.  There are no

25   personal injury claims being asserted, as far as I understand.

L8RPSTEC

1        There may be, at this time, personal injury claims

2   being asserted in an action that we're not aware of; so you

3   might want to ask if an attorney on this hearing has personal

4   injury claims that they are asserting against Nurture.  But we

5   believe that it's really the most effective and efficient way

6   to proceed with the litigation, to keep everything separate.

7        THE COURT:  All right.  So the other question I have,

8   you say, your paragraph 2, I'm looking at your original

9   proposed order and the new one.

10        MS. FELDMAN:  Yup, yup.

11        THE COURT:  So first of all, you talk about personal

12   injury and product liability claims for non-economic damages?

13        MS. FELDMAN:  Yes.

14        THE COURT:  I don't know what that means.  I mean,

15   personal injury claims normally do seek money damages; do they

16   not?

17        MS. FELDMAN:  Well, so here's what we mean by this.

18   What we mean by this is in a class action like the ones that

19   are in front of you, your Honor, like the Stewart action, these

20   cases --

21        THE COURT:  Right.

22        MS. FELDMAN:  -- allege consumer protection claims,

23   and they are seeking money damages, but they are seeking

24   economic damages arising from damages, I would say just very

25   colloquially, that arise at the cash register when they

L8RPSTEC

purchase the product.  They are not alleging damages arising
from a damage to the person.

So that is the distinction.  They are economic versus,
you know, damages, you know, that one would assert for being
hurt.

THE COURT:  You mean actual damages, injury to the
person?

MS. FELDMAN:  Right.

THE COURT:  Yes, well, if I sign your order, I'm going
to change this from non-economic damages to damages for bodily
injury.

MS. FELDMAN:  That's fine.

THE COURT:  That's what you mean, right?

MS. FELDMAN:  Sure, sure.

THE COURT:  Okay.  Second, in your original proposed
order that you filed at 32-2 on ECF -- I don't have the ECF
number for your latest order -- but originally, you said that
those personal injury and product liability claims shall
proceed on a separate tract with the consolidated actions but
shall be coordinated.

You seem to have dropped in your latest proposed order
the language that says they shall be coordinated --

MS. FELDMAN:  Right.

THE COURT:  -- and I don't really understand that.  To
the extent that somebody from Nurture has to be deposed in each

L8RPSTEC

1    of these actions, why wouldn't it make sense for them to be

2    coordinated to the extent feasible?

3          MS. FELDMAN:  Well, there are very different types of

4    actions, your Honor, and those actions are not going to be

5    class actions, and they're going to proceed very quickly and on

6    a very different type of track.

7          Now, we're not fundamentally opposed to it.  So if

8    your Honor feels that any personal injury or bodily injury-type

9    litigation must be coordinated, if this type of case does end

10   up being brought, we would not oppose it, of course.

11         But like I said earlier, we were following the way in

12   which the judge in the Hain case separated the cases as a model

13   for what has been done in another federal district in order to

14   keep the cases completely separate.

15         THE COURT:  Okay.  I understand.

16         MS. FELDMAN:  If your Honor prefers coordination,

17   that's perfectly, of course, acceptable.

18         THE COURT:  All right.  I don't have a strong feeling.

19         So let he hear from counsel from Nurture, unless

20   there's anything further that you want to say, and then I will

21   allow any other plaintiff who wishes to be heard to do so.

22   Okay?

23         So, Ms. Agrusa?

24         MS. AGRUSA:  Yes, your Honor.  Thank you very much.  I

25   want to just back up a moment because I want to talk a little

L8RPSTEC

1    bit about the allegations only insofar as they relate to the

2    way in which the proposed order has been framed.

3            It is true, your Honor, that counsel is claiming

4    allegations regarding what they call as heavy metals in these

5    products.  I'd like to, first and foremost, introduce Nurture.

6    Nurture is a New York-based company.  It is a maker of organic

7    baby food.  The products that are in Nurture's baby food are

8    products that come from the soil; fruits, grains and

9    vegetables.

10           Any of these elements, cadmium, mercury, arsenic and

11   lead that counsel described, are in the very vegetables and

12   fruits that come from the soil.  Nurture is not adding metals

13   to baby food, period.  These same fruits and vegetables are the

14   ones that nutritional gatekeepers of families, parents buy in

15   grocery stores.

