**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re NURTURE BABY FOOD LITIGATION | Master File No.: 1:21-cv-01217-MKV |
| | The Honorable Mary Kay Vyskocil |
| This Document Relates To: | |
| ALL ACTIONS | |

**W-R SLATE'S RESPONSE TO**
**STEWART MOVANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The W-R Slate[1] respectfully submits this response to the Stewart Movants' Notice of Supplemental Authority, ECF 119, identifying the Plum Order.[2] The existence of a favorable decision denying a motion to dismiss in a similar case in California underscores the importance of this litigation. The Plum Order is a positive development for the baby food heavy metal litigation around the nation. The Plum Order also follows the general tendency of courts to deny motions to dismiss in consumer protection matters like this one. *See, e.g.*, *Kacocha v. Nestle Purina Petcare Co.*, No. 15-cv-5489, 2016 WL 4367991, at \*14 (S.D.N.Y. Aug. 11, 2016) ("To be sure, ample case law exists allowing § 349 claims over allegedly deceptively labeled consumer goods to progress beyond the motion-to-dismiss stage, largely based on the view that the question of what might deceive the reasonable consumer is a question of fact.") (collecting cases).

Nevertheless, given the immense amount of work to be done following a ruling on a motion to dismiss, a single out-of-district order is not dispositive with respect to this Court's selection of leadership in this case. Each of the candidate slates[3] for the Nurture litigation are respected and experienced counsel, all of whom have experience in defeating motions to dismiss as in the Plum Order. However, most of the strategic decisions and actions will unfold after this Court's ruling on a motion to dismiss (assuming that this Court denies any such motion), especially given the complexity of this matter involving different defendants, different food representations, and multiple defense counsel.

---

[1] The Plaintiffs represented by the W-R Slate, and its counsel, are listed in their Motion (ECF 74), Response (ECF 102), and Reply (ECF 110).

[2] Order Granting in Part and Denying in Part Motion to Dismiss and/or Stay in *In Re Plum Baby Food Litig.*, No. 4:21-cv-00913-YGR (N.D. Cal. Jan. 12, 2022), ECF 125 (the "Plum Order").

[3] *See* (1) the W-R Slate (ECF 74), (2) the Philippe Team (ECF 86), (3) the Stewart Movants (ECF 70), and (4) the Bloch/Zigler firms (No. 1:21-cv-08030-MKV, ECF 9).

The Court's appointment of experienced food law counsel with deep Second Circuit and New York federal court experience will best serve the interests of Plaintiffs and consumers and promote the efficient disposition of this litigation. The W-R Slate respectfully submits it is the candidate slate with the most experience in food law in this Circuit. The W-R Slate has achieved landmark results from the motion to dismiss phase[4] through class certification[5] and appeal.[6]

---

[4] *Barton v. Pret-a-Manger (USA) Ltd.*, 535 F. Supp. 3d 225 (S.D.N.Y. 2021) (in food case litigated by W-R Slate members, denying motion to dismiss New York consumer protection claims brought for violation of GBL 349 and 350 for alleged misrepresentations); *Grossman, et al. v. Simply Nourish Pet Food Co., LLC*, 516 F. Supp. 3d 261 (E.D.N.Y. 2021) (denying motion to dismiss in case litigated by W-R Slate members); *Sharpe v. A&W Concentrate Co. et al.*, 481 F. Supp. 3d 94 (E.D.N.Y. Aug. 24, 2020)(denying motion to dismiss in food related consumer class action litigated by W-R Slate member); *Sitt v. Nature's Bounty, Inc.*, No. 15-cv-4199-MKB-MDG, 2016 WL 5372794, at *12 (E.D.N.Y. Sept. 26, 2016) (in case litigated by W-R Slate member, denying motion to dismiss on NY GBL claims and breach of warranty claims concerning presence of lead in dietary supplement and noting "a consumer could nevertheless reasonable conclude that Product does not contain lead, as the lead content – even if minimal – is not disclosed to consumers"); *Silva v. Smucker Nat. Foods, Inc.*, 14-cv-6154 (JG) (RML), 2015 WL 5360022 (E.D.N.Y. Sept. 14, 2015)(denying motion to dismiss in food related consumer class action litigated by members of the W-R Slate); *In re Frito-Lay N.A. Sales Practices and Mktg. Litig.*, No. 1:12-md-02413-RRM-RLM, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) (denying motion to dismiss regarding mislabeled food products in case litigated by W-R Slate member); *Ackerman v. the Coca-Cola Co.*, No. 09-cv-0395-JG, 2010 WL 2925955 (E.D.N.Y. July 21, 2010) (in case litigated by W-R Slate member, denying, in part, motion to dismiss in case involving allegations of harmful ingredient in popular line of beverages); *Jernow v. Wendy's Int'l, Inc.*, No. 07-cv-3971, 2007 WL 4116241 (S.D.N.Y. Nov. 15, 2007) (denying motion to dismiss in case involving a  noxious ingredient contained in food products litigated by W-R Slate member).

[5] *See, e.g.*, *Sharpe v. A&W Concentrate Co.*, No. 19-cv-00768-BMC, 2021 WL 3721392, at *11 (E.D.N.Y. July 23, 2021) (granting motion for class certification in case involving allegedly mislabeled beverages and appointing W-R Slate member as co-lead counsel for the certified class); *Hasemann v. Gerber Products, Inc.*, 331 F.R.D. 239 (E.D.N.Y. 2019) (granting class certification in case alleging misbranding of infant formulas and appointing W-R Slate member as co-lead counsel of the certified classes).

[6] *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018) (case litigated by W-R Slate member in which the Second Circuit set the favorable standard for consumers in food related consumer protection cases at the motion to dismiss phase).

The W-R Slate respectfully requests that the Court appoint it as Interim Class Counsel in this matter.

Dated:  February 7, 2022                         Respectfully submitted,

**PEARSON SIMON & WARSHAW, LLP**        **REESE LLP**

_/s/ Melissa S. Weiner_                     _/s/ Michael R. Reese_____
Melissa S. Weiner*                          Michael R. Reese*
  mweiner@pswlaw.com                  mreese@reesellp.com
800 LaSalle Avenue, Suite 2150       100 West 93rd Street, 16th Floor
Minneapolis, Minnesota 55402        New York, New York 10025
Telephone:    (612) 389-0600        Telephone:    (212) 643-0500
Facsimile:    (612) 389-0610         Facsimile:    (212) 253-4272

 *Member of New York state and SDNY bars

*Proposed Interim Co-Lead Counsel*

**KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.**
Melissa R. Emert
  memert@kgglaw.com
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, New York 10977
Telephone:    (845) 356-2570
Facsimile:    (845) 356-4335

**THE SULTZER LAW GROUP P.C**
Jason P. Sultzer
  sultzerj@thesultzerlawgroup.com
85 Civic Center, Suite 200
Poughkeepsie, New York 12601
Telephone:    (845) 483-7100
Facsimile:    (888) 749-7747

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Rachel Soffin (*Pro Hac Vice*)
  rsoffin@milberg.com
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Telephone:    (865) 247-0080

**TYCKO & ZAVAREEI LLP**
Annick M. Persinger (*Pro Hac Vice*)
  apersinger@tzlegal.com
1970 Broadway, Suite 1070
Oakland California 94612
Telephone:    (510) 254-6808
Facsimile:    (202) 973-0950

**LEVIN, SEDRAN & BERMAN, LLP**
Charles E. Schaffer (*Pro Hac Vice*)
  cschaffer@lfsblaw.com
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Telephone:    (215) 592-1500
Facsimile:    (215) 592-4663

*Proposed Interim Executive Committee*