USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___8/8/2022____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**In re: NURTURE BABY FOOD LITIGATION,**

This Document Relates To:     All Actions

Master File No.:1:21-cv-1217-MKV

ORDER APPOINTING
INTERIM LEAD COUNSEL

MARY KAY VYSKOCIL, United States District Judge:

These consolidated actions all arise out of the alleged presence of heavy metals and

perchlorates in baby foods manufactured and sold by Defendant Nurture, Inc., as exposed in a

recent legislative report, *Baby Foods Are Tainted with Dangerous Levels of Arsenic, Lead,*

*Cadmium, and Mercury*, issued by the Subcommittee on Economic and Consumer Policy,

Committee on Oversight and Reform, U.S. House of Representatives on February 4, 2021.

Before the Court are three competing applications, [ECF Nos. 69 (the "Stewart Movants"), 73

(the "W-R Movants"), and 85 (the "Philippe Movants")],[1] pursuant to Federal Rule of Civil

Procedure 23(g), from various plaintiffs' counsel seeking appointment as Interim Co-Lead

Counsel in this consolidated class action (the "Consolidated Action") against Nurture, Inc.  The

Court heard from each set of putative Co-Lead Counsel at a hearing on the pending applications.

Having carefully considered all of the parties' submissions and arguments made at the hearing,

the Court grants the application to appoint Lori G. Feldman and Rebecca A. Peterson (the

"Stewart Movants") as Interim Co-Lead Counsel for the putative class pursuant to Fed. R. Civ.

P. 23(g)(3).

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of

a putative class before determining whether to certify the action as a class action."  Fed. R. Civ.

---

[1] The application, at No. 21-cv-08030, Dkt No. 9, to appoint Steven L. Bloch and Aaron Zigler as Interim Co-Lead
Class Counsel was withdrawn prior to the June 14, 2022 hearing.  [ECF No. 141].

P. 23(g)(3).  "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]"  Manual for Complex Litigation (Fourth) § 21.11 (2004).  It also "minimize[s] the risk of duplicative filings and allow[s] the Court to consolidate related filings more efficiently."  *See Bernstein v. Cengage Learning, Inc.*, No. 18-CIV-7877-VEC-SLC, 2019 WL 6324276, at *2 (S.D.N.Y. Nov. 26, 2019).

"When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)."  *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016).  Pursuant to Rule 23(g)(1)(A), a court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

The Court may also consider "any other matter pertinent to class counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  "When more than one choice of counsel satisfies these requirements for adequacy, Rule 23(g)(2) provides that the court 'must appoint the applicant best able to represent the interests of' the plaintiffs."  *In re Warner Music Grp. Data Breach*, No. 20 CIV. 7473 (PGG), 2021 WL 725728, at *2 (S.D.N.Y. Feb. 22, 2021) (citation omitted).

Each of the applicants rightfully boast impressive and significant experience in litigating complex class actions, including multi-state consumer claims.  However, several facts militate in favor of appointment of the Stewart Movants.  They effectively managed the early stages of this litigation and have demonstrated that they would be more than able to represent the interests of the plaintiffs moving forward.  The Stewart Movants were the first to file one of these cases and moved to consolidate the cases filed in this district against Nurture [ECF No. 13], and continued

to push this case forward by submitting revised Proposed Orders and supplemental submissions as the additional related cases were filed against Nurture [ECF Nos. 32–34, 40, 46].  At the August 27, 2021 hearing on the motion to consolidate, Ms. Feldman addressed the Court at length regarding the merits of the motion, the appropriate language for the Court's order on same, and the proposed leadership briefing schedule.  *See In re Warner Music Grp. Data Breach*, 2021 WL 725728, at *2 (appointing counsel who had "devoted substantial effort to [the] matter, working to consolidate the related cases, coordinating with Plaintiffs' counsel in the related actions, and managing contacts with Warner Music Group customers"); *see also In re GSE Bonds Antitrust Litig.*, 377 F. Supp. 3d 437, 438 (S.D.N.Y. 2019) (appointing as lead counsel firms representing "the plaintiffs who filed the first of these consolidated actions").

Of significance to this case, Ms. Peterson was recently appointed interim co-lead counsel in *In re Plum Baby Food Litigation*, No. 4:21-cv-00913-YGR (N.D. Cal.), a consumer protection case that involves the same claims of misleading and deceptive baby food packaging based on allegations of non-disclosure of heavy metals.  Moreover, in that case, counsel secured a favorable decision on a motion by Defendants to dismiss or, in the alternative, to stay.  *See* Order Granting in Part and Denying in Part Motion to Dismiss and/or Stay, *In Re Plum Baby Food Litig.*, No. 4:21-cv-00913-YGR (N.D. Cal. Jan. 12, 2022), Dkt. No. 125.  Ms. Peterson' appointment as co-lead counsel both in this action and in *In re Plum Baby Food Litigation*, No. 4:21-cv-00913-YGR (N.D. Cal.) will generate efficiency and economy that will inure to the benefit of the putative class.  *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) ("The most important [factor in class counsel appointments] is achieving efficiency and economy without jeopardizing fairness to the parties.").

