USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/25/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**In re NURTURE BABY FOOD LITIGATION**

This document relates to:

ALL ACTIONS

1:21-cv-01217-MKV

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

On March 27, 2024, the Court ordered the parties to show cause why this case should not be dismissed for lack of federal subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") as pleaded in the Consolidated Class Action Complaint ("CC"), or, in the alternative, file an amended complaint curing the deficient jurisdictional allegations.  [ECF No. 209 ("OTSC")].  The Court simultaneously denied Defendant's then-pending motion to dismiss without prejudice based on the apparent lack of subject matter jurisdiction.  [ECF No. 207].  On April 5, 2024, Defendant filed a letter arguing that Plaintiffs did not adequately allege jurisdiction under CAFA in the CC.  [ECF No. 212].  On April 10, 2024, Plaintiffs filed an opposing letter and a First Amended Consolidated Class Action Complaint ("FACC").  [ECF Nos. 213, 214].  On April 22, 2024, Defendant filed a letter, with the consent of Plaintiffs, requesting an extension of time to respond to the FACC pending the Court's ruling on the OTSC.  [ECF No. 217].  The Court granted Defendant's request.  [ECF No. 218].

The Court has carefully reviewed the parties' submissions and the FACC.  It appears, on the face of the FACC, that Plaintiffs' allegations are sufficient to invoke this Court's jurisdiction under CAFA, insofar as Plaintiffs allege "(1) 100 or more class members, (2) an aggregate amount

in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.*, [that] at least one plaintiff and one defendant are citizens of different states." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006); *see* FACC ¶ 34.

Accordingly, IT IS HEREBY ORDERED that Defendant shall file a letter no later than May 7, 2024, advising the Court of its intent to answer, move, or otherwise respond to the FACC and a proposed schedule for such response.  In the event Defendant intends to move to dismiss the FACC, Defendant shall advise the Court whether it will rest on the briefing previously submitted in connection with its prior motion to dismiss, whether it intends to supplement its briefing, or whether it intends to file new briefing entirely.  To that end, IT IS FURTHER ORDERED that Plaintiffs shall file, no later than April 30, 2024, a redline document comparing the FACC to the CC to aid Defendant in determining its response.

**SO ORDERED.**

Date:  **April 25, 2024**
       **New York, NY**
                                                 **MARY KAY VYSKOCIL**
                                                 **United States District Judge**