

**GEORGE FELDMAN MCDONALD, PLLC**
1650 W. 82nd Street, Suite 880
Bloomington, Minnesota 55431
Telephone: (612) 778-9595
Toll Free: (888) 421-4LAW
(888) 421-4529
Fax: (888) 421-4173

March 4, 2025

Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan, United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*In Re: Nurture Baby Food Litigation, Master File No. 1:21-cv-01217-MKV*

### PLAINTIFFS' SUPPLEMENTAL SUBMISSION ON PRIMARY JURISDICTION

Plaintiffs respectfully submit this supplemental submission ordered by the Court during the February 27, 2025, oral argument on Defendant's Motion to Dismiss. Pursuant to the Court's instruction, this brief addresses the impact of *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) on the continued viability or strength of the primary jurisdiction doctrine.

In *Loper Bright*, the Supreme Court overruled the deference provided to government agencies in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Loper Bright* held that the *Chevron* deference conflicts with both the constitutional obligation of courts to say what the law is and with the Administrative Procedure Act (APA), 5 U.S.C. § 706. *See Loper Bright*, 603 U.S. at 391-92. While *Loper Bright* did not directly address the deferential doctrine of primary jurisdiction, its reasoning shows that primary jurisdiction is seemingly inconsistent with the *Loper Bright* holding and, at the very least, has weakened the primary jurisdiction doctrine. *See Taylor v. JBS Foods USA,* No. 3:23-CV-03031-ECS, 2025 WL 102450, at *20 (D.S.D. Jan. 15, 2025) (noting that after *Loper Bright*, courts may need to be even more reluctant in invoking primary jurisdiction).

Overruling *Chevron*, *Loper Bright* held that courts "may *not* defer to an agency interpretation of the law[.]" *Loper Bright*, 603 U.S. at 413 (emphasis added). The Supreme Court expressly rejected such deference based on (1) an agency's "subject matter expertise" or (2) the argument that deference "promotes the uniform construction of federal law[.]" *Id*. at 401. The Supreme Court's rejection of these two principles relevant to the doctrine of primary jurisdiction should not be ignored. *Id.; see also Ellis v. Tribune Television Co.* ("*Ellis"*), 443 F. 3d 71, 82-83 (2d Cir. 2006) (discussing these same factors in addressing if primary jurisdiction should be invoked.)

Defendant argues that the U.S. Food and Drug Administration's ("FDA") Closer to Zero program warrants application of the primary jurisdiction doctrine because complete deference

Honorable Mary Kay Vyskocil
March 4, 2025
Page | 2

should be given to the FDA's expertise and expected regulations. But the liability issues in this case are based on legal interpretation of state law consumer protection claims. And, as stated in *Loper Bright*, deference to an agency's "legal interpretation" (*id*. at 412) -- even over "a technical matter" or based on "a desire for the uniform construction" of law -- is improper, as there is no value in "uniformity for uniformity's sake[.]" *Id.* at 402-03. What matters is "the correct interpretation" of the law, which is the exclusive domain of courts. *Id.* at 403. Accordingly, courts should not forgo the task of "legal interpretation" "just because a court has an agency to fall back on." *Id*. (citation and quotation marks omitted). As a result, courts "may not defer to an agency interpretation of the law[.]" *Id*. at 413.

As Plaintiffs stated in their opposition, the Second Circuit recently held in a substantially similar case that the district court erred in dismissing the litigation on the ground of primary jurisdiction. *See White v. Beech-Nut Nutrition Co.*, No. 23-220-cv, 2024 WL 194699, at *2 (2d Cir. Jan. 18, 2024) (Summary Order). *Beech-Nut* involved the same liability issue of undisclosed heavy metals in baby food and the same bases for invoking primary jurisdiction – the Closer to Zero program. While the Second Circuit in *Beech-Nut* did not analyze the factors outlined in *Ellis,* Plaintiffs here demonstrated that they satisfied the *Ellis* factors. (*See* Dkt. 231 at 27-35 (discussing *Ellis*, 443 F. 3d at 82-83.) Given that the *Ellis* factors relate to deference to an agency and whether a court should decline to rule on a matter in light of such deference, there is a strong argument that the reasoning in *Loper Bright* drastically curtailed both *Ellis* and the primary jurisdiction doctrine.

In conclusion, under the *Loper Bright* decision and directive, the underpinnings of primary jurisdiction have been at least weakened as a court should not defer to an agency interpretation of law as that has been "'the province and duty of the judicial department' for at least 221 years." *Loper Bright*, 603 U.S. at 412 (quoting *Marbury v. Madison*, 1 Cranch 137, (1803)). As such, this Court may (and should) properly exercise its discretion to not invoke primary jurisdiction as the liability issues here relate to the interpretation of state law claims.

**GEORGE FELDMAN MCDONALD, PLLC**

By: s/ Rebecca A. Peterson
REBECCA A. PETERSON
1650 West 82nd Avenue, Suite 880
Bloomington, MN 55431
Telephone: (612) 778-9595
E-mail: RPeterson@4-justice.com
E-service: eService@4-Justice.com

(888)421-4LAW
(888)421-4529
(561)232-6002
WWW.4-JUSTICE.COM

9897 LAKE WORTH ROAD
SUITE 302
LAKE WORTH, FL 33467

745 FIFTH AVENUE
SUITE 500
NEW YORK, NY 10151

102 HALF MOON BAY DRIVE
CROTON-ON-HUDSON, NY 10520

5516 FALMOUTH STREET
SUITE 108
RICHMOND, VA 23230

1650 W. 82nd STREET
SUITE 880
BLOOMINGTON, MN 55431

Honorable Mary Kay Vyskocil
March 4, 2025
Page | 3

        Lori G. Feldman (admitted in SDNY)
        GEORGE FELDMAN MCDONALD, PLLC
        102 Half Moon Bay Drive
        Croton-on-Hudson, NY 10520
        Telephone: (917) 983-9321
        Facsimile: (888) 421-4173
        E-Mail: LFeldman@4-justice.com
        E-Service: eService@4-justice.com

        ***Attorneys for Plaintiffs***

cc: All Counsel of record (via ECF)


**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on March 4, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic fling to all counsel of record.

        s/ Rebecca A. Peterson
        Rebecca A. Peterson