USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re NURTURE BABY FOOD LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 1:21-cv-01217-MKV<br><br>Hon. Mary Kay Vyskocil |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED** by and between counsel for the undersigned, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding, *In Re Nurture Baby Food Litig.*, Case No. 1:21-cv-01217-MKV.

    b. "Court" means the Hon. Mary Kay Vyskocil, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential" means any Documents, Testimony, or Information which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information are entitled to confidential treatment under applicable law and federal, state, or foreign data privacy laws (including but not limited to the Health Insurance Portability and Accountability Act, The Gramm Leach Bliley Act, California Consumer Privacy Act, and EU's General Data Protection Regulation), or relates to any privileged or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical,

marketing, planning, personal, commercial information, contracts, non-public compilations of retail prices, proprietary information, vendor agreements, personnel files, claim/litigation information, nonpublic policies and procedures, and personal identifying information, or relates to Protected Health Information, as defined herein.

      d.    "Confidential Materials" means any Documents, Testimony, or Information, as defined here, designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

      e.    "Highly Confidential" means any information which belongs to a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means, including but not limited to corporate trade secrets, information obtained from a non-party pursuant to a non-disclosure agreement, and nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public.

      f.    "Highly Confidential Materials" means any Documents, Testimony, or Information, as defined here, designated as "Highly Confidential" pursuant to the provisions of this Stipulation and Protective Order.

      g.    "Designating Party" means a Party to this Proceeding, or a third party or non-party producing materials or information in this Proceeding, that designates Documents, Testimony, or Information, as defined here, as "Confidential" or "Highly Confidential."

      h.    "Receiving Party" means the Party that receives Documents, Testimony, or Information, as defined here, as "Confidential" or "Highly Confidential".

      i.    "Protected Health Information," as used herein, shall have the same definition as set forth in 45 CFR § 160.103.

      j.    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

      k.    "Documents" means (i) any "Writing," "Original," and "Duplicate" as

those terms are defined by the Federal Rules and applicable case law, including electronically stored information, which have been produced in discovery or provided in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing. This includes letters, communications, written discovery responses, or other documents or information provided by counsel.

        l.      "Information" means the content of Documents or Testimony.

        m.      "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

        2.      The Designating Party shall have the right to designate as "Highly Confidential" only the non-public Documents, Testimony, or Information that the Designating Party in good faith believes would create a substantial risk of serious financial or other injury, if Disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means. Nothing contained herein shall be construed to allow global designations of all materials or documents as "Confidential Information" or "Highly Confidential Information."

        3.      A Party may designate as "Confidential" or "Highly Confidential" any material produced by a non-Party or third-party witness by providing written notice to all other Parties within thirty (30) calendar days after receiving such materials or information and providing a copy of the materials or information clearly labeled, stamped, or otherwise marked "Confidential" or "Highly Confidential" and the additional words "as designated by [Party]."

        4.      The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

        5.      Any Documents, Testimony, or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated at the time of production, unless otherwise stated in this Order. The Parties may agree that a case name and number are to be part of the

"Highly Confidential" designation. The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of any part of the content of the Documents, Testimony or Information.

      a.    Where reasonably practical, for Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated material.

      b.    For Testimony given in depositions the Designating Party may either:

          i.    identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential;" or

          ii.    designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the final deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential," as instructed by the Designating Party.

      c.    For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential" portions. Whenever any Receiving Party reduces any such information produced from a tangible form to hard copy form and intends to use that hard copy in this Litigation (subject to the terms of this Order), the Receiving Party

must prominently mark the hard copy form with the appropriate Confidentiality designation as designated by the Designating Party.

6.  The Designating Parties may redact from otherwise responsive documents subject to production information subject to privileges and the work product protection, Protected Health Information, personal information, and other information subject to local and foreign privacy laws or regulations.[1] The Parties refer to any ESI stipulation in this litigation for the format of redactions.

7.  The inadvertent revealing or production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information in this Proceeding without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party shall not be held to have waived any rights by such inadvertent revealing or production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently provided or produced without such designation, the Party that inadvertently provided or produced the Document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent revealing or production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice"). Upon receipt of an Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential" materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction

---

[1] Redaction of irrelevant and other information may be the subject of an amendment to this Order.

within ten (10) days of receipt of written notice of the inadvertent revealing or production.  This provision is not intended to apply to any inadvertent production of any Document, Testimony, or Information protected by attorney-client or work product privileges.

8. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Highly Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").  All objections to "Confidential" or "Highly Confidential" material must be in good faith and should be consolidated into as few challenges as practical to facilitate efficient resolution by the parties and the Court, if necessary.  Nothing contained herein shall be construed to allow global Designation Objections to all materials or documents designated as "Confidential Information" or "Highly Confidential Information" in a document production.  Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information in response to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion").  Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

9. Nothing shall prevent the Designating party from de-designating or using its own Highly Confidential Materials or Confidential Materials as it sees fit.

10. Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

    a. the Court;

    b. attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys, and outside eDiscovery services, who are actively involved in the Proceeding and are not employees of any Party;

    c. In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel.  Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    d. those officers, directors, partners, members, employees and agents of all non-Designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    e. representatives of insurance companies where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for the representative's assessment or evaluation of this Proceeding, provided, however, that each representative given access to Confidential Materials shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be disclosed other than pursuant to its terms;

    f. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    g. any non-party witness called to testify at deposition, hearing, or trial in this

Proceeding, provided that such person has signed the form attached hereto as Exhibit A;

        i.      mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. Mock jury participants will not be permitted to depart the jury exercises with any Confidential Materials.

        j.      outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

        k.      any mediator or arbitrator that the parties engage in this matter or that the Court appoints, provided such person has first signed the form attached hereto as Exhibit A; and

        l.      any other person or entity that the Designating Party agrees to in writing.

11.    Access to and/or Disclosure of Highly Confidential Materials shall be permitted only to the following persons or entities:

        a.      attorneys of record in the Proceedings, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside eDiscovery services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Highly Confidential Materials be Disclosed for purposes of this Proceeding. Such employees, assistants, contractors and agents to whom such

8

access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order. In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel are not permitted access to Highly Confidential Materials;

    b. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Highly Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Highly Confidential Materials. It shall be the obligation of counsel for the Party making the disclosure, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

    c. any person who authored, received, saw or was otherwise familiar with Documents, Testimony, or Information designated "Highly Confidential," including any person otherwise familiar with the Highly Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Highly Confidential Information;

    d. any non-party, non-expert witness noticed to testify at deposition, hearing, or trial in this Proceeding, provided such person has first signed the form attached hereto as Exhibit A, and that the non-party witness may not (1) permanently keep a copy of the Highly Confidential Materials; (2) to the extent reasonably practical, view the Highly Confidential Materials outside the direct supervision of counsel; (3) take notes concerning the content of the Highly Confidential Materials unless those notes are destroyed following testimony; (4) discuss with or disclose to other non-parties or non-expert third parties the contents of the Highly Confidential Materials; and/or (5) use the Highly Confidential Materials for any purpose other than in connection with this Proceeding;

    e. representatives of insurance companies where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for the representative's assessment or evaluation of this Proceeding, provided, however, that each representative given access to Highly Confidential Materials shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be disclosed other than pursuant to its terms;

    f. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    g. any mediator or arbitrator that the parties engage in this Proceeding or that the Court appoints, provided such person has first signed the form attached hereto as Exhibit A; and

    h. the Court.

  12. No person shall attend depositions (or portions of depositions) during which Confidential or Highly Confidential Information is disclosed unless such person is authorized under the terms of this Protective Order. If, during the course of a deposition, the response to a question would require the disclosure of Confidential or Highly Confidential Information, the witness may refuse to answer or the Party whose Confidential or Highly Confidential Information would be disclosed may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential or Highly Confidential Information leave the room. If all persons in the room are authorized to receive Confidential or Highly Confidential Information, no objection shall be interposed at deposition directing a party not to answer based on the fact that an answer would elicit Confidential or Highly Confidential Information.

  13. Confidential Materials and Highly Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

14. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

15. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a. operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i. to seek a determination by the Court of whether any particular Confidential Materials or Highly Confidential Materials should be subject to protection under the terms of this Stipulation and Protective Order; or

ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

16. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

17. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation

shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

18. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials or Highly Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials or Highly Confidential Materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Materials or Highly Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

19. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials or Highly Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

20. If, after execution of this Stipulation and Protective Order, any Confidential Materials or Highly Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials or Highly Confidential Materials to the immediate attention of the Designating Party.

21. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials or Highly Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials or Highly Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

22. If Confidential Materials or Highly Confidential Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal in accordance with the relevant rules and procedures of the Court and kept under seal until further order of the Court. All materials filed under seal shall be available to the Court, and to counsel for the parties that have agreed to this Order, for reviewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not Confidential or Highly Confidential and need not be preserved under seal. The parties will use their reasonable best efforts to minimize the filing of materials under seal.

23. The Parties shall meet and confer regarding the procedures for use of any Confidential Materials or Highly Confidential Materials at trial and shall move the Court for entry of an appropriate order.

24. In the event a Designating Party reasonably anticipates that its Confidential Materials or Highly Confidential Materials may be improperly disclosed, it may apply to the Court to obtain appropriate relief. In the event that the aggrieved Designating Party seeks injunctive relief, it must petition the Court for such relief, which may be granted at the sole discretion of the Court. Any intentional violation of this Order shall constitute contempt of Court, shall be punishable as such, and shall subject any offending parties to such sanctions and remedies as the Court may deem appropriate. The parties and any other persons subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order. If any person having access to the Confidential Material or Highly Confidential

Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

25. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or Highly Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials or Highly Confidential Materials.

26. Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the Party seeking to use the Confidential Material must give at least three (3) court days advance notice to the Designating Party of the intent to use the Confidential Material so that the producing Party may seek an appropriate Court Order to protect the Confidential Material. This provision is not applicable to trial exhibits, which will be subject to a separate agreement of the parties or order of the Court.

27. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

28. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and Highly Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court [and one copy of each deposition together with the exhibits marked at the deposition)], (b) destroy all "Confidential Materials" and/or "Highly Confidential Materials" produced pursuant to this Order, or (c) as to any

Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

29. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials or Highly Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

30. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials and Highly Confidential Materials under the terms herein. The Parties reserve the right to move the Court for additional protective Orders as may be required by discovery in this Litigation.

31. The Parties have stipulated to and will submit a separate Rule 502(d) and Clawback Order for this Court's consideration.

This Stipulation and Protective Order may be executed in counterparts.

Dated:  June 20, 2025                                Respectfully stipulated to and submitted by,

**DLA PIPER LLP (US)**                               **GEORGE FELDMAN MCDONALD, PLLC**

 /s/ *Angela C. Agrusa*                              /s/ *Rebecca A. Peterson*
Angela C. Agrusa                                     Rebecca A. Peterson (Pro Hac Vice)
2000 Avenue of the Stars, Suite 400                  1650 West 82nd Avenue, Suite 880
Los Angeles, CA 90067                                Bloomington, MN 55431
(310) 500-3591                                       Telephone: (612) 778-9595
angela.agrusa@us.dlapiper.com                        E-mail: rpeterson@4-justice.com

Colleen Carey Gulliver                               Lori G. Feldman

Connor Rowinski
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
(212) 335-4500
colleen.gulliver@us.dlapiper.com
connor.rowinski@us.dlapiper.com

*Counsel for Defendant Nurture, LLC*

102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
E-mail: lfeldman@4-justice.com
E-service: eService@4-justice.com

*Interim Co-Lead Counsel for Plaintiffs*

## **ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

DATED this <u>24th</u> day of June 2025.

*Mary Kay Vyskocil*
_____
Hon. Mary Kay Vyskocil

## **EXHIBIT A**

## **CERTIFICATION REGARDING CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials and/or Highly Confidential Materials supplied in connection with the Proceeding, *In re Nurture Baby Food Litig.*, No. 1:21-cv-01217-MKV. I certify that I understand that the Confidential Materials and/or Highly Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order ("Order") filed in this Proceeding. I have been given a copy of the Order, I have read it, and I agree to be bound by its terms.

I understand that the Confidential Materials and Highly Confidential Materials, as defined in the Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials or Highly Confidential Materials obtained pursuant to the Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials and Highly Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the applicable laws, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

DATED: _____        BY:    _____
                                     Signature

                                     _____
                                     Title

                                     _____
                                     Address

                                     _____
                                     City, State, Zip

                                     _____
                                     Telephone Number