USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re NURTURE BABY FOOD LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 1:21-cv-01217-MKV<br><br>Hon. Mary Kay Vyskocil |

## [PROPOSED] RULE 502(d) AND CLAWBACK ORDER

1. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

3. The provisions of Federal Rule of Evidence 502(b) do not apply.

4. If the receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving Party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing Party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

5. Any Party or non-Party that discloses or produces a Document, ESI, or information that it considers privileged or otherwise protected from discovery will give notice to the receiving

Party (a "Clawback Notice"), identifying the document, ESI, or information in question; the asserted privilege or protection; and the grounds therefor within ten (10) business days after discovery of the disclosure.

      a.      Within seven (7) business days following the production of the Clawback Notice, the producing party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld. Any document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court.

      b.      Within fourteen (14) business days of Upon receipt of a Clawback Notice of the assertion of privilege or protection over produced over documents, ESI, or information, the receiving Party will:

      i.      to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party or non-party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the parties or the Court; and

      ii.      to whatever extent the receiving Party does not contest the assertion of privilege or protection, promptly certify in writing to the producing party or non-party that it has returned or destroyed the applicable document(s), ESI, and/or information, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom.

      c.      Within ten (10) business days of the producing party receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement.

      d.      In the event of a contested assertion of privilege or protection (as used here, this term is not intended to cover confidentiality) over produced documents that cannot be resolved amicably after meeting and conferring in good faith, within thirty (30) days following the parties'

conference regarding the claimed privileged materials, the receiving Party may file a motion with the Court seeking to challenge the assertion of privilege or protection.

This Rule 502(d) and Clawback Order may be executed in counterparts.

Dated:  June 20, 2025                                           Respectfully stipulated to and submitted by,

**DLA PIPER LLP (US)**                                 **GEORGE FELDMAN MCDONALD, PLLC**

 /s/ *Angela C. Agrusa*                              /s/ *Rebecca A. Peterson*
Angela C. Agrusa                                          Rebecca A. Peterson (Pro Hac Vice)
2000 Avenue of the Stars, Suite 400           1650 West 82nd Avenue, Suite 880
Los Angeles, CA 90067                               Bloomington, MN 55431
(310) 500-3591                                             Telephone: (612) 778-9595
angela.agrusa@us.dlapiper.com                 E-mail: rpeterson@4-justice.com

Colleen Carey Gulliver                                Lori G. Feldman
Connor Rowinski                                        102 Half Moon Bay Drive
1251 Avenue of the Americas, 27th Floor  Croton-on-Hudson, NY 10520
New York, NY 10020                                   Telephone: (917) 983-9321
(212) 335-4500                                             E-mail: lfeldman@4-justice.com
colleen.gulliver@us.dlapiper.com              E-service: eService@4-justice.com
connor.rowinski@us.dlapiper.com

*Counsel for Defendant Nurture, LLC*        *Interim Co-Lead Counsel for Plaintiffs*

3

## **ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Rule 502(d) Order.

**IT IS SO ORDERED.**

DATED this 24th day of June 2025.

_____
Hon. Mary Kay Vyskocil