```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/8/2025
```

**October 8, 2025 - VIA ECF**

Hon. Mary Kay Vyskocil
United States District Judge
United States Courthouse
500 Pearl St., New York, NY 10007-1312

      **Re:** *In re Nurture Baby Food Litigation*, Case No. 1:21-cv-01217-MKV
      **Joint Request to Stay Discovery and to Adjourn the October 28th Status Conference Pending the Parties' Mediation**

Dear Judge Vyskocil:

    Pursuant to Rules 2(G) and 4(B) of Your Honor's Individual Rules, the parties jointly submit this letter respectfully requesting a temporary stay of the current deadlines in this case pending their upcoming mediation. The parties also request an adjournment of the in-person status conference scheduled for October 28, 2025 (ECF No. 290).

    The parties recently agreed to schedule a mediation in good faith to consider a class wide resolution that would resolve this case in its entirety. The parties agree that such mediation must conclude in a timely manner, so the requested stay would be short. The parties have agreed to use Honorable Margaret A. Nagle (Ret.) of JAMS as their mediator, who formerly served as a U.S. Magistrate Judge for the U.S. District Court, Central District of California from 1997-2015. The parties have scheduled the mediation for January 23, 2026, which is the earliest date that Judge Nagle and counsel for both parties are available.

    The parties respectfully submit that good cause exists to grant this motion. This Court routinely grants joint requests to stay discovery and to adjourn conferences pending settlement mediations. *See, e.g.*, *Brain v. The Execu-Search Group, LLC*, No. 24-cv-8219-MKV (S.D.N.Y. 2024), ECF No. 67 (granting stay of class action pending settlement mediation that resolved case); *Byron v. Bronx Parent Housing Network*, No. 21-cv-2568 (S.D.N.Y. 2021), ECF Nos. 58, 60 (granting stay and adjourning conference pending mediation); *Walterlakes v. From You Flowers, LLC*, No. 1:25-cv-00867-MKV (S.D.N.Y. 2025), ECF No. 35 (same); *Vitale v. City of New York*, No. 1:25-cv-1129-MKV (S.D.N.Y. 2025), ECF No. 133 (adjournment of conference scheduled for June 2025 pending settlement mediation set for November 2025).

    A short stay is warranted here to allow the parties to focus on mediation, promote judicial efficiency, and conserve significant resources by both parties. The parties have been extensively litigating this case to meet current discovery deadlines, including scheduling depositions set to start this month (as early as October 17, 2025), serving and responding to written discovery, producing tens of thousands of documents, engaging in numerous weekly meet and confers to attempt to resolve discovery disputes, and serving third party discovery. A stay would allow the parties to focus on exchanges of information and materials that would enable the parties to prepare for mediation. As such, good cause exists for a stay, which will not result in undue delay.

The parties respectfully propose that the stay would apply to all case deadlines (see below) and pending motions, including Nurture's reconsideration motion (ECF No. 268).  The parties also seek to adjourn the upcoming status conference scheduled for October 28, 2025 (ECF No. 290) until a date following the mediation, if necessary.  The parties propose that within five days after mediation, they will submit an update to the Court on the outcome of the mediation.  The parties further propose that if mediation is unsuccessful, the case deadlines should be updated to reflect the same timing and sequence as the current deadlines, including the status conference.[1]

The current deadlines in this case are as follows (see ECF No. 284):

| Deadline | Item |
| --- | --- |
| 10/21/2025 | Joint Letter (regarding case status) |
| 10/28/2025 | Status Conference |
| 11/10/2025 | Completion of fact depositions |
| 11/10/2025 | Deadline to have served first set of Requests for Admission |
| 11/10/2025 | Deadline to meet and confer on deadlines for expert reports, productions, and depositions |
| 12/10/2025 | Close of fact discovery |
| 2/18/2026 | Close of expert discovery |
| 5/13/2026 | Deadline for the parties to file for summary judgment |

These deadlines have not been modified from the original schedule that this Court ordered at the June 10, 2025 status conference (ECF No. 284).  This is the parties' first request to stay the case schedule and to adjourn the October 28th conference pending the upcoming mediation.  The parties have discussed this matter extensively and are in full agreement that a stay pending mediation and a conference adjournment are appropriate.

\* \* \*

The parties thank the Court for its consideration and attention to this matter and will make themselves available should the Court have any questions.

Respectfully submitted,

George Feldman McDonald, PLLC

/s/ *Lori G. Feldman*
Lori G. Feldman

/s/ *Rebecca A. Peterson*
Rebecca A. Peterson

*Counsel for Plaintiffs*

---

[1] Consistent with Rule 2(G) of Your Honor's Individual Rules, the parties will also submit a proposed revised scheduling order within five days of the mediation in the event that mediation is unsuccessful.

DLA Piper LLP (US)

/s/ *Angela C. Agrusa*
Angela C. Agrusa

*Counsel for Nurture, LLC*

**IT IS HEREBY ORDERED** that the parties' request is GRANTED, except with regard to the rescheduling of case deadlines in the circumstance that the mediation is unsuccessful. Accordingly, IT IS HEREBY ORDERED that this case is **STAYED**.

IT IS FURTHER ORDERED that the parties shall jointly advise the Court on the status but not the substance of settlement on or before January 28, 2026.

IT IS FURTHER ORDERED that if the scheduled mediation is unsuccessful, the Court will schedule a conference to set new deadlines.

IT IS FURTHER ORDERED that the status conference scheduled for October 28, 2025 is adjourned *sine die.*

**The parties are reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

SO ORDERED.

Date: 10/8/2025
New York, New York

Mary Kay Vyskocil
United States District Judge