# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement" or the "Agreement") is made and entered into by and between Plaintiffs Marie Mezile, Laura Barbu, Charlotte Willoughby, Diego Galeana, Chey'na Micciche, Kelly McKeon, and Hilary Paris, individually and on behalf of the Settlement Class ("Plaintiffs" or "Class Representatives"), on the one hand, and Defendant Nurture, LLC, d/b/a Happy Family Organics, and its parents, subsidiaries, and affiliates ("Nurture" or "Defendant"), on the other hand, in the Consolidated Action entitled *In re Nurture Baby Food Litigation*, Case No. 1:21-cv-01217-MKV, in the United States District Court for the Southern District of New York before the Honorable Mary Kay Vyskocil (the "Court").

## I.    DEFINITIONS

As used in this Agreement and all related documents, the following terms have the following meanings:

A.    "Action" means *In re Nurture Baby Food Litigation*, Case No. 1:21-cv-01217-MKV (U.S.D.C. S.D.N.Y.).

B.    "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

C.    "Cash Settlement Award" means, at the election of the Settlement Class Member, an electronic payment to an eligible Settlement Class Member pursuant to Sections III.C and III.D of this Agreement.

D.    "Class Counsel" means Interim Co-Lead Counsel for the proposed class pursuant to Fed. R. Civ. P. 23(g)(3), as designated by the Court pursuant to the Order Appointing Interim Lead Counsel (ECF 150), including Lori G. Feldman (formerly affiliated with George Feldman McDonald, PLLC, and now affiliated with Hecht Partners, LLP (ECF 302)) and Rebecca A. Peterson (formerly affiliated with Lockridge Grindal Nauen PLLP, and now affiliated with Hecht Partners, LLP (ECF 301)).

E.    "Class Counsel Fees" means any award of attorneys' fees and costs to Class Counsel approved by the Court as set forth in Section III.F.

1

Privileged and Confidential
Protected Settlement Communications

F.      "Class Period" means February 4, 2015, to the date the Preliminary Approval Order is entered, inclusive.

G.      "Claim(s)" or "Claim Form(s)" means the claim form submitted by a Settlement Class Member, in the form attached hereto as "**Exhibit D**," to receive a Settlement Award pursuant to Section III.D. To be valid, a Settlement Class Member must attest on the Claim Form under penalty of perjury that the Settlement Class Member purchased one of the Products during the Class Period; elect either a Cash Settlement Award or Voucher Settlement Award pursuant to Section III.D; and that the information supplied in the Claim Form is true and correct to the best of the Settlement Class Member's knowledge.

H.      "Claim Period" means the time period in which Settlement Class Members may submit a Claim Form. The Claim Period begins on the Notice Deadline and expires on the Objection/Exclusion Deadline.

I.      "Claims Process" means the process for Settlement Class Members' submission of Claims, as described in Section III.D.

J.      "Class Notice" means all types of notice that will be provided to the Settlement Class, as described in Section IV of the Agreement, and includes Newspaper Publication Notice, Website Notice, Internet Media Publication Notice, as well as any additional notice ordered by the Court.

K.      "Consolidated Action" means the Action and the Related Actions.

L.      "Consolidated Class Action Complaint" means the Consolidated Class Action Complaint filed by Plaintiffs in the Action on October 7, 2022, and subsequently amended on April 10, 2024 (ECF 214).

M.      "*Cy Pres* Distribution" means monies or product donations that may be distributed in connection with the Settlement, pursuant to Section III.E of this Agreement.

N.      "Effective Date" means (a) if no objection is raised to the proposed Settlement at the Fairness Hearing, including with respect to Class Counsel's attorneys' fees and any service awards, the date on which the Final Approval Order and Judgment is entered; or (b) if any

Privileged and Confidential
Protected Settlement Communications

objections are raised to the proposed Settlement at the Fairness Hearing or thereafter through third-party intervention or otherwise, including with respect to Class Counsel's attorneys' fees and any service awards, the latest of: (i) the expiration date of the time for filing or notice of any appeal from the Final Approval Order and Judgment, (ii) the date of final affirmance of any appeal of the Final Approval Order and Judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the Final Approval Order and Judgment and, if certiorari is granted, the date of final affirmance of the Final Approval Order and Judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the Final Approval Order and Judgment or the final dismissal of any proceeding on certiorari to review the Final Approval Order and Judgment.

O.     "Fairness Hearing" means the hearing at or after which the Court will make a final decision whether to approve this Agreement and the Settlement set forth herein as fair, reasonable, and adequate and entry by the Court of the Final Approval Order. Pursuant to Section VI, the Parties shall request the Fairness Hearing be scheduled at least Two Hundred (200) days after the Preliminary Approval Order is entered.

P.     "Final Approval" means the date the Court finally approves the Settlement of this Consolidated Action, including but not limited to, the terms and conditions of this Agreement.

Q.     "Final Approval Order" means the order and judgment that the Court enters upon finally approving the Settlement in connection with the Fairness Hearing, the proposed form of which is attached hereto as "**Exhibit F**."

R.     "Internet Media Publication Notice" means the targeted internet media notice plan developed by the Settlement Administrator, and approved by the Court, to provide notice of the Settlement to Settlement Class Members under Section IV.C of this Agreement. The Internet Media Publication Notice shall be substantially in the form attached hereto as "**Exhibit C**."

S.     "Long Form Notice" means the long form notice of the proposed Settlement to be provided to Settlement Class Members substantially in the form attached hereto as "**Exhibit B**."

3

Privileged and Confidential
Protected Settlement Communications

T.    "Newspaper Publication Notice" means the newspaper publication notice of the proposed Settlement developed by the Settlement Administrator, and approved by the Court, to provide to Settlement Class Members with notice under Section IV.A of the Agreement, substantially in the form attached hereto as "**Exhibit A**."

U.    "Notice Deadline" or "Notice Date" means the date on which the notice described in Section IV of the Agreement is first issued, which shall be no later than forty-five (45) calendar days following entry of Preliminary Approval.

V.    "Objection/Exclusion Deadline" means the date seventy-five (75) calendar days after the Notice Deadline.

W.    "Parties" mean the Class Representatives and Defendant.

X.    "Preliminary Approval" means the date the Court preliminarily approves the Settlement of the Consolidated Action, including but not limited to, the terms and conditions of this Agreement.

Y.    "Preliminary Approval Order" means the order to be submitted to the Court in connection with the preliminary approval hearing on the Settlement, the proposed form of which is attached hereto as "**Exhibit E**."

Z.    "Products" mean all baby food and toddler food products marketed, manufactured, and distributed by Nurture during the Class Period, including but not limited to all bars, pouches, baby food jars, puffs, bowls, snack products, snackers, baking mixes, cookies, yogis, Greek yogis, creamies, pudding, teethers, teething crackers, rice cakes, cereals, formulas, toddler milks, and fruity sticks.

AA.    "Proof of Purchase" means documentation that demonstrates the proof of purchase of a Product by a Settlement Class Member during the Class Period, including: copies of receipts, invoices, direct-purchase records, payment-card records, and records that have been obtained via subpoenas issued to retailers in the Consolidated Action that show the purchaser identity, date of purchase, itemized number of units purchased, specific product purchased, and purchase amount.

Privileged and Confidential
Protected Settlement Communications

BB.    "Related Actions" means the member cases to the Action that were transferred to, consolidated with, or deemed related to the Action, including the following cases pending in the Southern District of New York: Case No. 1:21-cv-01217-MKV, 1:21-cv-01473-MKV, 1:21-cv-01534-MKV, 1:21-cv-01882-MKV, 1:21-cv-02101-MKV, 1:21-cv-02129-MKV, 1:21-cv-02553-MKV, 1:21-cv-03499-MKV, 1:21-cv-04997-MKV, 1:21-cv-05344-MKV, 1:21-cv-05748-MKV, 1:21-cv-06632-MKV, 1:21-cv-06678-MKV, 1:21-cv-06861-MKV, 1:21-cv-06918-MKV, 1:21-cv-01271-MKV, 1:21-cv-07283-MKV, 1:21-cv-08030-MKV, and 1:22-cv-05402-MKV. Specifically, on August 30, 2021, the Court consolidated sixteen then-pending individual actions into the Action (ECF No. 47), and two additional related cases were later consolidated. (ECF Nos. 48, 106).

CC.    "Released Claims" means all claims to be released pursuant to Section III.B of this Agreement.

DD.    "Service Awards" means any service awards to Plaintiffs approved by the Court as set forth in Section III.F.2.

EE.    "Settlement Administrator" means the third-party agent or administrator agreed to by the Parties and appointed by the Court. The Parties agree that, subject to the Court's approval, Epiq Class Action & Claims Solutions, Inc. shall be retained to implement the Notice and Claims Administration requirements of this Agreement.

FF.    "Settlement Administration Payments" means an amount of up to Four Hundred Thousand Dollars ($400,000 USD) that Defendant will pay to the Settlement Administrator for Settlement Costs, pursuant to Section III.C.

GG.    "Settlement Class" means all persons in the United States who purchased the Products during the Class Period. Excluded from the Settlement Class are all persons who validly opt out of the Settlement in a timely manner; governmental entities; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, and all of their respective employees, officers, and directors; the presiding judge in the Action or Related Actions or judicial officer presiding over the matter, and all of their immediate families

5

Privileged and Confidential
Protected Settlement Communications

and judicial staff; and any natural person or entity that entered into a release with Defendant prior to the Effective Date concerning the Products.

HH.    "Settlement Class Household" means, to the extent family members, or extended family members, living under the same roof and for whom purchases of the Products were collectively made, those family members shall be treated as one "Settlement Class Household" for purposes of the "Claims Process" described below. For purposes of the "Claims Process," a sole or single "Settlement Class Member" shall be treated as one "Settlement Class Household."

II.    "Settlement Class Member" means any member of the Settlement Class.

JJ.    "Settlement Costs" means all costs and fees charged by the Settlement Administrator to administer this class action settlement pursuant to this Agreement and any orders of the Court, including (a) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to Newspaper Publication Notice, Website Notice, Internet Media Publication Notice, and any additional notice that might be ordered by the Court); (b) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing Settlement Awards, Claim Forms, and the cost of maintaining a designated post office box for receiving Claim Forms; (c) the fees, expenses and all other costs of the Settlement Administrator, and (d) payment of any necessary taxes and tax expenses.

KK.    "Settling Parties" means, collectively, Plaintiffs, on behalf of themselves and each of the Settlement Class Members, and Defendant.

LL.    "Cash Settlement Fund" means the non-reversionary fund of Three Million Four Hundred Thousand Dollars ($3,400,000 USD) cash to be paid pursuant to Section III.C.

MM.    "Settlement Website" means the website to be established by the Settlement Administrator for purpose of providing notice, Claim Forms, and other information regarding this Agreement, as described in Section IV.B.

NN.    "Voucher Settlement Award" means, at the election of the Settlement Class Member, a voucher delivered via email to an eligible Settlement Class Member pursuant to Section III.D of this Agreement.

OO.     "Voucher Settlement Program" means up to Three Million Four Hundred Thousand Dollars ($3,400,000 USD) in vouchers for certain of Defendant's Products to be issued pursuant to Sections III.C and III.D.

PP.     "Website Notice" means the notice made available on the Settlement Website pursuant to Section IV.B of this Agreement, including the Long Form Notice.

## II.     LITIGATION BACKGROUND

A.     Plaintiffs allege that, during the Class Period, the Products were falsely or misleadingly labeled or marketed because the Product labels did not disclose, and/or Defendant actively concealed, that the Products may contain perchlorate and heavy metals, including lead, cadmium, inorganic arsenic, and mercury, which Defendant disputes. Based on these allegations, beginning on February 11, 2021, the Action and Related Actions were filed asserting claims against Defendant for, among others, violations of New York's Deceptive Acts and Practices, N.Y. Gen. Bus. Law §§ 349 & 350; Minnesota Unlawful Trade Practices Act, Minn. Stat. §§ 325D.09, 325D.44, 325F.67-69, *et seq.*; Washington Unfair Business Practices and Consumer Protection Act, RCW § 19.86.10, *et seq.*; Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505/1, *et seq.*; California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; California's Consumers Legal Remedies Act, Cal. Bus. & Prof. Code § 1750, *et seq.;* California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; fraudulent misrepresentation by omission; fraud by omission; and unjust enrichment. Plaintiffs seek to represent a nationwide putative class of individuals in the United States who purchased the Products during the Class Period. Plaintiffs seek declaratory relief, injunction, restitution, disgorgement, actual and statutory damages, and punitive damages, as well as attorneys' fees and costs (collectively, the allegations set forth in the Consolidated Action, including those described in this paragraph II.A., are referred to as the "Allegations").

