**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re NURTURE BABY FOOD LITIGATION**<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 1:21-cv-01217-MKV |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

WHEREAS, on February 11, 2021, a putative class action was filed against Defendant Nurture, LLC ("Nurture") in the United States District Court for the Southern District of New York alleging that Nurture falsely labeled or marketed its baby and toddler food because it did not disclose that the products may contain perchlorate and heavy metals, including lead, cadmium, inorganic arsenic, and mercury, which Nurture disputes. (ECF No. 2.)

WHEREAS, similar actions were filed against Nurture in the United States District Court for the Southern District of New York and the Court consolidated these cases into a single action titled *In re Nurture Baby Food Litigation*, Case No. 1:21-cv-01217-MKV (U.S.D.C. S.D.N.Y.) (the "Action"). (ECF Nos. 47-48, 106.)

WHEREAS, on October 7, 2022, Plaintiffs Marie Mezile, Laura Barbu, Charlotte Willoughby, Diego Galeana, Chey'na Micciche, Kelly McKeon, and Hilary Paris, individually and on behalf of the Settlement Class ("Plaintiffs" or "Class Representatives") filed a Consolidated Class Action Complaint (ECF No. 157), which they amended on April 10, 2024 (ECF No. 214).

WHEREAS, on ____ 2026, Plaintiffs and Nurture entered into a Settlement Agreement and Release ("Agreement"), which is attached as **Exhibit __** to the Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Conditional Certification of Settlement Class, filed on July 1, 2026 ("Memorandum of Law"), and sets forth the terms and conditions of the Settlement, including the dismissal of the Action against Nurture with prejudice.

WHEREAS, Plaintiffs have moved for preliminary approval of the Settlement pursuant to Federal Rule of Civil Procedure 23 and for certification of and notice to the Settlement Class.

WHEREAS, Nurture consents to the certification of the Settlement Class solely for purposes of the Settlement but retains its objections to the Action proceeding as a class for litigation purposes.

WHEREAS, the Court is familiar with and has reviewed the record and the Agreement and its exhibits, Plaintiffs' Memorandum of Law, and the supporting Joint Declaration of Plaintiffs' Interim Co-Lead Counsel, and found good cause for entering the following order (the "Order").

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.      This Preliminary Approval Order incorporates the Agreement, and the terms used herein shall have the meanings and/or definitions given to them in the Agreement.

**Preliminary Certification of Settlement Class**

2.      Under Federal Rule of Civil Procedure 23(b)(3), for purposes of settlement only, and conditioned upon the settlement receiving final approval, this Court hereby conditionally certifies the Class defined as follows, subject to the stated exclusions below:

> "Settlement Class" means all persons in the United States who purchased the Products[1] during the Class Period.[2]

3.      Excluded from the Settlement Class are all persons who validly opt out of the Settlement in a timely manner; governmental entities; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, and all of their respective employees, officers, and directors; the presiding judge in the Action or Related Actions or judicial officer presiding over the matter, and all of their immediate families and judicial staff;

---

[1] As defined in the Agreement, Products means "all baby food and toddler food products marketed, manufactured, and distributed by Nurture during the Class Period, including but not limited to all bars, pouches, baby food jars, puffs, bowls, snack products, snackers, baking mixes, cookies, yogis, Greek yogis, creamies, pudding, teethers, teething crackers, rice cakes, cereals, formulas, toddler milks, and fruity sticks."

[2] "Class Period" is defined in the Agreement as "February 4, 2015, to the date the Preliminary Approval Order is entered[.]"

and any natural person or entity that entered into a release with Defendant prior to the Effective Date concerning the Products.

4.    The Court finds, for the purpose of settlement only, that all the prerequisites to certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23 are met, including that: (a) the members of the Settlement Class are so numerous that joinder is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the members of the Settlement Class; (d) the Plaintiffs are adequate representatives for the Settlement Class and have retained experienced and adequate Class Counsel; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.    For purposes of settlement only, the Court appoints Plaintiffs Marie Mezile, Laura Barbu, Charlotte Willoughby, Diego Galeana, Chey'na Micciche, Kelly McKeon, and Hilary Paris as Class Representatives and finds they will fairly and adequately represent the interests of the Settlement Class.