16           THE COURT:  All right.  Ms. Agrusa, I'm going to give

17   you a little latitude but --

18           MS. AGRUSA:  I understand, your Honor.

19           THE COURT:  -- I really don't want to hear about the

20   merits today.

21           MS. AGRUSA:  I understand.

22           THE COURT:  Okay.

23           MS. AGRUSA:  Of course, your Honor.  Of course.  The

24   reason I raise that is because one of the primary concerns I

25   have with the proposed order is just the nature of the way the

L8RPSTEC

1    title of the order was identifying this proceeding, In re:

2    Nurture heavy metals baby food litigation.

3         My request is to strike the words "heavy metals."  As

4    I just gave some background, we are obviously in dispute over

5    that issue, and so we would instead propose In re:  Nurture

6    baby food litigation.

7         I have a few other issues I want to discuss with the

8    proposed order, but I want to, obviously, go to your Honor's

9    question.  First, we do not oppose consolidation and

10   coordination of the class actions alleging what we would say is

11   advertising injuries, right, the 16 cases that your Honor

12   identified today.

13        We agree that product liability actions that are

14   brought on an individual basis by plaintiff would not be

15   appropriate to coordinate in this proceeding.

16        THE COURT:  To coordinate, nevermind consolidate.

17   Okay.  So you're in agreement, then?

18        MS. AGRUSA:  Yes, with one caveat, your Honor.  We

19   don't know -- there are no personal injury product liability

20   cases pending before your Honor or in the Southern District of

21   New York.  So the only point that I'm making, your Honor, is if

22   one is filed, it may very well at that time be appropriate to

23   coordinate it.

24        It is difficult for me to agree to coordination of

25   something that does not exist, and so I certainly reserve the

L8RPSTEC

1    right.  I agree with your Honor for purposes of discovery, we

2    will want to coordinate as much as possible.  At the moment,

3    though, we're speaking a little bit theoretical because there

4    are no claims of that nature.

5         THE COURT:  All right.  Let me just interrupt you.  If

6    I were to amend this proposed order to say:  Absent further

7    order of the Court, any future personal injury actions... and

8    then continue with the rest of what's in the proposed order,

9    does that address your concern?  And then I'll hear from

10   Ms. Feldman on whether that's satisfactory from the plaintiff's

11   point of view.

12        MS. AGRUSA:  I think that would be fine, your Honor.

13        THE COURT:  Ms. Feldman?

14        MS. FELDMAN:  That would be fine, your Honor, and I

15   would like to be heard with respect to the title issue.

16        THE COURT:  I understand.  I'm going to come back to

17   you.  I'm going to come back to you.

18        MS. FELDMAN:  Thank you.

19        THE COURT:  But I will tell you, I am inclined to

20   grant that.  I don't think it's necessary to say in the title

21   what you're alleging.  I think calling it "Nurture baby food

22   litigation" is enough of an identifier for our purposes, but

23   I'll hear from you after I finish with Ms. Agrusa.

24        MS. FELDMAN:  Very good.  Thank you.

25        THE COURT:  Thank you.

L8RPSTEC

MS. AGRUSA:  And, your Honor, with respect to the
proposed dates, I don't know if you would like to address the
dates that are set forth in the --

THE COURT:  I'd like to wait on that until we have a
consensus, or I hear from everyone on whether there's any
opposition to consolidation.  All right.  We'll talk about the
dates at the very end.

MS. AGRUSA:  Very well, your Honor.

THE COURT:  Anything else from you then, Ms. Agrusa?

MS. AGRUSA:  I do not have any, no, your Honor, thank
you.

THE COURT:  All right.  Ms. Feldman, I'll hear from
you on the title or the caption, but as I say, I really don't
see why the word "heavy metal" has to be in there.

MS. FELDMAN:  Well, there is other litigation pending
against Nurture on a variety of other issues relating to baby
food; so this is a unique identifier with respect to this case.

THE COURT:  Where is there going to be confusion,
though?  You describe in the other paragraphs what it is that's
going to be consolidated with this.  You list the 16 pending
cases in the first paragraph.

MS. FELDMAN:  Yes.

THE COURT:  Though, as I say, I think you still have,
is it Wood, that doesn't belong there?  Is that the one we
said?