Finally, Ms. Feldman is based in New York, was admitted to the Southern District of New York in 1991 and is licensed in New York.  (Joint Declaration of Lori G. Feldman and

3

Rebecca A. Peterson [ECF No. 71] ¶ 11).  This fact alone should bestow certain efficiencies and advantages in a complex consolidated action pending in New York, against a New York defendant.  *See City of Providence, Rhode Island v. AbbVie Inc.*, No. 20-CV-5538 (LJL), 2020 WL 6049139, at *7 (S.D.N.Y. Oct. 13, 2020) ("This case will be tried in New York, arguments and motion practice will be in New York, and presumably many of the depositions will be taken in New York.  Counsel who are in  New York will be able to handle those matters without travel.").  Moreover, as a longtime member of the New York Bar, and having been admitted to this district for almost thirty years, Mr. Feldman should be familiar with this Court's rules and practices, which itself will generate efficiencies and economies.

The request to appoint an executive committee is denied.  As discussed with each set of moving counsel at the hearing, "committees of counsel can lead to substantially increased costs and unnecessary duplication of efforts.  At this preliminary stage of the litigation, . . . a leadership structure consisting of two co-lead counsel will be sufficient to address the various complexities that may arise, while keeping unnecessary costs to a minimum."  *In re Bystolic Antitrust Litig.*, No. 20-CV-5735 (LJL), 2020 WL 6700830, at *2 (S.D.N.Y. Nov. 12, 2020) (quoting *In re Crude Oil Commodity Futures Litig.*, No. 11 CIV. 3600 WHP, 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012)); *see also In re Deva Concepts Prod. Liab. Litig.*, No. 1:20-CV-01234-GHW, 2020 WL 4368362, at *4 (S.D.N.Y. July 30, 2020).

Accordingly, for the aforementioned reasons, IT IS HEREBY ORDERED that the Motion to Appoint Lori G. Feldman and Rebecca A. Peterson as Interim Co-Lead Counsel for the putative class pursuant to Fed. R. Civ. P. 23(g)(3) [ECF No. 69] is GRANTED.  The motion to appoint an executive committee is DENIED.  The application to appoint Melissa S. Weiner and Michael R. Reese as Interim Co-Lead Counsel [ECF No. 73] is DENIED.  The application to

appoint the law firms Gibbs Law Group LLP, Pollock Cohen LLP, and Kohn Swift & Graf, P.C.

as Interim Co-Lead Counsel [ECF No. 85] is DENIED.

## **Duties Of Interim Counsel**

Pursuant to Federal Rule of Civil Procedure 23(g)(4), Interim Counsel must fairly and

adequately represent the interests of the class.  Interim Counsel also shall be generally

responsible for coordinating the activities of the proposed class(es) during pretrial proceedings

and shall have the sole authority to:

a) Coordinate the work of preparing and presenting all of Plaintiffs' claims in the Consolidated Action and otherwise coordinate all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

b) Delegate work responsibilities and monitor the activities of all Plaintiffs' counsel in the Consolidated Action in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

c) Call meetings of counsel for Plaintiffs in the Consolidated Action for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiate proposals, suggestions, schedules, and any other appropriate matters;

d) Initiate, coordinate, and conduct all discovery on behalf of Plaintiffs in the Consolidated Action in an efficient manner;

e) Determine and present (in briefs, oral argument, or such other fashion as they or their designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs in the Consolidated Action on all matters arising during pretrial, trial, and post-trial proceedings;

f) Serve as the point of contact for all communications between Plaintiffs and Defendant in the Consolidated Action, and act as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

g) Direct and execute on behalf of Plaintiffs the filing of all pleadings, motions, and other documents with the Court in the Consolidated Action;

h) Appear at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speak for Plaintiffs in the Consolidated Action at all such hearings and conferences;

i)  Receive and initiate communications with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispense the content of such communications among Plaintiffs' counsel in the Consolidated Action;

j)  Initiate and conduct discussions and negotiations with counsel for Defendant on all matters, including settlement, in the Consolidated Action;

k)  Negotiate and enter into stipulations with opposing counsel as necessary for the conduct of the Consolidated Action;

l)  Select, consult with, and employ experts for Plaintiffs, as necessary, for the Consolidated Action;

m)  Encourage and enforce efficiency among all Plaintiffs' counsel in the Consolidated Action;

n)  Maintain adequate time and disbursement records covering services as interim class counsel, and also, that at least quarterly it collect any such time and disbursement records from other firms authorized to work on this matter;

o)  Assess Plaintiffs' counsel for the costs of the Consolidated Action;

p)  Prepare and distribute periodic status reports to the Court and to the parties as ordered;

q)  Develop and recommend, for Court approval, practices and procedures pertaining to attorneys' fees and expenses and, on an ongoing basis, monitor and administer such procedures.  At such time as may be appropriate, Interim Co-Lead Counsel also will recommend apportionment and allocation of fees and expenses subject to Court approval; and

r)  Perform such other duties as are necessary in connection with the prosecution of this Consolidated Action or as may be further directed by the Court.

Any discussions of a settlement of this litigation shall be conducted by Interim Co-Lead Counsel and any counsel designated by Interim Co-Lead Counsel.

### Application Of This Order

This Order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions.

### Service

Interim Co-Lead Counsel must serve a copy of this Order promptly by overnight delivery service, electronic mail, facsimile, or other expeditious electronic means on counsel for Plaintiffs

in each related action not yet consolidated in this proceeding to the extent that Interim Co-Lead

Counsel is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been

so consolidated but who have not yet registered for ECF.

      The Clerk of Court is respectfully requested to terminate docket entries 69, 73, and 85.


**SO ORDERED.**

**Date:   August 8, 2022**
**      New York, NY**

                                                        **MARY KAY VYSKOCIL**
                                                       **United States District Judge**