B.     Defendant expressly denies any liability or wrongdoing of any kind associated with the Allegations and the Consolidated Action, and further contends that, for any purpose other than Settlement, the Consolidated Action is not appropriate for class treatment. Defendant does not

7

Privileged and Confidential
Protected Settlement Communications

admit or concede any actual or potential fault, wrongdoing, or liability against it in the Consolidated Action or any other actions. Defendant maintained during the entire pendency of the Consolidated Action, and continues to maintain, that Defendant's labeling and marketing of the Products is and was proper and not deceptive, misleading, or fraudulent as a matter of law and maintains that the Products are and were safe. Defendant enters into this Agreement to resolve and settle the Allegations to avoid the expense, burden, and delay of continued litigation, and without admitting or acknowledging any liability or wrongdoing whatsoever.

C.      The Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement Agreement were negotiated at arm's length, in good faith by the Parties, and reflect a settlement that was reached voluntarily, after consultation with competent legal counsel, and with the assistance of an independent, neutral mediator, the Honorable Margaret A. Nagle (Ret.) of JAMS, after a full day in-person mediation, as well as many meetings, discussions, and calls prior to reaching this Agreement. The result was a Settlement of the Consolidated Action in its entirety, culminating with this Agreement. Plaintiffs and Class Counsel have concluded that a Settlement with Defendant on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Class considering all known facts and circumstances.

D.      It is the desire of the Settling Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or related to the Consolidated Action which exist between the Settling Parties. Therefore, it is the intention of Plaintiffs and the Settlement Class that this Agreement shall constitute a full and complete Settlement and release of the Released Claims against Defendant.

## III.    TERMS OF SETTLEMENT

In consideration of the mutual covenants and promises set forth herein, and subject to Court approval, the Settling Parties agree as follows:

A.      Conditional Certification of Class. For Settlement purposes only, and without any finding or admission of any wrongdoing or fault by Defendant, and solely pursuant to the terms of

8

this Agreement, the Settling Parties consent to and agree to the establishment of a conditional certification of the nationwide Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(3). This certification is conditioned on the Court's approval of this Agreement. In the event the Court does not approve all terms of the Agreement, the Court approves the Agreement but an appellate court reverses the order, or if the Agreement is voluntarily or involuntarily terminated for any reason, then certification of the Settlement Class shall be void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Consolidated Action or in any other case or controversy. And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all Settling Parties, who shall be restored to their respective positions as of the date of this Agreement, and no party shall be deemed to have waived any positions with respect to any aspect of the Allegations or to whether those Allegations are or are not amenable to class-based treatment.

B.    Release.

1.    Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the Settlement benefits described in this Agreement, Plaintiffs and the Settlement Class shall fully release and discharge Defendant and all its current and former parents, subsidiaries, affiliates, joint venturers, divisions, chapters, officers, directors, shareholders, members, agents, partners, employees, predecessors, successors, assigns, representatives, attorneys, insurers, legal representatives, executors, administrators, and any and all other entities or persons upstream and downstream in the production/distribution channels, and all other persons acting under, by, or through, any of them (together, the "Released Parties") from any and all claims, counterclaims, demands, obligations, actions, causes of action, suits, debts, sums of money, accounts, liens, contracts, controversies, agreements, promises, damages, judgments, executions, rights, defenses, offsets, privileges, set-offs, remedies, penalties, costs, expenses, attorneys' fees, and liabilities of every kind or nature whatsoever, whether known or

Privileged and Confidential
Protected Settlement Communications

unknown, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed or contingent, direct or derivative, at law or in equity, statutory, constitutional, contractual, common-law, regulatory, administrative, or otherwise, which Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Released Parties in any court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, connected with, arising from, or that relate in any way, directly or indirectly to the facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances, or other matters arising under or in any way relating to or in connection with the Released Claims, including: (i) the allegations, claims, or contentions that were, or could have been, asserted in the Consolidated Action, including but not limited to the Allegations; and/or (ii) any alleged acts, omissions, or misrepresentations related in any way to the communications, disclosures, nondisclosures, representations, statements, claims, omissions, messaging, design, testing, marketing, labeling, advertising, promotion, packaging, displays, brochures, studies, manufacture, production, distribution, operation, performance, functionality, notification, providing, offering, dissemination, replacement, sale and/or resale of the Products during the Class Period (collectively, the "Released Claims"). This Release expressly excludes personal injury and product liability claims for damages for bodily injuries.

2.     Plaintiffs and the Settlement Class acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Consolidated Action and/or the Released Claims herein. Plaintiffs expressly understand and acknowledge, and all Settlement Class Members will be deemed by the Final Judgment to acknowledge, that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF

Privileged and Confidential
Protected Settlement Communications

KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER

SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state

laws, rights, rules or legal principles, to the extent they are found to be applicable herein are hereby

knowingly and voluntarily waived, relinquished and released by Plaintiffs and all Settlement Class

Members.

   C. <u>The Settlement Consideration</u>. In settlement of the claims of Plaintiffs and the

Settlement Class Members, Defendant shall provide the following consideration:

   1. Within thirty (30) calendar days of the Effective Date, Defendant shall pay

the Cash Settlement Fund ($3,400,000). The Cash Settlement Fund shall be used first to pay all

Settlement Costs that exceed Four Hundred Thousand Dollars ($400,000 USD), Class Counsel

Fees and Service Awards, after which any remaining amounts shall then be used to pay all Cash

Settlement Awards to Settlement Class Members (the "Cash Award Fund") as set forth in Section

III.D. Subject to Court approval and oversight, the account receiving the Cash Settlement Fund

shall be an interest-bearing account mutually agreed to by the Parties and controlled by the

Settlement Administrator. Any interest earned on any amounts in the account shall be allocated to

pay Settlement Costs.

   2. In addition to the Cash Settlement Fund, within seventy-five (75) days of

the Effective Date, Defendant shall make available a Voucher Settlement Program to provide

Voucher Settlement Awards to Settlement Class Members who submit a valid Claim Form electing

a Voucher Settlement Award, as set forth in Section III.D. The total amount of Voucher Settlement

Awards in the Voucher Settlement Program shall not exceed Three Million Four Hundred

Thousand Dollars ($3,400,000 USD) in retail value. Defendant shall have no obligation to honor

any claims made for a Voucher Settlement Award once it has issued Three Million Four Hundred

Thousand Dollars ($3,400,000 USD) in retail value worth of vouchers in the aggregate to

Settlement Class Members. Settlement Class Members who submit a valid Claim Form electing a

Privileged and Confidential
Protected Settlement Communications

Voucher Settlement Award shall receive a redemption code for one of the following free regularly priced products: (i) Happy Tot Bars, (ii) Happy Baby Creamies; (iii) Happy Baby Teethers; or (iv) Happy Baby Yogis or Greek Yogis, as set forth in Section III.D.1.b. Retail value of the Voucher Settlement Awards shall be calculated using an average retail value of Five Dollars and Thirty-Nine Cents ($5.39 USD).

3.      Defendant shall pay Three Hundred Thousand Dollars ($300,000 USD) into the Administration Fund within thirty (30) calendar days of the Court entering the Preliminary Approval Order. To the extent necessary, Defendant shall pay up to an additional One Hundred Thousand Dollars ($100,000 USD) into the Administration Fund within thirty (30) calendar days of receiving invoices from the Settlement Administrator. The Administration Fund shall be used to pay Settlement Costs. In the event Settlement Costs exceed Four Hundred Thousand Dollars ($400,000 USD), the remaining Settlement Costs shall be paid from the Cash Settlement Fund as set forth in Section III.C.1.

D.      Awards to the Settlement Class.

1.      Claim Process. Settlement Class Members may make a Claim for a Settlement Award by submitting a valid and timely Claim Form to the Settlement Administrator via a web form on the Settlement Website during the Claim Period. Only five (5) valid Claims will be honored per Settlement Class Member without Proof of Purchase, and ten (10) valid Claims will be honored per Settlement Class Member with Proof of Purchase. Only fifteen (15) valid Claims will be honored per Settlement Class Household. Adequate and customary procedures and standards will be used by the Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims. Settlement Class Members may opt to receive one of the following Settlement Awards:

a.      Cash Settlement Awards: Settlement Class Members may elect to receive a Cash Settlement Award in the amount of One Dollar ($1.00 USD) per claim, which will be paid from the Cash Award Fund via an electronic payment method. Cash Settlement Awards to Settlement Class Members who submit a valid Claim will be electronically paid within one

12

Privileged and Confidential
Protected Settlement Communications

hundred and twenty (120) days of the Effective Date. If the total amount of Cash Settlement Awards would exceed the Cash Award Fund, the Settlement Awards will be reduced *pro rata* so that the total payment in the aggregate to Settlement Class Members for Cash Settlement Awards does not exceed the Cash Award Fund. To the extent the total amount of Cash Settlement Awards does not exhaust the Cash Award Fund, the Cash Settlement Awards will be increased *pro rata*, to the extent feasible, subject to mutual agreement of the Parties and approval by the Court, or else awarded to *cy pres* pursuant to Section III.E.1. For the avoidance of doubt, in no event will Defendant be obligated to pay more than the Cash Award Fund.

         b.      <u>Voucher Settlement Awards</u>: Settlement Class Members may elect to receive a Voucher Settlement Award, which will be issued pursuant to the Voucher Settlement Program via a redemption code emailed to electing Settlement Class Members for redemption in-store at participating retailers. Voucher Settlement Awards may not be redeemed online. Settlement Class Members may elect to receive a voucher for one of the following products: (i) Happy Tot Bars, (ii) Happy Baby Creamies; (iii) Happy Baby Teethers; or (iv) Happy Baby Yogis or Greek Yogis. Voucher Settlement Awards to Settlement Class Members who submit a valid Claim will be issued via email within one hundred and twenty (120) days of the Effective Date. Voucher Settlement Awards will be issued on a first-come, first-served basis. Once the total amount of Voucher Settlement Awards reaches Three Million Four Hundred Thousand Dollars ($3,400,000 USD) in retail value (valued at $5.39 per voucher), subsequently claiming Settlement Class Members will instead receive a Cash Settlement Award pursuant to Section III.D.1.a. To the extent the total number of vouchers claimed through the Voucher Settlement Program is less than 210,266 vouchers, Defendant will donate product *cy pres* pursuant to Section III.E.2.

         2.      <u>Final Tally</u>. Within seven (7) calendar days after the close of the Claim Period, the Settlement Administrator shall provide the Parties with the number of valid and timely Claims received.

      E.      *Cy Pres* Distribution.

13

Privileged and Confidential
Protected Settlement Communications

1.      Cash *Cy Pres* Award: Any funds remaining in the Cash Award Fund as of sixty (60) days after Cash Settlement Awards have been paid, will be awarded *cy pres* ("Cy Pres Award"). There will be no reversion of cash from the Cash Settlement Fund to Nurture for any purpose.

2.      Product Donation *Cy Pres* Award: To the extent the total number of vouchers claimed through the Voucher Settlement Program is less than 210,266 vouchers, Defendant will donate the remaining product *cy pres* so that the number of vouchers claimed by Settlement Class Members and product donated by Defendant totals 210,266 vouchers and products, combined. At Nurture's sole election, the donated products shall be any one or a combination of the Products. At Nurture's sole election, Nurture shall have up to three (3) years to distribute the donated products to the *Cy Pres* Recipients.

3.      *Cy Pres* Recipients: The *cy pres* recipients shall be Feeding Westchester and City Harvest in New York. The Cy Pres Award shall be divided *pro rata* among the *cy pres* recipients.

F.      Attorneys' Fees/Costs and Class Representative Enhancement.

1.      Plaintiffs shall move the Court for an award of attorneys' fees, plus costs, to be paid to Class Counsel from the Cash Settlement Fund, which shall be noticed for the same date as the Fairness Hearing and filed at least thirty-five (35) days before the Objection/Exclusion Deadline. Defendant shall not object to such a motion so long as the amount requested for attorneys' fees is less than or equal to Two Million, Two Hundred Sixty-Six Thousand, Six Hundred Sixty-Six Dollars ($2,266,666 USD), which is one-third of the value of the Cash Settlement Fund and Voucher Settlement Program, combined. Court approval of attorneys' fees and costs, or their amount, will not be a condition of the Settlement. In addition, Class Counsel shall not be entitled to interest on such amount at any time.

2.      Class Counsel further agrees that it will apply to the Court for a service award to each Class Representative in an amount not to exceed Five Thousand Dollars ($5,000.00

Privileged and Confidential
Protected Settlement Communications

USD) each, for their participation as Class Representatives, for taking on the risks of litigation, and for Settlement of their individual claims as Settlement Class Members in this Consolidated Action. Court approval of the service awards, or their amount, will not be a condition of the Settlement.

3.      The Court-approved attorneys' fees shall be paid within forty-five (45) calendar days of the Effective Date. The Settlement Administrator shall wire the total amount awarded by the Court as attorneys' fees, expenses, costs, and service awards to Hecht Partners, LLP. Before payment shall be issued, Plaintiffs and Class Counsel are to provide the Settlement Administrator all identification and payment information necessary to effectuate the payment of the fees and costs including, but not limited to, Taxpayer Identification Number(s), completed Internal Revenue Service Form W-9(s), and a bank letter confirming payment information.