6.    For purposes of settlement only, the Court appoints as Class Counsel the Interim Co-Lead Counsel for the putative class pursuant to Federal Rule of Civil Procedure 23(g)(3), as designated by the Court pursuant to the Order Appointing Interim Lead Counsel (ECF No. 150), including Lori G. Feldman (formerly of George Feldman McDonald, PLLC, and now of Hecht Partners LLP (ECF No. 302)) and Rebecca A. Peterson (formerly of Lockridge Grindal Nauen PLLP, and now of Hecht Partners LLP (ECF No. 301)), and finds they will fairly and adequately represent the interests of the Settlement Class.

7.      The Settlement Class, if certified in connection with Final Approval, shall be for settlement purposes only and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

**Preliminary Approval of the Settlement**

8.      In settlement of the claims of Plaintiffs and the Settlement Class, Nurture has agreed to establish a Cash Settlement Fund of $3,400,000. The Cash Settlement Fund shall be used first to pay all Settlement Costs that exceed $400,000, Class Counsel Fees, and Service Awards, after which any remaining amounts shall be used to pay all Cash Settlement Awards to Settlement Class Members within one hundred and twenty (120) days of the Effective Date. The Cash Settlement Awards will be reduced or increased *pro rata* so that the total payment to Settlement Class Members for Cash Settlement Awards does not exceed but fully exhausts the Cash Settlement Fund, to the extent feasible.

9.      In addition to the Cash Settlement Fund, Nurture shall make available a Voucher Settlement Program to provide Voucher Settlement Awards to Settlement Class Members who submit a valid Claim Form electing a Voucher Settlement Award. The total amount of Voucher Settlement Awards in the Voucher Settlement Program shall not exceed $3,400,000 in retail value. Voucher Settlement Awards to Settlement Class Members who submit a valid Claim will be issued via email within one hundred and twenty (120) days of the Effective Date. Voucher Settlement Awards will be issued on a first-come, first-served basis. Once the total amount of Voucher Settlement Awards reaches $3,400,000 in retail value, subsequently claiming Settlement Class Members will instead receive a Cash Settlement Award. To the extent the total number of vouchers claimed through the Voucher Settlement Program is less than 210,266 vouchers, Defendant will

donate the remaining product *cy pres* so that the number of vouchers claimed by Settlement Class Members and product donated by Defendant totals 210,266 vouchers and products, combined.

10.    In addition to the Cash Settlement Fund and Voucher Settlement Program, Nurture shall pay up to an additional $400,000 into the Administration Fund, which shall be used to pay Settlement Costs.

11.    The Court has scrutinized the Agreement carefully. It preliminarily finds that the Settlement is the product of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through discovery and motion practice. The Court also preliminarily finds that the Settlement is within the range of possible approval because it compares favorably with the expected recovery balanced against the risks of continued litigation, does not grant preferential treatment to the Plaintiffs and Class Counsel, and has no obvious deficiencies.

12.    The Court hereby preliminarily approves the Settlement, as memorialized in the Agreement, as fair, reasonable, and adequate, and in the best interest of the Plaintiffs and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

13.    The Court hereby stays this Action pending final approval of the Settlement, and enjoins, pending final approval of the Settlement, Plaintiffs, all persons in the Settlement Class and persons purporting to act on their behalf from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims.

**Manner and Form of Notice**

14.    The Court approves the Class Notice substantially in the form attached as Exhibits A-C to the Agreement and the Claim Form substantially in the form attached as Exhibit D to the Agreement. The Court also finds that the proposed Notice Plan, which includes a Newspaper Publication Notice, Long Form Notice, Internet Media Publication Notice, and Website Notice, will provide the best notice practicable under the circumstances. The Class Notice is reasonably drafted to apprise Settlement Class Members of the pendency of this Action; the effects of the proposed Settlement on their rights (including the Released Claims contained therein); Class Counsel's upcoming motion for attorneys' fees, expenses, and service awards; Settlement Class Members' right to submit a Claim Form; and Settlement Class Members' right to object to any aspect of the proposed Settlement. The Class Notice provides due, adequate, and sufficient notice to Settlement Class Members and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Class Notice before it is disseminated. The Court directs that notice be provided to the Settlement Class, in accordance with the Agreement, by the Notice Deadline.