L8RPSTEC

1              MS. FELDMAN:  I believe that's the one.

2              THE COURT:  Yes.  And you need to add the one that

3      was --

4              MS. FELDMAN:  Correct.

5              THE COURT:  -- added this morning, but otherwise, you

6      list all of those.  Then you say that any future cases will be

7      consolidated, and you describe in paragraph 3 what those cases

8      are, consumer protection-type claims against Nurture.  If you

9      want to say there alleging, you know, with more of a

10     descriptor, that's fine.

11             MS. FELDMAN:  Okay.

12             THE COURT:  But I think the caption then should be:

13     In re:  Nurture baby food litigation.

14             MS. FELDMAN:  That would be acceptable, your Honor.

15             THE COURT:  All right.  Ms. Agrusa, does that work for

16     you?

17             MS. AGRUSA:  That's fine, your Honor.

18             THE COURT:  All right.  Thank you.

19             Then let me give any other plaintiff who wishes to be

20     heard, the opportunity to lodge any objections to consolidation

21     of these 16 cases and any future cases alleging the consumer

22     protection-type claims of the type at issue here.  Anyone else

23     wish to be heard?

24             (Pause)

25             All right.  Hearing none, then I am going to enter the

L8RPSTEC

1   order consolidating these.  I'm also going to make it clear in

2   the order that this was with the consent of Nurture and no

3   objection from any other plaintiff.

4          All right?  Now, the one other thing that we haven't

5   really talked about, I assume these are purported class

6   actions, right, Ms. Feldman?

7          MS. FELDMAN:  Yes, your Honor.  They are proposed

8   class actions.

9          THE COURT:  Yes, and are all 16 of them putative class

10  actions?

11         MS. FELDMAN:  Yes, they are, your Honor.

12         THE COURT:  All right.  You do say that in your first

13  line, but we hadn't talked about it; so I wanted to just

14  confirm it then.

15         All right.  Then, the only other issue that I think we

16  should talk about is the schedule.

17         So, Ms. Feldman, you've put a little more meat on it

18  in the latest order that you put in front of me; so why don't

19  we talk through that.  You ask for a deadline for any motions

20  seeking interim lead counsel appointment by September 28th or

21  ten days after this order, whichever is later.  I don't really

22  like the "whichever is later."

23         I mean, why are we waiting until the end of September?

24  It's now August 27th.  If we could, I'd like to get these cases

25  moving.  I'm going to just give you my thoughts, and then I'll

L8RPSTEC

1    hear from you.  Okay?  So that's my first reaction.

2         Twenty-one days for oppositions is fine, but I don't

3    like this "or whichever is later."  I'd rather put firm dates

4    in the order that we're going to enter.

5         MS. FELDMAN:  All right.

6         THE COURT:  And then any replies, we'll talk about the

7    reply date.  Thereafter, then the deadline for filing the

8    consolidated complaint, 60 days seems a little long to me, and

9    I wonder if, given how long these cases have been out here

10   particularly with the delay by reason of the MDL, it couldn't

11   be done sooner than 60 days after the order on appointment of

12   counsel, but again, I'll hear from you on that.

13        I think the 45 days to reply is reasonable, and then

14   the same with the briefing schedule, sounds okay to me.  Okay?

15        MS. FELDMAN:  Okay, your Honor.

16        THE COURT:  So any reaction from you, and if not, I'll

17   hear from Ms. Agrusa.

18        MS. FELDMAN:  Yes, your Honor.  Really, the sole

19   reason why additional detail was added to the scheduling on the

20   lead counsel appointment motions is because of where we are now

21   in the calendar.  So we are approaching the month of September,

22   and September is chockful of religious holidays throughout the

23   month of September.  That is really the only reason.  So we

24   have upcoming, we have, well, Labor Day, but then --

25        THE COURT:  And then Rosh Hashana.

L8RPSTEC

1          MS. FELDMAN:  We have Rosh Hashana 9-7 to 9-8, the

2     following week is Yom Kippur.

3          THE COURT:  What is the date of Yom Kippur?

4          MS. FELDMAN:  Yom Kippur the 16th through the 17th.

5          THE COURT:  16th through the 17th.

6          MS. FELDMAN:  Yes, yes.  And then Sukkoth is 9-21 to

7     9-22, which takes us really through the -- well, with Labor Day

8     the first week and then Rosh Hashana the second week, Yom

9     Kippur the third week, we really wanted to take those out of

10    those days in fairness to all colleagues.