4.      Except for the fees and costs to be paid to Class Counsel and Class Representatives as specifically provided in this subsection F and elsewhere in this Agreement, Defendant does not agree to pay and shall not be responsible or liable for the payment of any attorneys' fees and expenses of Class Counsel or any other non-lead counsel in the Consolidated Action, Plaintiffs, the Settlement Class, and Settlement Class Members, any person or entity that may object to the Agreement, or any attorney who may represent any person or entity that may object to the Agreement, in connection with the Consolidated Action or in connection with any claim that was or could have been alleged in the Consolidated Action.

## IV.    NOTICE TO THE SETTLEMENT CLASS

The Settlement Administrator shall provide Class Notice in the forms approved by the Court, as detailed below, no later than the Notice Deadline.

A.      Newspaper Publication Notice. The Settlement Administrator shall provide for Newspaper Publication Notice. Newspaper Publication Notice shall be in *USA Today (New York edition)*, once per week for four (4) consecutive weeks.

B.      Website Notice. The Settlement Administrator will establish and maintain the Settlement Website with the URL babyfoodclassactionsettlement.com. The Settlement Website

15

will be dedicated to the Settlement. On the Settlement Website will be posted the Long Form Notice, the Claim Form, a copy of this Agreement, the Preliminary Approval Order, and any other materials the Parties agree to include. The Settlement Website shall also provide online submission of Claim Forms, and instructions on how to access the case docket via PACER or in person at any of the court's locations. The Settlement Website shall also state the date of the Fairness Hearing, that the date may change without further notice, and that Settlement Class Members should be advised to check the Settlement Website or the Court's PACER site to confirm that the date has not been changed. These documents and information shall be available on the Settlement Website no later than the Notice Deadline and remain at least until Final Approval. The Settlement Website shall not include any advertising and shall not bear or include Defendant's logo or trademarks; the URL for the Settlement Website shall not include Defendant's name, logo or trademarks.

C.      Internet Media Publication Notice. The Settlement Administrator shall implement an internet media effort of digital media advertising to be distributed over desktop and mobile devices, including tablets and smartphones over a period of 6 weeks, targeting likely Class Members nationwide.

D.      Toll-Free Number. The Settlement Administrator shall establish and host a case specific toll-free number to allow Class Members to learn more and to request further information about the Action.

E.      CAFA Notice. The Settlement Administrator shall be responsible for timely compliance with all CAFA notice requirements. The Settlement Administrator shall secure Defendant's approval and consent regarding the form and content of the CAFA Notice. All costs associated with effectuating CAFA Notice, including but not limited to postage and printing, shall be deemed Settlement Costs.

## V.      PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

A.      Objections. Only Settlement Class Members may object to the Settlement. A Settlement Class Member who wishes to object to the Settlement must do so in writing by the

Privileged and Confidential
Protected Settlement Communications

Objection/Exclusion Deadline. All written objections and supporting papers must (a) clearly identify the case name and number; and (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl St., New York, NY 10007-1312, Courtroom: 18C, or by filing them in person at any location of the United States District Court for the Southern District of New York. Written objections must also contain: (1) the full name, address and telephone number of the Settlement Class Member; (2) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any); (3) copies of any papers, briefs or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection (if any); (5) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing; (6) proof of membership in the Settlement Class; (7) a list of all objections filed by the objector and his or her counsel to class action settlements in the last ten years; and (8) the signature of the Settlement Class Member and his or her counsel, if any. No Settlement Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) unless written notice of the Settlement Class Member's intention to appear at the Fairness Hearing, and copies of any written objections or briefs, have been timely submitted to the Court. The date of the postmark on the mailing envelope or a legal proof of service accompanied by a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. If the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the Court within two (2) calendar days of the Objection/Exclusion Deadline. Settlement Class Members who fail to timely submit a written objection in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. Class Counsel shall, at least fourteen (14) calendar days (or such other number of days as the Court shall specify) before the Fairness Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

Privileged and Confidential
Protected Settlement Communications

B.    <u>Procedure for Requesting Exclusion</u>. Settlement Class Members who wish to opt out of this Settlement must submit a written statement to the Settlement Administrator by the Objection/Exclusion Deadline. To be valid, each request for exclusion must: (a) state the Settlement Class Member's name, address, and phone number; (b) be personally signed by the Settlement Class Member and not the Settlement Class Member's attorney or anyone acting on the Settlement Class Member's behalf; and (c) include the statement "I/we request to be excluded from the class settlement in *In re Nurture Baby Food Litigation*, Case No. 1:21-cv-01217-MKV (U.S.D.C. S.D.N.Y.)." Requests to opt-out that do not include all required information and/or that are not submitted on a timely basis, will be deemed null, void, and ineffective. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a Settlement Class Member's opt-out/exclusion request has been timely submitted. In the event that the postmark is illegible, the opt-out/exclusion request shall be deemed untimely unless it is received by the Settlement Administrator within two (2) calendar days of the Objection/Exclusion Deadline. Any Settlement Class Member who properly opts out of the Settlement Class using this procedure will not be entitled to any Settlement Award, will not be bound by the Settlement, and will not have any right to object, appeal or comment thereon. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline shall be bound by all terms of the Settlement and any final judgment entered in this litigation if the Settlement is approved by the Court, regardless of whether they ineffectively or untimely requested exclusion from the Settlement.

C.    <u>Termination Right</u>. In its sole discretion and at its sole option, Defendant has the unconditional right, but not the obligation, to terminate this Agreement if the total number of opt-outs exceeds 200 persons in the Settlement Class. Defendant shall exercise this right within thirty (30) days of receiving the Final Tally set forth in Section III.D.2.

D.    <u>No Solicitation of Settlement Objections or Exclusions</u>. The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Members to object to the

18

Privileged and Confidential
Protected Settlement Communications

Settlement or request exclusion from participating as a Settlement Class Member or encourage any Settlement Class Member to appeal from the final judgment.

## VI.    PRELIMINARY APPROVAL OF SETTLEMENT

Following full execution of this Agreement, and no later than July 1, 2026, Plaintiffs will move the Court for entry of the Preliminary Approval Order, which shall specifically include provisions that: (a) preliminarily approve the Settlement as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class for Settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for Settlement purposes only; (c) approve the forms of Class Notice and find that the notice constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement, by the Notice Deadline; (e) establish a procedure for persons in the Settlement Class to object to the Settlement or exclude themselves from the Settlement Class by the Objection/Exclusion Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene; (f) approve the Claim Form and the Claims Process described herein, and set a deadline for timely submission of claims; (g) pending final determination of whether the Settlement should be approved, bar all persons in the Settlement Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims; (h) pending final determination of whether the Settlement should be approved, stay all proceedings in the Consolidated Action except those related to effectuation of the Settlement; (i) schedule the Fairness Hearing on Final Approval of the Settlement, which shall be at least two hundred (200) days after Preliminary Approval (or such other date ordered by the Court); and (j) providing that, in the event the proposed Settlement set forth in this Agreement is not approved by the Court, or in the event that this Agreement becomes null and void pursuant to its terms, this Agreement and

Privileged and Confidential
Protected Settlement Communications

all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Consolidated Action or in any other case or controversy; and that in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all Settling Parties, who shall be restored to their respective positions as of the date of this Agreement. In the event the Court does not enter the Preliminary Approval order described herein, or decides to do so only with modifications, then this entire Agreement shall become null and void, and the Settling Parties restored to their respective pre-settlement positions, unless the Parties hereto agree in writing to proceed with this Agreement as modified.

## VII.   FINAL APPROVAL OF SETTLEMENT

Not later than thirty (30) days after the Objection/Exclusion Deadline, Class Counsel shall file a Motion for Final Approval of the Settlement. Plaintiffs shall request that the Court enter the Final Approval Order, which shall specifically include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class Members; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution of the Cash Settlement Fund and Voucher Settlement Program; (d) finally certify the Settlement Class; (e) confirm that Plaintiffs and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims against the Released Parties; and (f) dismiss the Consolidated Action with prejudice, without costs to any Party, except as provided in this Agreement, and subject to the Court's retaining continuing jurisdiction over the Settling Parties and the Cash Settlement Fund for the purpose of enforcement of the terms of this Agreement.

Privileged and Confidential
Protected Settlement Communications

## VIII.    **MISCELLANEOUS**

A.      <u>No Admission</u>. Neither this Agreement, nor any recital or document referred to herein, nor any action taken to carry out this Agreement, may be construed or deemed as an admission, presumption, or concession of liability, fault, culpability, negligence, or wrongdoing on the part of Defendant, of the truth of any fact or Allegation, including those concerning trace metals in the Products, or deficiency of any defense asserted by Defendant to the validity of any Allegation that has been or could have been asserted in the Consolidated Action. Defendant expressly denies any liability or wrongdoing of any kind associated with the Allegations and the Consolidated Action, and further contends that, for any purpose other than Settlement, the Consolidated Action is not appropriate for class treatment. Defendant does not admit or concede any actual or potential fault, wrongdoing, or liability against it in the Consolidated Action or any other actions. Defendant maintained during the entire pendency of the Consolidated Action, and continues to maintain, that Defendant's labeling and marketing of the Products is and was proper and not deceptive, misleading, or fraudulent as a matter of law and maintains that the Products are and were safe. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a Settlement document, and any and all negotiations, communications, and discussions associated with it, shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding in order to establish liability or wrongdoing by the Defendant or any of the Released Parties. The preceding sentence shall not apply to an action or proceeding to approve or enforce this Agreement or support a defense or counterclaim by Defendant based on the principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim by Defendant.

B.      <u>Confidentiality</u>. Plaintiffs, Class Counsel and Plaintiffs' counsel of record in the Consolidated Action warrant and represent that they have not shared any information regarding this Settlement or confidential information learned in the Consolidated Action with any third party,

21

Privileged and Confidential
Protected Settlement Communications

beyond what was permitted under the stipulated protective order in the Consolidated Action. Plaintiffs, Class Counsel and Plaintiffs' counsel of record in the Consolidated Action warrant and represent that they will not in the future share any confidential information learned in the Consolidated Action with any third parties or their counsel. Plaintiffs, Class Counsel and Plaintiffs' counsel of record in the Consolidated Action shall not issue an affirmative public statement or press release with respect to the Consolidated Action or the Agreement at any time (including but not limited to on counsel's law firm websites or press releases via PR Newswire), including but not limited to any statements that represent or suggest any wrongdoing by Defendant, except as required by this Agreement, including in Sections IV, VI, and VII. Notwithstanding the foregoing, Plaintiffs, Class Counsel and Plaintiffs' counsel of record in the Consolidated Action may make a reaction statement, in response to inquiries about the resolution, provided that the content of any such statement include language substantially similar to the following: "While Nurture, LLC refutes the allegations against it, the Parties to the lawsuits are pleased to have reached an amicable resolution." Class Counsel may also represent that they served as Co-Lead Counsel for Plaintiffs in this Consolidated Action, list the publicly available case number, and state that the Consolidated Action has received settlement approval.

C.    Parties' Authority. The signatories represent that they are fully authorized to enter into this Agreement and bind the Settling Parties to its terms and conditions.

D.    Mutual Full Cooperation. The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement. As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of Defendant and its counsel, shall take all necessary steps to secure the Court's final approval of this Agreement.

22

Privileged and Confidential
Protected Settlement Communications

E.      Notices. Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed served on the date of mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| For The Class | For Defendant |
| --- | --- |
| Rebecca Peterson, Esq. | Angela C. Agrusa, Esq. |
| Lori Feldman, Esq. | DLA PIPER LLP (US) |
| HECHT PARTNERS LLP | 2000 Avenue of the Stars |
| 1650 W. 82nd Street, Suite 880 | Suite 400 North Tower |
| Minneapolis, MN 55431 | Los Angeles, CA 90067 |

F.      Construction. The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Agreement.

G.      Material Terms; Captions. Each term of this Agreement is a material term of the Agreement not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Settling Parties. Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

H.      Integration Clause. This Agreement contains the entire agreement between the Settling Parties relating to the Settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are extinguished, except contemporaneous agreements as to confidentiality.

I.      Non-Evidentiary Use. Neither this Agreement nor any of its terms shall be offered or received into evidence in the Consolidated Action, or in any other action or proceeding; provided, however, that nothing contained in this section "non-evidentiary use" shall prevent this

23

Privileged and Confidential
Protected Settlement Communications

Agreement from being used, offered, or received in any proceeding to enforce, construe, or finalize this Agreement.

J.      No Collateral Attack. This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Class after the judgment and dismissal is entered. Such prohibited collateral attacks shall include claims that a Settlement Class Member's Settlement Award was improperly calculated or adjusted or that the Settlement Class Member failed to receive timely notice of the procedure for disputing the calculation of the individual Settlement Award or failed to submit a timely dispute letter for any reason.