15.    The Court approves the Claims Process as described in the Agreement.

16.    The Court hereby appoints Epiq Class Action & Claim Solutions, Inc. to serve as the Settlement Administrator to supervise and administer the notice process, establish and operate a Settlement Website and a toll-free number, administer the claims process, including the determination of valid claims, distribute payments according to the rules and criteria set forth in the Agreement, and perform any other duties of the Settlement Administrator provided for in the Agreement.

17.     The Settlement Administrator shall complete providing Notice no later than 45 calendar days after the entry of this Preliminary Approval Order. The Long Form Notice, substantially in the form attached as Exhibit B to the Agreement, shall be posted on the Settlement Website created by the Settlement Administrator.

18.     The Settlement Administrator shall provide notice of the Settlement and the Final Approval Hearing to Settlement Class Members as follows:

a.  The Settlement Administrator will establish and maintain the Settlement Website within 45 days after Preliminary Approval. The Settlement Website will be dedicated to the Settlement. The Settlement Administrator will post the Long Form Notice, Claim Form, a copy of the Agreement, this Preliminary Approval Order, and any other materials the Parties agree to include, on the Settlement Website.

b.  The Settlement Administrator shall provide for Newspaper Publication Notice in *USA Today (New York edition)*, once per week for four (4) consecutive weeks after the Notice Deadline.

c.  The Settlement Administrator shall implement an internet media effort of digital media advertising to be distributed over desktop and mobile devices, including tablets and smartphones over a period of six (6) consecutive weeks, targeting likely Class Members nationwide, after the Notice Deadline.

### Submission of Claims

19.     Members of the Class who wish to receive benefits under the Settlement Agreement must complete and submit a timely and valid Claim Form(s) in accordance with the instructions

contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator within seventy-five (75) days of the Notice Deadline.

## The Final Approval Hearing

20.    The Court will hold a Final Approval Hearing on _____, 2026, at _____ Eastern Time, at the United States District Court for the Southern District of New York, Courtroom 18C, 500 Pearl St., New York, NY 10007-1312, for the following purposes: (i) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (ii) to rule upon Class Counsel's application for an award of attorneys' fees and expenses; (iii) to rule upon Class Counsel's application for service awards for the Class Representatives; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

21.    The Court reserves the right to: (a) adjourn or continue the Final Approval Hearing without further notice to Settlement Class Members; and (b) approve the Agreement with modification and without further notice to Settlement Class Members. The Parties retain their rights under the Agreement to terminate the Settlement if the Court rejects, materially modifies, materially amends or changes, or declines to finally approve the Settlement.

22.    Class Counsel's application for an award of attorneys' fees and expenses, and Class Counsel's application for service awards, will be decided in an order separate from the order that addresses the fairness, reasonableness, and adequacy of the Settlement. Court approval of Class Counsel's attorneys' fees and costs and Class Representatives' Service Awards, or their amount, will not be a condition of the Settlement. In addition, Class Counsel and Class Representatives shall not be entitled to interest on such amount at any time.

23.     If the Settlement is approved, all Settlement Class Members who do not exclude themselves will be bound by the proposed Settlement provided for in the Agreement, and by all judgments or determinations of the Court in this Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

24.     Class Counsel are to file and serve the Motion for Attorneys' Fees and Service Awards no later than thirty-five (35) days before the Objection/Exclusion Deadline, and the Motion for Final Approval no later than thirty (30) days after the Objection/Exclusion Deadline. The Motion for Attorneys' Fees and Service Awards and Motion for Final Approval will be heard concurrently at the Fairness Hearing.