11         THE COURT:  I understand, and I respect religious

12    observance --

13         MS. FELDMAN:  Thank you.

14         THE COURT:  -- I just didn't have in my head.

15         MS. FELDMAN:  That's okay.

16         THE COURT:  All right.

17         Ms. Agrusa, the 28th does seem, in light of the

18    holidays, to be a reasonable date.

19         MS. AGRUSA:  Your Honor, that's fine with us.  I,

20    candidly, didn't feel comfortable agreeing to dates without,

21    you know, making sure that whomever is lead counsel has some,

22    obviously, say in the dates.  I understand that there may be

23    unsettled business on that end, but from the defense

24    perspective, the deadline -- that proposed deadline works.

25         THE COURT:  All right.  So we'll say that any motion

L8RPSTEC

 1   for appointment of lead counsel is due on or before

 2   September 28th, period.  I'm not allowing all the other stuff.

 3           MS. FELDMAN:  Thank you, your Honor.

 4           THE COURT:  Opposition is 21 days, and then reply, I'm

 5   going to put a date, not 21 days, but I'll count it out and put

 6   the date.

 7           MS. FELDMAN:  We did 14 days, which was November 2nd.

 8           THE COURT:  Okay.  I don't think 14 days is needed.  I

 9   think seven days is fine.

10           MS. FELDMAN:  Okay.

11           THE COURT:  All right?  So whatever those dates come

12   out to be, we're going to put in firm dates.

13           MS. FELDMAN:  Okay.

14           THE COURT:  All right?  Then I understand your point

15   with respect to the filing of an amended complaint, but I think

16   what I'm going to do is enter this order and say "absent

17   further order of the Court;" so that whomever gets appointed

18   counsel if, for some reason, has a problem with these dates,

19   which I have to say otherwise appear to me to be reasonable,

20   then that appointed counsel can come back and ask for more

21   time.

22           Unless, Ms. Agrusa, you, as counsel for the defendant,

23   obviously, will be the one responding to the consolidated

24   complaint; so if 45 days is a problem, you can tell me that

25   now.

L8RPSTEC

        1            MS. AGRUSA:  No, your Honor.  That should not be a

        2    problem.

        3            THE COURT:  Okay.  All right.  So then I think with

        4    that I am going to shorten the -- well, no, it's fine.

        5            All right.  So I think with that, that's the terms of

        6    the order which we will get entered.

        7            MS. FELDMAN:  Thank you.

        8            THE COURT:  Is there anything else that we should talk

        9    about today?

      10            MS. AGRUSA:  Yes, your Honor.  The one remaining issue

      11    that I did want to speak about with respect to the order is we

      12    will be filing a motion to dismiss the complaint.  We have

      13    shared that with at least the Stewart counsel.

      14            We would like your Honor's permission or ruling to

      15    waive the pre-motion letter requirement --

      16            THE COURT:  Yes.

      17            MS. AGRUSA:  -- that normally applies.  So we would

      18    like that to be included in any proposed order here, or at

      19    least some agreement.

      20            THE COURT:  The final paragraph, where I say the

      21    deadline for filing a response is 45 days after the filing of

      22    the consolidated amended complaint, I will put a sentence in

      23    there that says:  Leave to move to dismiss is granted and the

      24    requirement for the pre-motion conference is waived.

      25            MS. AGRUSA:  Thank you, your Honor.

L8RPSTEC

1          THE COURT:  All right.  Ms. Feldman, I assume there's

2    no objection to that?

3          MS. FELDMAN:  No objection, your Honor.

4          THE COURT:  All right.  Anything else, Ms. Agrusa?

5          MS. AGRUSA:  No, your Honor.  I don't have anything

6    else today.

7          THE COURT:  All right.  Ms. Feldman?

8          MS. FELDMAN:  No, your Honor.  Thank you.

9          THE COURT:  All right.  Is there anything from any

10   other counsel?  Anybody wish to be heard on any other point?

11          All right.  Then I think we stand adjourned.

12          I thank Ms. Prater, our court reporter, for your

13   patience, and I wish everyone a good rest of the day and a nice

14   weekend.

15          (Adjourned)

16

17

18

19

20

21

22

23

24

25