K.      Amendments. The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

L.      Assignments. None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any party or Settlement Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Settling Parties under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

M.      Governing Law. This Agreement shall be governed by, construed, and interpreted and the rights of the Parties determined in accordance with the laws of the State of New York, irrespective of the State of New York's choice of law principles.

N.      Binding Assigns. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

O.      Class Counsel Signatories. It is agreed that because the Settlement Class appears to be so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material

Privileged and Confidential
Protected Settlement Communications

terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

P.      Settlement Timeline. For the Court's and the Parties' convenience, the pertinent deadlines contained in this Agreement are listed below.

| Item | Deadline | Citation |
|---|---|---|
| Filing of Motion for Preliminary Approval | July 1, 2026 | Settlement Agreement, Section VI. |
| CAFA Notice | 10 days after filing of Motion for Preliminary Approval | 28 U.S.C. § 1715(b) |
| Preliminary Approval Order Entered | As entered by the Court. | N/A |
| Funding of Administration Fund (up to $300,000) | 30 days after Preliminary Approval Order entered *Additional $100,000 within 30 days of being invoiced* | Settlement Agreement, Section III.C.3. |
| Notice Deadline/Notice Date (Notice first issued & Settlement Website launched) | 45 days after Preliminary Approval | Settlement Agreement, Section I.U. |
| Newspaper Publication Notice Concludes | 4 weeks after Notice Deadline | Settlement Agreement, Section IV.A. |
| Internet Media Publication Notice Concludes | 6 weeks after Notice Deadline | Settlement Agreement, Section IV.C. |
| Plaintiffs' Motion for Attorneys' Fees and Service Awards | 35 days before the Objection/Exclusion Deadline, and noticed for same date as Fairness Hearing. | Settlement Agreement, Section III.F. |
| Objection/Exclusion Deadline and Deadline to File Claims | At least 75 days after the Notice Deadline. | Settlement Agreement, Section I.H & I.V & V. |
| Final Tally | 7 days after close of Claim Period | Settlement Agreement, Section III.D.2. |
| Motion for Final Approval | 30 days after the Objection/Exclusion Deadline | Settlement Agreement, Section VII. |
| Deadline to Exercise Termination Right (more than 200 opt-outs) | 30 days of receiving the Final Tally | Settlement Agreement, Section V.C. |
| Responses to Objections/Motions | 14 days prior to Fairness Hearing | Settlement Agreement, Section V.A. |
| Fairness Hearing | 200 days after Preliminary Approval (or such other date set by the Court) | Settlement Agreement, Section I.O & VI. |

25

Privileged and Confidential
Protected Settlement Communications

| Effective Date | Date of Final Approval Order entered | Settlement Agreement, Section I.N. |
|---|---|---|
| Fund Payment to Cash Settlement Fund | 30 days after Effective Date | Settlement Agreement, Section III.C.1. |
| Distribution of Attorneys' Fees and Service Awards | 45 days after Effective Date | Settlement Agreement, Section III.F.3. |
| Create Voucher Settlement Program | 75 days after Effective Date | Settlement Agreement, Section III.C.2. |
| Distribution of Settlement Awards | 120 days after Effective Date | Settlement Agreement, Section III.D.1.a & b. |
| *Cy Pres* Distribution | Sixty (60) days after the payment of Cash Settlement Awards. | Settlement Agreement, Section III.E. |

Q.      Counterparts. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Settling Parties.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the dates indicated below:

[*Signatures on following pages.*]

26

Privileged and Confidential
Protected Settlement Communications

**APPROVED AS TO FORM AND CONTENT BY CLASS REPRESENTATIVES**:

Dated: June \_\_\_\_, 2026          By: _____
                                     Marie Mezile, individually and on behalf of
                                     the Settlement Class

Dated: June \_\_\_\_, 2026

                                By: _____
                                     Laura Barbu, individually and on behalf of the
                                     Settlement Class

Dated: June \_\_\_\_, 2026          By: _____
                                     Charlotte Willoughby, individually and on
                                     behalf of the Settlement Class

Dated: June \_\_\_\_, 2026          By: _____
                                     Diego Galeana, individually and on behalf of
                                     the Settlement Class

Dated: June \_\_\_\_, 2026          By: _____
                                     Chey'na Micciche, individually and on behalf
                                     of the Settlement Class

Dated: June \_\_\_\_, 2026          By: _____
                                     Kelly McKeon, individually and on behalf of
                                     the Settlement Class

Dated: June \_\_\_\_, 2026          By: _____
                                     Hilary Paris, individually and on behalf of the
                                     Settlement Class

Privileged and Confidential
Protected Settlement Communications

**APPROVED AS TO FORM AND CONTENT BY CLASS COUNSEL:**

Dated: June _____, 2026                 Hecht Partners LLP


                                        By: _____
                                            Rebecca A. Peterson
                                            Lori G. Feldman

                                            Attorneys for Plaintiffs and Settlement Class


**APPROVED AS TO FORM AND CONTENT BY DEFENDANT AND COUNSEL FOR DEFENDANT:**

Dated: June _____, 2026                 NURTURE, LLC

                                        By: _____
                                            Nancy Dowling


Dated: June _____, 2026                 DLA PIPER LLP (US)


                                        By: _____
                                            Angela C. Agrusa
                                            Attorneys for Defendant Nurture, LLC.

28

Protected Settlement Communications

**APPROVED AS TO FORM AND CONTENT BY CLASS REPRESENTATIVES:**

Dated: June _____, 2026

By: _____
Marie Mezile, individually and on behalf of the Settlement Class

Dated: June _____, 2026

By: _____
Laura Barbu, individually and on behalf of the Settlement Class

Dated: June _____, 2026

By: _____
Charlotte Willoughby, individually and on behalf of the Settlement Class

Dated: June _____, 2026

By: _____
Diego Galeana, individually and on behalf of the Settlement Class

Dated: June _____, 2026

By: _____
Chey'na Micciche, individually and on behalf of the Settlement Class

Dated: June _____, 2026

By: _____
Kelly McKeon, individually and on behalf of the Settlement Class

Dated: June _____, 2026

By: _____
Hilary Paris, individually and on behalf of the Settlement Class

27

Privileged and Confidential
Protected Settlement Communications

**APPROVED AS TO FORM AND CONTENT BY CLASS REPRESENTATIVES**:

Dated: June \_\_\_\_, 2026                By: _____
                                                  Marie Mezile, individually and on behalf of
                                                  the Settlement Class

Dated: June \_\_\_\_, 2026                By: _____
                                                  Laura Barbu (Jun 28, 2026 11:41:57 EDT)
                                                  Laura Barbu, individually and on behalf of the
                                                  Settlement Class

Dated: June 28, 2026                   By: _____
                                                  Charlotte Willoughby (Jun 28, 2026 10:19:17 EDT)
                                                  Charlotte Willoughby, individually and on
                                                  behalf of the Settlement Class

Dated: June \_\_\_\_, 2026                By: _____
                                                  Diego Galeana, individually and on behalf of
                                                  the Settlement Class

Dated: June \_\_\_\_, 2026                By: _____
                                                  Chey'na Micciche, individually and on behalf
                                                  of the Settlement Class

Dated: June \_\_\_\_, 2026                By: _____
                                                  Kelly McKeon, individually and on behalf of
                                                  the Settlement Class

Dated: June \_\_\_\_, 2026                By: _____
                                                  Hilary Paris (Jun 28, 2026 07:50:21 PDT)
                                                  Hilary Paris, individually and on behalf of the
                                                  Settlement Class

27

Privileged and Confidential
Protected Settlement Communications

**APPROVED AS TO FORM AND CONTENT BY CLASS REPRESENTATIVES**:

Dated: June \_\_\_\_, 2026

By: _____

Marie Mezile, individually and on behalf of the Settlement Class

Dated: June \_\_\_\_, 2026

By: _____

Laura Barbu, individually and on behalf of the Settlement Class

Dated: June \_\_\_\_, 2026

By: _____

Charlotte Willoughby, individually and on behalf of the Settlement Class

Dated: June \_\_\_\_, 2026

6/26/2026

By: _____

Diego Galeana, individually and on behalf of the Settlement Class

Dated: June \_\_\_\_, 2026

By: _____

Chey'na Micciche, individually and on behalf of the Settlement Class

Dated: June \_\_\_\_, 2026

By: _____

Kelly McKeon, individually and on behalf of the Settlement Class

Dated: June \_\_\_\_, 2026

By: _____

Hilary Paris, individually and on behalf of the Settlement Class

Privileged and Confidential
Protected Settlement Communications

**APPROVED AS TO FORM AND CONTENT BY CLASS REPRESENTATIVES**:

Dated: June _____, 2026            By: _____
                                        Marie Mezile, individually and on behalf of
                                        the Settlement Class

Dated: June _____, 2026

                                   By: _____
                                        Laura Barbu, individually and on behalf of the
                                        Settlement Class

Dated: June _____, 2026            By: _____
                                        Charlotte Willoughby, individually and on
                                        behalf of the Settlement Class

Dated: June _____, 2026            By: _____
                                        Diego Galeana, individually and on behalf of
                                        the Settlement Class

Dated: June _____, 2026            By: _____
     6/26/2026                          Chey'na Micciche, individually and on behalf
                                        of the Settlement Class

Dated: June _____, 2026            By: _____
                                        Kelly McKeon, individually and on behalf of
                                        the Settlement Class

Dated: June _____, 2026            By: _____
                                        Hilary Paris, individually and on behalf of the
                                        Settlement Class

Privileged and Confidential
Protected Settlement Communications

**APPROVED AS TO FORM AND CONTENT BY CLASS REPRESENTATIVES**:

Dated: June _____, 2026        By: _____
                                    Marie Mezile, individually and on behalf of
                                    the Settlement Class

Dated: June _____, 2026

                               By: _____
                                    Laura Barbu, individually and on behalf of the
                                    Settlement Class

Dated: June _____, 2026        By: _____
                                    Charlotte Willoughby, individually and on
                                    behalf of the Settlement Class

Dated: June _____, 2026        By: _____
                                    Diego Galeana, individually and on behalf of
                                    the Settlement Class

Dated: June _____, 2026        By: _____
                                    Chey'na Micciche, individually and on behalf
                                    of the Settlement Class

Dated: June 27 , 2026          By: _____*Kelly McKeon*_____
                                    Kelly McKeon, individually and on behalf of
                                    the Settlement Class

Dated: June _____, 2026        By: _____
                                    Hilary Paris, individually and on behalf of the
                                    Settlement Class

27

Privileged and Confidential
Protected Settlement Communications

**APPROVED AS TO FORM AND CONTENT BY CLASS COUNSEL:**

Dated: June _____, 2026                    Hecht Partners LLP

By: _____
        Rebecca A. Peterson
        Lori G. Feldman

        Attorneys for Plaintiffs and Settlement Class

**APPROVED AS TO FORM AND CONTENT BY DEFENDANT AND COUNSEL FOR DEFENDANT:**

Dated: June _____, 2026                    NURTURE, LLC

By: _____
        Nancy Dowling

Dated: June _____, 2026                    DLA PIPER LLP (US)

By: _____
        Angela C. Agrusa
        Attorneys for Defendant Nurture, LLC.

28

Privileged and Confidential
Protected Settlement Communications

**APPROVED AS TO FORM AND CONTENT BY CLASS COUNSEL:**

Dated: June 26, 2026                    Hecht Partners LLP


By: _____
                                                Rebecca A. Peterson
                                                Lori G. Feldman

                                                Attorneys for Plaintiffs and Settlement Class


**APPROVED AS TO FORM AND CONTENT BY DEFENDANT AND COUNSEL FOR DEFENDANT:**

Dated: June 26, 2026                    NURTURE, LLC

                                        By: _____
                                                Anne Laraway

Dated: June 26, 2026                    DLA PIPER LLP (US)

                                        By: _____
                                                Angela C. Agrusa
                                                Attorneys for Defendant Nurture, LLC.

28

# Exhibit A

# LEGAL NOTICE – CLASS ACTION SETTLEMENT

**Read this notice carefully. You could receive benefits from a class action settlement. This court-authorized notice describes your rights and gives information about the proposed settlement. This notice is only a summary. Details of the settlement are available at www.babyfoodclassactionsettlement.com or by writing to or calling the class action settlement administrator at the address or toll-free number below.**

If you purchased baby or toddler food products marketed, manufactured, sold and/or distributed by Nurture, LLC, d/b/a Happy Family Organics ("Nurture"), between February 4, 2015, and [date Preliminary Approval Order is entered], you may be entitled to an award from a class action settlement.

**What is this about?** This notice informs you that a settlement has been reached in a class action lawsuit claiming that Nurture falsely or misleadingly labeled or marketed its products because the product labels did not disclose that the products may contain perchlorate and heavy metals, including lead, cadmium, inorganic arsenic, and mercury, which Nurture disputes. Nurture expressly denies any liability or wrongdoing associated with these allegations. Nurture entered into the agreement to resolve the allegations and avoid the expense, burden, and delay of continued litigation, without admitting or acknowledging any liability or wrongdoing.