### **Objections and Appearance at the Final Approval Hearing**

25.     Any Settlement Class Member may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class, or why judgment should or should not be entered, or to present opposition to Class Counsel's application for attorneys' fees and expenses or service awards. However, no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or if approved, the judgment to be entered approving the Settlement, or Class Counsel's application for an award of attorneys' fees and expenses, or for service awards, unless that Settlement Class Member or person has provided written notice of the Settlement Class Member's intention to appear at the Fairness Hearing, and copies of any written objections have been timely submitted to the Court. All written objections and supporting papers must (a) clearly identify the case name and number; and (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl St.,

New York, NY 10007-1312, Courtroom: 18C, or by filing them in person at any location of the United States District Court for the Southern District of New York. The date of the postmark on the mailing envelope or a legal proof of service accompanied by a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the Court within two (2) calendar days of the Objection/Exclusion Deadline. Class Counsel shall, at least fourteen (14) calendar days (or such other number of days as the Court shall specify) before the Fairness Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

26.     For an objection to be considered by the Court, the objection must set forth: (1) the full name, address and telephone number of the Settlement Class Member; (2) a written statement of all grounds for the objection accompanied by legal support for the objection (if any); (3) copies of any papers, briefs or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection (if any); (5) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing; (6) proof of membership in the Class; (7) a list of all objections filed by the objector and his or her counsel to class action settlements in the last ten years; and (8) the signature of the Settlement Class Member and his or her counsel, if any. Counsel's signature is not a substitute for the objector's signature.

27.     Settlement Class Members who fail to timely submit a written objection in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

**Exclusion from the Settlement Class**

28.     Settlement Class Members who wish to opt out of this Settlement must submit a written statement to the Settlement Administrator by the Objection/Exclusion Deadline. To be valid, each request for exclusion must: (a) state the Settlement Class Member's name, address, and phone number; (b) be personally signed by the Settlement Class Member and not the Settlement Class Member's attorney or anyone acting on the Settlement Class Member's behalf; and (c) include the statement "I/we request to be excluded from the class settlement in *In re Nurture Baby Food Litigation*, Case No. 1:21-cv-01217-MKV (U.S.D.C. S.D.N.Y.)." Requests to opt out that do not include all required information and/or that are not submitted on a timely basis will be deemed null, void, and ineffective.

29.     The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a Settlement Class Member's opt-out/exclusion request has been submitted timely. In the event that the postmark is illegible, the opt-out/exclusion request shall be deemed untimely unless it is received by the Settlement Administrator within two (2) calendar days of the Objection/Exclusion Deadline.

30.     Any Settlement Class Member who properly opts out of the Settlement Class using this procedure will not be entitled to any Settlement Award, will not be bound by the Settlement, and will not have any right to object, appeal, or comment thereon.

31.     Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline shall be bound by all terms of the Settlement and any final judgment entered in this litigation if the Settlement is approved by the Court, regardless of whether they ineffectively or untimely requested exclusion from the Settlement.

32.     The Settlement Administrator shall also provide a final tally to Class Counsel and Nurture's counsel, no later than seven (7) calendar days after the close of the Claim Period, which includes the total number of valid claims and opt-outs.

## Termination of the Settlement

33.     In the event the Agreement is not approved by the Court, or the Agreement is voluntarily or involuntarily terminated for any reason, or the Parties fail to obtain a Final Judgment as contemplated in the Agreement for any reason, then the following shall apply:

a.  All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

b.  The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Defendant for the matters alleged in the Action or for any other purpose; and

c.  Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiffs on any point of fact or law.

## The Use of this Order

34.     As set forth in the Agreement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the

Settlement, shall not, in this or any other court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference against either party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Nurture to the Class Representatives, the Settlement Class or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) that Nurture agrees that a litigation class is proper in this Action; (v) of any damages or lack of damages suffered by the Class Representatives, the Settlement Class or anyone else, or (vi) that any benefits obtained by the Settlement Class pursuant to the Agreement or any other amount represents the amount that could or would have been recovered in this Action against Nurture if it was not settled at this point in time. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, including but not limited to, the judgment and the release of the Released Claims provided for in the Agreement and the judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement.

35.    The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

Dated: _____        _____

Hon. Mary Kay Vyskocil