**Who is included?** The Settlement Class consists of all persons in the United States who purchased baby or toddler food marketed, manufactured, or distributed by Nurture between February 4, 2015, and [date Preliminary Approval Order is entered].

**What does the settlement provide?** Nurture has agreed to pay $3,400,000 into a fund (the "Cash Settlement Fund") and up to $3,400,000 in retail value for product vouchers (the "Voucher Settlement Program"), plus an additional amount up to $400,000 in settlement administration costs, to fully settle and release the claims. The Cash Settlement Fund is inclusive of all Cash Settlement Awards to Settlement Class Members with valid claims, any attorneys' fee award to Class Counsel to be determined by the Court, any service awards to the Class Representatives to be determined by the Court, and settlement costs that exceed $400,000. If there are any amounts remaining in the Cash Settlement Fund sixty (60) days after Cash Settlement Awards have been paid, that money will be distributed *cy pres* to charity. In addition, to the extent the total number of vouchers claimed through the Voucher Settlement Program is less than 210,266 vouchers, Defendant will donate the remaining product *cy pres* so that the number of vouchers claimed by Settlement Class Members and product donated by Defendant totals 210,266 vouchers and products, combined.

**What benefits will settlement class members receive?** Settlement Class Members who submit valid and timely claims have two Settlement Award options: (i) a "Cash Settlement Award" or (ii) a "Voucher Settlement Award." The Cash Settlement Award is $1.00 per claim, which will be paid from the Cash Award Fund via an electronic payment method. The Voucher Settlement Award is a redemption code emailed to electing Settlement Class Members for redemption in-store at participating retailers. Voucher Settlement Awards may not be redeemed online. Settlement Class Members may elect to receive a voucher for one of the following products with an estimated retail value of $5.39: (i) Happy Tot Bars, (ii) Happy Baby Creamies, (iii) Happy Baby Teethers, or (iv) Happy Baby Yogis or Greek Yogis. Settlement Class Members may submit up to five (5) claims

without Proof of Purchase, up to ten (10) claims with Proof of Purchase, and no more than fifteen (15) total claims per household. Cash Settlement Awards are subject to *pro rata* increase or decrease depending on the number of approved Claims for Cash Settlement Awards submitted.

**How do I file a claim?** Visit www.babyfoodclassactionsettlement.com to submit a Claim Form online. You must submit the form by **[date]**.

**Other options?** If you do not want to be legally bound by the Settlement, you must exclude yourself by **[date]**. If you do not exclude yourself, you will release your claims against Nurture. You may object to the Settlement by **[date]**. Detailed instructions on how to exclude yourself or object to the Settlement are available at www.babyfoodclassactionsettlement.com. The Court will hold a Final Approval Hearing on **[date]** to consider whether to approve the Settlement, Class Counsel's attorneys' fees and costs, Service Awards for the Class Representatives, and any objections. You may appear at the hearing, either yourself or through an attorney hired by you, but you are not required to do so.

**For more information visit www.babyfoodclassactionsettlement.com, or write the Class Action Settlement Administrator at [ADDRESS] or call [TOLL-FREE NUMBER].**

# Exhibit B

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*In re Nurture Baby Food Litigation*
Case No. 1:21-cv-01217-MKV
United States District Court, Southern District of New York

**If you purchased baby or toddler food products from Nurture, LLC, d/b/a Happy Family
Organics, between February 4, 2015 and [date Preliminary Approval Order is entered],
you may be entitled to an award from a class action settlement.**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- This notice informs you that a settlement has been reached in a class action lawsuit claiming that Nurture falsely or misleadingly labeled or marketed its products because the product labels did not disclose that the products may contain perchlorate and heavy metals, including lead, cadmium, inorganic arsenic, and mercury, which Nurture disputes.

- Nurture expressly denies any liability or wrongdoing associated with these allegations. Nurture entered into the agreement to resolve the allegations and avoid the expense, burden, and delay of continued litigation, without admitting or acknowledging any liability or wrongdoing.

- The Settlement Class consists of all persons in the United States who purchased baby or toddler food marketed, manufactured, sold, and/or distributed by Nurture between February 4, 2015, and [date Preliminary Approval Order is entered].

- Nurture has agreed to pay $3,400,000 into a fund (the "Cash Settlement Fund") and up to $3,400,000 in retail value for product vouchers (the "Voucher Settlement Program"), plus an additional amount up to $400,000 in settlement administration costs, to fully settle and release claims. The Cash Settlement Fund is inclusive of all Cash Settlement Awards to Settlement Class Members with valid claims, any attorneys' fee award to Class Counsel to be determined by the Court, any service awards to the Class Representatives to be determined by the Court, and settlement costs that exceed $400,000. If there are any amounts remaining in the Cash Settlement Fund sixty (60) days after Cash Settlement Awards have been paid, that money will be distributed *cy pres* to charity.

- Settlement Class Members who submit valid and timely claims have two Settlement Award options: (i) a "Cash Settlement Award" or (ii) a "Voucher Settlement Award." The Cash Settlement Award is $1.00 per claim, which will be paid from the Cash Settlement Fund via an electronic payment method. The Voucher Settlement Award is a redemption code emailed to electing Settlement Class Members for redemption in-store at participating retailers. Voucher Settlement Awards may not be redeemed online. Settlement Class Members may elect to receive a voucher for one of the following products with an estimated retail value of $5.39: (i) Happy Tot Bars, (ii) Happy Baby Creamies; (iii) Happy Baby Teethers; or (iv) Happy Baby Yogis or Greek Yogis. Settlement Class Members may submit up to five (5) claims without Proof of Purchase, up to ten (10) claims with Proof of Purchase, and no more than fifteen (15) total claims per household. Cash Settlement

Awards are subject to *pro rata* increase or decrease, depending on the number of all approved Claims for Cash Settlement Awards submitted.

- The United States District Court for the Southern District of New York authorized this Notice because you have a right to know about the Settlement and your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any appeals are resolved, an administrator appointed by the Court will distribute benefits to all eligible Settlement Class Members who submitted valid and timely claims. This Notice summarizes the Settlement. More details are available at www.babyfoodclassactionsettlement.com.

- Read this notice carefully. Your legal rights are affected whether or not you act.

**Your Legal Rights and Options**

| Option | Description | Deadline |
|---|---|---|
| **Submit a Claim Form** | The only way to get a Cash Settlement Award or Voucher Settlement Award. | Submit a claim form (available at www.babyfoodclassactionsettlement.com) by **[date]** |
| **Exclude Yourself** | You will receive no award but will retain the right to file your own lawsuit against Nurture involving the legal claims in this case. | Submit written statement to Settlement Administrator requesting exclusion (described in Section 15 below) by **[date]** |
| **Object** | Write to the Court to explain why you do not agree with the Settlement. You will still be bound by the Settlement if the Court approves it and you may still file a Claim Form for an award. | Submit an objection (described in Section 17 below) by **[date]** |
| **Attend the Hearing** | Ask to speak to the Court about the fairness of the Settlement. | File a notice of appearance by **[date]** |
| **Do Nothing** | You will not receive any award and will give up your right to sue Nurture for any of the claims in this case. | Not applicable |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

**BASIC INFORMATION**

**1. Why was this Notice issued?**

A court authorized this Notice to provide you with information about a proposed class action Settlement that may affect your legal rights. The Honorable Mary Kay Vyskocil of the United States District Court for the Southern District of New York is presiding over this case. The Court has given preliminary approval to the Settlement and has authorized the parties to notify Settlement

Class Members. This Notice explains the lawsuit, the Settlement, your legal rights, what awards are available, who is eligible for them, and how to obtain them.

### 2.  What is a class action?

In a class action, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. Collectively, these people form the "Class" or "Class Members." A single court resolves the lawsuit for everyone in the Class, except for those who exclude themselves from the Class. In a class action settlement, the defendant agrees to provide certain relief (which can include money, vouchers, or some combination thereof) in exchange for the release of claims by all Settlement Class Members.

### 3.  What is this lawsuit about?

Plaintiffs allege that Nurture manufactured, marketed, sold, and/or distributed baby and toddler food products (the "Products") that were falsely or misleadingly labeled or marketed because the product labels did not disclose that the products may contain perchlorate and heavy metals, including lead, cadmium, inorganic arsenic, and mercury, which Nurture disputes. Plaintiffs claim that had consumers known about the potential presence of these heavy metals and perchlorate, they would not have purchased the Products or would have paid less for them. Nurture denies all allegations of wrongdoing, denies that it did anything wrong, alleged or otherwise, and maintained during the entire pendency of the Action, and continues to maintain, that its labeling and marketing of the Products is and was proper and not deceptive, misleading or fraudulent. Nurture also maintains that the Products are and were safe. The Court has not decided who is right.

### 4.  Why is there a settlement?

The Court has not decided in favor of Plaintiffs or Nurture. Instead, both sides have agreed to the Settlement. By agreeing to the Settlement, the Parties avoid the costs and uncertainties of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the benefits described in this Notice. The Settlement does not mean that any law was broken or that Nurture did anything wrong. Nurture denies all legal claims in this case. The Class Representatives and Class Counsel believe that the Settlement is the best result available for Class Members.

## WHO'S INCLUDED IN THE SETTLEMENT

### 5.  How do I know if I am in the Settlement Class?

You are a member of the Settlement Class if you are a person in the United States who purchased the Products for personal or household use (and not for resale or distribution) between February 4, 2015, and [date Preliminary Approval Order is entered].

The Products include all baby and toddler food products marketed, manufactured, sold, and/or distributed by Nurture under the Happy Family Organics, Happy Baby, and Happy Tot brand names, including but not limited to: bars, pouches, baby food jars, puffs, bowls, snack products,

snackers, baking mixes, cookies, yogis, Greek yogis, creamies, pudding, teethers, teething crackers, rice cakes, cereals, formulas, toddler milks, and fruity sticks.

Excluded from the Settlement Class are all persons who validly opt out of the Settlement in a timely manner; governmental entities; counsel of record (and their respective law firms) for the Parties; Nurture and any of its parents, affiliates, subsidiaries, and all of their respective employees, officers, and directors; the presiding judge in the Action or Related Actions or judicial officer presiding over the matter, and all of their immediate families and judicial staff; and any natural person or entity that entered into a release with Nurture prior to the Effective Date concerning the Products.

If you are still not sure whether you are included, you can visit www.babyfoodclassactionsettlement.com and review the more detailed notice and settlement documents available there, call [TOLL-FREE NUMBER], or write the Class Action Settlement Administrator at [ADDRESS].

### THE SETTLEMENT BENEFITS — WHAT YOU MAY RECEIVE

**6. What does the Settlement provide?**

The Settlement provides eligible Class Members who submit valid and timely claims with two options for relief:

- **Cash Settlement Fund:** A non-reversionary cash fund of $3,400,000 from which Class Members may receive a cash settlement award of $1.00 per qualifying claim; or

- **Voucher Settlement Program:** A product voucher, valued at up to $3,400,000, from which Class Members may receive an in-store redemption code for one free qualifying Nurture product: (i) Happy Tot Bars; (ii) Happy Baby Creamies; (iii) Happy Baby Teethers; or (iv) Happy Baby Yogis or Greek Yogis.

Settlement Class Members may submit up to five (5) claims without Proof of Purchase, up to ten (10) claims with Proof of Purchase, and no more than fifteen (15) total claims per household.

The settlement also provides for payment of: (a) attorneys' fees to Class Counsel of up to $2,266,666 from the Cash Settlement Fund; (b) Service Awards of up to $5,000 per Class Representative from the Cash Settlement Fund; and (c) costs of settlement administration, up to $400,000 of which will be paid by Nurture in addition to the Cash Settlement Fund, all subject to Court approval.

You cannot receive compensation unless you submit a Claim Form as set forth below.

**7. What is the Cash Settlement Award?**

Class Members who submit a valid and timely Claim Form may receive a cash payment of $1.00 per qualifying purchase of a Product during the Class Period. Settlement Class Members may

submit up to five (5) claims without Proof of Purchase, up to ten (10) claims with Proof of Purchase, and no more than fifteen (15) total claims per household. Cash payments will be made via an electronic payment method (*e.g.*, PayPal, Venmo, or Zelle), at the Class Member's election.

### 8. What is the Voucher Settlement Award?

Class Members who submit a valid and timely Claim Form may receive a voucher in the form of a redemption code for one free qualifying Product. The voucher may be redeemed in-store at participating retailers for any one of the following Products (average retail value approximately $5.39):

- Happy Tot Bars
- Happy Baby Creamies
- Happy Baby Teethers
- Happy Baby Yogis or Greek Yogis

Settlement Class Members may submit up to five (5) claims without Proof of Purchase, up to ten (10) claims with Proof of Purchase, and no more than fifteen (15) total claims per household.

### 9. Are there limits on the number of claims a Settlement Class Member can file?

Yes. Settlement Class Members may submit:

- Up to five (5) valid claims *without* Proof of Purchase;
- Up to ten (10) valid claims *with* Proof of Purchase; and
- Up to fifteen (15) valid claims per household, regardless of the number of claimants.

However, Cash Settlement Awards will be subject to a *pro rata* increase or decrease depending on the number of all approved Claims submitted.

If there are any uncashed checks or amounts remaining in the Cash Settlement Fund sixty (60) days after Cash Settlement Awards have been paid, that money will be distributed *cy pres* to charity. In addition, to the extent the total number of vouchers claimed through the Voucher Settlement Program is less than 210,266 vouchers, Defendant will donate the remaining product *cy pres* so that the number of vouchers claimed by Settlement Class Members and product donated by Defendant totals 210,266 vouchers and products, combined.

### HOW TO GET BENEFITS

### 10. How do I submit a Claim Form?

To receive a cash payment or voucher, you must submit a valid and timely Claim Form electronically at www.babyfoodclassactionsettlement.com. The Claim Form must be submitted by [DATE].

The Claim Form requires you to provide your name, mailing address, and email address; identify the Product(s) you purchased; and, if submitting more than 5 claims, provide Proof of Purchase documentation. Claim Forms must be submitted truthfully under penalty of perjury.

Upon receiving a completed Claim Form, the Settlement Administrator will review and confirm or deny your eligibility for an award. If the Settlement is approved, Class Members who have filed a valid claim electing to receive a cash payment will receive an email with instructions on how to receive digital payment. Class Members who have filed a valid claim electing to receive a voucher will receive an email with a redemption code for a free product.

### 11. When will I receive my payment or voucher?

The Court will hold a Final Approval Hearing on [DATE] to decide whether to approve the Settlement. If the Court approves the Settlement, after resolution of any objections or appeals, Class Members will receive payment within 120 days of approval. However, if there are objections or appeals, resolution may take significant time, sometimes more than a year. Please be patient. Updates about the status of the settlement will be posted at www.babyfoodclassactionsettlement.com.

### 12. What am I giving up to receive these settlement benefits?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against Nurture about the issues in this case, including any existing litigation, arbitration, or proceeding. You will be bound by all of the decisions and judgments by the Court in this case. If you file a Claim Form for benefits or do nothing at all, you will be releasing Nurture from all of the claims described and identified in Section III.B of the Settlement.

The Settlement is available at www.babyfoodclassactionsettlement.com. The Settlement provides more detail regarding the release and specifically describes the released claims in necessary and accurate legal terminology. It is important to read it carefully. You may talk to the law firms representing the Class Members listed in Question 13 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what the release entails.

### THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court has appointed attorneys from the law firm Hecht Partners LLP of Bloomington, Minnesota and New York, New York to represent you and the other Class Members. The lawyers are called Class Counsel. They are experienced in handling similar class action cases. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

You may contact Class Counsel if you have any questions about this Notice or the Settlement. ***Please do not contact the Court***.

| **Class Counsel:** |
| :---: |
| Rebecca Peterson, Esq. |

> HECHT PARTNERS LLP
> 1650 W. 82nd St., Ste. 880
> Bloomington, Minnesota 55431
> Phone: (212) 851-6821
>
> Lori Feldman, Esq.
> HECHT PARTNERS LLP
> 125 Park Avenue, 25th Floor
> New York, NY 10017
> Phone: (212) 851-6821

### 14. How will Class Counsel and Class Representatives be paid?

Class Counsel will ask the Court for an award of attorneys' fees not to exceed one-third of the value of the Cash Settlement Fund and Voucher Settlement Program, combined, which amounts to $2,266,666. Class Counsel will also seek reimbursement of their litigation costs and expenses. These amounts, if approved by the Court, will be paid from the Cash Fund.

Class Counsel will also ask the Court for service awards of up to $5,000 for each Class Representative as compensation for their time and effort in prosecuting the litigation on behalf of the Class. These amounts, if approved by the Court, will be paid from the Cash Fund.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

### 15. How do I exclude myself from the Settlement?

If you do not want a cash payment or voucher and want to preserve your right to sue Nurture independently about the claims in this lawsuit, you must exclude yourself ("opt out") from the Settlement Class.

To exclude yourself from the Settlement, you must send a written "Request for Exclusion" (in the form of a letter) that includes:

- Your name, address, and phone number;

- Your personal signature (not the signature of your attorney or anyone acting on your behalf); and

- The statement "I/we request to be excluded from the class settlement in *In re Nurture Baby Food Litigation,* Case No. 1:21-cv-01217-MKV, United States District Court, Southern District of New York."

- You must mail your Request for Exclusion **postmarked** by **[date]** to the **Nurture Baby Food Settlement Administrator, [P.O. Box ADDRESS]**.

If you do not submit a timely and valid Request for Exclusion, you will remain a member of the Settlement Class and will be bound by all orders and judgments of the Court concerning the Settlement, including the release of claims.

**16. If I exclude myself, can I still get benefits from the settlement?**

No. If you exclude yourself from the Settlement, you will not be eligible to submit a claim for any cash payment or voucher, and you will not be entitled to any other settlement benefits. If you exclude yourself and want to sue Nurture based on the same claims, you will need to file your own lawsuit and retain your own attorney at your own expense.

### OBJECTING TO THE SETTLEMENT

**17. How do I tell the Court that I don't like the settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. Note: You cannot ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement awards will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

If you do wish to object to the Settlement, you must do so in writing so that your objection is received by [date] (75 days after the Notice Deadline). Your objection and any supporting papers must (a) clearly identify the case name and number (*In re Nurture Baby Food Litigation*, Case No. 1:21-cv-01217-MKV, United States District Court, Southern District of New York) and (b) be submitted to the Court either by mail to the Class Action Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl St., New York, NY 10007-1312, Courtroom: 18C, or by filing them in person at any location of the United States District Court for the Southern District of New York.

To object, the written objection must include ALL of the following:

- Your full name, current mailing address, and telephone number;
- A written statement of all grounds for the objection, with factual and legal support for each ground stated;
- Copies of any papers, briefs, or other documents upon which the objection is based;
- A statement of whether you intend to appear and/or present argument at the Final Approval Hearing, and if so, whether through counsel;
  A list of the name(s), address(es), and telephone number(s) of any witnesses you intend to call at the Final Approval Hearing;
- Documentation establishing that you are a member of the Settlement Class (e.g., receipt, loyalty card record, or sworn statement);
- A list of all objections you have filed (or that were filed on your behalf) in any class action settlement in any court in the United States in the last ten (10) years, including the case name, court, and docket number for each; and
- Your dated, personal signature.

Filing an objection does not exclude you from the Settlement Class. If you object and the Court approves the Settlement anyway, you will still be bound by the settlement and will still be eligible to submit a claim for benefits. You may not both object and exclude yourself.

**18. What is the difference between objecting and excluding myself?**

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you cannot object to the Settlement and you will not receive any benefits from it, but you may be able to sue Nurture independently about the claims in this lawsuit.

## THE FINAL APPROVAL HEARING

**19. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing (also called a "Fairness Hearing") on [DATE] at [TIME], before the Honorable Mary Kay Vyskocil, at Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street New York, NY 10007-1312, Courtroom 18C.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether the plan of allocation, the attorneys' fees and costs, and the service awards should be approved. If there are timely objections, the Court will consider them. The Court may also listen to people who have asked to speak at the hearing.

The hearing date and time may change without further written notice to Class Members. Changes will be posted on the settlement website at www.babyfoodclassactionsettlement.com. It is recommended that you check the website periodically for updates.

**20. Do I have to attend the Final Approval Hearing?**

No. Class Counsel will present the Settlement to the Court at the Final Approval Hearing. You are welcome to attend at your own expense, but you do not have to. If you submitted a timely written objection, you may, but do not have to, appear at the hearing. You may also pay your own lawyer to attend, but it is not required.

**21. May I speak at the Final Approval Hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing only if you submitted a timely written objection that included a statement of your intention to appear at the hearing. To do so, you must include in your letter or brief objecting to the Settlement a statement saying that it is your "Notice of Intent to Appear in *In re Nurture Baby Food Litigation*, Case No. 1:21-cv-01217-MKV, United States District Court, Southern District of New York." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than [objection deadline]. You cannot speak at the hearing if you excluded yourself from the Settlement Class.

## GETTING MORE INFORMATION

### 22. How do I get more information?

This Notice summarizes the proposed Settlement. The precise terms and conditions of the Settlement are available at www.babyfoodclassactionsettlement.com, by calling [TOLL-FREE NUMBER], by writing to the Settlement Administrator, or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at www.pacer.gov.

You may contact the Settlement Administrator by:

- Visiting the settlement website: www.babyfoodclassactionsettlement.com
- Calling the toll-free number: [TOLL-FREE NUMBER]
- Writing to: Nurture Baby Food Settlement Administrator, [P.O. Box ADDRESS]

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE WITH QUESTIONS ABOUT THE SETTLEMENT. The Court and its staff cannot give you legal advice.

# Exhibit C

**Class Action Settlement Notice**

If you purchased  baby or toddler food products from Nurture, LLC, d/b/a Happy Family Organics, between 2/4/2015 and [date Preliminary Approval Order is entered], you may be part of a **Class Action Settlement**.

**Learn More & File a Claim:** babyfoodclassactionsettlement.com

# Exhibit D

**In re: Nurture Baby Food Litigation**

United States District Court for the Southern District of New York

Case No. 1:21-cv-01217-MKV

**Settlement Claim Form**

---

**If you purchased baby food or toddler food products marketed, manufactured and distributed by Nurture during the Class Period, including but not limited to all bars, pouches, baby food jars, puffs, bowls, snack products, snackers, baking mixes, cookies, yogis, Greek yogis, creamies, pudding, teethers, teething crackers, rice cakes, cereals, formulas, toddler milks, and fruity sticks (the "Products"), between February 4, 2015 and [date Preliminary Approval Order is entered], you are a Settlement Class Member and may be entitled to relief. Settlement Class Members who wish to receive a Cash Settlement Award or Voucher Settlement Award, must submit a Claim Form online on or before [date].**

---

Settlement Class Members have two award options: (i) Cash Settlement Award or (ii) Voucher Settlement Award. The Cash Settlement Award is $1.00 per claim and will be paid via an electronic payment method. The Voucher Settlement Award is a redemption code emailed to electing Settlement Class Members for redemption in-store at participating retailers. Voucher Settlement Awards may not be redeemed online. Settlement Class Members may elect to receive a voucher for one of the following products with an estimated retail value of $5.39: (i) Happy Tot Bars, (ii) Happy Baby Creamies; (iii) Happy Baby Teethers; or (iv) Happy Baby Yogis or Greek Yogis.

Only five (5) valid Claims will be honored per Settlement Class Member without Proof of Purchase, and ten (10) valid Claims will be honored per Settlement Class Member with Proof of Purchase. Only fifteen (15) valid Claims will be honored per Settlement Class Household.

To be eligible to receive a Cash Settlement Award or Voucher Settlement Award, you must submit this completed Claim Form online no later than 11:59 p.m. EST on [date].

Please read the full notice of this settlement (available at [hyperlink]) carefully before filling out this Claim Form.

---

### CLAIM FORM

---

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

|  |  |
|---|---|
| **First Name** | **Last Name** |

|  |
|---|
| **Street Address** |

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

| |
|---|
| **Email Address** |

**AWARD SELECTION:** Please select your preferred Settlement Award:

☐ Cash Settlement Award ($1.00 per claim, paid via electronic payment); or

☐ Voucher Settlement Award (redemption code for one free product provided via email for in-store redemption at participating retailers: Happy Tot Bars, Happy Baby Creamies, Happy Baby Teethers, or Happy Baby Yogis/Greek Yogis, approximate retail value $5.39)

**NUMBER OF CLAIMS SUBMITTED:** Enter the number of claims you are submitting (see limits below):

Number of claims: _____

**Limits:** You may submit up to 5 valid claims without Proof of Purchase, up to 10 claims with Proof of Purchase, and no more than 15 claims per Settlement Class Household. "Settlement Class Household" includes all family members, or extended family members, living under the same roof for whom purchases of the Products were collectively made.

**PROOF OF PURCHASE:**

If submitting more than 5 claims, you must attach Proof of Purchase of the Products. Acceptable proof includes: copies of receipts, invoices, direct-purchase records, payment-card records, and/or records obtained by you from retailers.

[LINK TO SUBMIT PROOFS OF PURCHASE]

**PREFERRED PAYMENT METHOD:** If you selected the Cash Settlement Award, please select your preferred payment method:

☐ Venmo – Venmo Username: _____

☐ PayPal – PayPal Email: _____

☐ Zelle – Zelle Email: _____

**ATTESTATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury under the laws of the United States that I purchased one or more of the Products during the Class Period (February 4, 2015 to [DATE]), and that the information provided in this Claim Form is true and correct to the best of my knowledge.

Page 3

**Print Name**

**Signature**

**Date**

# **Exhibit E**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**In re NURTURE BABY FOOD LITIGATION**

This document relates to:

ALL ACTIONS

Case No. 1:21-cv-01217-MKV

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS**

WHEREAS, on February 11, 2021, a putative class action was filed against Defendant Nurture, LLC ("Nurture") in the United States District Court for the Southern District of New York alleging that Nurture falsely labeled or marketed its baby and toddler food because it did not disclose that the products may contain perchlorate and heavy metals, including lead, cadmium, inorganic arsenic, and mercury, which Nurture disputes. (ECF No. 2.)

WHEREAS, similar actions were filed against Nurture in the United States District Court for the Southern District of New York and the Court consolidated these cases into a single action titled *In re Nurture Baby Food Litigation*, Case No. 1:21-cv-01217-MKV (U.S.D.C. S.D.N.Y.) (the "Action"). (ECF Nos. 47-48, 106.)

WHEREAS, on October 7, 2022, Plaintiffs Marie Mezile, Laura Barbu, Charlotte Willoughby, Diego Galeana, Chey'na Micciche, Kelly McKeon, and Hilary Paris, individually and on behalf of the Settlement Class ("Plaintiffs" or "Class Representatives") filed a Consolidated Class Action Complaint (ECF No. 157), which they amended on April 10, 2024 (ECF No. 214).

WHEREAS, on ____ 2026, Plaintiffs and Nurture entered into a Settlement Agreement and Release ("Agreement"), which is attached as **Exhibit** __ to the Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Conditional Certification of Settlement Class, filed on July 1, 2026 ("Memorandum of Law"), and sets forth the terms and conditions of the Settlement, including the dismissal of the Action against Nurture with prejudice.

WHEREAS, Plaintiffs have moved for preliminary approval of the Settlement pursuant to Federal Rule of Civil Procedure 23 and for certification of and notice to the Settlement Class.

WHEREAS, Nurture consents to the certification of the Settlement Class solely for purposes of the Settlement but retains its objections to the Action proceeding as a class for litigation purposes.

WHEREAS, the Court is familiar with and has reviewed the record and the Agreement and its exhibits, Plaintiffs' Memorandum of Law, and the supporting Joint Declaration of Plaintiffs' Interim Co-Lead Counsel, and found good cause for entering the following order (the "Order").

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. This Preliminary Approval Order incorporates the Agreement, and the terms used herein shall have the meanings and/or definitions given to them in the Agreement.

<u>**Preliminary Certification of Settlement Class**</u>

2. Under Federal Rule of Civil Procedure 23(b)(3), for purposes of settlement only, and conditioned upon the settlement receiving final approval, this Court hereby conditionally certifies the Class defined as follows, subject to the stated exclusions below:

> "Settlement Class" means all persons in the United States who purchased the Products[1] during the Class Period.[2]

3. Excluded from the Settlement Class are all persons who validly opt out of the Settlement in a timely manner; governmental entities; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, and all of their respective employees, officers, and directors; the presiding judge in the Action or Related Actions or judicial officer presiding over the matter, and all of their immediate families and judicial staff;

---

[1] As defined in the Agreement, Products means "all baby food and toddler food products marketed, manufactured, and distributed by Nurture during the Class Period, including but not limited to all bars, pouches, baby food jars, puffs, bowls, snack products, snackers, baking mixes, cookies, yogis, Greek yogis, creamies, pudding, teethers, teething crackers, rice cakes, cereals, formulas, toddler milks, and fruity sticks."

[2] "Class Period" is defined in the Agreement as "February 4, 2015, to the date the Preliminary Approval Order is entered[.]"

and any natural person or entity that entered into a release with Defendant prior to the Effective Date concerning the Products.

4.     The Court finds, for the purpose of settlement only, that all the prerequisites to certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23 are met, including that: (a) the members of the Settlement Class are so numerous that joinder is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the members of the Settlement Class; (d) the Plaintiffs are adequate representatives for the Settlement Class and have retained experienced and adequate Class Counsel; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     For purposes of settlement only, the Court appoints Plaintiffs Marie Mezile, Laura Barbu, Charlotte Willoughby, Diego Galeana, Chey'na Micciche, Kelly McKeon, and Hilary Paris as Class Representatives and finds they will fairly and adequately represent the interests of the Settlement Class.

6.     For purposes of settlement only, the Court appoints as Class Counsel the Interim Co-Lead Counsel for the putative class pursuant to Federal Rule of Civil Procedure 23(g)(3), as designated by the Court pursuant to the Order Appointing Interim Lead Counsel (ECF No. 150), including Lori G. Feldman (formerly of George Feldman McDonald, PLLC, and now of Hecht Partners LLP (ECF No. 302)) and Rebecca A. Peterson (formerly of Lockridge Grindal Nauen PLLP, and now of Hecht Partners LLP (ECF No. 301)), and finds they will fairly and adequately represent the interests of the Settlement Class.

7.    The Settlement Class, if certified in connection with Final Approval, shall be for settlement purposes only and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

## Preliminary Approval of the Settlement

8.    In settlement of the claims of Plaintiffs and the Settlement Class, Nurture has agreed to establish a Cash Settlement Fund of $3,400,000. The Cash Settlement Fund shall be used first to pay all Settlement Costs that exceed $400,000, Class Counsel Fees, and Service Awards, after which any remaining amounts shall be used to pay all Cash Settlement Awards to Settlement Class Members within one hundred and twenty (120) days of the Effective Date. The Cash Settlement Awards will be reduced or increased *pro rata* so that the total payment to Settlement Class Members for Cash Settlement Awards does not exceed but fully exhausts the Cash Settlement Fund, to the extent feasible.

9.    In addition to the Cash Settlement Fund, Nurture shall make available a Voucher Settlement Program to provide Voucher Settlement Awards to Settlement Class Members who submit a valid Claim Form electing a Voucher Settlement Award. The total amount of Voucher Settlement Awards in the Voucher Settlement Program shall not exceed $3,400,000 in retail value. Voucher Settlement Awards to Settlement Class Members who submit a valid Claim will be issued via email within one hundred and twenty (120) days of the Effective Date. Voucher Settlement Awards will be issued on a first-come, first-served basis. Once the total amount of Voucher Settlement Awards reaches $3,400,000 in retail value, subsequently claiming Settlement Class Members will instead receive a Cash Settlement Award. To the extent the total number of vouchers claimed through the Voucher Settlement Program is less than 210,266 vouchers, Defendant will

donate the remaining product *cy pres* so that the number of vouchers claimed by Settlement Class Members and product donated by Defendant totals 210,266 vouchers and products, combined.

10.    In addition to the Cash Settlement Fund and Voucher Settlement Program, Nurture shall pay up to an additional $400,000 into the Administration Fund, which shall be used to pay Settlement Costs.

11.    The Court has scrutinized the Agreement carefully. It preliminarily finds that the Settlement is the product of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through discovery and motion practice. The Court also preliminarily finds that the Settlement is within the range of possible approval because it compares favorably with the expected recovery balanced against the risks of continued litigation, does not grant preferential treatment to the Plaintiffs and Class Counsel, and has no obvious deficiencies.

12.    The Court hereby preliminarily approves the Settlement, as memorialized in the Agreement, as fair, reasonable, and adequate, and in the best interest of the Plaintiffs and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

13.    The Court hereby stays this Action pending final approval of the Settlement, and enjoins, pending final approval of the Settlement, Plaintiffs, all persons in the Settlement Class and persons purporting to act on their behalf from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims.

**Manner and Form of Notice**

14.     The Court approves the Class Notice substantially in the form attached as Exhibits A-C to the Agreement and the Claim Form substantially in the form attached as Exhibit D to the Agreement. The Court also finds that the proposed Notice Plan, which includes a Newspaper Publication Notice, Long Form Notice, Internet Media Publication Notice, and Website Notice, will provide the best notice practicable under the circumstances. The Class Notice is reasonably drafted to apprise Settlement Class Members of the pendency of this Action; the effects of the proposed Settlement on their rights (including the Released Claims contained therein); Class Counsel's upcoming motion for attorneys' fees, expenses, and service awards; Settlement Class Members' right to submit a Claim Form; and Settlement Class Members' right to object to any aspect of the proposed Settlement. The Class Notice provides due, adequate, and sufficient notice to Settlement Class Members and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Class Notice before it is disseminated. The Court directs that notice be provided to the Settlement Class, in accordance with the Agreement, by the Notice Deadline.

15.     The Court approves the Claims Process as described in the Agreement.

16.     The Court hereby appoints Epiq Class Action & Claim Solutions, Inc. to serve as the Settlement Administrator to supervise and administer the notice process, establish and operate a Settlement Website and a toll-free number, administer the claims process, including the determination of valid claims, distribute payments according to the rules and criteria set forth in the Agreement, and perform any other duties of the Settlement Administrator provided for in the Agreement.

17.     The Settlement Administrator shall complete providing Notice no later than 45 calendar days after the entry of this Preliminary Approval Order. The Long Form Notice, substantially in the form attached as Exhibit B to the Agreement, shall be posted on the Settlement Website created by the Settlement Administrator.

18.     The Settlement Administrator shall provide notice of the Settlement and the Final Approval Hearing to Settlement Class Members as follows:

a.  The Settlement Administrator will establish and maintain the Settlement Website within 45 days after Preliminary Approval. The Settlement Website will be dedicated to the Settlement. The Settlement Administrator will post the Long Form Notice, Claim Form, a copy of the Agreement, this Preliminary Approval Order, and any other materials the Parties agree to include, on the Settlement Website.

b.  The Settlement Administrator shall provide for Newspaper Publication Notice in *USA Today (New York edition)*, once per week for four (4) consecutive weeks after the Notice Deadline.

c.  The Settlement Administrator shall implement an internet media effort of digital media advertising to be distributed over desktop and mobile devices, including tablets and smartphones over a period of six (6) consecutive weeks, targeting likely Class Members nationwide, after the Notice Deadline.

### Submission of Claims

19.     Members of the Class who wish to receive benefits under the Settlement Agreement must complete and submit a timely and valid Claim Form(s) in accordance with the instructions

contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator within seventy-five (75) days of the Notice Deadline.

### The Final Approval Hearing

20.     The Court will hold a Final Approval Hearing on _____, 2026, at _____ Eastern Time, at the United States District Court for the Southern District of New York, Courtroom 18C, 500 Pearl St., New York, NY 10007-1312, for the following purposes: (i) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (ii) to rule upon Class Counsel's application for an award of attorneys' fees and expenses; (iii) to rule upon Class Counsel's application for service awards for the Class Representatives; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

21.     The Court reserves the right to: (a) adjourn or continue the Final Approval Hearing without further notice to Settlement Class Members; and (b) approve the Agreement with modification and without further notice to Settlement Class Members. The Parties retain their rights under the Agreement to terminate the Settlement if the Court rejects, materially modifies, materially amends or changes, or declines to finally approve the Settlement.

22.     Class Counsel's application for an award of attorneys' fees and expenses, and Class Counsel's application for service awards, will be decided in an order separate from the order that addresses the fairness, reasonableness, and adequacy of the Settlement. Court approval of Class Counsel's attorneys' fees and costs and Class Representatives' Service Awards, or their amount, will not be a condition of the Settlement. In addition, Class Counsel and Class Representatives shall not be entitled to interest on such amount at any time.

23.    If the Settlement is approved, all Settlement Class Members who do not exclude themselves will be bound by the proposed Settlement provided for in the Agreement, and by all judgments or determinations of the Court in this Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

24.    Class Counsel are to file and serve the Motion for Attorneys' Fees and Service Awards no later than thirty-five (35) days before the Objection/Exclusion Deadline, and the Motion for Final Approval no later than thirty (30) days after the Objection/Exclusion Deadline. The Motion for Attorneys' Fees and Service Awards and Motion for Final Approval will be heard concurrently at the Fairness Hearing.

### Objections and Appearance at the Final Approval Hearing

25.    Any Settlement Class Member may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class, or why judgment should or should not be entered, or to present opposition to Class Counsel's application for attorneys' fees and expenses or service awards. However, no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or if approved, the judgment to be entered approving the Settlement, or Class Counsel's application for an award of attorneys' fees and expenses, or for service awards, unless that Settlement Class Member or person has provided written notice of the Settlement Class Member's intention to appear at the Fairness Hearing, and copies of any written objections have been timely submitted to the Court. All written objections and supporting papers must (a) clearly identify the case name and number; and (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl St.,

New York, NY 10007-1312, Courtroom: 18C, or by filing them in person at any location of the United States District Court for the Southern District of New York. The date of the postmark on the mailing envelope or a legal proof of service accompanied by a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the Court within two (2) calendar days of the Objection/Exclusion Deadline. Class Counsel shall, at least fourteen (14) calendar days (or such other number of days as the Court shall specify) before the Fairness Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

26.    For an objection to be considered by the Court, the objection must set forth: (1) the full name, address and telephone number of the Settlement Class Member; (2) a written statement of all grounds for the objection accompanied by legal support for the objection (if any); (3) copies of any papers, briefs or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection (if any); (5) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing; (6) proof of membership in the Class; (7) a list of all objections filed by the objector and his or her counsel to class action settlements in the last ten years; and (8) the signature of the Settlement Class Member and his or her counsel, if any. Counsel's signature is not a substitute for the objector's signature.

27.    Settlement Class Members who fail to timely submit a written objection in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

**Exclusion from the Settlement Class**

28.    Settlement Class Members who wish to opt out of this Settlement must submit a written statement to the Settlement Administrator by the Objection/Exclusion Deadline. To be valid, each request for exclusion must: (a) state the Settlement Class Member's name, address, and phone number; (b) be personally signed by the Settlement Class Member and not the Settlement Class Member's attorney or anyone acting on the Settlement Class Member's behalf; and (c) include the statement "I/we request to be excluded from the class settlement in *In re Nurture Baby Food Litigation*, Case No. 1:21-cv-01217-MKV (U.S.D.C. S.D.N.Y.)." Requests to opt out that do not include all required information and/or that are not submitted on a timely basis will be deemed null, void, and ineffective.

29.    The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a Settlement Class Member's opt-out/exclusion request has been submitted timely. In the event that the postmark is illegible, the opt-out/exclusion request shall be deemed untimely unless it is received by the Settlement Administrator within two (2) calendar days of the Objection/Exclusion Deadline.

30.    Any Settlement Class Member who properly opts out of the Settlement Class using this procedure will not be entitled to any Settlement Award, will not be bound by the Settlement, and will not have any right to object, appeal, or comment thereon.

31.    Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline shall be bound by all terms of the Settlement and any final judgment entered in this litigation if the Settlement is approved by the Court, regardless of whether they ineffectively or untimely requested exclusion from the Settlement.

32.     The Settlement Administrator shall also provide a final tally to Class Counsel and Nurture's counsel, no later than seven (7) calendar days after the close of the Claim Period, which includes the total number of valid claims and opt-outs.

## Termination of the Settlement

33.     In the event the Agreement is not approved by the Court, or the Agreement is voluntarily or involuntarily terminated for any reason, or the Parties fail to obtain a Final Judgment as contemplated in the Agreement for any reason, then the following shall apply:

a.  All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

b.  The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Defendant for the matters alleged in the Action or for any other purpose; and

c.  Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiffs on any point of fact or law.

## The Use of this Order

34.     As set forth in the Agreement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the

Settlement, shall not, in this or any other court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference against either party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Nurture to the Class Representatives, the Settlement Class or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) that Nurture agrees that a litigation class is proper in this Action; (v) of any damages or lack of damages suffered by the Class Representatives, the Settlement Class or anyone else, or (vi) that any benefits obtained by the Settlement Class pursuant to the Agreement or any other amount represents the amount that could or would have been recovered in this Action against Nurture if it was not settled at this point in time. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, including but not limited to, the judgment and the release of the Released Claims provided for in the Agreement and the judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement.

35.    The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

Dated: _____        _____

Hon. Mary Kay Vyskocil

# Exhibit F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**In re NURTURE BABY FOOD LITIGATION**

This document relates to:

ALL ACTIONS

Case No. 1:21-cv-01217-MKV

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND FINAL CERTIFICATION OF
SETTLEMENT CLASS**

1

WHEREAS, on ▆▆ 2026, Plaintiffs and Defendant Nurture, LLC entered into a Settlement Agreement and Release ("Agreement"), which is attached as **Exhibit** ▆ to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Conditional Certification of Settlement Class, filed on July 1, 2026, and sets forth the terms and conditions of the Settlement, including the dismissal of the Action against Nurture with prejudice.

WHEREAS, on ▆▆ 2026, the Court granted Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Conditional Certification of Settlement Class, conditionally certifying a Class pursuant to Fed. R. Civ. P. 23(b)(3) of "all persons in the United States who purchased the Products[1] during the Class Period;"[2]

WHEREAS, nothing has occurred since the entry of the Preliminary Approval Order which causes this Court to alter the findings it made in the Preliminary Approval Order;

WHEREAS, the Court has considered the Parties' Agreement (ECF No. ▆▆), as well as Plaintiffs' Motion for Final Approval of the Settlement Agreement (ECF No. ▆▆), Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Service Awards (ECF No. ▆▆), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on [date], and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      This Final Approval Order and Judgment incorporate the Agreement, and the terms used herein shall have the meanings and/or definitions given to them in the Agreement.

---

[1] As set forth in Section I.Z. of the Agreement, "Products" is defined as "all baby food and toddler food products marketed, manufactured, and distributed by Nurture during the Class Period, including but not limited to all bars, pouches, baby food jars, puffs, bowls, snack products, snackers, baking mixes, cookies, yogis, Greek yogis, creamies, pudding, teethers, teething crackers, rice cakes, cereals, formulas, toddler milks, and fruity sticks."
[2] As set forth in Section I.F. of the Agreement, "Class Period" is defined as "February 4, 2015, to the date the Preliminary Approval Order is entered[.]"

2.    This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.    The Notice provided to the Settlement Class pursuant to the Agreement (ECF No. ___) and order granting Preliminary Approval (ECF No. ___)—including (i) Newspaper Publication Notice; (ii) Long Form Notice; (iii) Internet Media Publication Notice; and (iv) the creation of the Settlement Website—fully complied with the requirements of Fed. R. Civ. P. 23 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the Agreement, and the Settlement Class Members' right to appear at the Final Approval Hearing.

4.    ___ individual(s) – listed in Attachment ___ to the Declaration of [NAME] Regarding Implementation of Notice and Claims Administration (ECF No. ___) – have submitted timely, valid requests for exclusion and are therefore excluded from the Settlement Class.

5.    The Court finds that Nurture properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Nurture's notice and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant has provided notice pursuant to CAFA and the Final Approval Hearing.

6.    This Court now gives final approval of the Agreement and finds that it is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The settlement consideration provided under the Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable and in the best interests of the

3

Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the Parties' exchange of relevant information, and the fact that the Settlement is the result of arm's-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in reaching the Agreement, implicit or otherwise.

7.    The Court has specifically considered the factors relevant to class action settlement approval, including:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974); *see also* Fed. R. Civ. P. 23(e).

8.    The Court finds that the requirements of Federal Rule of Civil Procedure 23(b)(3) have been satisfied for certification of the Settlement Class for settlement purposes only because: Settlement Class Members are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class they represent; the Class Representatives have fairly and adequately protected the interests of the Settlement Class Members with regard to the claims of the Settlement Class they represent; common questions of law and fact predominate over questions affecting only individual Settlement Class Members,

4

rendering the Settlement Class sufficiently cohesive to warrant a class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this Action. The Court additionally finds, for the reasons set forth in Plaintiffs' motions for preliminary and final approval, that despite any differences among the laws of the various states, common issues of law and fact predominate, making certification of a nationwide class appropriate for settlement purposes. In particular, the various states require similar elements of proof with respect to Plaintiffs' consumer fraud and unjust enrichment claims, and because the challenged labels were consistent nationwide, provided to all Settlement Class Members nationwide, any minor variations in the elements of consumer fraud and unjust enrichment claims under the laws of the various states are not material for settlement purposes, do not create a conflict for settlement purposes, and do not outweigh a finding of predominance for settlement purposes regarding the core factual and legal question presented in this action.

9.      The Court finds that the Class Representatives and Class Counsel adequately represented the Settlement Class for the purposes of litigating this Action and entering into and implementing the Agreement.

10.      Accordingly, the Agreement is hereby finally approved in all respects.

11.      The Parties are hereby directed to implement the Agreement according to its terms and provisions. The Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

12.      This Court hereby dismisses the Action on the merits and with prejudice.

13.      Upon the Effective Date, and except as to such rights or claims as may be created by the Agreement, and in consideration for the Settlement benefits described in the Agreement,

Plaintiffs and the Settlement Class shall fully release and discharge Defendant and all its current and former parents, subsidiaries, affiliates, joint venturers, divisions, chapters, officers, directors, shareholders, members, agents, partners, employees, predecessors, successors, assigns, representatives, attorneys, insurers, legal representatives, executors, administrators, and any and all other entities or persons upstream and downstream in the production/distribution channels, and all other persons acting under, by, or through, any of them (together, the "Released Parties") from any and all claims, counterclaims, demands, obligations, actions, causes of action, suits, debts, sums of money, accounts, liens, contracts, controversies, agreements, promises, damages, judgments, executions, rights, defenses, offsets, privileges, set-offs, remedies, penalties, costs, expenses, attorneys' fees, and liabilities of every kind or nature whatsoever, whether known or unknown, asserted or unasserted, suspected or unsuspected, accrued or unaccrued, fixed or contingent, direct or derivative, at law or in equity, statutory, constitutional, contractual, common-law, regulatory, administrative, or otherwise, which Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Released Parties in any court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, connected with, arising from, or that relate in any way, directly or indirectly, to the facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances, or other matters arising under or in any way relating to or in connection with the Released Claims, including: (i) the allegations, claims, or contentions that were, or could have been, asserted in the Action, including but not limited to the Allegations; and/or (ii) any alleged acts, omissions, or misrepresentations related in any way to the communications, disclosures, nondisclosures, representations, statements, claims, omissions, messaging, design, testing, marketing, labeling, advertising, promotion, packaging,

6

displays, brochures, studies, manufacture, production, distribution, operation, performance, functionality, notification, providing, offering, dissemination, replacement, sale and/or resale of the Products during the Class Period (collectively, the "Released Claims"). This Release expressly excludes personal injury and product liability claims for damages for bodily injuries.

14.    In addition, any rights of the Plaintiffs and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws, are terminated.

15.    Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and Order of Dismissal, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

16.    The Court has also considered Plaintiffs' Motion For Attorneys' Fees, Costs, Expenses, and Service Awards, as well as the supporting memorandum of law and declarations (ECF Nos. ____), and adjudges that the payment of attorneys' fees, costs, and expenses in the amount of $[dollar amount] is reasonable in light of the multi-factor test used to evaluate fee awards in the Second Circuit. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d

Cir. 2000). Such payment shall be made pursuant to and in the manner provided by the terms of the Agreement.

17.     The Court has also considered Plaintiffs' Motion, memorandum of law, and supporting declarations for service awards to the Class Representatives. (ECF Nos. ____.). The Court adjudges that the payment of service awards in the amount of $[dollar amount] each to the Class Representatives to compensate them for their efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Agreement.

18.     Any funds remaining in the Cash Award Fund as of sixty (60) days after Cash Settlement Awards have been paid, will be awarded *cy pres* ("Cash Cy Pres Award"). The *cy pres* recipients shall be Feeding Westchester and City Harvest in New York (the "*Cy Pres* Recipients"). The Cash *Cy Pres* Award shall be divided *pro rata* among the *Cy Pres* Recipients.

19.     Within three years of the Effective Date, Nurture shall donate a total of [#] Products to the *Cy Pres* Recipients as the Product Donation *Cy Pres* Award.

20.     The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Agreement and its implementing documents (including all exhibits to the Agreement), including extensions of time, so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

21.     If this Final Judgment is reversed or vacated on appeal, or the Agreement is terminated pursuant to its terms, all orders entered in connection herewith shall be null and void, and the Parties shall be restored to their respective positions as if the settlement had never been

8

entered into. Any documents in connection with the settlement of this Action shall not be used or referred to for any purpose in this Action or any other proceeding.

22.     This Order, the Agreement, and any documents in connection with the settlement of this Action shall not be construed as an admission of any fault, liability, or wrongdoing on the part of Nurture or the Released Parties, which Nurture and the Released Parties expressly deny. This Order, the Agreement, and any documents in connection with the settlement of this Action shall not be offered against Nurture or the Released Parties in any other action or proceeding of any kind. Nurture and any Released Parties shall be permitted to utilize this Order and the Agreement for purposes of enforcing this Order and the Agreement and to support any claims and defenses Defendant and the Released Parties may have.

23.     In the event that any provision of the Agreement or this Final Approval Order and Order of Dismissal is asserted by Nurture as a defense in whole or in part to any cause of action, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

9

24.     Without affecting the finality of this Final Judgment for purposes of appeal, the Court shall retain jurisdiction until the Effective Date over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement.

25.     The Court overrules any and all objections to the Settlement submitted by Settlement Class Members.

26.     This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment, and hereby dismisses this Action with prejudice, with each party to bear their own costs, except as provided in this Order or in the Agreement.

**IT IS SO ORDERED.**


Dated: _____          _____

                                       Hon. Mary Kay Vyskocil